Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com

Attorneys for Plaintiff, and the
Putative Collective and Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>Sprint/United Management Company,<br><br>       Defendant. | Case No. **'19 CV 0411 WQH MDD**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  **(1) FAIR LABOR STANDARDS ACT**<br>  **(2) CALIFORNIA LABOR CODE; and**<br>  **(3) CALIFORNIA BUSINESS AND**<br>      **PROFESSIONS CODE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vladimir Amaraut, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, brings this lawsuit against Defendant Sprint/United Management Company ("Sprint" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); applicable the California Labor Code provisions, applicable Industrial Welfare Commission ("IWC") Wage Orders, and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiff complains and alleges as follows:

## INTRODUCTION

1.      This is a collective and class action complaint against Sprint to challenge its policies and practices of: (1) failing to pay non-exempt, hourly employees who work in retail stores for all hours worked; (2) failing to pay required minimum wages; (3) failing to pay required overtime wages; (4) failing to authorize, permit, and/or make meal and rest periods available, and failing to pay premium pay for these missed breaks; (5) failing to pay all wages after termination of employment; and (6) failing to provide accurate, itemized wage statements.

2.      Plaintiff is a former non-exempt, hourly employee who worked in a salesperson role at Sprint retail stores in San Diego, California. In this role, Plaintiff sold cellular phones, phone accessories, service plans, and other products and services to Defendant's customers. Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendant who work in retail stores in California and elsewhere in the United States, including but not limited to Retail Consultants, Lead Retail Consultants, and Assistant Store Managers. Plaintiff alleges Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA, the California Labor Code, and the California Business and Professions Code.

3.      Plaintiff and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. If they are working an opening shift, Plaintiff and putative Collective and Class Members have to disengage Sprint's alarm systems and unlock the store's doors, all of which occurs off-the-clock. They then have to log in to the Sprint computer

system and load the necessary application before they are able to clock in for work via Defendant's timekeeping system. If they are working a closing shift, Plaintiff and putative Collective and Class Members are required to spend additional time working off-the-clock. Typically, between two and three employees work the closing shift, and under Sprint's policy and practice, they are all required to leave together. The workers must clock out and remain under Defendant's control until one of them locks the door and sets the alarm.

4.      Moreover, Plaintiff and putative Collective and Class Members routinely take work-related calls and text messages outside of their shifts from Defendant and its employees, without pay. Plaintiff and putative Collective and Class Members spend significant amounts of time working for Defendant's benefit in responding to these calls and text messages.

5.      Plaintiff and putative Collective and Class Members are also required to work off-the-clock to submit expense reports, complete other job-related paperwork, and attend meetings, outside of their schedule shifts and without pay.

6.      Because of these issues, Defendant does not pay Plaintiff and putative Collective and Class Members for all hours worked, including minimum wage and overtime. Ultimately, the daily time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under Federal law and the laws of the states of California.

7.      As Plaintiff and putative Collective and Class Members regularly work in excess of eight hours per day and forty hours per week, at least some of this off-the-clock work should be compensated at overtime rates. However, Defendant fails to pay for any of this work time, including the required overtime premiums, in violation of the FLSA and California Labor Code.

8.      Plaintiff and other putative Collective and Class Members regularly work in excess of six hours per days and are routinely denied timely and compliant meal and rest periods, and the requisite pay for working through such breaks.

9.      As a result of understaffing and Defendant's unremitting pressure to keep labor costs downs, Defendant routinely refuses to authorize, permit, and/or make available full, timely, uninterrupted thirty-minute meal periods as required by law. Instead, Plaintiff and putative

Collective and Class Members regularly work past the fifth hour of work without the opportunity to take a meal break. Even when they do receive some form of timely meal break, it is often interrupted and Plaintiff and putative Collective and Class Members are required to perform work during the break.

10.     Defendant likewise routinely refuses to authorize or permit Plaintiff and putative Collective and Class Members to take ten-minute rest periods as required by California law.

11.     As a result of the above violations, Defendant fails to provide Plaintiff and putative Collective and Class Members with accurate, itemized wage statements. Defendant has also failed to pay all wages after these hourly employees, like Plaintiff, voluntarily or involuntarily terminated their employment with Defendant.

12.     Defendant is also liable for violation of the Unfair Business Practices Act for the violations described above.

13.     Plaintiff seeks full compensation on behalf of himself and putative Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay, as well as penalties under the California Private Attorney General Act ("PAGA"). Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5. Plaintiff seeks damages in an amount that exceeds $75,000.00

## PARTIES

14.     Plaintiff Vladimir Amaraut worked for Sprint from approximately February 2016 through August 2018 at retail store locations in San Diego. He held the positions of Retail Consultant and Lead Retail Consultant, in both of which his primary job assignment was to sell cellular telephones, plans, and related products and services to Defendant's customers.

15.     Plaintiff resides in the State of California and is over eighteen years of age. Plaintiff was a resident of the State of California at all relevant times described herein.

16.     Defendant Sprint/United Management Company is a Kansas corporation with principal place of business in Kansas. On information and belief, Defendant is a wholly owned

subsidiary of Sprint Corporation and its headquarters are located at 6200 Sprint Parkway, Overland Park, Kansas 66251.  Defendant does business in California and throughout the United States and has over 4,500 retail store locations.

