UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT/UNITED MANAGEMENT COMPANY, <br><br> Defendant. | Case No.: 3:19-cv-411-WQH-AHG <br><br> **ORDER:** <br><br> **(1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE DEADLINE TO FILE MOTION TO COMPEL DISCOVERY RESPONSES; and** <br><br> **(2) ISSUING SECOND AMENDED CASE MANAGEMENT ORDER** <br><br> **[ECF No. 39]** |

Before the Court is Plaintiff Vladimir Amaraut ("Plaintiff") and Defendant Sprint/United Management Company's ("Defendant") Joint Motion to Continue Deadline to File Motion to Compel Discovery Responses. ECF No. 39. In light of the pending motion, the Court held a telephonic status conference on September 25, 2019. ECF No. 41.

Plaintiff served his first set of written discovery requests on June 25, 2019, and Defendant responded to Plaintiff's requests on August 16, 2019. ECF No. 39-1 at 3. Under the Court's 45-Day Rule (*see* Chmb.R. at 3), the parties must bring any discovery dispute

regarding Defendant's responses to the Court's attention by September 30, 2019. The parties have represented to the Court that they plan to pursue mediation in this case. *Id*. The parties also represent that they are currently conferring regarding potential stipulation to an amended complaint that would include additional Rule 23 classes and state law claims. *Id*. Accordingly, the parties have jointly requested an extension of this deadline. *Id*. They have requested that the Court suspend its motion to compel deadlines regarding Defendant's discovery responses until the parties have attended mediation, and additionally that the Court extend the deadline for all parties to file motions to compel, since Plaintiff has not yet been served with discovery. *Id*. at 4.

At the status conference, parties represented that their likely mediation date will be in March of 2020. The Court does not find it appropriate to grant an extension of over four months. Therefore, the parties' motion is **DENIED IN PART**. However, the Court does find good cause to extend the motion to compel deadline by 30 days, regarding Defendant's responses only.[1] Accordingly, the Court **GRANTS IN PART** the motion, and orders that any motion to compel Defendant's discovery responses shall be filed no later than **October 30, 2019**. The Court will only consider another requested extension after the

---

[1] The Court declines to grant an extension for a hypothetical dispute as to Plaintiff's non-existent responses. *See, e.g.*, *Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions[.]"); *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009) ("The role of the courts is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies."). The parties are advised to follow the Court's Chambers Rules with regard to any future disputes regarding Plaintiff's responses. *See* Chmb.R. at 2–3 (stating that no later than 45 days after the date of service of the written discovery response that is in dispute, and "[a]fter meet and confer attempts have failed, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov seeking a telephonic conference with the Court to discuss the discovery dispute. . . . No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court.").

parties have filed a Joint Motion[2] in accordance with Chambers Rules <u>and</u> lodged a Joint Mediation Plan.[3]

Additionally, based on the parties' agreement before the Court during the status conference, the Court **ORDERS** as follows:

1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **<u>October 30, 2019</u>**.

2.    Phase one discovery must be completed by **<u>February 10, 2020</u>**. Phase one includes fact discovery regarding the merits of Plaintiffs' individual claims and suitability as class representatives. Phase one also includes non-merits fact and expert discovery necessary to support or oppose class certification. "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cut-off date so that it may be completed by the cut-off date, taking into account the times for service, notice, and

---

[2]  All requests for extensions or continuances must be made by a joint motion and filed on CM/ECF no less than **seven days** before the affected deadline. The **Joint Motion** must state:
    A.    The original deadline;
    B.    The number of previous requests for continuances;
    C.    A showing of good cause for the request;
    D.    Whether the request is opposed and why;
    E.    Whether the requested continuance will affect other case management dates; and
    F.    A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

[3] The **Joint Mediation Plan** must be lodged (not filed) via email at efile_goddard@casd.uscourts.gov no less than **seven days** before the affected deadline. The **joint** plan must state:
    A.    The firm date of mediation;
    B.    The identity of the mediator;
    C.    A complete list of informal discovery the parties agree to exchange before mediation; and
    D.    A firm deadline by which the parties will exchange the informal discovery.

response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). Counsel shall comply with the Chambers Rules of Magistrate Judge Allison H. Goddard in bringing discovery disputes before the Court.

3.　All expert disclosures regarding class certification issues as required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties no later than **November 25, 2019**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed no later than **December 30, 2019**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

4.　Any motion for class certification shall be filed no later than **March 16, 2020**.

5.　In light of the September 25, 2019 status conference, the parties are relieved of the obligation of filing a status report regarding the mediation by September 30, 2019.

**IT IS SO ORDERED**.

Dated:　September 27, 2019

Honorable Allison H. Goddard
United States Magistrate Judge