UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, KATHERINE ALMONTE, CORBIN BELTZ, KRISTOPHER FOX, DYLAN MCCOLLUM, and QUINN MYERS, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>         Defendant. | Case No.: 19-cv-411-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Joint Motion to Conditionally Certify the Collective and Facilitate Notice Pursuant to 29 U.S.C. § 216(b). (ECF No. 46).

**I. BACKGROUND**

  On February 28, 2019, Plaintiff Vladimir Amaraut initiated this action by filing a Collective and Class Action Complaint against Defendant Sprint/United Management Company, bringing claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and California state wage and hour laws. (ECF No. 1). On March 7, 2019,

September 11, 2019, September 12, 2019, September 13, 2019, and September 17, 2019, Plaintiff filed Notices of Filing Consents to Join. (ECF Nos. 3, 33-35, 37). On November 1, 2019, Plaintiffs Vladimir Amaraut, Katherine Almonte, Corbin Beltz, Kristopher Fox, Dylan McCollum, and Quinn Myers filed an Amended Complaint. (ECF No. 45-1, Exhibit 1). Plaintiffs allege that Defendant violated the FLSA by failing to compensate Plaintiff and the putative Collective for all hours worked and failing to pay the legally mandated overtime premium for such work and/or minimum wage. On November 1, 2019, the Parties filed a Joint Motion to Conditionally Certify the Collective and Facilitate Notice Pursuant to 29 U.S.C. § 216(b). (ECF No. 46).

## II. DISCUSSION

Section 216(b) of the FLSA provides a private cause of action against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Collective actions under the FLSA require putative class members to opt in to the case. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). To certify a putative collective action under § 216(b), employees bringing the action must demonstrate they are similarly situated to the proposed class members. 29 U.S.C. § 216(b). Whether a suit may be maintained as a FLSA collective action is within the discretion of the court. *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

The Ninth Circuit has not formally prescribed the standard for managing FLSA collective actions, but most courts follow a two-step approach. *See e.g.*, *Leuthold*, 224 F.R.D. at 466; *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006); *Daniels v. Aeropostale W., Inc.,* No. C 12-05755 WHA, 2013 U.S. Dist. LEXIS 59514, at *2 (N.D. Cal. Apr. 24, 2013); *Ellerd v. Cty. of L.A.*, No. CV 08-4289 CAS FFMX, 2009 U.S. Dist. LEXIS 136851, at *3 (C.D. Cal. Apr. 9, 2009). At the first step, known as "conditional certification," the court determines whether notice of the action should be issued to potential opt-in plaintiffs and whether the action should proceed as a collective

action. *See Daniels*, 2013 U.S. Dist. LEXIS 59514, at *2. The plaintiff bears the burden of showing that plaintiff and members of the proposed collective action are "similarly situated." *Id*. The standard for certification at this stage is "a lenient one that typically results in certification." *Graham v. Overland Sols, Inc.,* No. 10-CV-672 BEN BLM, 2011 U.S. Dist. LEXIS 49304, at *2 (S.D. Cal. May 9, 2011). "Courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. (quotation omitted). "All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Id*. "[T]he Court notes that it should not consider the merits of Plaintiffs' claims at the conditional certification stage." *Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 432 (N.D. Cal. 2010)

The second stage of the analysis usually occurs at the close of discovery upon the filing of a defendant's motion for decertification. *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). This stage utilizes a more stringent standard than the first stage. *Id*.

In this case, the Parties jointly seek conditional certification of the following Collective:

> All current and former non-exempt employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action.

Plaintiffs allege that "Plaintiffs' FLSA claims are similar to the claims of the members of the Collective." (ECF No. 45-1 ¶ 54). Plaintiffs allege that "[t]he members of the FLSA Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work 'off-the-clock' and without compensation in violation of the FLSA." (*Id.* ¶ 55). Plaintiffs alleges that they are:

former non-exempt employees of Defendant, who worked in positions including, but not limited to, Retail Consultant and Lead Retail Consultant. Plaintiffs were paid approximately $10 to $15 per hour, plus potential commissions that they could earn based on sales. Plaintiffs' duties included, but were not limited to, selling and setting up cellular phones, devices, accessories, and related service plans, assisting customers with phone and service issues, troubleshooting equipment issues, making repairs to broken phones and devices, processing insurance claims, and monitoring customer traffic within the store.

(*Id.* ¶ 26). Plaintiffs allege that:

[s]imilar to Plaintiffs, the putative Collective and Class Members are current and former non-exempt employees who work, or have worked, at Defendant's retail stores. As Sprint employees, putative Collective and Class Members are expected to sell Sprint's products and services to customers in Sprint's retail locations. Plaintiffs are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for Plaintiffs and the putative Collective and Class Members, regardless of store location in the United States.

