Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY**
**WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

[*Additional Counsel Listed on Next Page*]

Attorneys for Plaintiffs and the Putative Collective and Classes

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendant. | Case No. 3:19-cv-00411-WQH-AHG<br><br>**JOINT MOTION REGARDING PRODUCTION OF CONTACT INFORMATION FOR THE CLASS**<br><br>Judge: Hon. William Q. Hayes<br>Magistrate Judge: Hon. Allison H. Goddard<br><br>Date Action Filed: February 28, 2019 |

| | |
|---|---|
| 1 | Gregg I. Shavitz (*pro hac vice*) |
| 2 | Michael Palitz (*pro hac vice*) |
|   | Tamra C. Givens (*pro hac vice*) |
| 3 | **SHAVITZ LAW GROUP, P.A.** |
| 4 | 951 Yamato Road, Suite 285 |
|   | Boca Raton, Florida 33431 |
| 5 | Telephone: (800) 616-4000 |
| 6 | Facsimile: (561) 447-8831 |
|   | gshavitz@shavitzlaw.com |
| 7 | tgivens@shavitzlaw.com |
| 8 | mpalitz@shavitzlaw.com |
| 9 | Attorneys for Plaintiffs and the Putative Collective and Classes |
| 10 | |
| 11 | |
| 12 | EMILY T. PATAJO, Bar No. 250212 |
|    | epatajo@littler.com |
| 13 | **LITTLER MENDELSON, P.C.** |
| 14 | 2049 Century Park East, 5th Floor |
|    | Los Angeles, California  90067.3107 |
| 15 | Telephone: 310.553.0308 |
|    | Facsimile:  310.553.5583 |
| 16 | |
| 17 | HOVANNES G. NALBANDYAN, Bar No. 300364 |
|    | hnalbandyan@littler.com |
| 18 | **LITTLER MENDELSON, P.C.** |
| 19 | 633 West 5th Street, 63rd Floor |
|    | Los Angeles, CA  90071 |
| 20 | Telephone: 213.443.4300 |
| 21 | |
| 22 | Attorneys for Defendant |
|    | SPRINT/UNITED MANAGEMENT COMPANY |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Plaintiffs Vladimir Amaraut, Katherine Almonte, Corbin Beltz, Kristopher Fox, Dylan McCollum, and Quinn Myers, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant Sprint/United Management Company ("Defendant"), by and through their attorneys of record, present this joint submission on the parties' discovery dispute.

## PLAINTIFFS' POSITION

The Court held a pre-motion discovery conference on December 6, 2019. During that call, the Court made clear that it was strongly inclined to compel this contact information pursuant to *Williams v. Superior Court*, 3 Cal. 5th 531, 544 (Cal. 2017) – and indeed, decades of California state and federal decisions that preceded it. Defendant was specifically instructed to explain why, pursuant to *Williams*, it should not be compelled to produce this information. Rather than heed the Court's unequivocal instructions, Defendant ignored them, and simply asks this Court to disregard *Williams* because it is not binding on this Court. The Court should compel all requested contact information for this reason alone.

The Court's tentative view that Defendant is required to produce this information pursuant to *Williams* and the cases that preceded it is correct.[1] Contact information is generally permitted because "were plaintiff also able to contact these [putative class members] and learn of their experiences, he could improve his chances of marshalling a successful class action," "thus perhaps ultimately benefiting some, if not all, those customers." *Pioneer Electronics*, 40 Cal. 4th at 374; *see also Campanelli v. Image First Healthcare Laundry Specialists, Inc.,* 2017 U.S. Dist. LEXIS 106394, at *16 (N.D. Cal. 2017) (pre-certification discovery of putative class members' contact information is generally permitted and is required after conditional

---

[1] *See Williams v. Superior Court*, 3 Cal. 5th 531, 544 (Cal. 2017) ("the default position is that such information is within the proper scope of discovery, an essential first step to prosecution of any representative action"); *see also, id.* ("Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case. Such potential class members will often qualify as 'percipient witnesses,' whose contact information the discovery statutes explicitly make a proper subject of discovery Limiting discovery would grant the defendant a monopoly on access to its customers or employees and their experiences and artificially tilt the scales in the ensuing litigation") (citing *Pioneer Electronics USA, Inc.* v. Superior Court, 40 Cal 4th 360 (2007) (internal citations omitted).