17.     At all relevant times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed Putative Class Members in this judicial district.  Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Defendant is also an "employer" as that term is used in the California Labor Code and the IWC Wage Orders.

## JURISDICTION AND VENUE

18.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

19.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Southern District of California judicial district.

## FACTUAL ALLEGATIONS

20.     Defendant is in the business of selling mobile telephone devices and services at its retail stores. Defendant operates its retail stores in all fifty states, including California.

21.     Plaintiff is a former non-exempt, hourly employee, who worked in the positions of Retail Consultant and Lead Retail Consultant. Plaintiff was paid approximately $15 per hour, plus potential commissions that he could earn based on his sales. Plaintiff's duties included, but were not limited to, selling and setting up cellular phones, devices, accessories, and related service plans, assisting customers with phone and service issues, troubleshooting equipment issues, making repairs to broken phones and devices, processing insurance claims, and monitoring customer traffic within the store.

22.     Similar to Plaintiff, the putative Collective and Class Members are current and former non-exempt, hourly employees who work, or have worked, at Defendant's retail stores. As Sprint employees, putative Collective and Class Members are expected to sell Sprint's products and services to customers in Sprint's retail locations. Plaintiff is informed, believe, and thereon alleges that the policies and practices of Defendant have at all relevant times been similar for Plaintiff and the putative Collective and Class Members, regardless of store location in California and the United States.

23.     During Plaintiff's tenure with Defendant, he typically was scheduled to work seven to eight hours per day, five to six days a week, for a total of approximately 40 hours per week. Plaintiff in fact worked these scheduled hours. However, Plaintiff was regularly required by management to work additional hours beyond this scheduled time. On some days, including but not limited to around the holidays or other peak sales periods, Plaintiff worked nine to ten hours per day. Additionally, while Defendant would often schedule Plaintiff to have a one-hour lunch break each day, Plaintiff was regularly unable to take a meal break at the scheduled time, and would otherwise have to perform work and be under Defendant's control. For numerous workweeks, Plaintiff worked more than 40 hours per week.

24.     Defendant requires Plaintiff and Collective and Class Members to perform work tasks before the beginning and after the end of their paid shifts.[1] This requirement results in Sprint's non-exempt, hourly employees performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendant.

25.     Specifically, Defendant requires its hourly employees to arrive at the store prior to the start of their paid shifts to perform work activities. Under Defendant's company-wide practice, Defendant requires Plaintiff and putative Collective and Class Members to log in to the company's computer system by entering their credentials. The workers then log in to a Sprint timekeeping application to clock in for their shift. This task alone routinely takes three to five

---

[1] For ease of reading, the allegations with respect to Plaintiff's employment are presented in the present tense, even though he is a former employee.

minutes or more, particularly due to the recurrent slow speeds and technical problems with Sprint's computer systems. This time is unpaid.

26.     The off-the-clock work is exacerbated when Plaintiff and putative Collective and Class Members work opening and closing shifts. When the employees work an opening shift, they have to physically open, or unlock the store for the day, and disengage the alarm. They then have to log in to the Sprint computer system and load the necessary application to clock in for work via Defendant's timekeeping system. By the time they are "on-the-clock", Plaintiff and putative Collective and Class Members have spent approximately five to ten minutes performing work-related duties. This time is unpaid.

27.     When they are working a closing shift, Plaintiff and putative Collective and Class Members are required to spend additional time working off-the-clock. The workers must clock out, and then they are required to set the alarm and lock the door, which is uncompensated time. After they clock out, Plaintiff and putative Collective and Class Members spend approximately five to ten minutes performing work for Defendant's benefit in these situations. Moreover, two or more employees often work the closing shift together. Under Sprint's policy and practice, these workers are required to leave the store together. The workers must clock out, and then when all workers have clocked out, one or more of them sets the alarm and locks the doors. Oftentimes, however, the workers do not all clock out at the same time. The workers who clock out first must wait for the other workers to clock out and set the alarm, and they are unable to leave the store during that period. In these situations, Plaintiff and putative Collective and Class Members regularly spend approximately ten minutes or more under Defendant's control after they have clocked out, even when they do not have to set the alarm and/or lock the door. This time is unpaid.

28.     Defendant requires its non-exempt, hourly employees to conduct additional off-the-clock work. Defendant requires non-exempt, hourly employees to take calls and respond to text messages from its managers and employees outside of their scheduled shifts and during meal breaks. These calls and messages typically result from Defendant's inability to efficiently and effectively hand off customers from one salesperson to another. For example, a customer will

establish a relationship with a particular retail employee when they enter the store to purchase Sprint's goods and services. These interactions regularly take upwards of one hour, as they involve expensive, important purchases of cellular phones and related services that the customer will use on a daily basis for several years. If the customer returns to the store for follow-up purchases, changes, or questions, the initial salesperson is often not working at that time or is on a break period; based on the pre-existing relationship, the remaining managers and employees in the store routinely have questions for the non-working employee. The result is a call or text message to that employee during non-work hours. These calls and messaging occur regularly and with Defendant's knowledge. Plaintiff and putative Collective and Class Members routinely spend 30 to 90 minutes per week on such calls and text messages, outside of their scheduled shifts and during meal breaks. They are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

29.     Defendant also requires Plaintiff and putative Collective and Class Members to work off-the-clock to submit expense reports, complete other job-related paperwork, and attend meetings, again outside of their schedule shifts and without pay.