Plaintiffs allege that Plaintiffs and putative Collective members were required to perform unpaid work at the beginning and end of their shifts, including logging onto the company's computer system and performing various tasks to prepare the stores for opening and closing. Plaintiffs allege that Plaintiffs and putative Collective members were required to take work-related phone calls and text messages and attend meetings outside of scheduled working hours. Plaintiffs allege that Plaintiffs and putative Collective members were required to fill out paperwork outside of scheduled shifts and breaks. Plaintiffs allege that Plaintiffs and putative Collective members were not given the opportunity to take meal or rest breaks and were not provided with accurate wage statements.

Having considered the Parties' Joint Motion, the allegations in Plaintiffs' Amended Complaint, and given the low threshold for conditional certification under § 216(b), Plaintiffs have met the lenient standard at this stage of the case to provide substantial allegations that they are "similarly situated" under the FLSA to the proposed Collective

members. 29 U.S.C. § 216(b).[1]

## III. CONCLUSION

IT IS HEREBY ORDERED that the Joint Motion to Conditionally Certify the Collective and Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 46) is GRANTED.

Within fourteen (14) days of this Order, Defendant shall provide the Notice Administrator with a computer-readable data file containing the names, job titles, last known mailing addresses, personal e-mail addresses on file with the company at sprint.com/careers (to the extent available), and social security numbers (last four digits only) of all Collective members within the following definition:

> All current and former non-exempt employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action.

Defendant shall provide this information for any person who has been employed with Defendant at any time from February 28, 2016—three years preceding the date of the filing of the Complaint. This information is subject to the Protective Order entered in this action and shall only be used by the Notice Administrator for dissemination of the Notice and Opt-In Consent Form.

IT IS FURTHER ORDERED THAT the Proposed Notice of Collective Action Lawsuit ("Notice") and Opt-In Form, attached to the Parties' Joint Motion as "Exhibits A and B," respectively, are approved.

The Court will appoint a third-party notice administrator ("Administrator") to mail

---

[1] The Parties agree that the decision by Defendant not to oppose the conditional certification of the FLSA collective action does not constitute an admission that the named Plaintiffs meet the conditions necessary for certification of a FLSA collective action. Defendant retains all available defenses, including its right to argue that Plaintiffs and those individuals who may join this action as party plaintiffs in the future are not similarly situated and retains the right to move to decertify the Collective action and/or oppose any request by Plaintiffs for final certification of this Collective action.

and email the proposed Notice and Opt-In Consent Form to all persons identified in Defendant's list. Plaintiffs shall propose the Administrator to the Court within five (5) days of the date of this Order and shall meet and confer with Defendant regarding the selection before then. Plaintiffs shall pay the costs of the Administrator, subject to claiming the costs as a reimbursable litigation expense. The Notice and Opt-In Consent Form shall be sent by the Administrator via: (1) first class mail, and (2) email, within seven (7) days of receipt of the list of Defendant's eligible current and former employees, or as soon thereafter as practicable. The Notice shall provide a website address where persons identified in Defendant's list may obtain an electronic version of the Notice and submit an electronic version of the Opt-In Consent Form.

The Notice and Opt-In Consent Form will not be sent to any individuals who are otherwise within the proposed Collective definition set forth herein who 1) have opted into other FLSA actions encompassing the same claims and time period as in this case; and/or (2) have fully released their FLSA claims as part of class or collective action settlements ("excluded individuals"). Defendant will identify to Plaintiffs each action in which excluded individuals have opted in and/or release claims, along with the number of excluded individuals per each lawsuit identified.

Eligible persons shall be given sixty (60) days from the date on which the Notice and Opt-In Consent Form is sent via first class mail in which to return their Opt-In Consent Form (the "Opt-In Deadline"). Opt-In Consent Forms will be deemed timely if they are 1) postmarked by the Opt-In Deadline, for those Opt-In Forms sent via U.S. Mail; or (2) completed via an electronic signature by the Opt-In Deadline (for Opt-In Forms completed via email or through the Administrator's website). Opt-In Forms may be submitted to the Notice Administrator. Eligible persons who have not submitted their Opt-In Consent Form after 30 days will receive a reminder by mail and email from the Notice Administrator.

The Notice Administrator will provide the submitted Opt-In Consent Forms to Plaintiffs' counsel. Plaintiffs' counsel will file the Opt-In Consent Forms with the Court on an ongoing basis. To the extent needed, Plaintiffs' counsel may re-file any Opt-In

Consent Forms that were filed, later found to be deficient. Putative Collective members are subject to a 30-day cure period after the subject opt-in form is judged to be deficient. The putative Collective member who submits the deficient opt-in form will be solely responsible for curing and returning it.

    Neither Party's counsel shall contact any of the potential opt-in plaintiffs for the purposes of discussing the subject matter of or their participation in this lawsuit through the end of the opt-in period, except that nothing shall prevent counsel from responding to inquiries directed to them by the potential opt-in plaintiffs during this time, and Plaintiffs' counsel may contact the potential opt-in plaintiffs without limitation after they have opted in. This limited restriction on contacting members of the putative Collective will not apply to individuals for whom the Court orders contact information to be produced.

Dated: November 4, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court