---

JOINT MOTION REGARDING PRODUCTION OF CONTACT INFORMATION FOR THE CLASS
*Amaraut, et al. v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-AHG
4825-3787-6143.1 099449.1010

certification); *Deane v. Fastenal Co.*, No. C 11-00042 SI, 2011 U.S. Dist. LEXIS 131178, at *15 (N.D. Cal. Nov. 14, 2011) (citing *Stone v. Advance America*, 2009 U.S. Dist. LEXIS 112968 (S.D. Cal. 2009) ("The Court has now conditionally certified the class. Plaintiffs, as fiduciaries to putative class members, are entitled to the contact information in order to properly investigate their claims."); *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007).

As this Court further noted during the pre-motion conference, withholding contact information is prejudicial to potential opt-in plaintiffs whose statutes of limitations continue to run until they receive notice and join the lawsuit.[2] The need for this information is particularly acute in this case, where Defendant has engaged in a pattern of extraordinary gamesmanship and willful violations of the Court's Order on conditional certification. *See* ECF 64.[3] All of this misconduct was undertaken in furtherance of a single goal: to prevent the Class and Collective from knowing their rights are at issue until it could conclude a reverse-auction and attempt to wipe out the Class and Collective's claims through a separate proceeding, without Plaintiffs'

---

[2] The discoverable contact information includes phone numbers of both Class and Collective members. *See, e.g., Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-cv-03098-RM-NRN, 2019 U.S. Dist. LEXIS 111411, at *5,7 (D. Co. July 3, 2019); *Mondragon v. Scott Farms, Inc.,* No. 5:17-CV-00356-FL, 2019 U.S. Dist. LEXIS 19896, at *38-39 (E.D. Cal. Feb. 7, 2019); *Camara v. Mastro's Rests. LLC*, 340 F. Supp. 3d 46 (D.C. 2018); *Butler v. TFS Oilfield Servs., LLC*, No. SA-16-CV-1150-FB, 2017 U.S. Dist. LEXIS 218126, at * 19-20 (Sept. 26, 2017); *Knox v. Jones*, 208 F. Supp. 3d 954 (S.D. Ind. 2016); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-3624, 2015 U.S. Dist. LEXIS, at *12 (S.D.N.Y. July 13, 2015); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014); *McKinzie v. Westlake Hardware*, No. 09-0796, 2010 U.S. Dist. LEXIS 58078, at *14 (W.D. Mo. June 11, 2010).

[3] This pervasive misconduct includes, but is certainly not limited to, (a) delaying meaningful progress of these proceedings for almost a year, (b) refusing to produce thousands of Collective member's contact information to the notice administrator without any explanation, (c) refusing to produce any contact information until a month after it was required to be produced, and (d) then refusing to produce email addresses for the overwhelming majority of the Collective.

knowledge.  *See* ECF 60, 61.  Making matters worse, while Defendant was conducting these secretive and collusive settlement discussions, because Defendant globally failed to abide by the terms of conditional certification, incomplete and insufficient notice dissemination has now begun.  Many Collective members are not even receiving notice. And for those Collective members who are receiving notice, the overwhelming majority are not receiving sufficient notice, because they are not receiving notice via email.  Accordingly, while the law requires production of this information without any reference to Defendant's pervasive misconduct, the need for this information is particularly acute given Defendant's conduct in this case.