30.     In particular, Defendant suffers, requires, and/or permits Plaintiff and putative Collective and Class Members to work off-the-clock if they wish to attempt to obtain payment for expenses that they incurred for Sprint and to challenge Sprint's chargebacks of commissions. Defendant's systems and processes in this regard are extremely time-consuming and difficult to use, but Defendant nevertheless requires Plaintiff and putative Collective and Class Members to use them in order to obtain the compensation that they are owed. However, Defendant's managers do not permit these workers to spend the significant amounts of time required to attempt to enter expense reports and chargeback appeals during their normal duty hours. As a result, these workers regularly stay late, come in on their days off, and otherwise work off-the-clock to attempt to submit their expenses and chargeback appeals, with Defendant's knowledge.

31.     Plaintiff and putative Collective and Class Members regularly use their personal vehicles to pick up and deliver goods including phones and accessories. They are permitted to submit expense reports through Sprint's web-based reimbursement system, but under Sprint's

policies and practices, the reports are frequently rejected and the employees must spend large amounts of time revising them to Sprint's precise specifications if they want to be repaid for the expenses that they incurred for Sprint. Plaintiff and putative Collective and Class Members spend large amounts of time completing, submitting, and revising the necessary submissions and paperwork in order to be reimbursed for expenses that they incur on Sprint's behalf. This work is regularly performed off-the-clock and without compensation, with the knowledge of Sprint and its managers. Plaintiff and putative Collective and Class Members perform such work in approximately one-third of their workweeks. They are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

32.     Likewise, Plaintiff and putative Collective and Class Members spend time completing, submitting, and revising the necessary submissions and paperwork in order to appeal Sprint's chargebacks of commissions. Under Sprint's system for recording and processing employee commissions, amounts paid as commissions to Plaintiff and putative Class Members are clawed back from these workers when customers cancel, change, or fail to pay for their cellular phone plans and products. If the customer later makes payment and brings the account current, or if the chargeback is otherwise incorrect, the commission should be reinstated. However, under Sprint's policy, it is the retail employee's burden to seek an "appeal" to make this happen. The appeal system is so difficult to use, laden with malfunctions, and lacking in technical and managerial support, that Plaintiff and putative Class Members must spend their own time to simply attempt to obtain the commissions they are owed. This process can and does take several hours. This work is performed off-the-clock and without compensation, with the knowledge of Sprint and its managers.

33.     Defendant also requires Plaintiff and putative Collective and Class Members to attend mandatory meetings, which often occur on their days off. When a meeting occurs on an employee's off-day, Defendant nonetheless requires the employee to attend the meeting without pay. This results in further off-the-clock work by Plaintiff and putative Collective and Class Members.

34.     All of this time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under Federal and California law.  Depending upon how many hours Plaintiff and putative Collective and Class Members work in a day, this unpaid time is owed to them at both straight-time and overtime rates.

35.     Moreover, Defendant routinely denies timely and compliant off-duty meal periods and routinely refuses to authorize or permit Plaintiff and putative Class and Collective Members to take compliant rest periods.  Plaintiff and similarly situated non-exempt, hourly employees typically work at least six-to-seven-hour days, yet are routinely denied meal and rest periods for two reasons: (1) Defendant does not authorize, permit, and/or make available timely meal and rest breaks for Plaintiff and putative Collective and Class Members; and (2) Defendant knows or has reason to know that Plaintiff and putative Collective and Class Members are too busy with work during the day to have time to take bona fide meal and rest breaks. Specifically, Plaintiff and putative Collective and Class Members are often too busy or not able to take meal and rest periods because their managers would instruct them to help on the retail floor or eat while working. Management interrupts them with other work requests as well and also directs them to answer work-related calls on their telephones.

36.     As a result, Plaintiff and putative Collective and Class Members regularly work past the fifth hour of work without the opportunity to take a meal break. Often, they are working with a customer in a lengthy interaction when the fifth hour of work strikes, but they are unable to hand off the customer to another employee so that they can take their break. On information and belief, Defendant and its managers routinely manipulate the timecards of these workers to make it appear that they took a timely meal break, in order to avoid required premium payments.

37.     Even when they do receive some form of meal break, it is often interrupted and Plaintiff and putative Collective and Class Members are required to perform work during the break. As a result of these issues, Plaintiff and putative Collective and Class Members spend time performing work for Sprint even though they are off-the-clock on a meal break in Defendant's timekeeping records.

38.     Plaintiff and putative Collective and Class Members are routinely denied full, timely, uninterrupted meal periods and rest periods. Defendant denies compliant meal periods to these workers on most workdays, and virtually never provides compliant rest periods.

39.     When Plaintiff and putative Collective and Class Members experience untimely or interrupted meal and rest breaks, or do not receive these breaks at all, Defendant fails to pay them the required premium pay.

40.     Defendant's off-the-clock and meal and rest break violations are borne of its policies and practices regarding labor hours and overtime in its stores. Defendant enforces strict labor budgets in its stores, in which headcounts and labor hours are allocated and closely monitored as a means to keep labor costs down. Defendant's managers, including but not limited to District Managers, keenly monitor and enforce headcounts and the amount of hours worked by each employee in each store. Bonuses for store managers, District Managers, and other managerial employees are based, in part, on meeting Defendant's labor goals. When labor exceeds Sprint's budgeting, Defendant's managers demand immediate explanations and corrective action from the respective store-level managers. Under this structure, Defendant routinely implements "zero overtime policies."