The only argument Defendant has ever advanced to support its refusal to produce Class and Collective member contact information is that California Public Utilities Code (Cal. Publ. Util. Code § 2891) requires consent of the subscriber to release subscriber information and call records. But Defendant is wrong.[4] Indeed, even though this is the only argument Defendant has ever advanced prior to Plaintiff bringing this motion, when given the opportunity to explain itself in this brief, Defendant abandoned that argument.[5] Instead, for the first time after months of meeting and conferring,[6] Defendant now advances three new arguments in resisting

---

[4] Cal. Publ. Util. Code § 2894; *see also McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 47099, at *16 (N.D. Cal. April 16, 2010)

[5] Plaintiff makes these remarks as of December 19, 2019 – Plaintiffs' final opportunity to edit their portion of this brief.  In the version circulated by Defendant on December 18, 2019, Defendant did not make an argument that the California Public Utility Code precluded production of this information. Defendant, however, has been given the opportunity for one final round of edits, and Plaintiffs would hardly be surprised if Defendant changed its position yet again, now that Plaintiffs' section no longer explains why this argument is frivolous. Such gamesmanship would be entirely consistent with Defendant's conduct in this case.

[6] Defendant's argument that Plaintiff has not adequately met and conferred over this issue is nonsensical and flat-out wrong.  The parties have repeatedly discussed – via email and telephone –the production of this information.

---

the production of this information.

*First*, Defendant argues at length that phone numbers need not be produced prior to conditional certification, and that producing phone numbers to plaintiffs' counsel as part of conditional certification is not part of the parties' agreement on conditional certification. Putting aside the fact that, given Defendant's pervasive, ongoing, and willful violations of the Court's Order on conditional certification, *see* ECF No. 64, Defendant has no standing whatsoever to complain that Plaintiff seeks something that is not spelled out in that agreement, Defendant misses the bigger point: This case is not at the *pre-conditional certification stage*. We are now in a post-certification world, and this is not just a collective proceeding – it features numerous Rule 23 classes as well. Defendant's pre-conditional certification authority is simply irrelevant. The production of contact information is not about conditional certification. It concerns Plaintiff's ability to conduct an investigation into this case by having basic informational access to percipient witnesses. As Plaintiffs already explained, particularly post-certification, production of contact information is required as a matter of course. *See infra,* fn. 2.

*Second*, Defendant argues Plaintiffs should not obtain the full Class and Collective lists because they have not made a "prima facie showing" that the requirements of Rule 23 are met. Relatedly, Defendant argues Plaintiff should only receive information for the locations where Plaintiffs worked. Both arguments are contrary to the overwhelming weight of authority on these issues.[7]

---

[7] *See Arredondo v. Sw. & Pac. Specialty Fin., Inc.,* 2019 U.S. Dist. LEXIS 200750 (E.D. Cal. Nov. 18, 2019) ("A court is not required, however, to find a prima facie showing under Rule 23 prior to authorizing pre-certification discovery") (citing, *Kaminske v. JP Chase Bank N.A.*, 2010 U.S. Dist. LEXIS 141514, (C.D. Cal. May 21, 2010) ("[T]here is nothing in *Doninger* and *Mantolete* that suggests that a prima facie showing is mandatory in all cases, and it very well may be the case that courts routinely do not require such a showing."); *Robinson v. The Chefs' Warehouse*, 2017 U.S. Dist. LEXIS 30701 (N.D. Cal. Mar. 3, 2017) ("Plaintiffs are not necessarily

*Third*, Defendant falsely claims that only the contact information for the California Class was requested. A cursory review of Plaintiffs' discovery requests confirms the entire Collective was requested, which necessarily includes members of all Classes. *See* Pl.s' Interrogatories 1 and 2. This information must be compelled – not only as a matter of law, but to protect the Classes and Collective from Defendant.

required to make a prima facie showing in order to obtain information for the putative class."). "The Supreme Court has recognized the importance of permitting class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification." *Guzman v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 198933 (N.D. Cal. Nov. 21, 2018) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981). Concerning the contact information of the putative class members, district courts in this Circuit have often found that "[a]s a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Wiegele v. FedEx Ground Package Sys.*, 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. Feb. 8, 2007) (quoting *Koo v. Rubio's Restaurants, Inc*., 109 Cal.App.4th 719, 729, 135 Cal. Rptr. 2d 415 (2003)). For that reason, discovery of the putative class members' contact information is routinely allowed. *See, e.g., Artis*, 276 F.R.D. at 352 ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context."); *Putnam v. Eli Lilly & Co*., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ("[I]t seems to the Court that contact with [class members] could well be useful to the plaintiff to determine, at minimum, the commonality and typically prongs of Rule 23."); *Willner v. Manpower, Inc.,* 2012 U.S. Dist. LEXIS 148902 (N.D. Cal. Oct. 16, 2012) ("discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist."). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210). "The better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id*.; *Algee v. Nordstrom, Imc.,* 2102 U.S. Dist. LEXIS 62232 (N.D. Cal. May 3, 2012) (same); *Herrera v. Fed. Express Corp.,* 2018 U.S. Dist. LEXIS 225842 (C.D. Cal. Sept. 10, 2018).