41.     As a result of Defendant's labor budgeting policies and practices, there are regularly insufficient employees in the retail stores to handle all customer traffic while allowing the non-exempt, hourly employees to obtain pay for all hours worked and to take the meal and rest breaks to which they are entitled.

42.     Defendant does not provide Plaintiff and putative Collective and Class Members with accurate wage statements as required by California law. These workers receive wage statements that do not reflect all hours worked, premium pay for missed meal and rest breaks, and applicable overtime premiums.

43.     Defendant does not provide Plaintiff and putative Collective and Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, overtime, and missed meal and rest breaks when their

1  employment ends. These amounts remain unpaid after voluntary and involuntary termination. As
2  a consequence, Defendant is subject to waiting time penalties under the California Labor Code.

3       44.    Defendant is aware that it maintains policies and practices that deprive its non-
4  exempt, hourly employees of compensation for time worked, including overtime compensation,
5  and of the fact that its non-exempt, hourly employees do not get the meal and rest periods to
6  which they are entitled. In fact, Sprint has been involved in similar litigation in the past yet
7  continues to engage in these practices. Therefore, the denial of wages and compliant meal and rest
8  periods to Plaintiff and putative Class Members is knowing and willful.

9       45.    Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful
10  conduct has been widespread, repeated, and consistent as to the putative Collective and Class
11  members and throughout Defendant's operations in California and the United States.

12       46.    Defendant's conduct was knowing, willful, carried out in bad faith, and caused
13  significant damages to Plaintiff and putative Collective and Class members in an amount to be
14  determined at trial.

15            **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

16       47.    Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action
17  pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly
18  situated employees defined as:

19            All current and former non-exempt, hourly employees of Defendant
20            working in Defendant's retail establishments throughout the United
              States during the time period from three years prior to the filing of
21            the complaint until resolution of this action. (the "Collective")

22       48.    Plaintiff, individually and on behalf of other similarly situated persons defined
23  above, seeks relief on a collective basis challenging Defendant's policies and practices of failing
24  to accurately record all hours worked and failing to properly pay for all hours worked, including
25  overtime compensation and required minimum wages. The number and identity of other similarly
26  situated persons yet to opt-in and consent to be party-plaintiffs may be determined from
27  Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of
28  this action.

49.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

50.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

51.     Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

52.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.   Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

53.     The similarly-situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.   These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

54.     Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

55.     Plaintiff brings the Second through Eight Counts (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.   The California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the State of California during the time period from four years prior to the filing of the complaint until resolution of this action. (the "Class")

56.   **Numerosity**:  Defendant has employed potentially thousands of non-exempt, hourly employees in its retail stores during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

57.   **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff and putative Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

    a.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

    b.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

    c.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

    d.   Whether Defendant fails to authorize and permit, make available, and/or provide putative Class Members rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

    e.   Whether Defendant fails to compensate putative Class Members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Orders;

    f.   Whether Defendant fails to compensate putative Class Members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq.*;

g. Whether Defendant has a policy and/or practice of requiring putative Class Members to perform work off-the-clock and without compensation;

h. Whether Defendant fails to provide putative Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

i. Whether Defendant fails to pay putative Class Members all wages due upon the end of their employment in violation of the Labor Code and Wage Orders;

j. Whether Defendant's failure to pay putative Class Members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq.*;

k. Whether Defendant is liable for penalties to putative Class Members under the PAGA; and

l. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class Members as alleged herein.

58. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

59. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

60. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members

1   predominate over any questions affecting only individual members of the Class.   The injury

2   suffered by each Putative Class Member, while meaningful on an individual basis, is not of such

3   magnitude as to make the prosecution of individual actions against Defendant economically

4   feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By

5   contrast, class action treatment will allow those similarly situated persons to litigate their claims

6   in the manner that is most efficient and economical for the parties and the judicial system.

7        61.      In the alternative, the Class may be certified because the prosecution of separate

8   actions by the individual members of the Class would create a risk of inconsistent or varying

9   adjudication with respect to individual members of the Class, and, in turn, would establish

10  incompatible standards of conduct for Defendant.

11       62.      Class treatment will allow those similarly situated persons to litigate their claims in

12  the manner most efficient and economical for the Parties and the judicial system.

13       63.      Plaintiff knows of no difficulty that would be encountered in the management of

14  this litigation that would preclude its maintenance as a class action.

15       64.      Plaintiff intends to send notice to all putative Class Members to the extent required

16  under applicable class action procedures. Plaintiff contemplates providing a notice or notices to

17  the California Class, as approved by the Court, to be delivered through the United State Mail. The

18  notice or notices shall, among other things, advise the California Class that they shall be entitled

19  to "opt out" of the class certified for the California Action if they so request by a date specified

20  within the notice, and that any judgment on the California Action, whether favorable or not,

21  entered in this case will bind all putative Class Members except those who affirmatively exclude

22  themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**(By Plaintiff and the Collective)**

25       65.      Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

26  forth herein.