## DEFENDANT'S POSITION

Plaintiffs move to compel two categories of information: **1)** contact information for the nationwide Fair Labor Standard Act ("FLSA") collective ("Collective List"); and **2)** contact information for *all* Rule 23 classes ("Class Lists").

### 1. Plaintiffs' Request for the Collective List Should Be Denied

Defendant agreed to conditionally certify the collective for purposes of mediation, because among other things, Plaintiffs represented that the Collective List would be only be produced to the notice administrator. *See* Declaration of Hovannes Nalbandyan ("Nalbandyan Decl."), ¶ 2.  To the extent Plaintiffs' intended to move to compel the Collective List, it was not conveyed to Defendant's counsel prior to the Dec. 3, 2019 e-mail to Judge Goddard. *Id.* ¶¶  3-7, 15, Exh. 1-6.[8] This is a clear violation of local rule 26.1(a), and demonstrates bad faith. *See supra*, fn. 11.

Had Plaintiffs relayed their intent to compel the production of the Collective List once the parties stipulated to conditional certification, Defendant would not have agreed to it – an agreement which saved Plaintiffs the burden, time, and expense of having to file a motion for conditional certification. Plaintiffs now demand production of the Collective List in complete contravention of the parties' agreement.

Further, Plaintiffs incorrectly claim that they are automatically entitled to the Collective List once conditional certification has been granted. The cases upon which they rely do not stand for that proposition. In many instances, as is the case here, ***post***-certification production of a collective list ***solely*** to the notice administrator is sufficient. *See, e.g., Syed v. M-I, L.L.C.*, 2014 WL 6685966, at *7–9 (E.D. Cal. Nov. 26, 2014) (granting defendant's request to disclose contact information to the

---

[8] The Court need look no further than the parties' Joint Motion to Continue Case Management Dates (ECF 50-1, p. 3-4), where Plaintiffs' counsel makes no mention about pursuing contact information for the <u>collective</u>, and instead expressly asserts that the "[t]he ***only issue*** over the Parties had not yet agreed was the production of contact information for members of ***Rule 23 classes***." ECF 50-1, fn. 1. (emphasis

administrator only); *Senne v. Kansas City Royals Baseball Corp.,* 2015 WL 6152476, at *18 (N.D. Cal. Oct. 20, 2015) (to protect the privacy of collective members, contact information was only provided to a claims administrator retained by plaintiffs); *Ward v. Costco Wholesale Corp.,* 2010 WL 11507519, at *8 (C.D. Cal. Mar. 23, 2010) (finding production of names and addresses of potential collective action members to the claims administrator appropriate).

Additionally, the collective members are in no way prejudiced by not having their contact information produced to Plaintiffs' counsel.[9] Defendant produced to the administrator a Collective List consisting of approximately 33,000 names[10], job titles, home addresses, last four digits of social security numbers and personal e-mails that were reasonably available to be matched to collective members to the administrator. Nalbandyan Decl ¶¶ 8-12.

Plaintiffs' contention that Defendant could have voluntarily produced the phone numbers of collective members who are Defendant's subscribers is wholly inaccurate. Defendant has consistently apprised Plaintiffs that Defendant is not legally permitted to voluntarily produce cell phone numbers under the Customer Proprietary Network Information ("CPNI") and the California Public Utilities Code ("CPUC"). Nalbandyan Decl ¶ 3, Ex. 1. Specifically, Defendant has repeatedly informed Plaintiff that it cannot produce phone numbers for its subscriber employees without prior consent or court order.[11]

Moreover, phone numbers are not ordinarily produced for purposes of conditional certification when other channels for dissemination exist. *See* Nalbandyan

---

[9] Plaintiffs also cite to cases in their fn. 2 do not contain *any* 9th circuit cases, and therefore are not controlling authority.
[10] To the extent names were precluded from the list (~2,100), they were done so pursuant to the Court's Order. *See* ECF 48, 6:11-17. It's disingenuous for Plaintiffs to omit this point. *See* Nalbandyan Decl., ¶ 17, Ex. 11.