27       66.      The FLSA requires that covered employees receive compensation for all hours

28  worked and overtime compensation at not less than one and one-half times the regular rate of pay

1   for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

2   67.     At all times material herein, Plaintiff and the Collective are covered employees

3   entitled to the rights, protections, and benefits provided under the FLSA.

4   68.     Defendant is a covered employer required to comply with the FLSA's mandates.

5   69.     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by,

6   inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect

7   to such hours, failing to pay the legally mandated overtime premium for such work and/or

8   minimum wage.  See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant

9   has also violated the FLSA by failing to keep required, accurate records of all hours worked by

10  Plaintiff and the Collective.  29 U.S.C. § 211(c).

11  70.     Plaintiff and the Collective are victims of a uniform and company-wide

12  compensation policy. This uniform policy, in violation of the FLSA, has been applied to current

13  and former non-exempt, hourly employees of Defendant, working in their retail establishments

14  throughout the United States.

15  71.     Plaintiff and the Collective are entitled to damages equal to the mandated pay,

16  including minimum wage, straight time, and overtime premium pay within the three years

17  preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant

18  has acted willfully and knew or showed reckless disregard for whether the alleged conduct was

19  prohibited by the FLSA.

20  72.     Defendant has acted neither in good faith nor with reasonable grounds to believe

21  that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff

22  and the Collective are entitled to recover an award of liquidated damages in an amount equal to

23  the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. §

24  216(b).

25  73.     As a result of the aforesaid violations of the FLSA's provisions, pay, including

26  minimum wage, straight time, and overtime compensation, has been unlawfully withheld by

27  Defendant from Plaintiff and the Collective.  Accordingly, Defendant is liable for unpaid wages,

28  together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

74.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**(By Plaintiff and the California Class)**

75.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

76.     Plaintiff alleges that Defendant willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and putative Class Members for all hours worked or spent in Defendant's control. Detailed above, Defendant required, suffered, and/or permitted Plaintiff and the putative Class to perform work for the benefit of Defendant without compensation, with Defendant's knowledge.

77.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

78.     California Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any employment are due and payable twice during each calendar month…."

79.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

80.     IWC Wage Orders 7-2001(2)(G) and 4-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so…."

81.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligation to provide Plaintiff and putative Class Members with compensation for all time worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and putative Class Members'

1  rights. Plaintiff and putative Class Members are thus entitled to recover nominal, actual, and

2  compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

3      82.    As a proximate result of the aforementioned violations, Plaintiff and the putative

4  Class have been damaged in an amount according to proof at time of trial.

5      83.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

6  **THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wage**

7  **(By Plaintiff and the California Class)**

8      84.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

9  forth herein.

10     85.    Defendants have maintained policies and procedures that force Plaintiff and

11 putative Class Members to work off the clock, without compensation – let alone the minimum

12 wage. Due to Defendant's systematic denial of payment for all hours worked, Plaintiffs and

13 putative Class Members are routinely compensated at a rate that is less than the statutory

14 minimum wage.

15     86.    During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197,

16 and the Minimum Wage Order were in full force and effect and required that employees receive

17 the minimum wage for all hours worked at the rate of eight dollars ($8.00) per hour commencing

18 January 1, 2008, at the rate of nine dollars ($9.00) per hour commencing July 1, 2014, and at the

19 rate of ten dollars ($10.00) per hour commencing January 1, 2016 and ending December 31, 2016.

20 For employers with 26 or more employees, the minimum wage for all hours worked was ten

21 dollars and fifty cents ($10.50) per hour from January 1, 2017 to December 31, 2017, inclusive;

22 eleven dollars ($11.00) per hour from January 1, 2018 to December 31, 2018, inclusive; and

23 twelve dollars ($12.00) per hour from January 1, 2019 to the present.

24     87.    IWC Wage Orders 4-2001(2)(K) and 7-2001(2)(G) define hours worked as "the

25 time during which an employee is subject to the control of an employer, and includes all the time

26 the employee is suffered or permitted to work, whether or not required to do so."

27     88.    Labor Code § 1194(a) provides as follows:

28

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

89. Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the Commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

90. By failing to maintain adequate time records as required by Labor Code § 1174(d) and IWC Wage Orders 4-2001(7) and 7-2001(7), Defendant makes it difficult to calculate the minimum wage compensation due to Plaintiff and putative Class Members.

91. As a direct and proximate result of Defendant's unlawful acts and/or omissions, Plaintiffs and putative Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

92. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(By Plaintiff and the California Class)**

93. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

94. Defendant does not properly compensate Plaintiff and putative Class Members with appropriate overtime premiums, including time-and-a half premiums based on their regular rate of pay, as required by California law.

95. California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an

employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

96.     California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

97.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

98.     Defendant's policies and practices of requiring Plaintiff and the putative Class Members to perform work off-the-clock before and after their paid shifts are unlawful.  Even absent this off-the-clock work, many of Defendant's hourly, non-exempt employees who work in retail stores, including Plaintiff and putative Class Members, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiff and putative Class Members to perform off-the-clock work before the beginning of their paid shifts, while clocked out on meal breaks, and at other times, Plaintiff and putative Class Members have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

99.     Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and putative Class Members for all premium wages for overtime work. Defendant is liable to Plaintiff and putative Class Members alleged herein for the unpaid overtime

1   and civil penalties, with interest thereon.  Furthermore, Plaintiff and putative Class Members are

2   entitled to an award of attorneys' fees and costs as set forth below.