Decl., ¶ 16, Ex. 10. In fact, Plaintiffs' counsel in this matter are fully aware that in a prior collective action ("*Guilbaud*") where they were counsel – involving the same parties, claims and allegations as in this matter – the court denied dissemination of opt in notices through phone numbers. *See id*. In *Guilbaud*, as is the case here again, Plaintiffs have not provided reasonable grounds for justifying production of phone numbers. Plaintiffs are trying again to get phone numbers as they did in *Guilbaud*, but they are not entitled to them.

Last, Plaintiffs failed to properly meet and confer pursuant to Court's Local Rule 26.1(a). Here, Plaintiffs did not telephonically meet and confer with Defendant regarding their intention to move to compel the production of the Collective List or the Class Lists. Nalbandyan Decl., ¶¶ 3-7, 15. Particularly telling, they do not even address this issue in the body of their position.[12] Plaintiffs' request should be denied based on this failure alone to comply with the Local Rules.

### 2. **Plaintiffs' Request for the California Rule 23 Class List Should Be Denied**

Per the Court's instructions, Defendant hereby sets forth reasons as to why *Williams v. Superior Court*, 3 Cal. 5th 531, 544 (2017) (*Williams*) does not entitle Plaintiffs to the class and collective lists. *Williams* is inapposite here because it applies to PAGA discovery in state court, not collective or class-wide discovery. More importantly, *Williams* is not binding on federal courts. *See Goro v. Flowers Foods, Inc.*, No. 17-CV-02580-JLS-JLB, 2018 WL 3956018, at *6 (S.D. Cal. Aug. 17, 2018). In *Goro*, the Southern District considered plaintiffs' argument that

---

[11] Plaintiffs' citation to *McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 47099, at *16 (N.D. Cal. April 16, 2010) support this position.

[12] **Notably, Plaintiffs have not included a "Certificate of Compliance" or declaration with this motion certifying Plaintiffs compliance with local rule 26.1(a).** As this is a discovery motion, the parties are required to confer by *telephone* before bringing a motion. The rule clearly outlines that "under *no circumstances* may the parties satisfy the meet and confer requirement by exchanging written correspondence." *See* SD L.R. 26.1(a) (emphasis added).

---

plaintiffs in PAGA and class actions are generally allowed to discover contact information for putative class members. However, the *Goro* court still applied Federal Rules of Civil Procedure, Rule 26(b) noting that "[i]n federal court, the Federal Rules of Civil Procedure govern the scope of discovery." *See* 2018 WL 3956018, at *6–7. Further, it determined "[t]hat [the *Williams* court's] analysis of the relevancy of other employees' contact information is persuasive, but not binding, authority as it analyzed the relevancy of this information under the California Code of Civil Procedure." *Id.* at *6, n.8.

Secondly, in instances where Plaintiffs seek **pre-certification** discovery, they bear the burden either to make a *prima facie* showing that **Rule 23 class action requirements** are satisfied or to show "that discovery is likely to produce substantiation of the class allegations." *See Sansone v. Charter Commc'ns, Inc.*, No. 17-CV-01880-WQH-JLB, 2019 WL 460728, at *7 (S.D. Cal. Feb. 6, 2019). Plaintiffs have not made such a showing.