3       100.    As a proximate result of the aforementioned violations, Plaintiff and the putative

4   Class have been damaged in an amount according to proof at time of trial.

5       101.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

6                                   **FIFTH CAUSE OF ACTION**
        **Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
7                             **(By Plaintiff and the California Class)**

8       102.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

9   forth herein.

10      103.    Defendant failed to make available and prevented full, timely, uninterrupted,

11  compliant meal and rest breaks for Plaintiff and putative Class Members, and required them to

12  continue working during these breaks.

13      104.    Defendant also failed to pay Plaintiff and putative Class Members one hour of

14  premium pay for missed breaks.

15      105.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders

16  require Defendant to authorize, permit, and/or make available timely and compliant meal and rest

17  periods to its employees.  Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit

18  employers from employing an employee for more than five hours without a meal period of not

19  less than thirty minutes, and from employing an employee more than ten hours per day without

20  providing the employee with a second meal period of not less than thirty minutes.  Labor Code §

21  226.7 and the applicable Wage Orders also require employers to authorize and permit employees

22  to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay

23  employees their full wages during those rest periods. Unless the employee is relieved of all duty

24  during the thirty-minute meal period and ten-minute rest period, the employee is considered "on

25  duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

26      106.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who

27  fails to authorize, permit, and/or make available a required meal period must, as compensation,

28  pay the employee one hour of pay at the employee's regular rate of compensation for each

workday that the meal period was not authorized and permitted and/or not made available. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

107.    Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and the putative Class Members the ability to take the timely and compliant off-duty meal and rest periods to which they are entitled.

108.    Defendant has also failed to pay Plaintiff and the putative Class Members one hour of pay for each timely, compliant, off-duty meal and/or rest period that they are denied.

109.    Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

110.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class Members have been damaged in an amount according to proof at time of trial.

111.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIX CAUSE OF ACTION
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(By Plaintiff and the California Class)**

112.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

113.    Plaintiff and some putative Class Members have left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working outside of their scheduled and paid shifts, including opening the store and logging into computer system, answering business calls completing paperwork and submissions in order to obtain pay and reimbursements, working

through meal periods, performing other work-related activities, as well as unpaid overtime compensation.

114. California Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

115. Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

116. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

117. Defendant willfully refused, and continues to refuse, to provide Plaintiff and the putative Class with pay for off-the-clock work, including but not limited to work performed while clocked out during meal periods, and with meal and rest period premium pay. In particular, as alleged above, Defendant knew and continues to know that Plaintiff and the putative Class Members performed off-the-clock work before and after their scheduled or paid shifts, but refuses to pay Plaintiff and the putative Class Members for the off-the-clock work performed. Defendant is aware Plaintiff and the putative Class Members miss or have interrupted their meal and rest breaks as a result of Defendant's unlawful policies and practices, but Defendant nevertheless refuses to pay for work performed during meal breaks or to authorize premium pay for missed or interrupted meal and rest periods.

118. Accordingly, Defendant willfully refused and continues to refuse to pay Plaintiff and those members of the putative Class that left their employment with Defendant all the wages that were due and owing them upon the end of their employment. As a result of Defendant's

actions, Plaintiff and the putative Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

119.   Defendant's willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202.   As a result, Defendant is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

120.   Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.   Therefore, Plaintiff and the putative Class Members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

121.   As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

122.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

<u>**SEVENTH CAUSE OF ACTION**</u>
**Violations of Labor Code § 226 – Itemized Wage Statements**
**(By Plaintiff and the California Class)**

123.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

124.   Defendant does not provide Plaintiff and putative Class Members with accurate itemized wage statements as required by California law.

125.   California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

126. The IWC Wage Orders also establish this requirement. (See IWC Wage Orders 4-2001(7) and 7-2001(7)).

127. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

128. Defendant fails to provide timely, accurate, itemized wage statements to Plaintiff and the putative Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendant provides its employees, including to Plaintiff and the putative Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendant does not count as "hours worked" the off-the-clock time its hourly, non-exempt employees who work in retail stores spend performing certain work activities outside of their scheduled paid shifts answering business calls on their mobile phone, logging into the computer system, and other work-related activities.

129. Defendant's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendant was aware that Plaintiff and the putative Class Members performed off-the-clock work outside of their scheduled and paid shifts, Defendant systematically fails to include this time worked in their wage statements.

130. Plaintiff and putative Class Members have suffered injury as a result of Defendant's knowing and intentional failure to provide timely, accurate itemized wage statements to them in accordance with Labor Code § 226(a). In particular, the injury stemming from Defendant's

1   violations is evidenced by this live and active dispute regarding unpaid wages, including overtime

2   pay, between the Parties. As a result of Defendant's violations, Plaintiff and the putative Class are

3   required to undertake the difficult and costly task of attempting to reconstruct Defendant's

4   incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked

5   as required by California law.

6       131.   As a proximate result of the aforementioned violations, Defendant is liable to

7   Plaintiff and putative Class Members alleged herein for the amounts described, with interest

8   thereon, in an amount according to proof at time of trial. Furthermore, Plaintiff is entitled to an

9   award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e)

10       132.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

11   **EIGHTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200, *et seq.***

12   **(By Plaintiff and the California Class)**

13       133.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

14   forth herein.