Here, Plaintiffs engaged in written discovery to which Defendant has produced over 2,500 pages of relevant company-wide policies, procedures and documents pertaining to Plaintiff. However, Plaintiffs have not presented any evidence through declaration, interrogatory responses, or otherwise that substantiate *company-wide* violations, which is necessary to justify the production of the *entire* class list. Under these circumstances, district courts, including in the Southern District of California, have **limited** pre-certification discovery to locations where plaintiffs have worked. *Silva v. Avalonbay Communities, Inc.,* 2015 U.S. Dist. LEXIS 180515, 2015 WL 11438549, at *2 (C.D. Cal. Sept. 2, 2015) (limiting discovery to the facility where plaintiff worked and noting that plaintiff "presented no evidence, through declaration,

interrogatory response or otherwise, that any other employee experienced the same treatment as he alleges he suffered . . . at any or all of its facilities").[13]

Accordingly, to the extent any information is provided, production should be limited to Plaintiff Vladimir Amaraut's workplace and the production of the limited class list should include safeguards regarding communications with the putative class members. *See, e.g.*, *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *3 (N.D. Cal. June 25, 2013) (ordering plaintiff's counsel to "inform each potential putative class member contacted by Plaintiff that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again.").

### 3. **Plaintiffs' Request for *Non-California* Rule 23 Class Lists Should Be Denied**

Plaintiffs attempt to circumvent discovery rules in demanding production of contact information for non-California individuals. Plaintiffs cannot compel production of the non-California Rule 23 Class Lists because they have not formally propounded written discovery for it. To the extent counsel requested contact information for class members, it was strictly limited to retail employees within California. Nalbandyan Decl., ¶ 14, Exs. 8, 9. Additionally, similar to the Collective List, Plaintiffs have not engaged in appropriate conferral efforts pursuant to L.R. 26.1(a) for the non-Rule 23 classes. *Id.*., ¶15. Lastly, Plaintiffs argument that requests for the collective necessarily include the other Rule 23 classes is, as the New York class has a 6-year statute of limitation, whereas FLSA is 3 years. *Id.* ¶ 14, Exs. 8, 9. Based on the foregoing, this request and the motion in its entirety, should be denied.

---

[13] *See, e.g., Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 508 (C.D. Cal. 2011); *Coleman v. Jenny Craig Inc.*, No. 11-CV-1301-NMAD, 2013 WL 2896884, at *8 (S.D. Cal. June 12, 2013); *Martinet v. Spherion Atl. Enters., LLC.*, No. 07cv2178 W(AJB), 2008 U.S. Dist. LEXIS 48113, at *2 (S.D. Cal. June 20, 2008). *But cf. Dittmar v. Costco,* 2016 WL 7188231, at *4 (S.D. Cal. Dec. 12, 2016) (permitting some discovery beyond Plaintiff's work location where there were statements, declarations, and deposition testimony concerning violations in multiple regions).

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | Date: December 20, 2019 | /s/ *David C. Leimbach* |
| 3 |   | Carolyn H. Cottrell |
|   |   | Scott L. Gordon |
| 4 |   | David C. Leimbach |
| 5 |   | **SCHNEIDER WALLACE** |
|   |   | **COTTRELL KONECKY WOTKYNS LLP** |

Gregg I. Shavitz (*pro hac vice*)
Michael Palitz (*pro hac vice*)
Tamra C. Givens (*pro hac vice*)
**SHAVITZ LAW GROUP, P.A.**

Attorneys for Plaintiffs and the Putative Collective and Classes

Date: December 20, 2019            /s/ *Emily T. Patajo*
Emily T. Patajo
Hovannes G. Nalbandyan
**LITTLER MENDELSON, P.C.**

Attorneys for Defendant
Sprint/United Management Company

---

JOINT MOTION REGARDING PRODUCTION OF CONTACT INFORMATION FOR THE CLASS
*Amaraut, et al. v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-AHG
4825-3787-6143.1 099449.1010

## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this joint motion is submitted, concur in the filing's content and have authorized the filing.

Dated: December 20, 2019        /s/ *David C. Leimbach*
                                David C. Leimbach

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system on December 20, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: December 20, 2019        /s/ *David C. Leimbach*
                                David C. Leimbach

---

JOINT MOTION REGARDING PRODUCTION OF CONTACT INFORMATION FOR THE CLASS
*Amaraut, et al. v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-AHG
4825-3787-6143.1 099449.1010