15       134.   The UCL, California Business and Professions Code §§ 17200, et seq., prohibits

16   unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

17       135.   Business and Professions Code § 17204 allows a person injured by the unfair

18   business acts or practices to prosecute a civil action for violation of the UCL.

19       136.   Labor Code § 90.5(a) states it is the public policy of California to vigorously

20       137.   enforce minimum labor standards in order to ensure employees are not required to

21   work under substandard and unlawful conditions, and to protect employers who comply with the

22   law from those who attempt to gain competitive advantage at the expense of their workers by

23   failing to comply with minimum labor standards.

24       138.   Beginning at an exact date unknown to Plaintiff and the putative Class, but at least

25   since the date four years prior to the filing of this suit, Defendant has committed acts of unfair

26   competition as defined by the UCL by engaging in the unlawful, unfair, and fraudulent business

27   acts and practices described in this Complaint, including, but not limited to:

28

a. violations of Labor Code §§ 200, 204, 1194, and 1198 and applicable IWC Wage Orders pertaining to the payment of wages for all hours worked;

b. violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

c. violations of Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders pertaining to meal and rest breaks;

d. violations of Labor Code §§ 201-203; and

e. violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

139.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, et seq.

140.    The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, UCL. Among other things, the acts and practices have taken from Plaintiff's and putative Class Members' wages rightfully earned by them, while enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

141.    Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair and fraudulent business acts and practices alleged above.

142.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

143.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair

competition. Plaintiff and putative Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

144. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself and others similarly situated. Plaintiff and putative Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

145. Plaintiff herein take it upon himself to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

146. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Penalties Pursuant to § 2699(a) of the Private Attorneys General Act
### (By Plaintiff)

147. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

148. Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought be an aggrieved employee on behalf of himself or herself and other current or former employees.

149. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

150. Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

151. Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

152. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

153.   Labor Code § 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

154.   Labor Code § 558(a) provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee

155.   Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, as alleged above, to timely pay all wages owed to Plaintiff and each putative Class Member in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203. Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

156.   In addition, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each occasion on which Defendant, as alleged above, failed to provide Plaintiff and each putative Class Member with timely and compliant meal and rest periods in violation of Labor Code §§ 226.7(a)

and 512 and applicable Wage Orders.  Plaintiff seeks such penalties as an alternative to the penalties available under of Labor Code § 226.7(b), as prayed for herein.

157.    Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, as alleged above, to provide Plaintiff and each putative Class Member with accurate, itemized wage statements in compliance with Labor Code § 226(a) in the amounts established by Labor Code §§ 226(e) and 226.3.  Plaintiff and the Class seek such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

158.    Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each violation of Labor Code § 510, alleged above, as well as any provision regulating hours and days of work in any order of the IWC.

159.    Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. Sixty-five calendar days have passed without notice from the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

160.    Plaintiff seeks the aforementioned penalties on behalf of the State of California, other aggrieved employees, and himself as set forth in Labor Code § 2699(g)(1).

161.    Defendant is liable to Plaintiff, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

162.    Wherefore, Plaintiff requests relief as hereinafter provided.

### TENTH CAUSE OF ACTION
**Penalties Pursuant to § 2699(f) of the Private Attorneys General Act**
**(By Plaintiff)**

163.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

164.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved

1
2

employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation[.]

3   165.   To the extent than any violation alleged herein does not carry penalties under Labor

4   Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for each pay

5   period in which Plaintiff and putative Class Members were aggrieved, in the amounts established

6   by Labor Code § 2699(f).

7   166.   Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff provided the LWDA with

8   notice of his intention to file this claim. Sixty-five calendar days have passed without notice from

9   the LWDA. Plaintiff satisfied the administrative prerequisites to commence this civil action in

10  compliance with § 2699.3(a).

11  167.   Plaintiff seeks the aforementioned penalties on behalf of the State of California,

12  other aggrieved employees, and himself as set forth in Labor Code § 2699(g)(1).

13  168.   Defendant is liable to Plaintiff, the putative Class, and the State of California for the

14  civil penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an

15  award of attorneys' fees and costs as set forth below.

16  169.   Wherefore, Plaintiff requests relief as hereinafter provided.

17
18

**ELEVENTH CAUSE OF ACTION**
**Unlawful Deductions from Commissions**
**(By Plaintiff)**

19  170.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

20  forth herein.

21  171.   As a retail employee of Defendant, Plaintiff's compensation was based partially on

22  commission payments that he earned based on sales of Sprint service plans, cell phones, phone

23  accessories, and other products and services. On information and belief, Plaintiff's commissions

24  were generally calculated on a monthly basis, with his earned commissions generally ascertained,

25  calculated and paid out by the last day of the following month.

26  172.   From approximately August 2016 through approximately March 2017, Defendant

27  instituted a modification to retail store employees' commissions structure, called the "Sprint

28  Promoter Score Adjustment." A Sprint Promoter Score, or SPS, was calculated for each retail

1  store location based on the results of customer surveys, conducted by a third-party company, that

2  customers were given the option of completing after their interaction with the store.

3      173.   Defendant further calculated a SPS "target score" for each Sprint retail store

4  location each month. If a Sprint retail store location's SPS score for the month met or exceeded

5  the "target score," then the individual earned commissions for that store's employees were

6  unaffected. However, if a Sprint retail store location's SPS was below the SPS "target" score for

7  that month, then a 10% deduction was taken from the earned individual commissions of all retail

8  employees of that retail store location, regardless of whether an individual employee had anything

9  to do with a negative customer survey result, and regardless of whether the negative survey results

10  had any relation to transactions that resulted in individual commissions earned by any individual

11  employee. Moreover, survey results (on which SPS were based) often had nothing to do with any

12  commission-earning transaction. For example, a customer who came in to a store to complain

13  about his Sprint reception (something a retail store location had no control over) could fill out a

14  negative survey result (which would result in a so-called "detractor score") that would negatively

15  impact that store's SPS for that month, even though that customer's interaction with the store had

16  no connection with any commissionable event at that store. Furthermore, a retail store location's

17  monthly SPS was not always based exclusively on survey results attained in the month for which

18  the SPS was calculated. Specifically, if a particular Sprint retail store location had fewer than 20

19  survey results in a particular month, that store's survey results were measured using an aggregate

20  of the current and previous month's survey results (i.e., if a store had fewer than 20 survey results

21  in February, the February measurement would be the total of that store's survey results from

22  January and February). As a result, the SPS for one month could reflect surveys that were taken in

23  the prior month, which had nothing to do with any commissionable transactions that were

24  completed in that month. Defendant ended the Sprint Promoter Score Adjustment program in or

25  about April 2017.

26      174.   Deductions to Plaintiff's earned commissions made pursuant to the Sprint Promoter

27  Score Adjustment Program constituted unlawful deductions from earned wages under California

28  law, since the 10% across-the-board deduction from employees' individual earned commissions

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

*Amaraut, et al. v. Sprint/United Management Company*

was tied to factors that were unpredictable, out of individual employees' control, and unrelated to any particular sale or transaction that any individual employee conducted or to any individual employees' efforts. See Hudgins v. Neiman Marcus Grp., Inc., 34 Cal.App.4th 1109, 1123-24 (2007) (holding that conditions placed on earned commissions must relate to the sale that earns the commission, and that "[an employer] cannot avoid a finding that its [commission deduction] policy is unlawful simply by asserting that the deduction is just a step in its calculation of commission income."); Sciborski v. Pac. Bell Directory, 205 Cal.App.4th 1152, 1168-69 (2012) ("[A]n employer may not require an employee to agree to a wage deduction…based on conditions that are unrelated to the sale…").

175.    Defendant made unlawful Sprint Promoter Score Adjustment Program deductions from Plaintiff's earned wages. As a result, Defendant failed to pay all wages owed to Plaintiff, in violation of Labor Code §§ 221-223, which prohibit, among other things, deductions from earned wages (including commissions) except in certain enumerated circumstances not applicable here.

176.    Defendant's deductions from Plaintiff's earned commissions is unlawful. Plaintiff is entitled to recovery for unpaid the unlawfully-deducted commissions pursuant to Labor Code §§ 221-223, interest on said commissions, and attorneys' fees pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

177.    Wherefore, Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

178.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and other laws of the State of California;

179.    For a declaratory judgment that Defendant has violated the FLSA, California Labor Code, the laws of the State of California, and public policy as alleged herein;

180.    For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200, et seq., as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Amaraut, et al. v. Sprint/United Management Company*

181.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

182.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

183.    For an order awarding Plaintiff and the Collective and Class Members liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Members of the Collective and the Class, together with interest on these amounts, according to proof;

184.    For an order awarding Plaintiff and the Class Members civil penalties pursuant to the California Labor Code provisions cited herein, with interest thereon;

185.    For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

186.    For all costs of suit;

187.    For interest on any damages and/or penalties awarded, as provided by applicable law; and

188.    For such other and further relief as this Court deems just and proper.


Respectfully submitted,

Date: February 28, 2019            /s/ *Carolyn H. Cottrell*
                                   Carolyn H. Cottrell
                                   David C. Leimbach
                                   SCHNEIDER WALLACE
                                   COTTRELL KONECKY
                                   WOTKYNS LLP

                                   Attorneys for Plaintiff and the
                                   Putative Collective and Class

1

## **DEMAND FOR JURY TRIAL**

2         Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the

3    putative Collective and Class are entitled to a jury.

4

5                                                  Respectfully submitted,

6    Date: February 28, 2019              /s/ *Carolyn H. Cottrell*
                                          Carolyn H. Cottrell
7                                         David C. Leimbach
                                          SCHNEIDER WALLACE
8                                         COTTRELL KONECKY
                                          WOTKYNS LLP
9

10                                        Attorneys for Plaintiff and the
                                          Putative Collective and Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated | Sprint/United Management Company |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carolyn H. Cottrell, Schneider Wallace Cottrell Konecky Wotkyns LLP
2000 Powell St., Suite 1400, Emeryville, CA 94608; Tel: 415-421-7100

Attorneys *(If Known)*

'19 CV 0411 WQH MDD

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq.

Brief description of cause:
Violations of 29 U.S.C. §§ 201 et seq. (FLSA), California Labor Code, IWC Wage Orders, and UCL

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 02/28/2019

SIGNATURE OF ATTORNEY OF RECORD /s/ Carolyn H. Cottrell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____