# Exhibit 1

Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

Attorneys for Plaintiff and the Putative
Collective and Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Sprint/United Management Company, <br><br> Defendant. | Case No.: 3:19-cv-00411-WQH-WMD <br><br> **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE** <br><br> Date action filed: February 28, 2019 <br> Judge: William Q. Hayes |

PROPOUNDING PARTY:     Plaintiff Vladimir Amaraut

RESPONDING PARTY:     Sprint/United Management Company

SET NO.:     One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Vladimir Amaraut, on behalf of himself and all others similarly situated ("Plaintiff"), hereby requests that Defendant Sprint/United Management Company ("Defendant") respond to Plaintiff's Requests for Production of Documents to Defendant, Set One, by serving its written responses and producing for inspection and copying the documents described herein upon Plaintiff's Counsel at the offices of Schneider Wallace Cottrell Konecky Wotkyns LLP, 2000 Powell Street, Suite 1400, Emeryville, California, 94608, to the attention of Carolyn Hunt Cottrell, within thirty days after being served with these document requests.

## **INSTRUCTIONS**

1.     In accordance with Rule 34(b), Defendant shall provide written responses to the following requests and shall produce requested documents as they are kept in the ordinary and usual course of business and shall organize and label the documents to correspond with the categories in the request.

2.     If any requested document is known by Defendant to have existed, but no longer exists or is no longer in Defendant's possession, custody, or control, Defendant is required to identify the last known custodian thereof and state the date upon which it was lost, destroyed, or otherwise became unavailable.  If the document still exists but is unavailable to Defendant, Defendant is requested to identify its present custodian and location.

3.     Pursuant to Rule 26(b)(5), if Defendant withholds the production of any document which is responsive to these requests on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection and describe generally the type and nature of

the document, the date of the document, the identity of the author(s) and their address(es), and any recipients of the document, the document's present location, and any other information that will enable Plaintiff and the court to assess the applicability of the privilege or protection.

4.     If any request is defined using a term of art or other term that Defendant believes to be incorrect, but Defendant understands the nature of the document requested, Defendant shall produce the document notwithstanding the semantic or definitional error.

5.     All requests for computerized data are to be produced in a computer-readable format with keys for interpretation of the data and/or a glossary or index of terms.

6.     Any documents produced electronically shall be produced in native format, with all metadata.

7.     Pursuant to Rule 34(b)(2)(E), Plaintiff requests that Defendant produce the documents requested below as they are ordinarily maintained and in the format outlined in Exhibit A.  Defendant is to produce:

> a.     Copies of electronically stored information ("ESI") responsive to these requests, as it is kept in the usual course of business, including all non-identical copies.  Pursuant to Rule 34(b)(2)(E), Plaintiff requests that Defendant produce ESI in the format outlined in Exhibit A.
>
> b.     Electronic scanned images of original documents responsive to these requests that exist only in hard-copy format and are therefore unavailable in ESI format as they are kept in the usual course of business, including all non-identical copies. Plaintiff requests that Defendant produce such electronic images in the format outlined in Exhibit A.

## PRIVILEGE LOG

1.      It is not the propounding parties' intention to request production of privileged matter. Pursuant to Rule 26(b)(5), if responding party withholds from production any document on the ground that it is protected by any privilege, please furnish a privilege log for each item or category of item withheld on the basis of said privilege stating the following information:

  (a) Date of document(s);

  (b) Person(s) who authored document(s);

  (c) Person(s) who were addressee(s) of document(s);

  (d) Person(s) who received copies of document(s);

  (e) Title of file in which document(s) were kept, if any;

  (f) Person(s) who prepared and maintained the aforementioned file, if any;

  (g) Subject of document(s);

  (h) Nature of privilege claimed; and

  (i) Any other information that will enable Plaintiffs and the Court to assess the applicability of the privilege or protection.

## DEFINITIONS

The following terms shall have the following meanings:

1.      "Any" includes and encompasses all.

2.      "Plaintiff" means Vladimir Amaraut.

3.      "Defendant" means Sprint/United Management Company and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, or other representatives of Defendant.

4.      "Putative Class Members" means all current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments

throughout the State of California during the time period from four years prior to the filing of the complaint (February 28, 2015) until resolution of this action.

5.    "Putative Collective Members" means all current and former non-exempt, hourly employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint (February 28, 2016) until resolution of this action.

6.    "Person(s)" means any natural person or other legal entity, including, without limitation, any corporation, partnership, business, trust, agency, joint venture, or governmental organization, department, or entity.

7.    "Identify," when used in relation to a natural person, means to provide sufficient information about the person to identify that person and make arrangements for service of a subpoena, including the person's (a) full name; (b) last known employer and occupation; (c) last known business address and telephone number; (d) title and dates of service; (e) last known residence address and telephone number; and (f) last known personal email address.

8.    "Identify," when used in relation to an entity, means to provide sufficient information about the entity to identify the entity and make arrangements for service of a subpoena, including the (a) full name of the entity; (b) legal form of the entity (whether it is a corporation, partnership, etc.); (c) state of incorporation (if any); (d) date of incorporation or the date the business relationship was established; (e) address and telephone number of the headquarters; (f) address and telephone number of the principal place of business; (g) person designated for service of process; and (h) address designated for service of process.

9.    "Identify," when used in relation to a document, means to either (a) furnish a clear and legible copy of the document in question; or (b) describe the document with sufficient particularity such that a formal request or subpoena for its

production may be made, including (1) the identity of the document's custodian; (2) the date(s) that the document was signed; (3) the date the document was produced (if it was not signed); (4) the identity of the document's author; (5) a summary of the nature of the document's contents; and (6) the identity of the Person whose testimony could be used to authenticate each document and who could lay the foundation for its introduction into evidence.

10.   "Communication" means an instance in which words or information are transferred or transmitted between two or more persons by whatever manner or means, and regardless of how or by whom the communication was initiated, including, but not limited to, directors, employees, agents, attorneys or representatives, and all other persons or entities acting, purporting to act, or authorized to act on its behalf.

11.   "Describe" means to identify, express, explain, set forth, relate, recount, depict, and/or delineate.   A description of an oral or written communication includes an identification of the communicators, the date(s) of the communication, and the substance of the communication.

12.   "Document" or "Documents" include, without limitation, any typewritten, handwritten, graphic, photographic, printed, or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control or in the possession, custody, or control of any servant or agent of you or of your attorneys.   The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic, or other media; or any other summary, schedule, memorandum, note, statement,

letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording.  The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the document(s) are maintained.  A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate document within the meaning of these terms.

13.    "Meal break" means any 30-minute meal period or lunch period Defendant must authorize, permit, and/or make available to its non-exempt, hourly employees to take pursuant to California Labor Code §§ 226.7 and 512 and Industrial Welfare Commission ("IWC") Wage Orders 4-2001 and 7-2001.

14.    "Rest Break" means any 10-minute rest period Defendant must authorize, permit, and/or make available to its non-exempt, hourly employees to take pursuant to California Labor Code §§ 226.7 and 512 and IWC Wage Orders 4-2001 and 7-2001.

15.    "Overtime" means any work in excess of 8 hours in a day.  It also means any work in excess of 40 hours in a week.

16.    "Double time" means any hours worked in excess of 12 hours in any workday and in excess of eight hours on the seventh consecutive workday.

17.    "Relating to" means supporting, tending to support, refuting, tending to refute, or concerning (including mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or

having any connection with or bearing upon), directly or indirectly, the matter in question.

18.   "Class Time Period" means the time period from February 28, 2015 to final resolution of this action.

19.   "FLSA Collective Time Period" means the time period from February 28, 2016 to final resolution of this action.

20.   The Class Time Period and FLSA Collective Time Period are collectively referred to as the "Relevant Time Periods."

## SCOPE OF DISCOVERY

1.   Unless otherwise stated in a specific discovery request, these requests shall be deemed to cover the time period from February 28, 2015 to final resolution of this action to the extent these requests pertain to Putative Class Members; and the time period from February 28, 2016 to final resolution of this action to the extent these requests pertain to Putative Collective Members.

2.   All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

3.   Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing requests and require production of all responsive information discovered or prepared after Defendant's initial response to this request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

A list identifying all Putative Class Members.  The list should include each Putative Class Members' name, last-known address, last-known phone number, last-known email address, job title(s), dates of employment, location at which the employee worked, and social security numbers.

**REQUEST NO. 2:**

A list identifying all Putative Collective Members.  The list should include each Putative Collective Members' name, last-known address, last-known phone number, last-known email address, job title(s), dates of employment, location at which the employee worked, and social security numbers.

**REQUEST NO. 3:**

A list identifying all individuals who managed or supervised Plaintiff and Putative Collective Members during the FLSA Collective Time Period, including but not limited to managers and supervisors.  The list should include the name of each manager or supervisor, their job title, each location at which they worked, last-known address, last-known phone number, last-known email address, and dates of employment.

**REQUEST NO. 4:**

A list identifying all individuals who managed or supervised Plaintiff and Putative Class Members during the Class Time Period, including but not limited to managers and supervisors foremen.  The list should include the name of each manager or supervisor, their job title, each location at which they worked, last-known address, last-known phone number, last-known email address, and dates of employment.

**REQUEST NO. 5:**

All documents listing, describing, memorializing, or otherwise relating to the duties and responsibilities of Plaintiff and Putative Collective Members during the FLSA Collective Time Period.  This request includes, without limitation, written job descriptions and any documents concerning any variations in title, type, level, compensation, and/or grade for Plaintiff's and Putative Collective Members' job positions during the FLSA Collective Time Period.

**REQUEST NO. 6:**

All documents listing, describing, memorializing, or otherwise relating to the duties and responsibilities of Plaintiff and Putative Class Members during the Class Time Period. This request includes, without limitation, written job descriptions and any documents concerning any variations in title, type, level, compensation, and/or grade for Plaintiff's and Putative Class Members' job positions during the Class Time Period.

**REQUEST NO. 7:**

All documents relating to any schedules Plaintiff and Putative Collective Members were required to work for Defendant during the FLSA Collective Time Period.

**REQUEST NO. 8:**

All documents relating to any schedules Plaintiff and Putative Class Members were required to work for Defendant during the Class Time Period.

**REQUEST NO. 9:**

All documents reflecting the actual hours Plaintiff and Putative Collective Members worked for Defendant during the FLSA Collective Time Period.

**REQUEST NO. 10:**

All documents reflecting the actual hours Plaintiff and Putative Class Members worked for Defendant during the Class Time Period.

**REQUEST NO. 11:**

All timesheets or time records reflecting any hours Plaintiff and Putative Collective Members worked during the relevant FLSA Collective Time Period. This request includes, without limitation, documents, electronic or otherwise, generated or created by any systems used to track work time. It also includes documents reflecting edits, changes, alterations, adjustments to time records, in both electronic

and paper form.   This request further includes any summaries, reports, or compilations of hours worked by Putative Collective Members.

**REQUEST NO. 12:**

All timesheets or time records reflecting any hours Plaintiff and Putative Class Members worked during the Class Time Period. This request includes, without limitation, documents, electronic or otherwise, generated or created by any systems used to track work time.   It also includes documents reflecting edits, changes, alterations, adjustments to time records, in both electronic and paper form.   This request further includes any summaries, reports, or compilations of hours worked by Putative Class Members.

**REQUEST NO. 13:**

All documents relating to the administration, preparation, completion, and/or maintenance of timesheets or time records for Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 14:**

All documents relating to the administration, preparation, completion, and/or maintenance of timesheets or time records for Plaintiff and Putative Class Members during the Class Time Period.

**REQUEST NO. 15:**

For every timekeeping system utilized by Defendant during the FLSA Collective Time Period, produce all documents (including studies, analyses, reports, memoranda, emails, and notes) concerning any decision to replace a timekeeping system in use and implement a new system.

**REQUEST NO. 16:**

For every timekeeping system utilized by Defendant during the Class Time Period, produce all documents (including studies, analyses, reports, memoranda,

emails, and notes) concerning any decision to replace a timekeeping system in use and implement a new system.

**REQUEST NO. 17:**

All documents from the FLSA Collective Time Period relating to Plaintiff's and Putative Collective Members' hours of work, including but not limited to: when Plaintiff and Putative Collective Members arrive at and leave Defendant's worksites; when they clock in and clock out for their shifts; if they are required to complete any work prior to clocking in and/or after clocking out of work; travel between Defendant's locations and/or between Defendant's locations and customer locations; and if they are required to complete any other work, including trainings and travel, "off-the-clock". This request includes, without limitation, all policies, practices, procedures, and correspondence concerning how and when Putative Collective Members record their time worked during such periods, including training materials.

**REQUEST NO. 18:**

All documents from the Class Time Period relating to Plaintiff's and Putative Class Members' hours of work, including but not limited to: when Plaintiff and Putative Class Members arrive at and leave Defendant's worksites; when they clock in and clock out for their shifts; if they are required to complete any work prior to clocking in and/or after clocking out of work; travel between Defendant's locations and/or between Defendant's locations and customer locations; and if they are required to complete any other work, including trainings and travel, "off-the-clock". This request includes, without limitation, all policies, practices, procedures, and correspondence concerning how and when Putative Class Members record their time worked during such periods, including training materials.

**REQUEST NO. 19:**

All documents or other records relating to Plaintiff's and Putative Collective Members' request(s), concern(s), question(s), or complaint(s) – oral or written – about their work during the FLSA Collective Time Period, including but not limited to work "off-the-clock", work before the beginning of their paid shifts, work after the end of their paid shifts, unpaid trainings, travel between Defendant's locations and/or between Defendant's locations and customer locations, or compensation for time worked.

**REQUEST NO. 20:**

All documents or other records relating to Plaintiff's and Putative Class Members' request(s), concern(s), question(s), or complaint(s) – oral or written – about their work during the Class Time Period, including but not limited to work "off-the-clock", work before the beginning of their paid shifts, work after the end of their paid shifts, unpaid trainings, travel between Defendant's locations and/or between Defendant's locations and customer locations, or compensation for time worked.

**REQUEST NO. 21:**

All documents relating to policies, procedures, guidelines, or practices regarding the compensation paid to Putative Collective Members, including payment in the form of wages, piece rate, bonuses, commissions, salaries, per diems, expense reimbursement, and all other forms of compensation.

**REQUEST NO. 22:**

All documents relating to policies, procedures, guidelines, or practices regarding the compensation paid to Putative Class Members, including payment in the form of wages, piece rate, bonuses, commissions, salaries, per diems, expense reimbursement, and all other forms of compensation.

**REQUEST NO. 23:**

All documents relating to Defendant's policies, procedures, and practices relating to Plaintiff's and Putative Collective Members' travel between Defendant's locations and/or between Defendant's locations and customer locations during the FLSA Collective Time Period, including but not limited to Defendant's policies, procedures, and practices relating to recording of and compensation for such travel.

**REQUEST NO. 24:**

All documents relating to Defendant's policies, procedures, and practices relating to Plaintiff's and Putative Class Members' travel between Defendant's locations and/or between Defendant's locations and customer locations during the Class Time Period, including but not limited to Defendant's policies, procedures, and practices relating to recording of and compensation for such travel.

**REQUEST NO. 25:**

All documents from the FLSA Collective Time Period relating to Plaintiff's and Putative Collective Members' meal breaks.  This request includes, without limitation, all policies, practices, procedures, and correspondence concerning such meal breaks, including how and when Plaintiff and Putative Collective Members record their time worked during such periods, including training materials.

**REQUEST NO. 26:**

All documents from the Class Time Period relating to Plaintiff's and Putative Class Members' meal breaks.  This request includes, without limitation, all policies, practices, procedures, and correspondence concerning such meal breaks, including how and when Plaintiff and Putative Class Members record their time worked during such periods, including training materials.

//

//

//

**REQUEST NO. 27:**

All documents or other records relating to Plaintiff's and Putative Class Members' request(s), concern(s), question(s), or complaint(s) – oral or written – for meal breaks to be made available during the Class Time Period.

**REQUEST NO. 28:**

All documents or other records relating to Plaintiff's and Putative Class Members' request(s), concern(s), question(s), or complaint(s) – oral or written – regarding the possible denial of a meal break during the Class Time Period.

**REQUEST NO. 29:**

All documents constituting or relating to any waiver(s) of any meal break by Plaintiff or any Putative Class Member during the Class Time Period.

**REQUEST NO. 30:**

All documents concerning or identifying any systems, electronic or otherwise, used to monitor whether Plaintiff and Putative Class Members received meal breaks in accordance with California law during the Class Time Period.

**REQUEST NO. 31:**

All documents relating to or identifying whether Defendant paid premium pay to Plaintiff and/or any Putative Class Members who missed meal breaks during the Class Time Period.

**REQUEST NO. 32:**

All documents from the Class Time Period relating to Plaintiff's and Putative Class Members' rest breaks.  This request includes, without limitation, all policies, practices, procedures, and correspondence concerning such rest breaks, including how and when Plaintiff and Putative Class Members record their time worked during such breaks, including training materials.

**REQUEST NO. 33:**

All documents or other records relating to Plaintiff's and Putative Class Members' request(s), concern(s), question(s), or complaint(s) – oral or written – regarding rest breaks during the Class Time Period.

**REQUEST NO. 34:**

All documents constituting or relating to any waiver(s) of any rest break by Plaintiff or any Putative Class Member during the Class Time Period.

**REQUEST NO. 35:**

All documents concerning or identifying any systems, electronic or otherwise, used to monitor whether Plaintiff and Putative Class Members received rest breaks in accordance with California law during the Class Time Period.

**REQUEST NO. 36:**

All documents relating to or identifying whether Defendant paid premium pay to Plaintiff and Putative Class Members who missed rest breaks during the Class Time Period.

**REQUEST NO. 37:**

All documents relating to overtime for Plaintiff and Putative Collective Members during the FLSA Collective Time Period. This request includes, without limitation, policies, procedures, or practices relating to the payment of overtime to Plaintiff and Putative Collective Members, including how such overtime is calculated.  This request further includes documents reflecting overtime earned by Plaintiff and Putative Collective Members.

**REQUEST NO. 38:**

All documents relating to overtime for Plaintiff and Putative Class Members during the Class Time Period. This request includes, without limitation, policies, procedures, or practices relating to the payment of overtime to Plaintiff and Putative Class Members, including how such overtime is calculated.  This request further

includes documents reflecting overtime earned by Plaintiff and Putative Class Members.

**REQUEST NO. 39:**

All documents relating to Defendant's policies and practices of verifying all compensable hours worked by Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 40:**

All documents relating to Defendant's policies and practices of verifying all compensable hours worked by Plaintiff and Putative Class Members during the Class Time Period.

**REQUEST NO. 41:**

All documents or other records pertaining to Plaintiff's and Putative Collective Members' request(s) for overtime compensation during the FLSA Collective Time Period.

**REQUEST NO. 42:**

All documents or other records pertaining to Plaintiff's and Putative Class Members' request(s) for overtime compensation during the Class Time Period.

**REQUEST NO. 43:**

All documents or other records pertaining to Plaintiff's and Putative Collective Members' concern(s), question(s), and/or complaint(s) – oral or written – about overtime compensation during the FLSA Collective Time Period.

**REQUEST NO. 44:**

All documents or other records pertaining to Plaintiff's and Putative Class Members' concern(s), question(s), and/or complaint(s) – oral or written – about overtime compensation during the Class Time Period.

**REQUEST NO. 45:**

All documents relating to Defendant's policies, procedures, and practices relating to the payment to Plaintiff and Putative Class Members who have left their employment with Defendant of all wages owed to them either immediately (for those who were discharged by Defendant) or within 72 hours (for those who voluntarily left their employment) of their departure from their employment during the Class Time Period.

**REQUEST NO. 46:**

All documents showing the payment to Plaintiff and Putative Class Members who have left their employment with Defendant of all wages owed to them either immediately (for those who were discharged by Defendant) or within 72 hours (for those who voluntarily left their employment) of their departure from their employment during the Puta Class Time Period. This request includes, without limitation, a request for production of the final paychecks paid to Putative Class Members who left their employment with Defendant during the Class Time Period.

**REQUEST NO. 47:**

All documents identifying or relating to the contents of itemized wage statements provided to Plaintiff and Putative Collective Members during the FLSA Collective Time Period. This request includes, without limitation, Defendant's policies, practices, and procedures relating to the contents of such itemized wage statements.

**REQUEST NO. 48:**

All documents identifying or relating to the contents of itemized wage statements provided to Plaintiff and Putative California Putative Class Members during the Class Time Period. This request includes, without limitation, Defendant's policies, practices, and procedures relating to the contents of such itemized wage statements.

**REQUEST NO. 49:**

All documents constituting or relating to materials used to train Plaintiff and Putative Collective Members during the FLSA Collective Time Period, including but not limited to, the materials used to train them on the following topics: scheduling, timekeeping, compensable and non-compensable time, meal breaks, rest breaks, minimum wage, overtime and overtime wages, payment of wages, usage of personal vehicles and telephones, reimbursement of expenses, commissions, wages on termination and/or quitting, and wage statements. This request includes all drafts, iterations, editions, and versions of such training materials.

**REQUEST NO. 50:**

All documents constituting or relating to materials used to train Plaintiff and Putative Class Members during the Class Time Period, including but not limited to, the materials used to train them on the following topics: scheduling, timekeeping, compensable and non-compensable time, meal breaks, rest breaks, minimum wage, overtime and overtime wages, payment of wages, usage of personal vehicles and telephones, reimbursement of expenses, commissions, wages on termination and/or quitting, and wage statements. This request includes all drafts, iterations, editions, and versions of such training materials.

**REQUEST NO. 51:**

All documents reflecting any of Defendant's policies Defendant provided to Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 52:**

All documents reflecting any of Defendant's policies Defendant provided to Plaintiff and Putative Class Members during the Class Time Period.

**REQUEST NO. 53:**

The complete personnel files for Named Plaintiff Vladimir Amaraut, and all opt-in plaintiffs, as well as any other documents which pertain to or identify these individuals, by name or otherwise.

**REQUEST NO. 54:**

All documents reflecting any disciplinary action taken by Defendant against Named Plaintiff Vladimir Amaraut, and all opt-in plaintiffs.

**REQUEST NO. 55:**

All human resource manuals, handbooks, policy statements, memoranda, and other documents that pertain to Plaintiff and Putative Collective Members, including but not limited to any handbooks or manuals relating to recording hours worked and meal breaks.

**REQUEST NO. 56:**

All human resource manuals, handbooks, policy statements, memoranda, and other documents that pertain to Plaintiff and Putative Class Members, including but not limited to any handbooks or manuals relating to recording hours worked and meal breaks.

**REQUEST NO. 57:**

All documents that show any and all arbitration agreements between Defendant and Putative Collective Members.

**REQUEST NO. 58:**

All documents that show any and all arbitration agreements between Defendant and Putative Class Members.

**REQUEST NO. 59:**

All documents relating to or identifying any claims for unpaid wages or unpaid overtime by Plaintiff and Putative Collective Members, whether internal or filed with any court or government agency.  This request includes, without

limitation, a request for production of all documents regarding any investigation of those claims.

**REQUEST NO. 60:**

All documents relating to or identifying any claims for unpaid wages or unpaid overtime by Plaintiff and Putative Class Members, whether internal or filed with any court or government agency.  This request includes, without limitation, a request for production of all documents regarding any investigation of those claims.

**REQUEST NO. 61:**

All documents concerning or identifying any investigation of Defendant's compensation or timekeeping policies or practices relating to Plaintiff and Putative Collective Members conducted by any government agency, including, without limitation, the United States Department of Labor and the California Department of Industrial Relations Division of Labor Standards Enforcement, during the FLSA Collective Time Period. This request includes, without limitation, a request for production of any documents turned over to any government agency in response to any investigation.

**REQUEST NO. 62:**

All documents concerning or identifying any investigation of Defendant's compensation or timekeeping policies or practices relating to Plaintiff and Putative Class Members conducted by any government agency, including, without limitation, the United States Department of Labor and the California Department of Industrial Relations Division of Labor Standards Enforcement, during the Class Time Period. This request includes, without limitation, a request for production of any documents turned over to any government agency in response to any investigation.

**REQUEST NO. 63:**

All documents concerning or identifying all reports, investigations, audits, inspections, examinations, research, or any other review conducted by Defendant relating to Defendant's timekeeping and/or compensation policies applicable to Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 64:**

All documents concerning or identifying all reports, investigations, audits, inspections, examinations, research, or any other review conducted by Defendant relating to Defendant's timekeeping and/or compensation policies applicable to Plaintiff and Putative Class Members during the Class Time Period.

**REQUEST NO. 65:**

All insurance policies carried by Defendant, including, but not limited to, liability insurance, worker's compensation insurance, business travel insurance, or automobile insurance, under which a colorable claim for coverage in any manner (*e.g.*, primary, pro-rata, or excess liability coverage or medical expense coverage) might be made for unpaid wages, damages, penalties, attorneys' fees, costs, claims, or actions of the nature asserted in this litigation.

**REQUEST NO. 66:**

All documents constituting or relating to Defendant's policies, procedures, or practices concerning the retention and preservation of documents or data pertaining to payroll, timekeeping, personnel, and human resources information during the FLSA Collective Time Period.

**REQUEST NO. 67:**

All documents constituting or relating to Defendant's policies, procedures, or practices concerning the retention and preservation of documents or data pertaining to payroll, timekeeping, personnel, and human resources information during the Class Time Period.

**REQUEST NO. 68:**

All statements, questionnaires, affidavits and/or declarations Defendant has collected from any person or company with respect to this litigation.

**REQUEST NO. 69:**

All documents that Defendant believes support its defenses in this lawsuit.

**REQUEST NO. 70:**

All payroll records, including compensation records, payroll files (hard copy and electronic), pay-stubs, and tax documents (such as W-2s and 1099s) for Named Plaintiff Vladimir Amaraut, as well as all opt-in plaintiffs.

**REQUEST NO. 71:**

All timesheets or time records for Named Plaintiff Vladimir Amaraut, as well as all opt-in plaintiffs.

**REQUEST NO. 72:**

All documents identified in Defendant's initial disclosures and any supplemental disclosures.

**REQUEST NO. 73:**

All documents concerning Defendant's investigations into the allegations asserted in this case.

**REQUEST NO. 74:**

All organizational or flow charts or other documents pertaining to the corporate structure or hierarchy of Defendant, including any documents identifying corporate officers, other managerial employees, subsidiaries, predecessors, and/or parent companies.

**REQUEST NO. 75:**

Any documents relating to Defendant's settlement(s) with any Putative Class Member or Putative Collective Member arising out of wage-and-hour issues that are similar to those raised in Plaintiff's Complaint.

**REQUEST NO. 76:**

Any documents relating to releases of claims alleged in this action signed by Putative Class Members or Putative Collective Members.

**REQUEST NO. 77:**

All documents identified in response to Plaintiff's Interrogatories, Set One propounded on Defendant, or non-privileged documents that relate to the subject matter of those Interrogatories, and any supplemental Interrogatories.

**REQUEST NO. 78:**

All documents relating to Defendant's methodologies for compensating Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 79:**

All documents relating to Defendant's methodologies for compensating Plaintiff and Putative Class Members during the Class Time Period.

**REQUEST NO. 80:**

All documents relating to Defendant's policies, practices, and procedures for reimbursing Plaintiff and Putative Class Members' business expenses during the Class Time Period.

**REQUEST NO. 81:**

All documents reflecting Plaintiff and Putative Class Members' requests for business expense reimbursement during the Class Time Period, including but not limited to Defendant's responses to said requests and any payment(s) Defendant made in response to said requests.

**REQUEST NO. 82:**

All documents relating to Defendant's policies, practices, and procedures for reimbursing Plaintiff and Putative Collective Members' business expenses during the FLSA Collective Time Period.

**REQUEST NO. 83:**

All documents reflecting Plaintiff and Putative Collective Members' requests for business expense reimbursement during the FLSA Collective Time Period, including but not limited to Defendant's responses to said requests and any payment(s) Defendant made in response to said requests.

**REQUEST NO. 84:**

All documents relating to Defendant's policies, practices, and procedures for making deductions from the wages of Plaintiff and Putative Class Members' during the Class Time Period.

**REQUEST NO. 85:**

All documents relating to Defendant's policies, practices, and procedures for making deductions from the wages of Plaintiff and Putative Collective Members' during the FLSA Collective Time Period.

**REQUEST NO. 86:**

All documents relating to Defendant's policies, practices, and procedures for appeals of commission chargebacks by Plaintiff and Putative Class Members' during the Class Time Period.

**REQUEST NO. 87:**

All documents relating to Defendant's policies, practices, and procedures for appeals of commission chargebacks by Plaintiff and Putative Collective Members' during the FLSA Collective Time Period.

**REQUEST NO. 88:**

All policies and procedures related to usage of personal telephones by Putative Collective Members were required to use while working for Defendant during the FLSA Collective Time Period.

**REQUEST NO. 89:**

All policies and procedures related to usage of personal telephones by Putative Class Members were required to use while working for Defendant during the Class Time Period.

**REQUEST NO. 90:**

All security camera footage and/or data of Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 91:**

All security camera footage and/or data of Putative Class Members during the Class Time Period.

**REQUEST NO. 92:**

All security records regarding the arrival and/or departure times for Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 93:**

All security records regarding the arrival and/or departure times for Putative Class Members during the Class Time Period.

**REQUEST NO. 94:**

All documents reflecting attendance at trainings for Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 95:**

All documents reflecting attendance at trainings for Putative Class Members during the Class Time Period.

**REQUEST NO. 96:**

All documents relating to new hire paperwork for Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 97:**

All documents relating to new hire paperwork for Putative Class Members during the Class Time Period.

**REQUEST NO. 98:**

All orientation documents for Putative Collective Members during the FLSA Collective Time Period.

**REQUEST NO. 99:**

All orientation documents for Putative Class Members during the Class Time Period.

**REQUEST NO. 100:**

All electronic communications sent to or sent by Plaintiff or any opt-in plaintiffs during the Relevant Time Periods. This includes, without limitation: all emails sent to email accounts for which Plaintiff or opt-in plaintiffs had sole or shared responsibility, such as company email accounts, email accounts for Plaintiff's or opt-in plaintiffs' work locations, any email accounts assigned to Plaintiff or opt-in plaintiffs by Defendant, or Plaintiff's or opt-in plaintiffs' personal email accounts.

**REQUEST NO. 101:**

All emails and communications to or from any of Defendant's employees (including by Plaintiff, Putative Class Members, and Putative Collective Members), managers, supervisors, executives, principals, or agents that include any of the following terms:

- Overtime
- OT
- Over-time
- Double-time

- "Double time"
- DT
- Pre-shift
- "pre shift"

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
*Amaraut v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-MDD

1
- Post-shift
- Mean w/10 include!

2
- "post shift"
- lunch w/10 location

3
- "Off the clock"
- lunch w/10 "time card"

4
- Off-the-clock
- lunch w/10 "time sheet"

5
- Time w/10 discrepanc!
- lunch w/10 sheet

6
- Pay! w/10 discrepanc!
- lunch w/10 card

7
- Missing w/10 pay
- lunch w/10 include!

8
- Missing w/10 time
- break w/10 location

9
- Missing w/10 hour~
- break w/10 "time card"

10
- Pay! w/10 issue~
- break w/10 "time sheet"

11
- Pay! w/10 mistake~
- break w/10 sheet

12
- Pay! w/10 problem
- break w/10 card

13
- Pay! w/10 adjust!
- break w/10 include!

14
- Miss! w/10 meal~
- Lunch w/10 no!

15
- Miss! w/10 break~
- Break w/10 "on duty"

16
- Miss! w/10 rest!
- Break w/10 no!

17
- Miss! w/10 travel
- Break w/10 "on site"

18
- Meal w/10 "on duty"
- Payroll w/10 complain!

19
- Lunch w/10 "on duty"
- Meal w/10 complain!

20
- Lunch w/10 "on site"
- Rest w/10 complain!

21
- Meal w/10 "on site"
- Lunch w/10 complain!

22
- Meal w/10 no!
- Break w/10 complain!

23
- Meal w/10 location
- Expen! w/10 complain!

24
- Meal w/10 "time card"
- Reimburs! w/10 complain!

25
- Meal w/10 "time sheet"
- Unpaid w/10 time

26
- Meal w/10 sheet
- Unpaid w/10 hour~

27
- Meal w/10 card
- Late w/10 work

28

- Back w/10 pay
- Retro w/10 pay
- "Premium pay"
- "Per diem"
- "Second meal"
- "Travel time"
- "Drive time"
- "On call"
- On-call
- Retaliation
- Retaliate
- Reimburs! w/10 expen!
- Business w/10 expen!
- Expense w/10 report
- "time card" w/10 complain!
- Card w/10 complain!
- "time sheet" w/10 complain!
- Sheet w/10 complain!

- "time card" w/10 change!
- Card w/10 change!
- "time sheet" w/10 change!
- Sheet w/10 change!
- "time card" w/10 alter
- Card w/10 alter
- "time sheet" w/10 alter
- Sheet w/10 alter
- "time sheet" w/10 reduc!
- Sheet w/10 reduc!
- "time card" w/10 reduc!
- Card w/10 reduc!
- Travel w/10 expense
- Chargeback!
- Reimb! w/10 expense!
- Reimb! w/10 telephone
- Reimb! w/10 phone
- Reimb! w/10 mileage

Date: June 25, 2019

Respectfully submitted,

SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP

Carolyn H. Cottrell
David C. Leimbach
Scott L. Gordon

Attorneys for Plaintiff and the Putative

30

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
*Amaraut v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-MDD

1     Collective and Class

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A:
## PRODUCTION FORMAT AND METADATA

1.    **Production Components.**    Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2.    **Search Parameters.** Scanned images must be OCR'd to ensure they are searchable prior to any keyword searching.  "OCR" means Optical Character Recognition, and is the machine recognition of printed characters from Image Files or other non-searchable text contained in a document into machine-encoded text so that the text can be indexed and searched for specific characters, words or phrases. For each document, an extracted text file should be provided along with its corresponding TIFF image file(s) and metadata.  The file name of each extracted text file should be identical to that of the first image page of its corresponding document, followed by .txt.

3.    **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

4.    **Metadata Fields and Metadata File.**  Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian) |
| ALL CUSTODIAN | A semi-colon delimited list of all custodians in possession of a document |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY HH:MM:SS) |
| TO | All recipients that were included on the "To" line of the email |

EXHIBIT A TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
*Amaraut v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-MDD

| FROM | The name and email address of the sender of the email |
|---|---|
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| MD5HASH | MD5 hash value of the file |
| LOCATION | Original file path showing where the document was stored. For email, this should be the email folder path (e.g. johndoe.pst\Inbox\). For loose files, this should be the path to the file (e.g. Johndoe\Desktop\My Documents\) |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY HH:MM:SS) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY HH:MM:SS) (Edoc or attachment) |
| FILETYPE | The document file type (e.g. MS Word, Excel) |
| TEXTLINK | Searchable Text File Link |

EXHIBIT A TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
*Amaraut v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-MDD

| NATIVELINK | Native File Link (Native Files only) |
|---|---|

5.      **TIFFs.**  Documents that exist only in hard copy format shall be scanned and produced as TIFFs.  Unless exempted below, documents that exist as ESI shall be converted and produced as TIFFs.  Unless exempted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for All data and documents.  Each TIFF image shall be named according to a unique corresponding Bates number associated with the document.   Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape).  TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

6.      **Text Files.**  A single text file containing OCR or extracted text shall be provided for each document, and the filename should match its respective TIFF filename.  A commercially acceptable technology for optical character recognition "OCR" shall be used for all unsearchable, scanned or hard copy documents. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents.

7.      **Image Load Files / Data Load Files.**  Each TIFF in a production must be referenced in the corresponding image load file.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production.  The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production.   The total number of documents in a production should match the total number of records in the data load file.

8.      **Bates Numbering.**   All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

9.      **Confidentiality Designation.**  Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.  Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

10.      **Redaction of Information.**  If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

11.      **Native File Productions.**  Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format.  TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files.  If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied.  Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in the Metadata list above.  A TIFF placeholder indicating that the document was provided in native format should accompany the database record.  If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

12.      **Proprietary Files.**  To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information.  The parties shall meet and confer to finalize the appropriate production format.

13.   **Production Media.**   Documents shall be produced on external hard drives, readily accessible computer(s) or other electronic media ("Production Media").   Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002").   Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

EXHIBIT A TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SET ONE
*Amaraut v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-MDD

# Exhibit 2

Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

Attorneys for Plaintiff and the Putative
Collective and Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>Sprint/United Management Company,<br><br>      Defendants. | Case No.: 3:19-cv-00411-WQH-WMD<br><br>**PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT, SET ONE**<br><br><br>Date action filed: February 28, 2019<br>Judge: William Q. Hayes |

PROPOUNDING PARTY:      Plaintiff Vladimir Amaraut

RESPONDING PARTY:      Sprint/United Management Company

SET NO.:      One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Vladimir Amaraut, on behalf of himself and all others similarly situated ("Plaintiff"), hereby requests that Defendant Sprint/United Management Company ("Defendant") respond to Plaintiff's Special Interrogatories, Set One, by serving its written responses and any objections upon Plaintiff's Counsel at the offices of Schneider Wallace Cottrell Konecky Wotkyns LLP, 2000 Powell Street, Suite 1400, Emeryville, California 94608, to the attention of Carolyn Hunt Cottrell, within thirty days after being served with these interrogatories.

## INSTRUCTIONS

1.      Nothing in these interrogatories should be construed as expanding or limiting the responding party's discovery obligations under Federal Rules of Civil Procedure 26 or 33, including Defendant's initial and supplemental disclosure obligations under Rule 26.

2.      Defendant shall answer each interrogatory separately and fully under oath.  If Defendant objects to any part of the following interrogatories, Defendant shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

3.      All grounds for an objection to an interrogatory shall be stated with specificity.   Any ground not stated in a timely objection is waived unless Defendant's failure to object is excused by the Court for good cause shown.

4.      If an interrogatory is defined using a term of art or other term that Defendant believes to be incorrect but Defendant understands the nature of the information requested, Defendant shall respond to the interrogatory notwithstanding the semantic or definitional error.

5.     For any response that Defendant requests be derived or ascertained from Defendant's business records, Defendant shall specify the records from which the answer may be derived or ascertained with sufficient detail to permit Plaintiff to locate and to identify the information as readily as Defendant is able to do.  In addition, Defendant must afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries based on the same.

6.     Defendant's responses shall be signed by the person making them and the objections signed by the attorney making them.

7.     These interrogatories are continuing in nature, so as to require you to file supplementary answers as and when you obtain further or different information.

## DEFINITIONS

The following terms shall have the following meanings:

1.     "Any" includes and encompasses all.

2.     "Plaintiff" means Vladimir Amaraut.

3.     "Defendant" means Sprint/United Management Company and/or any managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, or other representatives of Defendant.

4.     "Putative Class Members" means all current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the State of California during the time period from four years prior to the filing of the complaint (February 28, 2015) until resolution of this action.

5.     "Putative Collective Members" means all current and former non-exempt, hourly employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint (February 28, 2016) until resolution of this action.

6.     "Person(s)" means any natural person or other legal entity, including, without limitation, any corporation, partnership, business, trust, agency, joint venture, or governmental organization, department, or entity.

7.     "Identify," when used in relation to a natural person, means to provide sufficient information about the person to identify that person and make arrangements for service of a subpoena, including the person's (a) full name; (b) last known employer and occupation; (c) last known business address and telephone number; (d) title and dates of service; (e) last known residence address and telephone number; and (f) last known personal email address.

8.     "Identify," when used in relation to an entity, means to provide sufficient information about the entity to identify the entity and make arrangements for service of a subpoena, including the (a) full name of the entity; (b) legal form of the entity (whether it is a corporation, partnership, etc.); (c) state of incorporation (if any); (d) date of incorporation or the date the business relationship was established; (e) address and telephone number of the headquarters; (f) address and telephone number of the principal place of business; (g) person designated for service of process; and (h) address designated for service of process.

9.     "Identify," when used in relation to a document, means to either (a) furnish a clear and legible copy of the document in question; or (b) describe the document with sufficient particularity such that a formal request or subpoena for its production may be made, including (1) the identity of the document's custodian; (2) the date(s) that the document was signed; (3) the date the document was produced (if it was not signed); (4) the identity of the document's author; (5) a summary of the nature of the document's contents; and (6) the identity of the Person whose testimony could be used to authenticate each document and who could lay the foundation for its introduction into evidence.

10.     "Describe" means to identify, express, explain, set forth, relate, recount, depict, and/or delineate.   A description of an oral or written communication includes an identification of the communicators, the date(s) of the communication, and the substance of the communication.

11.     "Relating to" means supporting, tending to support, refuting, tending to refute, or concerning (including mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

12.     "Meal break" means any 30-minute meal period or lunch period Defendant must authorize, permit, and/or make available to its non-exempt, hourly employees to take pursuant to California Labor Code §§ 226.7 and 512 and Industrial Welfare Commission ("IWC") Wage Orders 4-2001 and 7-2001.

13.     "Rest Break" means any 10-minute rest period Defendant must authorize, permit, and/or make available to its non-exempt, hourly employees to take pursuant to California Labor Code §§ 226.7 and 512 and IWC Wage Orders 4-2001 and 7-2001.

14.     "Overtime" means any work in excess of 8 hours in a day.   It also means any work in excess of 40 hours in a week.

15.     "Double time" means any hours worked in excess of 12 hours in any workday and in excess of eight hours on the seventh consecutive workday.

16.     "Class Time Period" means the time period from February 28, 2015 to final resolution of this action.

17.     "FLSA Collective Time Period" means the time period from February 28, 2016 to final resolution of this action.

18.     The  Class  Time  Period  and  FLSA  Collective  Time  Period  are collectively referred to as the "Relevant Time Periods."

### SCOPE OF DISCOVERY

1.     Unless  otherwise  stated  in  a  specific  discovery  request,  these  requests shall be deemed to cover the time period from February 28, 2015 to final resolution of this action to the extent these requests pertain to Putative Class Members; and the time period from February 28, 2016 to final resolution of this action to the extent these requests pertain to Putative Collective Members.

2.     All  interrogatories  phrased  in  either  the  disjunctive  ("or")  or conjunctive  ("and")  or  both,  should  be  interpreted  in  the  manner  that  makes Defendant's response inclusive rather than exclusive.

3.     Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing requests and require production of all responsive information discovered or prepared after your initial response to this request.

### INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Putative Class Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which  the  individual  worked  for  Defendant;  (d)  last  known  residence,  telephone number, and cellular phone number; and (e) last known personal email address.

### INTERROGATORY NO. 2:

Identify all Putative Collective Members, stating each individual's (a) full name;  (b)  title  and  dates  of  employment  with  Defendant;  (c)  employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

**INTERROGATORY NO. 3:**

List all job titles held by Plaintiff, Putative Class Members, and Putative Collective Members employed by Defendant in the United States during the Relevant Time Periods.

**INTERROGATORY NO. 4:**

Identify and describe, by job title, all duties performed by Plaintiff, Putative Class Members, and Putative Collective Members in the United States during the Relevant Time Periods.

**INTERROGATORY NO. 5:**

Identify all job sites within the United States where Plaintiff, Putative Class Members, and Putative Collective Members worked for Defendant during the Relevant Time Periods.

**INTERROGATORY NO. 6:**

Identify all managers, supervisors, and other individuals with supervisory authority over Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods, including the locations at which the managers, supervisors, and other individuals with supervisory authority worked, and the dates thereon.

**INTERROGATORY NO. 7:**

Describe all methods, procedures, and/or systems, electronic or otherwise, used by Defendant to record the number of hours worked by Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods.

//

//

//

**INTERROGATORY NO. 8:**

Describe Defendant's policies, practices, and procedures regarding the verification of hours worked by Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods.

**INTERROGATORY NO. 9:**

Describe all methods used to monitor whether meal breaks are made available to Plaintiff and Putative Class Members.

**INTERROGATORY NO. 10:**

Describe all methods used to monitor whether rest breaks are made available to Plaintiff and Putative Class Members.

**INTERROGATORY NO. 11:**

Describe Defendant's policies, practices, and procedures relating to the calculation of compensation, including but not limited to compensation at the regular/hourly rate, piece rate, per diem, overtime rate, minimum wage, premium pay, training time, travel time, commissions, bonuses, and work-related expenses, for Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods.

**INTERROGATORY NO. 12:**

Describe Defendant's policies, practices, and procedures relating to Plaintiff, Putative Class Members, and Putative Collective Members clocking in and out for their shifts when they work opening and closing shifts at Defendant's retail establishments, during the Relevant Time Periods.

**INTERROGATORY NO. 13:**

Describe Defendant's policies, practices, and procedures relating to chargebacks of commissions paid or owing to Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods, including but

1  not limited to Defendant's policies, practices, and procedures pertaining to

2  challenges or appeals of chargebacks of commissions.

3  **INTERROGATORY NO. 14:**

4  Describe Defendant's policies, practices, and procedures relating to

5  submission of reimbursement requests for work-related expenses borne by Plaintiff,

6  Putative Class Members, and Putative Collective Members during the Relevant

7  Time Periods.

8  **INTERROGATORY NO. 15:**

9  Identify each denial of an allegation and each special or affirmative defense

10  set forth in Defendant's Answer to Plaintiffs' Collective and Class Action

11  Complaint and for each: (a) state all facts upon which the denial or special or

12  affirmative defense is based; (b) state the name, address, and telephone number of

13  all persons who have knowledge of those facts; (c) identify all documents and all

14  other tangible things, that support Defendant's denial or special affirmative defense;

15  and (d) state the name, address, and telephone number of the person who has each

16  document.

17  **INTERROGATORY NO. 16:**

18  Identify all complaints, investigations, and reviews (including, but not limited

19  to, investigations, audits, inspections, examinations, research, and/or any other

20  internal reviews) regarding Defendant's timekeeping, overtime work, meal and rest

21  breaks, and wage policies and/or practices applicable to Plaintiff, Putative Class

22  Members, and Putative Collective Members during the Relevant Time Periods.  For

23  each, identify: (1) who initiated the complaint, investigation, or review (i.e.,

24  employee, manager); (2) the details of the complaint, investigation, or review

25  (including the subject, cause, scope, and purpose); (3) the store location and job

26  titles that were involved; (4) the dates of the complaint, investigation, or review;

27  and (5) the outcome or resolution of the complaint, investigation, or review.

28

8

PLAINTIFF'S SPECIAL INTERROGATORIES TO DEFENDANT, SET ONE,
*Amaraut v. Sprint/United Management Company*; Case No. 3:19-cv-00411-WQH-MDD

**INTERROGATORY NO. 17:**

Identify and describe any all changes Defendant has made to its policies, practices, and procedures for Putative Class Members and Putative Collective Members relating to timekeeping, meal and rest breaks, and work performed during opening and closing shifts since the resolution of *Guilbaud v. Sprint* (Northern District of California, Case No. 3:13-cv-04357), *Bui v. Sprint* (Eastern District of California, Case No. 2:14-cv-02461-TLN-AC), *Rubio v. Sprint* (Central District of California, Case No. 2:17-cv-02231-SVW-GJS), and any other wage and hour class and collective actions filed against Defendant in the last 10 years.


Date: June 25, 2019                    Respectfully submitted,

                                       SCHNEIDER WALLACE
                                       COTTRELL KONECKY
                                       WOTKYNS LLP


                                       _____
                                       Carolyn H. Cottrell
                                       David C. Leimbach
                                       Scott L. Gordon

                                       Attorneys for Plaintiff and the Putative
                                       Collective and Class

# Exhibit 3

1   EMILY T. PATAJO, Bar No. 250212
    epatajo@littler.com
2   **LITTLER MENDELSON, P.C.**
    2049 Century Park East, 5th Floor
3   Los Angeles, California  90067.3107
    Telephone: 310.553.0308
4   Facsimile:  310.553.5583

5   HOVANNES G. NALBANDYAN, Bar No. 300364
    hnalbandyan@littler.com
6   **LITTLER MENDELSON, P.C.**
    633 West 5th Street
7   63rd Floor
    Los Angeles, CA  90071
8   Telephone: 213.443.4300
    Facsimile:  213.443.4299

9
    Attorneys for Defendant
10  SPRINT/UNITED MANAGEMENT COMPANY

11                    **UNITED STATES DISTRICT COURT**

12                    **SOUTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14   VLADIMIR AMARAUT, on behalf of himself and all others similarly situated, | Case No. 3:19-CV-0411-WQH-MDD |
| 15 | |
| | HONORABLE WILLIAM Q. HAYES, COURTROOM 14B |
| 16                    Plaintiff, | |
| | HONORABLE MAGISTRATE JUDGE, MITCHELL D. DEMBIN |
| 17   v. | |
| 18   SPRINT/UNITED MANAGEMENT COMPANY, | **DEFENDANT'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS – SET ONE** |
| 19 | |
| 20                    Defendant. | Complaint Filed:  February 28, 2019 Trial Date: None Set |
| 21 | |

22
    PROPOUNDING PARTY:     Plaintiff, VLADIMIR AMARAUT
23

24  RESPONDING PARTY:      Defendant, SPRINT/UNITED MANAGEMENT
25                         COMPANY

26  SET NO.:               ONE (1)

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE                1                CASE NO. 19CV0411WQHMDD

1   Pursuant to Fed. R. Civ. P. 34, Defendant SPRINT/UNITED MANAGEMENT

2   COMPANY ("Defendant") hereby submits the following responses and objections to

3   the Requests for Production of Documents, Set One (the "Requests") of Plaintiff

4   VLADIMIR AMARAUT ("Plaintiff").

5                        **PRELIMINARY STATEMENT**

6        Defendant has not fully completed its investigation, discovery, analysis, legal

7   research and preparation for trial.  The responses contained herein are based only upon

8   the information and documentation presently available and known to Defendant.  It is

9   possible that further investigation, discovery, analysis, legal research and/or

10  preparation  may  result  in  the  ascertainment  of  additional  information  or

11  documentation, or provide additional meaning to known factual conclusions and legal

12  contentions,  all  of  which  may  result  in  the  modification  of  these  responses.

13  Accordingly, Defendant reserves the right to modify its responses herein based upon

14  subsequently  ascertained  or  developed  information,  documentation,  facts  and

15  contentions.   Subject to the objections asserted herein, Defendant's responses are

16  made in a good faith effort to reasonably respond to Plaintiff's Requests based upon

17  presently available information and documentation.  These responses and objections

18  should  not  be  construed  to  prejudice  Defendant's  right  to  conduct  further

19  investigation, discovery, analysis, legal research and/or preparation, or to limit

20  Defendant's right to utilize any additional evidence that may be developed.

21       By making these responses, Defendant does not concede that the information

22  sought is relevant.  Each of these responses or objections is based on Defendant's

23  understanding of each individual Request herein.  To the extent that Plaintiff assert an

24  interpretation of any Request that is inconsistent with Defendant's understanding,

25  Defendant reserves the right to supplement or amend its responses and objections as

26  appropriate. Nothing contained herein or produced in response to the Requests herein

27  consists of or should be construed as an admission about the existence or nonexistence

28  of any document.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE**

1

**CASE NO. 19CV0411WQHMDD**

1  The responses and objections are made without intending to waive or waiving

2  but, on the contrary, intend to preserve: (1) the right to raise in any subsequent

3  proceeding or in the trial of this or any other action all questions of relevancy,

4  materiality, privilege, and evidentiary admissibility of any response herein or

5  document produced pursuant hereto; (2) the right to object on any ground to the use or

6  introduction into evidence of said Requests response in any subsequent proceeding or

7  in the trial of this or any other action on any ground; (3) the right to object on any

8  ground at any time to the Requests or other discovery involving said Request for

9  Production or the subject matter thereof; and (4) the right to seek entry of an

10  appropriate protective order.

11  ## RECURRING OBJECTIONS

12  In addition to those objections which may be specifically set forth in response

13  to a particular Request, Defendant incorporates (into each of the individual responses)

14  the general and recurring objections set forth below (to the extent applicable).  Each

15  response herein is made subject to and reserving the applicable general and recurring

16  objections.

17  1.  Defendant objects to the Requests and the "Definitions" contained

18  therein to the extent they seek documents and/or information that Plaintiff is not

19  entitled to them as he has not established a *prima facie* case for class treatment.

20  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n*

21  *v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*,

22  54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438

23  (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that

24  inquiries into class merits prior to certification risk "substantial prejudice to a

25  defendant" because they would "not be accompanied by the traditional rules and

26  procedures of civil trials"). Defendant further objects to the extent any Request seeks

27  merits-based discovery on the claims of the putative class as Plaintiff has not yet filed

28  any motion for class certification, any such Request is made before the determination

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

2.

CASE NO. 19CV0411WQHMDD

1  of certification, and therefore is premature and improper at this stage of the litigation.

2  2.  Defendant objects to the Requests and the "Definitions" contained

3  therein to the extent they seek documents and/or information that Plaintiff is not

4  entitled to, including statewide discovery or to discovery for locations, job sites or

5  operations for which or at which he never worked. *See, e.g., Martinet v. Spherion*

6  *Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008)

7  (denying pre-class certification discovery as to state-wide employees at different

8  facilities, and limiting discovery to the single office where plaintiff was employed);

9  *Coleman v. Jenny Craig, Inc*., 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013)

10  (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v.*

11  *Baxter Healthcare Corp*., 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action,

12  the plaintiff failed to justify discovery beyond the facility where she worked); *Franco*

13  *v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting

14  discovery in a putative class action to the branch offices where the plaintiffs worked);

15  *Acevedo v. Ace Coffee Bar, Inc*., 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting

16  discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet

17  demonstrated a reasonable factual basis for suspecting that all hourly employees have

18  been subject to the same pay practice" as plaintiffs).

19  3.  Defendant objects to the Requests and the "Definitions" contained

20  therein to the extent they seek documents and/or information containing information

21  protected from disclosure by the constitutional right to privacy of third parties without

22  notification to them and without obtaining their express permission. *Valley Bank of*

23  *Nevada v. Superior Court*, 15 Cal. 3d 652, 658 (1975); *Belaire-West Landscape, Inc.*

24  *v. Superior Court*, 149 Cal. App. 4th 554 (2007). This includes all information

25  protected from disclosure by rights of privacy under the Constitution of the United

26  States and of the State of California, and any other applicable law, statutory or

27  otherwise.

28  4.  Defendant objects to the Requests and the "Definitions" contained

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

3.

CASE NO. 19CV0411WQHMDD

therein to the extent they seek documents and/or information containing communications or other matters protected by the attorney-client privilege, the work product privilege, and/or other privileges or immunities, and Defendant and its counsel hereby assert such privileges and immunities, and will not answer any Request protected by said privileges or immunities. Any information provided in the following responses shall not constitute a waiver of any of the privileges, immunities or objections enumerated herein. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law, including all documents prepared for use in this litigation including notes, memoranda, draft pleadings and correspondence prepared by, at the direction of, or for review by counsel for Defendant.

5.    Defendant objects to the Requests and the "Definitions" contained therein to the extent that the information sought is not specified with sufficient particularity or is not relevant to this action. Such overbreadth renders these Requests burdensome and oppressive.

6.    Defendant objects to the Requests and the "Definitions" contained therein to the extent they seek documents and/or information containing disclosure of confidential and/or trade secret information, the constitutional right to privacy of any of Defendant's current or former customers and employees, and otherwise confidential and proprietary business information. To the extent Defendant agrees to produce any such information, said information will only be produced subject to entry of an appropriate protective order.

7.    Defendant objects to the Requests and the "Definitions" contained therein to the extent they seek documents and/or information that prematurely seek discovery of the identity, opinions and/or work product of any of Defendant's current or former employees.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE       4.       CASE NO. 19CV0411WQHMDD

8.     Defendant objects generally to Plaintiff's Requests and the "Definitions" contained therein to the extent that they are burdensome and oppressive, and/or impose obligations inconsistent with or in addition to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of California on Defendant, and/or orders on Defendant.

9.     Defendant objects to the requests for "Communications" and "Documents" as boilerplate, unduly burdensome, not reasonably particularized and seeks information that is neither relevant to the subject matter of the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the definition of "Communications" and "Documents" as vague and ambiguous, which, if read broadly and as broadly defined by Plaintiff, could potentially encompass large amounts of Defendant's business information which have no relevance whatsoever to the claims and defenses at issue in this action.

10.    Defendant objects generally to Plaintiff's Requests and the "Definitions" contained therein to the extent that they seek information that requires substantial review of electronically stored information which may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendant. Defendant also objects on the grounds that there may be a less expensive or more convenient source to obtain the electronically stored information, if any at all, the discovery sought is unreasonably cumulative or duplicative.  Defendant objects on the grounds that the likely burden or expense of the discovery outweighs its likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation, and the importance of the requested discovery in resolving the issues. Defendant is still investigating what the reasonable and proportionate scope of e-mail discovery should be, if any, and if necessary, will meet and confer regarding relevant custodians, timeframes, and search parameters.

11.    Defendant objects to the Requests and the "Definitions" contained therein to the extent they request for a search of e-mail of thousands of employees of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE          5.          CASE NO. 19CV0411WQHMDD

Defendant is inherently not proportional to the needs of this case, including communication to or from e-mail accounts that are personal and not provided by Defendant as a part of employment with Defendant.

12.     Defendant objects to the Requests and the "Definitions" contained therein to the extent they seek documents and/or information that assume facts not admitted to or entered into evidence.

13.     Defendant objects to the Requests and the "Definitions" contained therein to the extent they seek documents and/or information that are irrelevant and not likely to lead to the discovery of admissible evidence and/or are not proportional to the needs of the case, including Requests that seek search of each instance of every document companywide regardless of its importance to resolving the issues in the case.

14.     Defendant objects to the Requests and the "Definitions" contained therein to the extent they request that Defendant produce any document already in the possession of Plaintiff on the grounds that any such production is overly broad. Defendant further objects to the production of documents which are equally accessible to Plaintiff.  To the extent that any documents responsive to these requests are already in the possession of Plaintiff or are equally accessible to Plaintiff, Defendant is not obligated to produce such documents.  Defendant further objects to the production of any such material to the extent that Plaintiff wrongfully possesses it.

15.     Defendant objects to the Requests and the "Definitions" contained therein to the extent that they call for the production of documents not within Defendant's possession, custody or control, and to the extent they impose a burden on Defendant to produce documents held by non-parties and other Sprint entities.

16.     Defendant objects to the Requests and the "Definitions" contained therein to the extent that they seek customer proprietary network information, which Defendant is precluded from disclosing pursuant to federal and state law.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

6.

CASE NO. 19CV0411WQHMDD

17.     Defendant objects to the Requests and the "Definitions" contained therein to the extent they request documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information.

18.     Defendant objects to the Requests and the "Definitions" contained therein to the extent they are duplicative and cumulative of other requests.

19.     Defendant objects to the Requests and the "Definitions" contained therein to the extent they request documents for "opt-in plaintiffs," as no such plaintiffs have yet been identified.

20.     Defendant incorporates by this reference each and all of the foregoing Recurring Objections and Preliminary Statement into the following enumerated Responses. Without waiving any Recurring Objections and Preliminary Statement, Defendant will produce non-privileged, non-objectionable, responsive documents, if any.

21.     In connection with all of the responses to the individual requests set forth below, whenever Defendant asserts that no responsive documents exists or that no responsive documents are in Defendant's possession, custody or control, Defendant hereby affirms that prior to making such statements, Defendant made a reasonable inquiry as to each such request and conducted a diligent search for the requested document or categories of documents, but Defendant was unable to locate any responsive documents or any non-privileged responsive documents within its possession, custody or control.

22.     All of the following responses are made subject to the foregoing recurring objections, which are incorporated by reference as though fully set forth into each of them. Each response is further subject to any objection specifically stated therein.

Subject to and without waiving any of the foregoing objections, and except as objected to above, Defendant further responds as follows:

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR          7.          CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

1  **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

2  **REQUEST FOR PRODUCTION NO. 1:**

3      A list identifying all Putative Class Members.  The list should include each

4  Putative Class Members' name, last-known address, last-known phone number, last-

5  known email address, job title(s), dates of employment, location at which the

6  employee worked, and social security numbers.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

8      Defendant incorporates its Preliminary Statement and Recurring Objections

9  from above, as if set forth in full herein. Defendant further objects that this Request

10  seeks documents containing information that would not be produced absent the entry

11  of an acceptable protective order protecting the use and disclosure of such

12  information. Defendant objects to this Request to the extent that it seeks information

13  directed toward discovery on the merits of the claims of the putative class prior to

14  certification rather than toward the propriety of class certification and thus, is

15  premature, unduly burdensome, and oppressive. Defendant objects on the ground that

16  the information sought is protected from disclosure pursuant to the privacy rights of

17  the individuals at issue. Defendant also objects to this Request on the grounds that it

18  seeks irrelevant and overbroad information based upon an unduly broad definition of

19  "Putative Class Members" and is not reasonably calculated to lead to the discovery of

20  admissible evidence relevant to Plaintiff's individual claims.  Defendant further

21  objects to the extent this Request seeks the disclosure of private, confidential, and/or

22  proprietary business information.  Defendant further objects to this Request on the

23  grounds it is overbroad, as it is not limited in time.

24      Defendant further objects to this Request on the grounds that it seeks

25  information protected from disclosure by the constitutional right to privacy of third

26  parties without notification to them and without obtaining their express permission.

27  Defendant further objects on the grounds that Plaintiff is not entitled to the discovery

28  he seeks as he has not established a *prima facie* case for class treatment.  Defendant

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE**

8.

**CASE NO. 19CV0411WQHMDD**

1  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

2  discovery or to discovery for locations, job sites or operations for which or at which

3  he never worked.

4  Defendant recommends that the parties meet and confer regarding a proposal to

5  potentially provide names and contact information of putative class members, subject

6  to agreed-upon procedures to safeguard privacy interests, including entering into a

7  stipulated protective order.

8  **REQUEST FOR PRODUCTION NO. 2:**

9  A list identifying all Putative Collective Members. The list should include each

10  Putative Collective Members' name, last-known address, last-known phone number,

11  last-known email address, job title(s), dates of employment, location at which the

12  employee worked, and social security numbers.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

14  Defendant incorporates its Preliminary Statement and Recurring Objections

15  from above, as if set forth in full herein. Defendant further objects that this Request

16  seeks documents containing information that would not be produced absent the entry

17  of an acceptable protective order protecting the use and disclosure of such

18  information. Defendant objects on the ground that the information sought is protected

19  from disclosure pursuant to the privacy rights of the individuals at issue. Defendant

20  objects on the grounds that this Request seeks information which is premature and

21  neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour

22  claims as set forth in Plaintiff's Complaint. Defendant also objects to this Request on

23  the grounds that it seeks irrelevant and overbroad information based upon an unduly

24  broad definition of "Putative Collective Members" and is not reasonably calculated to

25  lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

26  Defendant further objects to the extent this Request seeks the disclosure of private,

27  confidential, and/or proprietary business information. Defendant further objects to

28  this Request on the grounds it is overbroad, as it is not limited in time.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

9.

CASE NO. 19CV0411WQHMDD

1    Defendant recommends that the parties meet and confer regarding a proposal to

2    potentially provide names and contact information of putative class members, subject

3    to agreed-upon procedures to safeguard privacy interests, including entering into a

4    stipulated protective order.

5    **REQUEST FOR PRODUCTION NO. 3:**

6    A list identifying all individuals who managed or supervised Plaintiff and

7    Putative Collective Members during the FLSA Collective Time Period, including but

8    not limited to managers and supervisors. The list should include the name of each

9    manager or supervisor, their job title, each location at which they worked, last-known

10   address, last-known phone number, last-known email address, and dates of

11   employment.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13   Defendant incorporates its Preliminary Statement and Recurring Objections

14   from above, as if set forth in full herein. Defendant further objects that this Request

15   seeks documents containing information that would not be produced absent the entry

16   of an acceptable protective order protecting the use and disclosure of such

17   information. Defendant objects to this Request to the extent that it seeks information

18   directed toward discovery on the merits of the claims of the putative class prior to

19   certification rather than toward the propriety of class certification and thus, is

20   premature, unduly burdensome, and oppressive. Defendant objects on the ground that

21   the information sought is protected from disclosure pursuant to the privacy rights of

22   the individuals at issue. Defendant also objects to this Request on the grounds that it

23   seeks irrelevant and overbroad information based upon an unduly broad definition of

24   "Putative Collective Members" and is not reasonably calculated to lead to the

25   discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant

26   also objects to the extent this Request seeks information that is irrelevant and not

27   likely to lead to the discovery of admissible evidence and is not proportional to the

28   needs of the case. Defendant further objects to this Request on the grounds that the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

10.

CASE NO. 19CV0411WQHMDD

1  terms "managed" and "supervised" are vague, ambiguous, unduly broad, and overly
2  burdensome.  Defendant further objects to the extent this Request seeks the disclosure
3  of private, confidential, and/or proprietary business information.

4  Defendant further objects to this Request on the grounds that it seeks
5  information protected from disclosure by the constitutional right to privacy of third
6  parties without notification to them and without obtaining their express permission.
7  Defendant further objects on the grounds that Plaintiff is not entitled to the discovery
8  he seeks as he has not established a *prima facie* case for class treatment.  Defendant
9  further objects to this Request on the grounds that Plaintiff is not entitled to statewide
10 discovery or to discovery for locations, job sites or operations for which or at which
11 he never worked.

12 Limited to Plaintiff, Defendant responds to this Request as follows: See
13 Defendant's Answer to Special Interrogatory No. 6.

14 **REQUEST FOR PRODUCTION NO. 4:**

15 A list identifying all individuals who managed or supervised Plaintiff and
16 Putative Class Members during the Class Time Period, including but not limited to
17 managers and supervisors foremen [sic].  The list should include the name of each
18 manager or supervisor, their job title, each location at which they worked, last-known
19 address, last-known phone number, last-known email address, and dates of
20 employment.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

22 Defendant incorporates its Preliminary Statement and Recurring Objections
23 from above, as if set forth in full herein. Defendant objects to this request as it is
24 duplicative and cumulative of other Requests and is solely propounded to harass and
25 annoy. Defendant further objects to the extent this Request seeks the disclosure of
26 private, confidential, and/or proprietary business information. Defendant further
27 objects that this Request seeks documents containing information that would not be
28 produced absent the entry of an acceptable protective order protecting the use and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

11.

CASE NO. 19CV0411WQHMDD

1  disclosure of such information. Defendant objects to this Request to the extent that it

2  seeks information directed toward discovery on the merits of the claims of the putative

3  class prior to certification rather than toward the propriety of class certification and

4  thus, is premature, unduly burdensome, and oppressive. Defendant objects on the

5  ground that the information sought is protected from disclosure pursuant to the

6  privacy rights of the individuals at issue.  Defendant also objects to this Request on

7  the grounds that it seeks irrelevant and overbroad information based upon an unduly

8  broad definition of "Putative Class Members" and is not reasonably calculated to lead

9  to the discovery of admissible evidence relevant to Plaintiff's individual claims.

10  Defendant also objects to the extent this Request seeks information that is irrelevant

11  and not likely to lead to the discovery of admissible evidence and is not proportional

12  to the needs of the case. Defendant objects to this Request on the grounds that the

13  terms "managed," "supervised," "managers," and "supervisors foremen" are vague,

14  ambiguous, unduly broad, and overly burdensome

15  Defendant further objects to this Request on the grounds that it seeks

16  information protected from disclosure by the constitutional right to privacy of third

17  parties without notification to them and without obtaining their express permission.

18  Defendant further objects on the grounds that Plaintiff is not entitled to the discovery

19  he seeks as he has not established a *prima facie* case for class treatment.  Defendant

20  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

21  discovery or to discovery for locations, job sites or operations for which or at which

22  he never worked.

23  Limited to Plaintiff, Defendant responds to this Request as follows:  see Answer

24  to Interrogatory No. 6.

25  **REQUEST FOR PRODUCTION NO. 5:**

26  All documents listing, describing, memorializing, or otherwise relating to the

27  duties and responsibilities of Plaintiff and Putative Collective Members during the

28  FLSA Collective Time Period.  This request includes, without limitation, written job

1  descriptions and any documents concerning any variations in title, type, level,

2  compensation, and/or grade for Plaintiff's and Putative Collective Members' job

3  positions during the FLSA Collective Time Period.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5  Defendant incorporates its Preliminary Statement and Recurring Objections

6  from above, as if set forth in full herein. Defendant further objects that this Request

7  seeks documents containing information that would not be produced absent the entry

8  of an acceptable protective order protecting the use and disclosure of such

9  information. Defendant objects on the ground that the information sought is protected

10  from disclosure pursuant to the privacy rights of the individuals at issue. Defendant

11  also objects to this Request on the grounds that it seeks irrelevant and overbroad

12  information based upon an unduly broad definition of "Putative Collective Members"

13  and is not reasonably calculated to lead to the discovery of admissible evidence

14  relevant to Plaintiff's individual claims.  Defendant also objects to the extent this

15  Request seeks information that is irrelevant and not likely to lead to the discovery of

16  admissible evidence and is not proportional to the needs of the case.

17  Defendant further objects to this Request on the grounds that disclosure of the

18  information sought would violate the privacy rights of third parties.  Defendant further

19  objects to the extent this Request seeks the disclosure of private, confidential, and/or

20  proprietary business information.  Defendant further objects to this Request on the

21  grounds that the terms "duties," "responsibilities," "job descriptions," "variations,"

22  "title," "type," "level," "compensation," "grade,"  and "job positions" are vague,

23  ambiguous, unduly broad, and overly burdensome; and the Request potentially seek

24  documents protected by the attorney-client privilege and attorney work product

25  because it potentially seeks an innumerable amount of documents.

26  Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

27  will produce Retail Consultant and Lead Retail Consultant job summaries and job

28  postings.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

13.

CASE NO. 19CV0411WQHMDD

**REQUEST FOR PRODUCTION NO. 6:**

All documents listing, describing, memorializing, or otherwise relating to the duties and responsibilities of Plaintiff and Putative Class Members during the Class Time Period. This request includes, without limitation, written job descriptions and any documents concerning any variations in title, type, level, compensation, and/or grade for Plaintiff's and Putative Class Members' job positions during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant further objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "duties," "responsibilities," "job descriptions," "variations," "title," "type," "level," "compensation," "grade," and "job positions" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

14.

CASE NO. 19CV0411WQHMDD

1   burdensome, and oppressive. Defendant objects on the ground that the information

2   sought is protected from disclosure pursuant to the privacy rights of the individuals at

3   issue.  Defendant further objects on the grounds that Plaintiff is not entitled to the

4   discovery he seeks as he has not established a *prima facie* case for class treatment.

5   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to

6   statewide discovery or to discovery for locations, job sites or operations for which or

7   at which he never worked.

8        Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

9   will produce Retail Consultant and Lead Retail Consultant job summaries and job

10  postings.

11  **REQUEST FOR PRODUCTION NO. 7:**

12       All documents relating to any schedules Plaintiff and Putative Collective

13  Members were required to work for Defendant during the FLSA Collective Time

14  Period.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

16       Defendant incorporates its Preliminary Statement and Recurring Objections

17  from above, as if set forth in full herein. Defendant further objects that this Request

18  seeks documents containing information that would not be produced absent the entry

19  of an acceptable protective order protecting the use and disclosure of such

20  information. Defendant objects to this Request on the grounds that it seeks irrelevant

21  and overbroad information based upon an unduly broad definition of "Putative

22  Collective Members" and is not reasonably calculated to lead to the discovery of

23  admissible evidence relevant to Plaintiff's individual claims. Defendant further objects

24  on the grounds that this Request seeks information neither relevant nor proportional to

25  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

26  Complaint. Defendant further objects to this Request on the grounds that disclosure of

27  the information sought would violate the privacy rights of third parties.  Defendant

28  further objects to the extent this Request seeks the disclosure of private, confidential,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

15.

CASE NO. 19CV0411WQHMDD

1  and/or proprietary business information.  Defendant further objects to this Request on

2  the grounds that the term "schedules" is vague, ambiguous, unduly broad, and overly

3  burdensome; and the Request potentially seek documents protected by the attorney-

4  client privilege and attorney work product because it potentially seeks an innumerable

5  amount of documents.

6      Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

7  will produce training documents related to scheduling that were applicable to Plaintiff

8  during the relevant time period within its possession, custody or control. Discovery is

9  ongoing, and Defendant reserves its right to amend and/or supplement this response.

10 **REQUEST FOR PRODUCTION NO. 8:**

11      All documents relating to any schedules Plaintiff and Putative Class Members

12 were required to work for Defendant during the Class Time Period.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14      Defendant incorporates its Preliminary Statement and Recurring Objections

15 from above, as if set forth in full herein. Defendant objects to this request as it is

16 duplicative and cumulative of other Requests and is solely propounded to harass and

17 annoy. Defendant further objects that this Request seeks documents containing

18 information that would not be produced absent the entry of an acceptable protective

19 order protecting the use and disclosure of such information. Defendant objects to this

20 Request to the extent that it seeks information directed toward discovery on the merits

21 of the claims of the putative class prior to certification rather than toward the propriety

22 of class certification and thus, is premature, unduly burdensome, and oppressive.

23 Defendant objects on the ground that the information sought is protected from

24 disclosure pursuant to the privacy rights of the individuals at issue.  Defendant also

25 objects to this Request on the grounds that it seeks irrelevant and overbroad

26 information based upon an unduly broad definition of "Putative Class Members" and

27 is not reasonably calculated to lead to the discovery of admissible evidence relevant to

28 Plaintiff's individual claims. Defendant further objects to this Request on the grounds

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

16.

CASE NO. 19CV0411WQHMDD

1    that the term "schedules" is vague, ambiguous, unduly broad, and overly burdensome;

2    and the Request potentially seek documents protected by the attorney-client privilege

3    and attorney work product because it potentially seeks an innumerable amount of

4    documents.   Defendant further objects to the extent this Request seeks the disclosure

5    of private, confidential, and/or proprietary business information.

6         Defendant further objects on the grounds that Plaintiff is not entitled to the

7    discovery he seeks as he has not established a *prima facie* case for class treatment.

8    Defendant further objects to this Request on the grounds that Plaintiff is not entitled to

9    statewide discovery or to discovery for locations, job sites or operations for which or

10   at which he never worked.

11        Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

12   will produce training documents related to scheduling that were applicable to Plaintiff

13   during the relevant time period within its possession, custody or control. Discovery is

14   ongoing, and Defendant reserves its right to amend and/or supplement this response.

15   **REQUEST FOR PRODUCTION NO. 9:**

16        All documents reflecting the actual hours Plaintiff and Putative Collective

17   Members worked for Defendant during the FLSA Collective Time Period.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19        Defendant incorporates its Preliminary Statement and Recurring Objections

20   from above, as if set forth in full herein.  Defendant further objects that this Request

21   seeks documents containing information that would not be produced absent the entry

22   of an acceptable protective order protecting the use and disclosure of such

23   information. Defendant objects to this Request on the grounds that it seeks irrelevant

24   and overbroad information based upon an unduly broad definition of "Putative

25   Collective Members" and is not reasonably calculated to lead to the discovery of

26   admissible evidence relevant to Plaintiff's individual claims. Defendant further objects

27   on the grounds that this Request seeks information neither relevant nor proportional to

28   Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE                    17.                    CASE NO. 19CV0411WQHMDD

1   Complaint.  Defendant further objects to this Request on the grounds that the term
2   "actual hours" is vague, ambiguous, unduly broad, and overly burdensome; and the
3   Request potentially seek documents protected by the attorney-client privilege and
4   attorney work product because it potentially seeks an innumerable amount of
5   documents.
6       Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant
7   will produce Plaintiff's time records within its possession, custody or control as they
8   become available and are labeled and prepared for production.
9   **REQUEST FOR PRODUCTION NO. 10:**
10      All documents reflecting the actual hours Plaintiff and Putative Class Members
11   worked for Defendant during the Class Time Period.
12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
13      Defendant incorporates its Preliminary Statement and Recurring Objections
14   from above, as if set forth in full herein. Defendant objects to this request as it is
15   duplicative and cumulative of other Requests and is solely propounded to harass and
16   annoy. Defendant further objects that this Request seeks documents containing
17   information that would not be produced absent the entry of an acceptable protective
18   order protecting the use and disclosure of such information. Defendant objects to this
19   Defendant objects on the ground that the information sought is protected from
20   disclosure pursuant to the privacy rights of the individuals at issue.  Defendant also
21   objects to this Request on the grounds that it seeks irrelevant and overbroad
22   information based upon an unduly broad definition of "Putative Class Members" and
23   is not reasonably calculated to lead to the discovery of admissible evidence relevant to
24   Plaintiff's individual claims. Defendant further objects to this Request on the grounds
25   that the term "actual hours" is vague, ambiguous, unduly broad, and overly
26   burdensome; and the Request potentially seek documents protected by the attorney-
27   client privilege and attorney work product because it potentially seeks an innumerable
28   amount of documents. Defendant further objects to the extent this Request seeks the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

18.

CASE NO. 19CV0411WQHMDD

disclosure of private, confidential, and/or proprietary business information.

Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce Plaintiff's time records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 11:**

All timesheets or time records reflecting any hours Plaintiff and Putative Collective Members worked during the relevant FLSA Collective Time Period. This request includes, without limitation, documents, electronic or otherwise, generated or created by any systems used to track work time. It also includes documents reflecting edits, changes, alterations, adjustments to time records, in both electronic and paper form. This request further includes any summaries, reports, or compilations of hours worked by Putative Collective Members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

19.

CASE NO. 19CV0411WQHMDD

1    relevant to Plaintiff's individual claims. Defendant further objects on the grounds that

2    this Request seeks information neither relevant nor proportional to Plaintiff's claim or

3    defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant

4    further objects to this Request on the grounds that the terms "timesheets," "time

5    records," "summaries, "reports," and "compilations" are vague, ambiguous, unduly

6    broad, and overly burdensome; and the Request potentially seek documents protected

7    by the attorney-client privilege and attorney work product because it potentially seeks

8    an innumerable amount of documents.

9        Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

10   will produce Plaintiff's time records within its possession, custody or control as they

11   become available and are labeled and prepared for production.

12   **REQUEST FOR PRODUCTION NO. 12:**

13       All timesheets or time records reflecting any hours Plaintiff and Putative Class

14   Members worked during the Class Time Period.  This request includes, without

15   limitation, documents, electronic or otherwise, generated or created by any systems

16   used to track work time.   It also includes documents reflecting edits, changes,

17   alterations, adjustments to time records, in both electronic and paper form.   This

18   request further includes any summaries, reports, or compilations of hours worked by

19   Putative Class Members.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

21       Defendant incorporates its Preliminary Statement and Recurring Objections

22   from above, as if set forth in full herein. Defendant objects to this request as it is

23   duplicative and cumulative of other Requests and is solely propounded to harass and

24   annoy. Defendant further objects that this Request seeks documents containing

25   information that would not be produced absent the entry of an acceptable protective

26   order protecting the use and disclosure of such information. Defendant objects to this.

27   Defendant objects on the ground that the information sought is protected from

28   disclosure pursuant to the privacy rights of the individuals at issue.  Defendant also

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE          20.          CASE NO. 19CV0411WQHMDD

1   objects to this Request on the grounds that it seeks irrelevant and overbroad
2   information based upon an unduly broad definition of "Putative Class Members" and
3   is not reasonably calculated to lead to the discovery of admissible evidence relevant to
4   Plaintiff's individual claims. Defendant further objects to this Request on the grounds
5   that the terms "timesheets," "time records," "summaries, "reports," and
6   "compilations" are vague, ambiguous, unduly broad, and overly burdensome; and the
7   Request potentially seek documents protected by the attorney-client privilege and
8   attorney work product because it potentially seeks an innumerable amount of
9   documents. Defendant further objects to the extent this Request seeks the disclosure of
10  private, confidential, and/or proprietary business information.

11  Request to the extent that it seeks information directed toward discovery on the
12  merits of the claims of the putative class prior to certification rather than toward the
13  propriety of class certification and thus, is premature, unduly burdensome, and
14  oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the
15  discovery he seeks as he has not established a *prima facie* case for class treatment.
16  Defendant further objects to this Request on the grounds that Plaintiff is not entitled to
17  statewide discovery or to discovery for locations, job sites or operations for which or
18  at which he never worked.

19  Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant
20  will produce Plaintiff's time records within its possession, custody or control as they
21  become available and are labeled and prepared for production.

22  **REQUEST FOR PRODUCTION NO. 13:**

23  All documents relating to the administration, preparation, completion, and/or
24  maintenance of timesheets or time records for Plaintiff and Putative Collective
25  Members during the FLSA Collective Time Period.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

27  Defendant incorporates its Preliminary Statement and Recurring Objections
28  from above, as if set forth in full herein. Defendant further objects that this Request

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

21.

CASE NO. 19CV0411WQHMDD

1  seeks documents containing information that would not be produced absent the entry

2  of an acceptable protective order protecting the use and disclosure of such

3  information. Defendant further objects to the extent this Request seeks the disclosure

4  of private, confidential, and/or proprietary business information. Defendant objects to

5  this Request on the grounds that it seeks irrelevant and overbroad information based

6  upon an unduly broad definition of "Putative Collective Members" and is not

7  reasonably calculated to lead to the discovery of admissible evidence relevant to

8  Plaintiff's individual claims. Defendant further objects on the grounds that this

9  Request seeks information neither relevant nor proportional to Plaintiff's claim or

10  defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant

11  further objects to this Request on the grounds that the terms "administration,"

12  "preparation," "completion," "maintenance,"  timesheets," and "time records" are

13  vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially

14  seek documents protected by the attorney-client privilege and attorney work product

15  because it potentially seeks an innumerable amount of documents.

16      Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

17  will produce timekeeping policies and Plaintiff's time records within its possession,

18  custody or control as they become available and are labeled and prepared for

19  production.

20  **REQUEST FOR PRODUCTION NO. 14:**

21      All documents relating to the administration, preparation, completion, and/or

22  maintenance of timesheets or time records for Plaintiff and Putative Class Members

23  during the Class Time Period.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

25      Defendant incorporates its Preliminary Statement and Recurring Objections

26  from above, as if set forth in full herein. Defendant objects to this request as it is

27  duplicative and cumulative of other Requests and is solely propounded to harass and

28  annoy. Defendant further objects that this Request seeks documents containing

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

22.

CASE NO. 19CV0411WQHMDD

information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the ground that the information sought is protected from disclosure pursuant to the privacy rights of the individuals at issue. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "administration," "preparation," "completion," "maintenance," timesheets," and "time records" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce timekeeping policies and Plaintiff's time records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 15:**

For every timekeeping system utilized by Defendant during the FLSA

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

23.

CASE NO. 19CV0411WQHMDD

1  Collective Time Period, produce all documents (including studies, analyses, reports,

2  memoranda, emails, and notes) concerning any decision to replace a timekeeping

3  system in use and implement a new system.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

5        Defendant incorporates its Preliminary Statement and Recurring Objections

6  from above, as if set forth in full herein.  Defendant further objects that this Request

7  seeks documents containing information that would not be produced absent the entry

8  of an acceptable protective order protecting the use and disclosure of such

9  information. Defendant objects to this Request on the grounds that it is not reasonably

10  calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

11  individual claims. Defendant further objects on the grounds that this Request seeks

12  information neither relevant nor proportional to Plaintiff's claim or defense of his

13  wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects

14  to the extent this Request seeks the disclosure of private, confidential, and/or

15  proprietary business information.  Defendant further objects to this Request on the

16  grounds that the terms "timekeeping system," "decision," "replace," and "implement"

17  are vague, ambiguous, unduly broad, and overly burdensome.  Defendant also objects

18  to the Request to the extent that it seeks privileged information, including, without

19  limitation, information that was developed in anticipation of or in preparation for

20  litigation or that is protected by attorney-client privilege and/or that constitutes

21  attorney work product. Defendant further objects to this Request to the extent that it

22  seeks information that requires substantial review of electronically stored information

23  which may not be reasonably accessible and recovery of this data would be an undue

24  burden and expense to Defendant.  Defendant is still investigating what the reasonable

25  and proportionate scope of electronic discovery should be, if any.

26  **REQUEST FOR PRODUCTION NO. 16:**

27        For every timekeeping system utilized by Defendant during the Class Time

28  Period, produce all documents (including studies, analyses, reports, memoranda,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

24.

CASE NO. 19CV0411WQHMDD

1  emails, and notes) concerning any decision to replace a timekeeping system in use and

2  implement a new system.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4  Defendant incorporates its Preliminary Statement and Recurring Objections

5  from above, as if set forth in full herein. Defendant objects to this request as it is

6  duplicative and cumulative of other Requests and is solely propounded to harass and

7  annoy. Defendant further objects that this Request seeks documents containing

8  information that would not be produced absent the entry of an acceptable protective

9  order protecting the use and disclosure of such information. Defendant objects on the

10  ground that the information sought is protected from disclosure pursuant to the

11  privacy rights of the individuals at issue. Defendant further objects to this Request on

12  the grounds that the terms "timekeeping system," "decision," "replace," and

13  "implement" are vague, ambiguous, unduly broad, and overly burdensome.

14  Defendant also objects to the Request to the extent that it seeks privileged

15  information, including, without limitation, information that was developed in

16  anticipation of or in preparation for litigation or that is protected by attorney-client

17  privilege and/or that constitutes attorney work product. Defendant further objects to

18  the extent this Request seeks the disclosure of private, confidential, and/or proprietary

19  business information. Defendant further objects to this Request to the extent that it

20  seeks information that requires substantial review of electronically stored information

21  which may not be reasonably accessible and recovery of this data would be an undue

22  burden and expense to Defendant. Defendant is still investigating what the reasonable

23  and proportionate scope of electronic discovery should be, if any.

24  Defendant objects to this Request to the extent that it seeks information directed

25  toward discovery on the merits of the claims of the putative class prior to certification

26  rather than toward the propriety of class certification and thus, is premature, unduly

27  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

28  not entitled to the discovery he seeks as he has not established a *prima facie* case for

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

25.

CASE NO. 19CV0411WQHMDD

1   class treatment.  Defendant further objects to this Request on the grounds that Plaintiff

2   is not entitled to statewide discovery or to discovery for locations, job sites or

3   operations for which or at which he never worked.

4   **REQUEST FOR PRODUCTION NO. 17:**

5       All documents from the FLSA Collective Time Period relating to Plaintiff's and

6   Putative Collective Members' hours of work, including but not limited to:  when

7   Plaintiff and Putative Collective Members arrive at and leave Defendant's worksites;

8   when they clock in and clock out for their shifts; if they are required to complete any

9   work prior to clocking in and/or after clocking out of work; travel between

10  Defendant's locations and/or between Defendant's locations and customer locations;

11  and if they are required to complete any other work, including trainings and travel,

12  "off-the-clock".  This request includes, without limitation, all policies, practices,

13  procedures, and correspondence concerning how and when Putative Collective

14  Members record their time worked during such periods, including training materials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16      Defendant incorporates its Preliminary Statement and Recurring Objections

17  from above, as if set forth in full herein. Defendant objects that this Request seeks

18  documents containing information that would not be produced absent the entry of an

19  acceptable protective order protecting the use and disclosure of such information.

20  Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

21  information based upon an unduly broad definition of "Putative Collective Members"

22  and is not reasonably calculated to lead to the discovery of admissible evidence

23  relevant to Plaintiff's individual claims. Defendant further objects on the grounds that

24  this Request seeks information neither relevant nor proportional to Plaintiff's claim or

25  defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant

26  further objects to the extent this Request seeks the disclosure of private, confidential,

27  and/or proprietary business information.  Defendant further objects to this Request on

28  the grounds that the terms "policies," "practices," "procedures," "correspondence,"

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

26.

CASE NO. 19CV0411WQHMDD

1  and "training materials" are vague, ambiguous, unduly broad, and overly burdensome;

2  and the Request potentially seek documents protected by the attorney-client privilege

3  and attorney work product because it potentially seeks an innumerable amount of

4  documents.

5      Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

6  will produce timekeeping and compensation policies and Plaintiff's time records

7  within its possession, custody or control as they become available and are labeled and

8  prepared for production.

9  **REQUEST FOR PRODUCTION NO. 18:**

10      All documents from the Class Time Period relating to Plaintiff's and Putative

11  Class Members' hours of work, including but not limited to:  when Plaintiff and

12  Putative Class Members arrive at and leave Defendant's worksites; when they clock in

13  and clock out for their shifts; if they are required to complete any work prior to

14  clocking in and/or after clocking out of work; travel between Defendant's locations

15  and/or between Defendant's locations and customer locations; and if they are required

16  to complete any other work, including trainings and travel, "off-the-clock". This

17  request includes, without limitation, all policies, practices, procedures, and

18  correspondence concerning how and when Putative Class Members record their time

19  worked during such periods, including training materials.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21      Defendant incorporates its Preliminary Statement and Recurring Objections

22  from above, as if set forth in full herein. Defendant objects to this request as it is

23  duplicative and cumulative of other Requests and is solely propounded to harass and

24  annoy. Defendant objects that this Request seeks documents containing information

25  that would not be produced absent the entry of an acceptable protective order

26  protecting the use and disclosure of such information.  Defendant objects on the

27  ground that the information sought is protected from disclosure pursuant to the

28  privacy rights of the individuals at issue. Defendant also objects to this Request on

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR    27.    CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "policies," "practices," "procedures," "correspondence," and "training materials" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.  Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Defendant responds to this Request as follows: Defendant will produce timekeeping and compensation policies and Plaintiff's time records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 19:**

All documents or other records relating to Plaintiff's and Putative Collective Members' request(s), concern(s), question(s), or complaint(s) – oral or written – about their work during the FLSA Collective Time Period, including but not limited to work "off-the-clock", work before the beginning of their paid shifts, work after the end of their paid shifts, unpaid trainings, travel between Defendant's locations and/or

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

28.

CASE NO. 19CV0411WQHMDD

1   between Defendant's locations and customer locations, or compensation for time

2   worked.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

4   Defendant incorporates its Preliminary Statement and Recurring Objections

5   from above, as if set forth in full herein. Defendant objects that this Request seeks

6   documents containing information that would not be produced absent the entry of an

7   acceptable protective order protecting the use and disclosure of such information.

8   Defendant objects on the grounds that this Request seeks information which is

9   premature and not relevant to Plaintiff's individual claims.  Defendant further objects

10   on the grounds that this Request seeks information neither relevant nor proportional to

11   Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

12   Complaint. Defendant objects to this Request on the grounds that it seeks irrelevant

13   and overbroad information based upon an unduly broad definition of "Putative

14   Collective Members" and is not reasonably calculated to lead to the discovery of

15   admissible evidence relevant to Plaintiff's individual claims. Defendant further objects

16   to the extent this Request seeks the disclosure of private, confidential, and/or

17   proprietary business information.  Defendant further objects to this Request on the

18   grounds that the terms "request(s)," "concern(s)," "question(s)," and "complaint(s)"

19   are vague, ambiguous, unduly broad, and overly burdensome; and the Request

20   potentially seek documents protected by the attorney-client privilege and attorney

21   work product because it potentially seeks an innumerable amount of documents.

22   Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

23   will produce information regarding Plaintiff's contact with Defendant's Employee

24   Help Line.

25   **REQUEST FOR PRODUCTION NO. 20:**

26   All documents or other records relating to Plaintiff's and Putative Class

27   Members' request(s), concern(s), question(s), or complaint(s) – oral or written – about

28   their work during the Class Time Period, including but not limited to work "off-the-

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

29.

CASE NO. 19CV0411WQHMDD

1   clock", work before the beginning of their paid shifts, work after the end of their paid

2   shifts, unpaid trainings, travel between Defendant's locations and/or between

3   Defendant's locations and customer locations, or compensation for time worked.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

5       Defendant incorporates its Preliminary Statement and Recurring Objections

6   from above, as if set forth in full herein. Defendant objects to this request as it is

7   duplicative and cumulative of other Requests and is solely propounded to harass and

8   annoy. Defendant objects on the ground that the information sought is protected from

9   disclosure pursuant to the privacy rights of the individuals at issue.  Defendant also

10  objects to this Request on the grounds that it seeks irrelevant and overbroad

11  information based upon an unduly broad definition of "Putative Class Members" and

12  is not reasonably calculated to lead to the discovery of admissible evidence relevant to

13  Plaintiff's individual claims. Defendant further objects to the extent this Request seeks

14  the disclosure of private, confidential, and/or proprietary business information.

15  Defendant further objects to this Request on the grounds that the terms "request(s),"

16  "concern(s)," "question(s)," and "complaint(s)" are vague, ambiguous, unduly broad,

17  and overly burdensome; and the Request potentially seek documents protected by the

18  attorney-client privilege and attorney work product because it potentially seeks an

19  innumerable amount of documents.

20      Defendant further objects to this Request on the grounds that it seeks

21  information protected from disclosure by the constitutional right to privacy of third

22  parties without notification to them and without obtaining their express permission.

23  Defendant objects to this Request to the extent that it seeks information directed

24  toward discovery on the merits of the claims of the putative class prior to certification

25  rather than toward the propriety of class certification and thus, is premature, unduly

26  burdensome, and oppressive.  Defendant further objects on the grounds that Plaintiff is

27  not entitled to the discovery he seeks as he has not established a *prima facie* case for

28  class treatment. Defendant further objects to this Request on the grounds that Plaintiff

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

30.

CASE NO. 19CV0411WQHMDD

1   is not entitled to statewide discovery or to discovery for locations, job sites or

2   operations for which or at which he never worked.

3       Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

4   will produce information regarding Plaintiff's contact with Defendant's Employee

5   Help Line.

6   **REQUEST FOR PRODUCTION NO. 21:**

7       All documents relating to policies, procedures, guidelines, or practices

8   regarding the compensation paid to Putative Collective Members, including payment

9   in the form of wages, piece rate, bonuses, commissions, salaries, per diems, expense

10  reimbursement, and all other forms of compensation.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

12      Defendant incorporates its Preliminary Statement and Recurring Objections

13  from above, as if set forth in full herein. Defendant objects that this Request seeks

14  documents containing information that would not be produced absent the entry of an

15  acceptable protective order protecting the use and disclosure of such information.

16  Defendant objects on the grounds that this Request seeks information which is

17  premature and not relevant to Plaintiff's individual claims. Defendant further objects

18  on the grounds that this Request seeks information neither relevant nor proportional to

19  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

20  Complaint. Defendant further objects to this Request on the grounds it is overbroad, as

21  it is not limited in time.

22      Defendant objects to this Request on the grounds that it seeks irrelevant and

23  overbroad information based upon an unduly broad definition of "Putative Collective

24  Members" and is not reasonably calculated to lead to the discovery of admissible

25  evidence relevant to Plaintiff's individual claims. Defendant further objects to the

26  extent this Request seeks the disclosure of private, confidential, and/or proprietary

27  business information. Defendant further objects to this Request on the grounds that

28  the terms "policies," "procedures," "guidelines," and "practices" are vague,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

31.

CASE NO. 19CV0411WQHMDD

1  ambiguous, unduly broad, and overly burdensome; and the Request potentially seek

2  documents protected by the attorney-client privilege and attorney work product

3  because it potentially seeks an innumerable amount of documents.

4      Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

5  will produce compensation/commission policies and travel and expense

6  reimbursement policies.

7  **REQUEST FOR PRODUCTION NO. 22:**

8      All documents relating to policies, procedures, guidelines, or practices

9  regarding the compensation paid to Putative Class Members, including payment in the

10  form of wages, piece rate, bonuses, commissions, salaries, per diems, expense

11  reimbursement, and all other forms of compensation.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13      Defendant incorporates its Preliminary Statement and Recurring Objections

14  from above, as if set forth in full herein. Defendant objects that this Request seeks

15  documents containing information that would not be produced absent the entry of an

16  acceptable protective order protecting the use and disclosure of such information.

17  Defendant objects on the ground that the information sought is protected from

18  disclosure pursuant to the privacy rights of the individuals at issue. Defendant also

19  objects to this Request on the grounds that it seeks irrelevant and overbroad

20  information based upon an unduly broad definition of "Putative Class Members" and

21  is not reasonably calculated to lead to the discovery of admissible evidence relevant to

22  Plaintiff's individual claims. Defendant further objects to this Request on the grounds

23  that the terms "policies," "procedures," "guidelines," and "practices" are vague,

24  ambiguous, unduly broad, and overly burdensome; and the Request potentially seek

25  documents protected by the attorney-client privilege and attorney work product

26  because it potentially seeks an innumerable amount of documents. Defendant further

27  objects to the extent this Request seeks the disclosure of private, confidential, and/or

28  proprietary business information. Defendant further objects to this Request on the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

32.

CASE NO. 19CV0411WQHMDD

grounds it is overbroad, as it is not limited in time.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce compensation/commission policies and travel and expense reimbursement policies.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to Defendant's policies, procedures, and practices relating to Plaintiff's and Putative Collective Members' travel between Defendant's locations and/or between Defendant's locations and customer locations during the FLSA Collective Time Period, including but not limited to Defendant's policies, procedures, and practices relating to recording of and compensation for such travel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE                33.                CASE NO. 19CV0411WQHMDD

1  defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant
2  further objects to the extent this Request seeks the disclosure of private, confidential,
3  and/or proprietary business information. Defendant further objects to this Request on
4  the grounds that the terms "policies," "procedures," and "practices" are vague,
5  ambiguous, unduly broad, and overly burdensome; and the Request potentially seek
6  documents protected by the attorney-client privilege and attorney work product
7  because it potentially seeks an innumerable amount of documents.

8      Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant
9  will produce travel and expense reimbursement policies.

10  **REQUEST FOR PRODUCTION NO. 24:**

11      All documents relating to Defendant's policies, procedures, and practices
12  relating to Plaintiff's and Putative Class Members' travel between Defendant's
13  locations and/or between Defendant's locations and customer locations during the
14  Class Time Period, including but not limited to Defendant's policies, procedures, and
15  practices relating to recording of and compensation for such travel.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

17      Defendant incorporates its Preliminary Statement and Recurring Objections
18  from above, as if set forth in full herein. Defendant objects to this request as it is
19  duplicative and cumulative of other Requests and is solely propounded to harass and
20  annoy. Defendant objects that this Request seeks documents containing information
21  that would not be produced absent the entry of an acceptable protective order
22  protecting the use and disclosure of such information.  Defendant incorporates its
23  Preliminary Statement and Recurring Objections from above, as if set forth in full
24  herein. Defendant objects on the ground that the information sought is protected from
25  disclosure pursuant to the privacy rights of the individuals at issue.  Defendant also
26  objects to this Request on the grounds that it seeks irrelevant and overbroad
27  information based upon an unduly broad definition of "Putative Class Members" and
28  is not reasonably calculated to lead to the discovery of admissible evidence relevant to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

34.

CASE NO. 19CV0411WQHMDD

1   Plaintiff's individual claims. Defendant further objects to the extent this Request seeks

2   the disclosure of private, confidential, and/or proprietary business information.

3   Defendant further objects to this Request on the grounds that the terms "policies,"

4   "procedures," and "practices" are vague, ambiguous, unduly broad, and overly

5   burdensome; and the Request potentially seek documents protected by the attorney-

6   client privilege and attorney work product because it potentially seeks an innumerable

7   amount of documents. Defendant further objects to the extent this Request seeks the

8   disclosure of private, confidential, and/or proprietary business information.

9        Defendant objects to this Request to the extent that it seeks information directed

10   toward discovery on the merits of the claims of the putative class prior to certification

11   rather than toward the propriety of class certification and thus, is premature, unduly

12   burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

13   not entitled to the discovery he seeks as he has not established a *prima facie* case for

14   class treatment.  Defendant further objects to this Request on the grounds that Plaintiff

15   is not entitled to statewide discovery or to discovery for locations, job sites or

16   operations for which or at which he never worked.

17        Limited to Plaintiff Defendant responds to this Request as follows: Defendant

18   will produce travel and expense reimbursement policies.

19   **REQUEST FOR PRODUCTION NO. 25:**

20        All documents from the FLSA Collective Time Period relating to Plaintiff's and

21   Putative Collective Members' meal breaks.  This request includes, without limitation,

22   all policies, practices, procedures, and correspondence concerning such meal breaks,

23   including how and when Plaintiff and Putative Collective Members record their time

24   worked during such periods, including training materials.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26        Defendant incorporates its Preliminary Statement and Recurring Objections

27   from above, as if set forth in full herein. Defendant objects that this Request seeks

28   documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

35.

CASE NO. 19CV0411WQHMDD

1  acceptable protective order protecting the use and disclosure of such information.

2  Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

3  information based upon an unduly broad definition of "Putative Collective Members"

4  and is not reasonably calculated to lead to the discovery of admissible evidence

5  relevant to Plaintiff's individual claims. Defendant objects on the grounds that this

6  Request seeks information which is premature and not relevant to Plaintiff's

7  individual claims.  Defendant further objects on the grounds that this Request seeks

8  information neither relevant nor proportional to Plaintiff's claim or defense of his

9  wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects

10 to the extent this Request seeks the disclosure of private, confidential, and/or

11 proprietary business information.  Defendant further objects to this Request on the

12 grounds that the terms "policies," "practices," "procedures," "correspondence," and

13 "training materials" are vague, ambiguous, unduly broad, and overly burdensome; and

14 the Request potentially seek documents protected by the attorney-client privilege and

15 attorney work product because it potentially seeks an innumerable amount of

16 documents.

17      Defendant further objects to this Request to the extent that it seeks information

18 that requires substantial review of electronically stored information which may not be

19 reasonably accessible and recovery of this data would be an undue burden and

20 expense to Defendant.  Defendant is still investigating what the reasonable and

21 proportionate scope of e-mail discovery should be, if any, and if necessary, will meet

22 and confer regarding relevant custodians, timeframes, and search parameters.

23      Defendant responds to this Request as follows: Defendant will produce

24 employment policies that contain guidelines regarding meal breaks as well as relevant

25 training materials.

26 **REQUEST FOR PRODUCTION NO. 26:**

27      All documents from the Class Time Period relating to Plaintiff's and Putative

28 Class Members' meal breaks.  This request includes, without limitation, all policies,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE          36.          CASE NO. 19CV0411WQHMDD

1  practices, procedures, and correspondence concerning such meal breaks, including

2  how and when Plaintiff and Putative Class Members record their time worked during

3  such periods, including training materials.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

5      Defendant incorporates its Preliminary Statement and Recurring Objections

6  from above, as if set forth in full herein. Defendant objects to this request as it is

7  duplicative and cumulative of other Requests and is solely propounded to harass and

8  annoy. Defendant objects that this Request seeks documents containing information

9  that would not be produced absent the entry of an acceptable protective order

10  protecting the use and disclosure of such information. Defendant objects on the

11  ground that the information sought is protected from disclosure pursuant to the

12  privacy rights of the individuals at issue.  Defendant also objects to this Request on

13  the grounds that it seeks irrelevant and overbroad information based upon an unduly

14  broad definition of "Putative Class Members" and is not reasonably calculated to lead

15  to the discovery of admissible evidence relevant to Plaintiff's individual claims.

16  Defendant further objects to the extent this Request seeks the disclosure of private,

17  confidential, and/or proprietary business information. Defendant further objects to this

18  Request on the grounds that the terms "policies," "practices," "procedures,"

19  "correspondence," and "training materials" are vague, ambiguous, unduly broad, and

20  overly burdensome; and the Request potentially seek documents protected by the

21  attorney-client privilege and attorney work product because it potentially seeks an

22  innumerable amount of documents.

23      Defendant further objects to this Request to the extent that it seeks information

24  that requires substantial review of electronically stored information which may not be

25  reasonably accessible and recovery of this data would be an undue burden and

26  expense to Defendant.  Defendant is still investigating what the reasonable and

27  proportionate scope of e-mail discovery should be, if any, and if necessary, will meet

28  and confer regarding relevant custodians, timeframes, and search parameters.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR          37.          CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce employment policies that contain guidelines regarding meal breaks as well as relevant training materials.

**REQUEST FOR PRODUCTION NO. 27:**

All documents or other records relating to Plaintiff's and Putative Class Members' request(s), concern(s), question(s), or complaint(s) – oral or written – for meal breaks to be made available during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the ground that the information sought is protected from disclosure pursuant to the privacy rights of the individuals at issue. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "request(s),"

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS – SET ONE                38.                CASE NO. 19CV0411WQHMDD

1   "concern(s)," "question(s)," and "complaint(s)" are vague, ambiguous, unduly broad,

2   and overly burdensome; and the Request potentially seek documents protected by the

3   attorney-client privilege and attorney work product because it potentially seeks an

4   innumerable amount of documents.

5       Defendant objects to this Request to the extent that it seeks information directed

6   toward discovery on the merits of the claims of the putative class prior to certification

7   rather than toward the propriety of class certification and thus, is premature, unduly

8   burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

9   not entitled to the discovery he seeks as he has not established a *prima facie* case for

10  class treatment. Defendant further objects to this Request on the grounds that Plaintiff

11  is not entitled to statewide discovery or to discovery for locations, job sites or

12  operations for which or at which he never worked.

13      Limited to Plaintiff, Defendant responds to this Request as follows: After

14  conducting a diligent search and reasonable inquiry, at this time, Defendant is

15  unaware of any documents responsive to this request relating to Plaintiff. Discovery

16  is ongoing, and Defendant reserves its right to amend and/or supplement this

17  response.

18  **REQUEST FOR PRODUCTION NO. 28:**

19      All documents or other records relating to Plaintiff's and Putative Class

20  Members' request(s), concern(s), question(s), or complaint(s) – oral or written –

21  regarding the possible denial of a meal break during the Class Time Period.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

23      Defendant incorporates its Preliminary Statement and Recurring Objections

24  from above, as if set forth in full herein. Defendant objects to this request as it is

25  duplicative and cumulative of other Requests and is solely propounded to harass and

26  annoy. Defendant objects that this Request seeks documents containing information

27  that would not be produced absent the entry of an acceptable protective order

28  protecting the use and disclosure of such information. Defendant objects on the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

39.

CASE NO. 19CV0411WQHMDD

1    ground that the information sought is protected from disclosure pursuant to the

2    privacy rights of the individuals at issue. Defendant also objects to this Request on

3    the grounds that it seeks irrelevant and overbroad information based upon an unduly

4    broad definition of "Putative Class Members" and is not reasonably calculated to lead

5    to the discovery of admissible evidence relevant to Plaintiff's individual claims.

6    Defendant further objects to the extent this Request seeks the disclosure of private,

7    confidential, and/or proprietary business information. Defendant further objects to this

8    Request on the grounds that the terms "request(s)," "concern(s)," "question(s),"

9    "complaint(s)," and "possible denial" are vague, ambiguous, unduly broad, and overly

10    burdensome; and the Request potentially seek documents protected by the attorney-

11    client privilege and attorney work product because it potentially seeks an innumerable

12    amount of documents.

13         Defendant objects to this Request to the extent that it seeks information directed

14    toward discovery on the merits of the claims of the putative class prior to certification

15    rather than toward the propriety of class certification and thus, is premature, unduly

16    burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

17    not entitled to the discovery he seeks as he has not established a *prima facie* case for

18    class treatment. Defendant further objects to this Request on the grounds that Plaintiff

19    is not entitled to statewide discovery or to discovery for locations, job sites or

20    operations for which or at which he never worked.

21         Limited to Plaintiff, Defendant responds to this Request as follows: After

22    conducting a diligent search and reasonable inquiry, at this time, Defendant is

23    unaware of any documents responsive to this request relating to Plaintiff during the

24    relevant time period. Discovery is ongoing, and Defendant reserves its right to amend

25    and/or supplement this response.

26    **REQUEST FOR PRODUCTION NO. 29:**

27         All documents constituting or relating to any waiver(s) of any meal break by

28    Plaintiff or any Putative Class Member during the Class Time Period.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

40.

CASE NO. 19CV0411WQHMDD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the ground that the information sought is protected from disclosure pursuant to the privacy rights of the individuals at issue. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the term "waiver(s)" is vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents. Defendant also objects to this Request to the extent it calls for a legal conclusion.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, and based on Defendant's understanding of this Request, Defendant responds as follows: Defendant will produce verification questions Plaintiff answered during his employment. Defendant will also produce timekeeping and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

41.

CASE NO. 19CV0411WQHMDD

1  employment policies that contain guidelines regarding meal breaks.

2  **REQUEST FOR PRODUCTION NO. 30:**

3      All documents concerning or identifying any systems, electronic or otherwise,

4  used to monitor whether Plaintiff and Putative Class Members received meal breaks in

5  accordance with California law during the Class Time Period.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7      Defendant incorporates its Preliminary Statement and Recurring Objections

8  from above, as if set forth in full herein. Defendant objects to this request as it is

9  duplicative and cumulative of other Requests and is solely propounded to harass and

10  annoy. Defendant objects that this Request seeks documents containing information

11  that would not be produced absent the entry of an acceptable protective order

12  protecting the use and disclosure of such information. Defendant objects on the

13  ground that the information sought is protected from disclosure pursuant to the

14  privacy rights of the individuals at issue. Defendant also objects to this Request on

15  the grounds that it seeks irrelevant and overbroad information based upon an unduly

16  broad definition of "Putative Class Members" and is not reasonably calculated to lead

17  to the discovery of admissible evidence relevant to Plaintiff's individual claims.

18  Defendant further objects to the extent this Request seeks the disclosure of private,

19  confidential, and/or proprietary business information. Defendant further objects to this

20  Request on the grounds that the terms "systems," and "monitor" are vague,

21  ambiguous, unduly broad, and overly burdensome. Defendant also objects to the

22  Request to the extent that it seeks privileged information, including, without

23  limitation, information that was developed in anticipation of or in preparation for

24  litigation or that is protected by attorney-client privilege and/or that constitutes

25  attorney work product. Defendant also objects to this Request to the extent it calls for

26  a legal conclusion.

27      Defendant further objects to this Request to the extent that it seeks information

28  that requires substantial review of electronically stored information which may not be

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
319.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

42.

CASE NO. 19CV0411WQHMDD

1    reasonably accessible and recovery of this data would be an undue burden and

2    expense to Defendant.   Defendant is still investigating what the reasonable and

3    proportionate scope of electronic discovery should be, if any.

4         Defendant objects to this Request to the extent that it seeks information directed

5    toward discovery on the merits of the claims of the putative class prior to certification

6    rather than toward the propriety of class certification and thus, is premature, unduly

7    burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

8    not entitled to the discovery he seeks as he has not established a *prima facie* case for

9    class treatment.  Defendant further objects to this Request on the grounds that Plaintiff

10   is not entitled to statewide discovery or to discovery for locations, job sites or

11   operations for which or at which he never worked.

12        Limited to Plaintiff, and based on Defendant's understanding of this Request,

13   Defendant responds as follows: Defendant will produce verification questions Plaintiff

14   answered during his employment. Defendant will also produce timekeeping policies

15   and employment policies that contain guidelines regarding meal breaks, and Plaintiff's

16   time and payroll records within its possession, custody or control as they become

17   available and are labeled and prepared for production.

18   **REQUEST FOR PRODUCTION NO. 31:**

19        All documents relating to or identifying whether Defendant paid premium pay

20   to Plaintiff and/or any Putative Class Members who missed meal breaks during the

21   Class Time Period.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

23        Defendant incorporates its Preliminary Statement and Recurring Objections

24   from above, as if set forth in full herein. Defendant objects that this Request seeks

25   documents containing information that would not be produced absent the entry of an

26   acceptable protective order protecting the use and disclosure of such information.

27   Defendant objects on the ground that the information sought is protected from

28   disclosure pursuant to the privacy rights of the individuals at issue.  Defendant also

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR          43.          CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

1  objects to this Request on the grounds that it seeks irrelevant and overbroad

2  information based upon an unduly broad definition of "Putative Class Members" and

3  is not reasonably calculated to lead to the discovery of admissible evidence relevant to

4  Plaintiff's individual claims. Defendant further objects to the extent this Request seeks

5  the disclosure of private, confidential, and/or proprietary business information.

6  Defendant further objects to this Request on the grounds that the terms "premium

7  pay" and "missed" are vague, ambiguous, unduly broad, and overly burdensome; and

8  the Request potentially seek documents protected by the attorney-client privilege and

9  attorney work product because it potentially seeks an innumerable amount of

10  documents. Defendant also objects to this Request to the extent it calls for a legal

11  conclusion.

12      Defendant objects to this Request to the extent that it seeks information directed

13  toward discovery on the merits of the claims of the putative class prior to certification

14  rather than toward the propriety of class certification and thus, is premature, unduly

15  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

16  not entitled to the discovery he seeks as he has not established a *prima facie* case for

17  class treatment. Defendant further objects to this Request on the grounds that Plaintiff

18  is not entitled to statewide discovery or to discovery for locations, job sites or

19  operations for which or at which he never worked.

20      Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

21  will produce timekeeping policies and Plaintiff's time and payroll records within its

22  possession, custody or control as they become available and are labeled and prepared

23  for production.

24  **REQUEST FOR PRODUCTION NO. 32:**

25      All documents from the Class Time Period relating to Plaintiff's and Putative

26  Class Members' rest breaks. This request includes, without limitation, all policies,

27  practices, procedures, and correspondence concerning such rest breaks, including how

28  and when Plaintiff and Putative Class Members record their time worked during such

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

44.

CASE NO. 19CV0411WQHMDD

1  breaks, including training materials.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

3      Defendant incorporates its Preliminary Statement and Recurring Objections

4  from above, as if set forth in full herein. Defendant objects that this Request seeks

5  documents containing information that would not be produced absent the entry of an

6  acceptable protective order protecting the use and disclosure of such information.

7  Defendant objects on the grounds that this Request seeks information which is

8  premature and not relevant to Plaintiff's individual claims.  Defendant also objects to

9  this Request on the grounds that it seeks irrelevant and overbroad information based

10  upon an unduly broad definition of "Putative Class Members" and is not reasonably

11  calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

12  individual claims. Defendant further objects to the extent this Request seeks the

13  disclosure of private, confidential, and/or proprietary business information.  Defendant

14  further objects to this Request on the grounds that the terms "policies," "practices,"

15  "procedures," "correspondence," and "training materials" are vague, ambiguous,

16  unduly broad, and overly burdensome; and the Request potentially seek documents

17  protected by the attorney-client privilege and attorney work product because it

18  potentially seeks an innumerable amount of documents.

19      Defendant objects to this Request to the extent that it seeks information directed

20  toward discovery on the merits of the claims of the putative class prior to certification

21  rather than toward the propriety of class certification and thus, is premature, unduly

22  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

23  not entitled to the discovery he seeks as he has not established a *prima facie* case for

24  class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

25  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

26  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

27  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

28  certification risk "substantial prejudice to a defendant" because they would "not be

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

45.

CASE NO. 19CV0411WQHMDD

1  accompanied by the traditional rules and procedures of civil trials"). Defendant

2  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

3  discovery or to discovery for locations, job sites or operations for which or at which

4  he never worked.

5        Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

6  will produce employment policies that contain guidelines regarding rest breaks as well

7  as relevant training materials.

8  **REQUEST FOR PRODUCTION NO. 33:**

9        All documents or other records relating to Plaintiff's and Putative Class

10  Members' request(s), concern(s), question(s), or complaint(s) – oral or written –

11  regarding rest breaks during the Class Time Period.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

13        Defendant incorporates its Preliminary Statement and Recurring Objections

14  from above, as if set forth in full herein. Defendant objects that this Request seeks

15  documents containing information that would not be produced absent the entry of an

16  acceptable protective order protecting the use and disclosure of such information.

17  Defendant objects on the grounds that this Request seeks information which is

18  premature and not relevant to Plaintiff's individual claims. Defendant also objects to

19  this Request on the grounds that it seeks irrelevant and overbroad information based

20  upon an unduly broad definition of "Putative Class Members" and is not reasonably

21  calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

22  individual claims. Defendant further objects to this Request on the grounds that

23  disclosure of the information sought would violate the privacy rights of third parties.

24  Defendant further objects to the extent this Request seeks the disclosure of private,

25  confidential, and/or proprietary business information. Defendant further objects to

26  this Request on the grounds that the terms "request(s)," "concern(s)," "question(s),"

27  and "complaint(s)" are vague, ambiguous, unduly broad, and overly burdensome; and

28  the Request potentially seek documents protected by the attorney-client privilege and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0388

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

46.

CASE NO. 19CV0411WQHMDD

1  attorney work product because it potentially seeks an innumerable amount of
2  documents.

3      Defendant objects to this Request to the extent that it seeks information directed
4  toward discovery on the merits of the claims of the putative class prior to certification
5  rather than toward the propriety of class certification and thus, is premature, unduly
6  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is
7  not entitled to the discovery he seeks as he has not established a *prima facie* case for
8  class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006
9  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*
10  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*
11  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to
12  certification risk "substantial prejudice to a defendant" because they would "not be
13  accompanied by the traditional rules and procedures of civil trials").   Defendant
14  further objects to this Request on the grounds that Plaintiff is not entitled to statewide
15  discovery or to discovery for locations, job sites or operations for which or at which
16  he never worked.

17      Limited to Plaintiff, Defendant responds to this Request as follows: After
18  conducting a diligent search and reasonable inquiry, at this time, Defendant is
19  unaware of any documents responsive to this request in its possession, custody or
20  control relating to Plaintiff during the relevant time period. Discovery is ongoing, and
21  Defendant reserves its right to amend and/or supplement this response.

22  **REQUEST FOR PRODUCTION NO. 34:**

23      All documents constituting or relating to any waiver(s) of any rest break by
24  Plaintiff or any Putative Class Member during the Class Time Period.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

26      Defendant incorporates its Preliminary Statement and Recurring Objections
27  from above, as if set forth in full herein. Defendant objects that this Request seeks
28  documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

47.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the term "waiver(s)" is vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents. Defendant also objects to this Request to the extent it calls for a legal conclusion.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

48.

CASE NO. 19CV0411WQHMDD

1  Limited to Plaintiff, and based on Defendant's understanding of this Request,

2  Defendant responds as follows: Defendant will produce verification questions Plaintiff

3  answered during his employment. Defendant will also produce timekeeping policies

4  and employment policies that contain guidelines regarding rest breaks.

5  **REQUEST FOR PRODUCTION NO. 35:**

6  All documents concerning or identifying any systems, electronic or otherwise,

7  used to monitor whether Plaintiff and Putative Class Members received rest breaks in

8  accordance with California law during the Class Time Period.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10  Defendant incorporates its Preliminary Statement and Recurring Objections

11  from above, as if set forth in full herein. Defendant objects that this Request seeks

12  documents containing information that would not be produced absent the entry of an

13  acceptable protective order protecting the use and disclosure of such information.

14  Defendant also objects to this Request on the grounds that it seeks irrelevant and

15  overbroad information based upon an unduly broad definition of "Putative Class

16  Members" and is not reasonably calculated to lead to the discovery of admissible

17  evidence relevant to Plaintiff's individual claims. Defendant further objects on the

18  grounds that this Request seeks information neither relevant nor proportional to

19  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

20  Complaint. Defendant further objects to the extent this Request seeks the disclosure of

21  private, confidential, and/or proprietary business information.   Defendant further

22  objects to this Request on the grounds that the terms "systems," used," and "monitor"

23  are vague, ambiguous, unduly broad, and overly burdensome.   Defendant also objects

24  to the Request to the extent that it seeks privileged information, including, without

25  limitation, information that was developed in anticipation of or in preparation for

26  litigation or that is protected by attorney-client privilege and/or that constitutes

27  attorney work product. Defendant also objects to this Request to the extent it calls for

28  a legal conclusion.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

49.

CASE NO. 19CV0411WQHMDD

1   Defendant further objects to this Request to the extent that it seeks information

2   that requires substantial review of electronically stored information which may not be

3   reasonably accessible and recovery of this data would be an undue burden and

4   expense to Defendant.   Defendant is still investigating what the reasonable and

5   proportionate scope of electronic discovery should be, if any.

6   Defendant objects to this Request to the extent that it seeks information directed

7   toward discovery on the merits of the claims of the putative class prior to certification

8   rather than toward the propriety of class certification and thus, is premature, unduly

9   burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

10  not entitled to the discovery he seeks as he has not established a *prima facie* case for

11  class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

12  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

13  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

14  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

15  certification risk "substantial prejudice to a defendant" because they would "not be

16  accompanied by the traditional rules and procedures of civil trials").   Defendant

17  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

18  discovery or to discovery for locations, job sites or operations for which or at which

19  he never worked.

20  Limited to Plaintiff, and based on Defendant's understanding of this Request,

21  Defendant responds as follows: Defendant will produce verification questions Plaintiff

22  answered during his employment. Defendant will also produce timekeeping policies

23  and employment policies that contain guidelines regarding rest breaks, and Plaintiff's

24  time and payroll records within its possession, custody or control as they become

25  available and are labeled and prepared for production.

26  **REQUEST FOR PRODUCTION NO. 36:**

27  All documents relating to or identifying whether Defendant paid premium pay

28  to Plaintiff and Putative Class Members who missed rest breaks during the Class Time

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

50.

CASE NO. 19CV0411WQHMDD

1   Period.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

3       Defendant incorporates its Preliminary Statement and Recurring Objections

4   from above, as if set forth in full herein. Defendant objects that this Request seeks

5   documents containing information that would not be produced absent the entry of an

6   acceptable protective order protecting the use and disclosure of such information.

7   Defendant also objects to this Request on the grounds that it seeks irrelevant and

8   overbroad information based upon an unduly broad definition of "Putative Class

9   Members" and is not reasonably calculated to lead to the discovery of admissible

10  evidence relevant to Plaintiff's individual claims. Defendant further objects on the

11  grounds that this Request seeks information neither relevant nor proportional to

12  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

13  Complaint.  Defendant further objects to the extent this Request seeks the disclosure

14  of private, confidential, and/or proprietary business information.  Defendant further

15  objects to this Request on the grounds that the terms "premium pay" and "missed" are

16  vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially

17  seek documents protected by the attorney-client privilege and attorney work product

18  because it potentially seeks an innumerable amount of documents.

19      Defendant objects to this Request to the extent that it seeks information directed

20  toward discovery on the merits of the claims of the putative class prior to certification

21  rather than toward the propriety of class certification and thus, is premature, unduly

22  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

23  not entitled to the discovery he seeks as he has not established a *prima facie* case for

24  class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

25  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

26  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

27  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

28  certification risk "substantial prejudice to a defendant" because they would "not be

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

51.

CASE NO. 19CV0411WQHMDD

1  accompanied by the traditional rules and procedures of civil trials"). Defendant

2  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

3  discovery or to discovery for locations, job sites or operations for which or at which

4  he never worked.

5  Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

6  will produce timekeeping policies and Plaintiff's time and payroll records within its

7  possession, custody or control as they become available and are labeled and prepared

8  for production.

9  **REQUEST FOR PRODUCTION NO. 37:**

10  All documents relating to overtime for Plaintiff and Putative Collective

11  Members during the FLSA Collective Time Period. This request includes, without

12  limitation, policies, procedures, or practices relating to the payment of overtime to

13  Plaintiff and Putative Collective Members, including how such overtime is calculated.

14  This request further includes documents reflecting overtime earned by Plaintiff and

15  Putative Collective Members.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17  Defendant incorporates its Preliminary Statement and Recurring Objections

18  from above, as if set forth in full herein. Defendant objects that this Request seeks

19  documents containing information that would not be produced absent the entry of an

20  acceptable protective order protecting the use and disclosure of such information.

21  Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

22  information based upon an unduly broad definition of "Putative Collective Members"

23  and is not reasonably calculated to lead to the discovery of admissible evidence

24  relevant to Plaintiff's individual claims. Defendant further objects on the grounds that

25  this Request seeks information neither relevant nor proportional to Plaintiff's claim or

26  defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant

27  further objects to the extent this Request seeks the disclosure of private, confidential,

28  and/or proprietary business information. Defendant further objects to this Request on

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

52.

CASE NO. 19CV0411WQHMDD

the grounds that the terms "policies," "procedures," and "practices" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce compensation policies that contain information regarding overtime and Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to overtime for Plaintiff and Putative Class Members during the Class Time Period. This request includes, without limitation, policies, procedures, or practices relating to the payment of overtime to Plaintiff and Putative Class Members, including how such overtime is calculated. This request further includes documents reflecting overtime earned by Plaintiff and Putative Class Members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

53.

CASE NO. 19CV0411WQHMDD

to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "policies," "procedures," and "practices" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce compensation policies that contain information regarding overtime and Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to Defendant's policies and practices of verifying all compensable hours worked by Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

54.

CASE NO. 19CV0411WQHMDD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "policies," "practices," and "verifying" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, and based on Defendant's understanding of this Request, Defendant responds as follows: Defendant will produce verification questions Plaintiff answered during his employment. Defendant will also produce compensation and timekeeping policies and Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to Defendant's policies and practices of verifying all compensable hours worked by Plaintiff and Putative Class Members during the Class Time Period.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

55.

CASE NO. 19CV0411WQHMDD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.  Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "policies," "practices," and "verifying" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

56.

CASE NO. 19CV0411WQHMDD

1  certification risk "substantial prejudice to a defendant" because they would "not be
2  accompanied by the traditional rules and procedures of civil trials").   Defendant
3  further objects to this Request on the grounds that Plaintiff is not entitled to statewide
4  discovery or to discovery for locations, job sites or operations for which or at which
5  he never worked.

6       Limited to Plaintiff, and based on Defendant's understanding of this Request,
7  Defendant responds as follows: Defendant will produce verification questions Plaintiff
8  answered during his employment. Defendant will also produce compensation and
9  timekeeping policies, and Plaintiff's time and payroll records within its possession,
10  custody or control as they become available and are labeled and prepared for
11  production.

12  **REQUEST FOR PRODUCTION NO. 41:**

13       All documents or other records pertaining to Plaintiff's and Putative Collective
14  Members' request(s) for overtime compensation during the FLSA Collective Time
15  Period.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

17       Defendant incorporates its Preliminary Statement and Recurring Objections
18  from above, as if set forth in full herein. Defendant objects that this Request seeks
19  documents containing information that would not be produced absent the entry of an
20  acceptable protective order protecting the use and disclosure of such information.
21  Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad
22  information based upon an unduly broad definition of "Putative Collective Members"
23  and is not reasonably calculated to lead to the discovery of admissible evidence
24  relevant to Plaintiff's individual claims. Defendant objects on the grounds that this
25  Request seeks information which is premature and not relevant to Plaintiff's
26  individual claims.  Defendant further objects on the grounds that this Request seeks
27  information neither relevant nor proportional to Plaintiff's claim or defense of his
28  wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

57.

CASE NO. 19CV0411WQHMDD

to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the term "request(s)" is vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 42:**

All documents or other records pertaining to Plaintiff's and Putative Class Members' request(s) for overtime compensation during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the term "request(s)" is vague, ambiguous, unduly broad, and overly

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

58.

CASE NO. 19CV0411WQHMDD

burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant will produce Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 43:**

All documents or other records pertaining to Plaintiff's and Putative Collective Members' concern(s), question(s), and/or complaint(s) – oral or written – about overtime compensation during the FLSA Collective Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

59.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims.  Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "concern(s)," "question(s)," and "complaint(s)" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant will produce information regarding Plaintiff's contact with Defendant's Employee Help Line.

**REQUEST FOR PRODUCTION NO. 44:**

All documents or other records pertaining to Plaintiff's and Putative Class Members' concern(s), question(s), and/or complaint(s) – oral or written – about overtime compensation during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

60.

CASE NO. 19CV0411WQHMDD

protecting the use and disclosure of such information. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims.  Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "concern(s)," "question(s)," and "complaint(s)" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").  Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant will produce information regarding Plaintiff's contact with Defendant's Employee

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

61.

CASE NO. 19CV0411WQHMDD

1  Help Line.

2  **REQUEST FOR PRODUCTION NO. 45:**

3      All documents relating to Defendant's policies, procedures, and practices

4  relating to the payment to Plaintiff and Putative Class Members who have left their

5  employment with Defendant of all wages owed to them either immediately (for those

6  who were discharged by Defendant) or within 72 hours (for those who voluntarily left

7  their employment) of their departure from their employment during the Class Time

8  Period.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

10      Defendant incorporates its Preliminary Statement and Recurring Objections

11  from above, as if set forth in full herein. Defendant objects that this Request seeks

12  documents containing information that would not be produced absent the entry of an

13  acceptable protective order protecting the use and disclosure of such information.

14  Defendant also objects to this Request on the grounds that it seeks irrelevant and

15  overbroad information based upon an unduly broad definition of "Putative Class

16  Members" and is not reasonably calculated to lead to the discovery of admissible

17  evidence relevant to Plaintiff's individual claims. Defendant further objects on the

18  grounds that this Request seeks information neither relevant nor proportional to

19  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

20  Complaint.  Defendant further objects to the extent this Request seeks the disclosure

21  of private, confidential, and/or proprietary business information.  Defendant further

22  objects to this Request on the grounds that the terms "policies," "procedures," and

23  "practices" are vague, ambiguous, unduly broad, and overly burdensome; and the

24  Request potentially seek documents protected by the attorney-client privilege and

25  attorney work product because it potentially seeks an innumerable amount of

26  documents.

27      Defendant objects to this Request to the extent that it seeks information directed

28  toward discovery on the merits of the claims of the putative class prior to certification

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

62.

CASE NO. 19CV0411WQHMDD

1   rather than toward the propriety of class certification and thus, is premature, unduly
2   burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is
3   not entitled to the discovery he seeks as he has not established a *prima facie* case for
4   class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006
5   (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*
6   *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*
7   *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to
8   certification risk "substantial prejudice to a defendant" because they would "not be
9   accompanied by the traditional rules and procedures of civil trials").   Defendant
10  further objects to this Request on the grounds that Plaintiff is not entitled to statewide
11  discovery or to discovery for locations, job sites or operations for which or at which
12  he never worked.

13          Limited to Plaintiff, and Defendant's understanding of this Request, Defendant
14  responds as follows:  Defendant will produce compensation policies, and Plaintiff's
15  payroll records, including Plaintiff's final wage statement evidencing payment of final
16  wages.

17  **REQUEST FOR PRODUCTION NO. 46:**

18          All documents showing the payment to Plaintiff and Putative Class Members
19  who have left their employment with Defendant of all wages owed to them either
20  immediately (for those who were discharged by Defendant) or within 72 hours (for
21  those who voluntarily left their employment) of their departure from their employment
22  during the Puta Class Time Period.   This request includes, without limitation, a
23  request for production of the final paychecks paid to Putative Class Members who left
24  their employment with Defendant during the Class Time Period.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

26          Defendant incorporates its Preliminary Statement and Recurring Objections
27  from above, as if set forth in full herein. Defendant objects to this request as it is
28  duplicative and cumulative of other Requests and is solely propounded to harass and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE                63.                CASE NO. 19CV0411WQHMDD

1  annoy. Defendant objects that this Request seeks documents containing information

2  that would not be produced absent the entry of an acceptable protective order

3  protecting the use and disclosure of such information.  Defendant also objects to this

4  Request on the grounds that it seeks irrelevant and overbroad information based upon

5  an unduly broad definition of "Putative Class Members" and is not reasonably

6  calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

7  individual claims. Defendant further objects on the grounds that this Request seeks

8  information neither relevant nor proportional to Plaintiff's claim or defense of his

9  wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects

10 to this Request on the grounds that disclosure of the information sought would violate

11 the privacy rights of third parties.  Defendant further objects to this Request on the

12 grounds that the term "Puta Class Time Period" is vague, ambiguous, unduly broad,

13 and overly burdensome; and the Request potentially seek documents protected by the

14 attorney-client privilege and attorney work product..

15     Defendant objects to this Request to the extent that it seeks information directed

16 toward discovery on the merits of the claims of the putative class prior to certification

17 rather than toward the propriety of class certification and thus, is premature, unduly

18 burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

19 not entitled to the discovery he seeks as he has not established a *prima facie* case for

20 class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

21 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

22 *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

23 *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

24 certification risk "substantial prejudice to a defendant" because they would "not be

25 accompanied by the traditional rules and procedures of civil trials").   Defendant

26 further objects to this Request on the grounds that Plaintiff is not entitled to statewide

27 discovery or to discovery for locations, job sites or operations for which or at which

28 he never worked.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

64.

CASE NO. 19CV0411WQHMDD

1    Limited to Plaintiff, and Defendant's understanding of this Request, Defendant

2    responds as follows:  Defendant will produce compensation policies, and Plaintiff's

3    payroll records, including Plaintiff's final wage statement evidencing payment of final

4    wages.

5    **REQUEST FOR PRODUCTION NO. 47:**

6    All documents identifying or relating to the contents of itemized wage

7    statements provided to Plaintiff and Putative Collective Members during the FLSA

8    Collective Time Period.   This request includes, without limitation, Defendant's

9    policies, practices, and procedures relating to the contents of such itemized wage

10   statements.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12   Defendant incorporates its Preliminary Statement and Recurring Objections

13   from above, as if set forth in full herein. Defendant objects that this Request seeks

14   documents containing information that would not be produced absent the entry of an

15   acceptable protective order protecting the use and disclosure of such information.

16   Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

17   information based upon an unduly broad definition of "Putative Collective Members"

18   and is not reasonably calculated to lead to the discovery of admissible evidence

19   relevant to Plaintiff's individual claims. Defendant objects on the grounds that this

20   Request seeks information which is premature and not relevant to Plaintiff's

21   individual claims.  Defendant further objects on the grounds that this Request seeks

22   information neither relevant nor proportional to Plaintiff's claim or defense of his

23   wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects

24   to this Request on the grounds that disclosure of the information sought would violate

25   the privacy rights of third parties. Defendant further objects to the extent this Request

26   seeks the disclosure of private, confidential, and/or proprietary business information.

27   Defendant further objects to this Request on the grounds that the terms "contents,"

28   "policies," "practices," and "procedures" are vague, ambiguous, unduly broad, and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE                    65.                    CASE NO. 19CV0411WQHMDD

overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product..

Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant will produce compensation polices, a pay code abbreviation key, and Plaintiff's payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 48:**

All documents identifying or relating to the contents of itemized wage statements provided to Plaintiff and Putative California Putative Class Members during the Class Time Period.  This request includes, without limitation, Defendant's policies, practices, and procedures relating to the contents of such itemized wage statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information.  Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

66.

CASE NO. 19CV0411WQHMDD

1    Defendant further objects to this Request on the grounds that the terms "contents,"

2    "policies," "practices," and "procedures" are vague, ambiguous, unduly broad, and

3    overly burdensome; and the Request potentially seek documents protected by the

4    attorney-client privilege and attorney work product because it potentially seeks an

5    innumerable amount of documents.

6        Defendant objects to this Request to the extent that it seeks information directed

7    toward discovery on the merits of the claims of the putative class prior to certification

8    rather than toward the propriety of class certification and thus, is premature, unduly

9    burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

10   not entitled to the discovery he seeks as he has not established a *prima facie* case for

11   class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

12   (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

13   *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

14   *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

15   certification risk "substantial prejudice to a defendant" because they would "not be

16   accompanied by the traditional rules and procedures of civil trials").   Defendant

17   further objects to this Request on the grounds that Plaintiff is not entitled to statewide

18   discovery or to discovery for locations, job sites or operations for which or at which

19   he never worked.

20       Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

21   will produce compensation polices, Plaintiff's payroll records within its possession,

22   custody or control as they become available and are labeled and prepared for

23   production, and a pay code abbreviation key.

24   **REQUEST FOR PRODUCTION NO. 49:**

25       All documents constituting or relating to materials used to train Plaintiff and

26   Putative Collective Members during the FLSA Collective Time Period, including but

27   not limited to, the materials used to train them on the following topics:  scheduling,

28   timekeeping, compensable and non-compensable time, meal breaks, rest breaks,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

67.

CASE NO. 19CV0411WQHMDD

minimum wage, overtime and overtime wages, payment of wages, usage of personal vehicles and telephones, reimbursement of expenses, commissions, wages on termination and/or quitting, and wage statements. This request includes all drafts, iterations, editions, and versions of such training materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "materials used to train," "drafts," "iterations," "editions," "versions," and "training materials" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce compensation and timekeeping policies, commission plans, and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE
68.
CASE NO. 19CV0411WQHMDD

1   onboarding and training materials.

2   **REQUEST FOR PRODUCTION NO. 50:**

3       All documents constituting or relating to materials used to train Plaintiff and

4   Putative Class Members during the Class Time Period, including but not limited to,

5   the materials used to train them on the following topics: scheduling, timekeeping,

6   compensable and non-compensable time, meal breaks, rest breaks, minimum wage,

7   overtime and overtime wages, payment of wages, usage of personal vehicles and

8   telephones, reimbursement of expenses, commissions, wages on termination and/or

9   quitting, and wage statements.  This request includes all drafts, iterations, editions,

10  and versions of such training materials.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

12      Defendant incorporates its Preliminary Statement and Recurring Objections

13  from above, as if set forth in full herein. Defendant objects to this request as it is

14  duplicative and cumulative of other Requests and is solely propounded to harass and

15  annoy. Defendant objects that this Request seeks documents containing information

16  that would not be produced absent the entry of an acceptable protective order

17  protecting the use and disclosure of such information. Defendant also objects to this

18  Request on the grounds that it seeks irrelevant and overbroad information based upon

19  an unduly broad definition of "Putative Class Members" and is not reasonably

20  calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

21  individual claims. Defendant further objects on the grounds that this Request seeks

22  information neither relevant nor proportional to Plaintiff's claim or defense of his

23  wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects

24  to the extent this Request seeks the disclosure of private, confidential, and/or

25  proprietary business information.  Defendant further objects to this Request on the

26  grounds that the terms "materials used to train," "drafts," "iterations," "editions,"

27  "versions," and "training materials" are vague, ambiguous, unduly broad, and overly

28  burdensome; and the Request potentially seek documents protected by the attorney-

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

69.

CASE NO. 19CV0411WQHMDD

1    client privilege and attorney work product.

2    Defendant objects to this Request to the extent that it seeks information directed

3    toward discovery on the merits of the claims of the putative class prior to certification

4    rather than toward the propriety of class certification and thus, is premature, unduly

5    burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

6    not entitled to the discovery he seeks as he has not established a *prima facie* case for

7    class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

8    (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

9    *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

10   *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

11   certification risk "substantial prejudice to a defendant" because they would "not be

12   accompanied by the traditional rules and procedures of civil trials").   Defendant

13   further objects to this Request on the grounds that Plaintiff is not entitled to statewide

14   discovery or to discovery for locations, job sites or operations for which or at which

15   he never worked.

16   Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

17   will produce compensation and timekeeping policies and onboarding and training

18   materials.

19   **REQUEST FOR PRODUCTION NO. 51:**

20   All documents reflecting any of Defendant's policies Defendant provided to

21   Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

23   Defendant incorporates its Preliminary Statement and Recurring Objections

24   from above, as if set forth in full herein. Defendant objects that this Request seeks

25   documents containing information that would not be produced absent the entry of an

26   acceptable protective order protecting the use and disclosure of such information.

27   Defendant objects to this request as it is duplicative and cumulative of other Requests

28   and is solely propounded to harass and annoy.  Defendant objects to this Request on

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

70.

CASE NO. 19CV0411WQHMDD

the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "policies" and "provided" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, and Defendant's understanding of this Request, Defendant responds as follows: Defendant has employment policies that are available on the employee intra-net and iConnect. Defendant will produce the applicable employment policies made available to and/or provided to Plaintiff during the relevant period.

**REQUEST FOR PRODUCTION NO. 52:**

All documents reflecting any of Defendant's policies Defendant provided to Plaintiff and Putative Class Members during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

71.

CASE NO. 19CV0411WQHMDD

1  unduly broad definition of "Putative Class Members" and is not reasonably calculated
2  to lead to the discovery of admissible evidence relevant to Plaintiff's individual
3  claims. Defendant further objects on the grounds that this Request seeks information
4  neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour
5  claims as set forth in Plaintiff's Complaint.  Defendant further objects to the extent
6  this Request seeks the disclosure of private, confidential, and/or proprietary business
7  information. Defendant further objects to this Request on the grounds that the terms
8  "policies" and "provided" are vague, ambiguous, unduly broad, and overly
9  burdensome; and the Request potentially seek documents protected by the attorney-
10 client privilege and attorney work product.

11      Defendant objects to this Request to the extent that it seeks information directed
12 toward discovery on the merits of the claims of the putative class prior to certification
13 rather than toward the propriety of class certification and thus, is premature, unduly
14 burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is
15 not entitled to the discovery he seeks as he has not established a *prima facie* case for
16 class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006
17 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*
18 *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*
19 *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to
20 certification risk "substantial prejudice to a defendant" because they would "not be
21 accompanied by the traditional rules and procedures of civil trials").  Defendant
22 further objects to this Request on the grounds that Plaintiff is not entitled to statewide
23 discovery or to discovery for locations, job sites or operations for which or at which
24 he never worked.

25      Limited to Plaintiff, and Defendant's understanding of this Request, Defendant
26 responds as follows:  Defendant has employment policies that are available on the
27 employee intra-net and iConnect. Defendant will produce the applicable employment
28 policies made available to and/or provided to Plaintiff during the relevant period.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR          72.          CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

**REQUEST FOR PRODUCTION NO. 53:**

The complete personnel files for Named Plaintiff Vladimir Amaraut, and all opt-in plaintiffs, as well as any other documents which pertain to or identify these individuals, by name or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.

Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant objects to this request as no "opt-in plaintiffs" have yet been identified. Defendant further objects to this Request on the grounds that the terms "opt-in plaintiffs" and "personnel files" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents. Defendant further objects to this Request on the grounds it is overbroad, as it is not limited in time.

Defendant further objects to this Request to the extent that it seeks information that requires substantial review of electronically stored information which may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendant. Defendant is still investigating what the reasonable and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

73.

CASE NO. 19CV0411WQHMDD

1    proportionate scope of electronic discovery should be, if any.

2      Limited to Plaintiff, Defendant responds to this Request as follows:  Defendant

3    will produce Plaintiff's personnel file.

4    **REQUEST FOR PRODUCTION NO. 54:**

5      All documents reflecting any disciplinary action taken by Defendant against

6    Named Plaintiff Vladimir Amaraut, and all opt-in plaintiffs.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

8      Defendant incorporates its Preliminary Statement and Recurring Objections

9    from above, as if set forth in full herein. Defendant objects that this Request seeks

10   documents containing information that would not be produced absent the entry of an

11   acceptable protective order protecting the use and disclosure of such information.

12   Defendant objects on the grounds that this Request seeks information which is

13   premature and not relevant to Plaintiff's individual claims. Defendant further objects

14   on the grounds that this Request seeks information neither relevant nor proportional to

15   Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

16   Complaint.  Defendant further objects to this Request on the grounds that disclosure

17   of the information sought would violate the privacy rights of third parties.  Defendant

18   further objects to the extent this Request seeks the disclosure of private, confidential,

19   and/or proprietary business information. Defendant objects to this request as no "opt-

20   in plaintiffs" have yet been identified.  Defendant further objects to this Request on

21   the grounds that the terms "opt-in plaintiffs" and "disciplinary action" are vague,

22   ambiguous, unduly broad, and overly burdensome; and the Request potentially seek

23   documents protected by the attorney-client privilege and attorney work product

24   because it potentially seeks an innumerable amount of documents. Defendant further

25   objects to this Request on the grounds it is overbroad, as it is not limited in time.

26      Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

27   will produce Plaintiff's personnel file. At this time, Defendant is unaware of any

28   disciplinary documents issued to Plaintiff. Discovery is ongoing, and Defendant

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

74.

CASE NO. 19CV0411WQHMDD

1  reserves its right to amend and/or supplement this response.

2  **REQUEST FOR PRODUCTION NO. 55:**

3      All human resource manuals, handbooks, policy statements, memoranda, and

4  other documents that pertain to Plaintiff and Putative Collective Members, including

5  but not limited to any handbooks or manuals relating to recording hours worked and

6  meal breaks.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

8      Defendant incorporates its Preliminary Statement and Recurring Objections

9  from above, as if set forth in full herein. Defendant objects that this Request seeks

10  documents containing information that would not be produced absent the entry of an

11  acceptable protective order protecting the use and disclosure of such information.

12  Defendant objects to this request as it is duplicative and cumulative of other Requests

13  and is solely propounded to harass and annoy. Defendant further objects to this

14  Request on the grounds it is overbroad, as it is not limited in time. Defendant objects

15  to this Request on the grounds that it seeks irrelevant and overbroad information based

16  upon an unduly broad definition of "Putative Collective Members" and is not

17  reasonably calculated to lead to the discovery of admissible evidence relevant to

18  Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks

19  information which is premature and not relevant to Plaintiff's individual claims.

20  Defendant further objects to the extent this Request seeks the disclosure of private,

21  confidential, and/or proprietary business information. Defendant further objects to

22  this Request on the grounds that the terms "human resource manuals," "handbooks,"

23  "policy statements," "memoranda," "other documents," and "manuals" are vague,

24  ambiguous, unduly broad, and overly burdensome; and the Request potentially seek

25  documents protected by the attorney-client privilege and attorney work product

26  because it potentially seeks an innumerable amount of documents.

27      Defendant further objects to this Request to the extent that it seeks information

28  that requires substantial review of electronically stored information which may not be

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

75.

CASE NO. 19CV0411WQHMDD

1   reasonably accessible and recovery of this data would be an undue burden and

2   expense to Defendant.   Defendant is still investigating what the reasonable and

3   proportionate scope of electronic discovery should be, if any.

4   **REQUEST FOR PRODUCTION NO. 56:**

5       All human resource manuals, handbooks, policy statements, memoranda, and

6   other documents that pertain to Plaintiff and Putative Class Members, including but

7   not limited to any handbooks or manuals relating to recording hours worked and meal

8   breaks.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

10      Defendant incorporates its Preliminary Statement and Recurring Objections

11  from above, as if set forth in full herein. Defendant objects that this Request seeks

12  documents containing information that would not be produced absent the entry of an

13  acceptable protective order protecting the use and disclosure of such information.

14  Defendant objects to this request as it is duplicative and cumulative of other Requests

15  and is solely propounded to harass and annoy. Defendant further objects to this

16  Request on the grounds it is overbroad, as it is not limited in time. Defendant objects

17  on the grounds that this Request seeks information which is premature and not

18  relevant to Plaintiff's individual claims.  Defendant further objects to this Request on

19  the grounds that it seeks irrelevant and overbroad information based upon an unduly

20  broad definition of "Putative Class Members" and is not reasonably calculated to lead

21  to the discovery of admissible evidence relevant to Plaintiff's individual claims.

22  Defendant further objects on the grounds that this Request seeks information neither

23  relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as

24  set forth in Plaintiff's Complaint.  Defendant further objects to the extent this Request

25  seeks the disclosure of private, confidential, and/or proprietary business information.

26  Defendant further objects to this Request on the grounds that the terms "human

27  resource manuals," "handbooks," "policy statements," "memoranda," "other

28  documents," and "manuals" are vague, ambiguous, unduly broad, and overly

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

76.

CASE NO. 19CV0411WQHMDD

1  burdensome; and the Request potentially seek documents protected by the attorney-
2  client privilege and attorney work product because it potentially seeks an innumerable
3  amount of documents.

4      Defendant objects to this Request to the extent that it seeks information directed
5  toward discovery on the merits of the claims of the putative class prior to certification
6  rather than toward the propriety of class certification and thus, is premature, unduly
7  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is
8  not entitled to the discovery he seeks as he has not established a *prima facie* case for
9  class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006
10  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*
11  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*
12  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to
13  certification risk "substantial prejudice to a defendant" because they would "not be
14  accompanied by the traditional rules and procedures of civil trials").   Defendant
15  further objects to this Request on the grounds that Plaintiff is not entitled to statewide
16  discovery or to discovery for locations, job sites or operations for which or at which
17  he never worked.

18      Defendant further objects to this Request to the extent that it seeks information
19  that requires substantial review of electronically stored information which may not be
20  reasonably accessible and recovery of this data would be an undue burden and
21  expense to Defendant.   Defendant is still investigating what the reasonable and
22  proportionate scope of electronic discovery should be, if any.

23  **REQUEST FOR PRODUCTION NO. 57:**

24      All documents that show any and all arbitration agreements between Defendant
25  and Putative Collective Members.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

27      Defendant incorporates its Preliminary Statement and Recurring Objections
28  from above, as if set forth in full herein. Defendant objects that this Request seeks

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

77.

CASE NO. 19CV0411WQHMDD

1    documents containing information that would not be produced absent the entry of an

2    acceptable protective order protecting the use and disclosure of such information.

3    Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

4    information based upon an unduly broad definition of "Putative Collective Members"

5    and is not reasonably calculated to lead to the discovery of admissible evidence

6    relevant to Plaintiff's individual claims. Defendant objects on the grounds that this

7    Request seeks information which is premature and not relevant to Plaintiff's

8    individual claims.  Defendant further objects on the grounds that this Request seeks

9    information neither relevant nor proportional to Plaintiff's claim or defense of his

10    wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects

11    to the extent this Request seeks the disclosure of private, confidential, and/or

12    proprietary business information.  Defendant further objects to this Request on the

13    grounds that the terms "arbitration agreements" and "show" are vague, ambiguous,

14    unduly broad, and overly burdensome; and the Request potentially seek documents

15    protected by the attorney-client privilege and attorney work product because it

16    potentially seeks an innumerable amount of documents. Defendant further objects to

17    this Request on the grounds it is overbroad, as it is not limited in time.

18         Limited to Plaintiff, and Defendant's understanding of this Request, Defendant

19    responds as follows: Defendant will produce its applicable terms and conditions,

20    which contains an arbitration provision. Discovery is ongoing, and Defendant reserves

21    its right to amend and/or supplement this response.

22    **REQUEST FOR PRODUCTION NO. 58:**

23         All documents that show any and all arbitration agreements between Defendant

24    and Putative Class Members.

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

26         Defendant incorporates its Preliminary Statement and Recurring Objections

27    from above, as if set forth in full herein. Defendant objects that this Request seeks

28    documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

78.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant further objects to this Request on the grounds it is overbroad, as it is not limited in time. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "arbitration agreements" and "show" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").  Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

79.

CASE NO. 19CV0411WQHMDD

1   he never worked.

2   Limited to Plaintiff, and Defendant's understanding of this Request, Defendant

3   responds as follows: Defendant will produce its applicable terms and conditions,

4   which contains an arbitration provision. Discovery is ongoing, and Defendant reserves

5   its right to amend and/or supplement this response.

6   **REQUEST FOR PRODUCTION NO. 59:**

7   All documents relating to or identifying any claims for unpaid wages or unpaid

8   overtime by Plaintiff and Putative Collective Members, whether internal or filed with

9   any court or government agency.  This request includes, without limitation, a request

10   for production of all documents regarding any investigation of those claims.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

12   Defendant incorporates its Preliminary Statement and Recurring Objections

13   from above, as if set forth in full herein. Defendant objects that this Request seeks

14   documents containing information that would not be produced absent the entry of an

15   acceptable protective order protecting the use and disclosure of such information.

16   Defendant objects to the Request to the extent that it seeks privileged information,

17   including, without limitation, information that was developed in anticipation of or in

18   preparation for litigation or that is protected by attorney-client privilege and/or that

19   constitutes attorney work product. Defendant further objects to this Request on the

20   grounds it is overbroad, as it is not limited in time. Defendant objects to this Request

21   on the grounds that it seeks irrelevant and overbroad information based upon an

22   unduly broad definition of "Putative Collective Members" and is not reasonably

23   calculated to lead to the discovery of admissible evidence relevant to Plaintiff's

24   individual claims. Defendant objects on the grounds that this Request seeks

25   information which is premature and not relevant to Plaintiff's individual claims.

26   Defendant further objects on the grounds that this Request seeks information neither

27   relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as

28   set forth in Plaintiff's Complaint.  Defendant further objects to the extent this Request

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

80.

CASE NO. 19CV0411WQHMDD

seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "claims" and "investigation" are vague, ambiguous, unduly broad, and overly burdensome.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to or identifying any claims for unpaid wages or unpaid overtime by Plaintiff and Putative Class Members, whether internal or filed with any court or government agency. This request includes, without limitation, a request for production of all documents regarding any investigation of those claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to the Request to the extent that it seeks privileged information, including, without limitation, information that was developed in anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant further objects to this Request on the grounds it is overbroad, as it is not limited in time. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "claims" and "investigation" are

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

81.

CASE NO. 19CV0411WQHMDD

vague, ambiguous, unduly broad, and overly burdensome.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

**REQUEST FOR PRODUCTION NO. 61:**

All documents concerning or identifying any investigation of Defendant's compensation or timekeeping policies or practices relating to Plaintiff and Putative Collective Members conducted by any government agency, including, without limitation, the United States Department of Labor and the California Department of Industrial Relations Division of Labor Standards Enforcement, during the FLSA Collective Time Period.  This request includes, without limitation, a request for production of any documents turned over to any government agency in response to any investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

82.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant objects to the Request to the extent that it seeks privileged information, including, without limitation, information that was developed in anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "investigation," "compensation," "timekeeping," "policies," and "practices" are vague, ambiguous, unduly broad, and overly burdensome.

**REQUEST FOR PRODUCTION NO. 62:**

All documents concerning or identifying any investigation of Defendant's compensation or timekeeping policies or practices relating to Plaintiff and Putative Class Members conducted by any government agency, including, without limitation, the United States Department of Labor and the California Department of Industrial Relations Division of Labor Standards Enforcement, during the Class Time Period. This request includes, without limitation, a request for production of any documents turned over to any government agency in response to any investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

83.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant objects to the Request to the extent that it seeks privileged information, including, without limitation, information that was developed in anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "investigation," "compensation," "timekeeping," "policies," and "practices" are vague, ambiguous, unduly broad, and overly burdensome.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

84.

CASE NO. 19CV0411WQHMDD

1  he never worked.

2  **REQUEST FOR PRODUCTION NO. 63:**

3  All documents concerning or identifying all reports, investigations, audits,

4  inspections, examinations, research, or any other review conducted by Defendant

5  relating to Defendant's timekeeping and/or compensation policies applicable to

6  Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

8  Defendant incorporates its Preliminary Statement and Recurring Objections

9  from above, as if set forth in full herein. Defendant objects that this Request seeks

10  documents containing information that would not be produced absent the entry of an

11  acceptable protective order protecting the use and disclosure of such information.

12  Defendant objects to the Request to the extent that it seeks privileged information,

13  including, without limitation, information that was developed in anticipation of or in

14  preparation for litigation or that is protected by attorney-client privilege and/or that

15  constitutes attorney work product. Defendant objects to this request as it is duplicative

16  and cumulative of other Requests and is solely propounded to harass and annoy.

17  Defendant objects on the grounds that this Request seeks information which is

18  premature and not relevant to Plaintiff's individual claims. Defendant further objects

19  on the grounds that this Request seeks information neither relevant nor proportional to

20  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

21  Complaint. Defendant further objects to the extent this Request seeks the disclosure

22  of private, confidential, and/or proprietary business information. Defendant further

23  objects to this Request on the grounds that the terms "reports," "investigations,"

24  "audits," "inspections," "examinations," "research," "other review," "timekeeping,"

25  "compensation," and "policies" are vague, ambiguous, unduly broad, and overly

26  burdensome.

27  **REQUEST FOR PRODUCTION NO. 64:**

28  All documents concerning or identifying all reports, investigations, audits,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

85.

CASE NO. 19CV0411WQHMDD

1   inspections, examinations, research, or any other review conducted by Defendant

2   relating to Defendant's timekeeping and/or compensation policies applicable to

3   Plaintiff and Putative Class Members during the Class Time Period.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

5       Defendant incorporates its Preliminary Statement and Recurring Objections

6   from above, as if set forth in full herein. Defendant objects that this Request seeks

7   documents containing information that would not be produced absent the entry of an

8   acceptable protective order protecting the use and disclosure of such information.

9   Defendant also objects to the Request to the extent that it seeks privileged

10  information, including, without limitation, information that was developed in

11  anticipation of or in preparation for litigation or that is protected by attorney-client

12  privilege and/or that constitutes attorney work product. Defendant objects to this

13  request as it is duplicative and cumulative of other Requests and is solely propounded

14  to harass and annoy. Defendant further objects to this Request on the grounds it is

15  overbroad, as it is not limited in time. Defendant also objects to this Request on the

16  grounds that it seeks irrelevant and overbroad information based upon an unduly

17  broad definition of "Putative Class Members" and is not reasonably calculated to lead

18  to the discovery of admissible evidence relevant to Plaintiff's individual claims.

19      Defendant further objects on the grounds that this Request seeks information

20  neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour

21  claims as set forth in Plaintiff's Complaint.  Defendant further objects to the extent

22  this Request seeks the disclosure of private, confidential, and/or proprietary business

23  information.  Defendant further objects to this Request on the grounds that the terms

24  "reports," "investigations," "audits," "inspections," "examinations," "research," "other

25  review," "timekeeping," "compensation," and "policies" are vague, ambiguous,

26  unduly broad, and overly burdensome.

27      Defendant objects to this Request to the extent that it seeks information directed

28  toward discovery on the merits of the claims of the putative class prior to certification

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

86.

CASE NO. 19CV0411WQHMDD

rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

**REQUEST FOR PRODUCTION NO. 65:**

All insurance policies carried by Defendant, including, but not limited to, liability insurance, worker's compensation insurance, business travel insurance, or automobile insurance, under which a colorable claim for coverage in any manner (*e.g.,* primary, pro-rata, or excess liability coverage or medical expense coverage) might be made for unpaid wages, damages, penalties, attorneys' fees, costs, claims, or actions of the nature asserted in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Specifically, Defendant objects to this Request as not being within the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1), which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

87.

CASE NO. 19CV0411WQHMDD

1   is limited to that is which is "relevant to any party's claim or defense and proportional

2   to the needs of the case[.]" Defendant further objects to this Request on the grounds it

3   is overbroad, as it is not limited in time. Defendant further objects to the extent this

4   Request seeks the disclosure of private, confidential, and/or proprietary business

5   information.  Defendant further objects to this Request on the grounds that the terms

6   "insurance policies," "automobile insurance," and "colorable claim for coverage" are

7   vague, ambiguous, unduly broad, and overly burdensome.

8   **REQUEST FOR PRODUCTION NO. 66:**

9        All documents constituting or relating to Defendant's policies, procedures, or

10  practices concerning the retention and preservation of documents or data pertaining to

11  payroll, timekeeping, personnel, and human resources information during the FLSA

12  Collective Time Period.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

14       Defendant incorporates its Preliminary Statement and Recurring Objections

15  from above, as if set forth in full herein. Defendant objects that this Request seeks

16  documents containing information that would not be produced absent the entry of an

17  acceptable protective order protecting the use and disclosure of such information.

18  Defendant objects to this Request as not being within the permissible scope of

19  discovery under Fed. R. Civ. P. 26(b)(1), which is limited to that is which is "relevant

20  to any party's claim or defense and proportional to the needs of the

21  case[.]"  Defendant further objects on the basis that Fed. R. Civ. P. 26(g)(1)(B)

22  requires that requests are not "interposed for an improper purpose" nor "unreasonable

23  nor unduly burdensome." Defendant also objects to the demand for information about

24  retention policies during the time period for this action, which Plaintiff argues

25  continues through present day and therefore seeks privileged work product and/or

26  attorney-client communications.

27       Defendant further objects to the demand for information concerning retention

28  policies, because discovery is self-executing and a party generally does not have to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

88.

CASE NO. 19CV0411WQHMDD

defend what it has done to locate and produce responsive documents, nor must it "prove" the reasonableness of its production. *See, Scotts Co., L.L.C. v. Liberty Mut. Ins. Co.*, 2007 WL 1723509 (S.D. Ohio June 12, 2007) (the "discovery process is designed to be extrajudicial, and relies upon the responding party to search his records to produce the requested data," thus, "plaintiff is no more entitled to access to defendant's electronic information storage systems than to defendant's warehouses storing paper documents"); *Diepenhorst v. City of Battle Creek*, 2006 U.S. Dist. LEXIS 48551, *10-11 (W.D. Mich. June 30, 2006) (noting that the "discovery process is designed to be extrajudicial, and relies upon the responding party to search his records to produce the requested data."); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 628 (D. Colo. 2007) ("in the typical case, '[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronic data and documents.'").

Defendant also objects to the Request because it seeks "discovery about discovery" to simply validate discovery efforts, which has been routinely rejected by courts as improper. *See, e.g., Freedman v. Weatherford Int'l*, 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014) (plaintiff's request for "discovery on discovery" denied for failure to provide adequate factual basis for finding that defendant's original discovery production was deficient); *Koninklijke Philips N.V. v. Hunt Control Sys., Inc.*, 2014 WL 1494517, at *4 (D.N.J. Apr. 16, 2014) (granting motion for protective order against deposition of IT witness where the moving party failed to show a "material deficiency" in the responding party's e-discovery process, noting that the party's "alleged dissatisfaction with the results of [the] production" was at best "speculative and suggestive"); *Larsen v. Coldwell Banker Real Estate Corp.*, 2012 WL 359466 (C.D. Cal. Feb. 2, 2012) (denying a request for a witness to answer questions under oath regarding its ESI preservation, collection, and processing); Steuben Foods, Inc. v. Country Gourmet Foods, L.L.C., 2011 U.S. Dist. LEXIS 43145, at **19-20

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

89.

CASE NO. 19CV0411WQHMDD

(W.D.N.Y. Apr. 21, 2011) ("Nor will the court grant [Defendant's] alternative request to conduct discovery directed to Plaintiff's document preservation actions in this case. Given the lack of colorable factual basis for [Defendant's] spoliation motion, such request amounts to one seeking to initiate a 'fishing expedition' based on mere speculation."); *Hubbard v. Potter*, 247 F.R.D. 27, 31 (D.D.C. 2008) (denying request for discovery on discovery about defendant's "process of preserving, locating and producing documents"); *In re Honeywell Int'l., Inc. Sec. Litig.*, 230 F.R.D. 293 (S.D.N.Y. 2003) (denying plaintiffs' motion to compel seeking information concerning defendant's document retention, preservation, search and collection procedures); *Hanan v. Corso*, 1998 U.S. Dist. LEXIS 11877, at *24 (D.D.C. Apr. 24, 1998) (there is "no authority for the proposition that the Federal Rules of Civil Procedure contemplate that discovery is itself a fit subject for discovery").

Plaintiff's demand for information concerning Defendant's document retention policies for undefined sources of information, most of which are not likely to have any bearing on this case, is also objectionable for exceeding the scope of permissible discovery. *See, e.g., Watkins v. HireRight*, No. 3:13-cv-01432 (S.D. Cal. Nov. 18, 2013) (denying plaintiff's motion to compel production of Rule 30(b)(6) witness on the topics of how defendant's systems operate and efforts to preserve electronic data, because plaintiff was "not entitled to independently assess the adequacy of defendant's preservation[,]" nor was plaintiff entitled to deposition on the "structure of the [defendant's] computer system"); *Miller v. York Risk Services Group*, 2014 WL 1456349 (D. Ariz. April 15, 2014) ("Plaintiffs contend that starting with discovery of the manner and means of how Defendant stores ESI will allow them to tailor requests in the future. The court's view is that starting discovery with such an inquiry puts the cart before the horse and likely will increase, rather than decrease, discovery disputes. Instead of beginning with a deposition that address nothing but process, discovery should start with inquiries that seek substantive information.") Furthermore, to the extent this Request is directed at Defendant's legal hold

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

90.

CASE NO. 19CV0411WQHMDD

procedures, Defendant notes that legal holds have been uniformly held to be privileged work product that is not discoverable as a matter of course. *See, e.g., Muro v. Target Corp.*, 250 F.R.D. 350 (N.D. Ill. 2007) (affirming Magistrate's ruling that defendant's litigation hold notices are both privileged and attorney work-product); *Turner v. Resort Condos. Int'l*, 2006 U.S. Dist. LEXIS 48561 (S.D. Ind. 2006) (affirming denial of plaintiff's motion to compel discovery of defendant's litigation hold, inter alia on "well founded" objection that litigation holds are privileged); *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116 (N.D. Ga. 2007) (ruling that litigation holds are not discoverable, because "[n]ot only is the document likely to constitute attorney work-product, but its compelled production could dissuade other businesses from issuing such instructions in the event of litigation").

Further, Defendant objects on the grounds that the information sought by the request concerning information systems is more appropriately addressed during meet and conferral sessions between counsels pursuant to Fed. R. Civ. P. 26(f). Defendant suggests that Plaintiff's counsel identify a date on which counsel may again meet and confer. Defendant further requests that Plaintiff withdraw this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All documents constituting or relating to Defendant's policies, procedures, or practices concerning the retention and preservation of documents or data pertaining to payroll, timekeeping, personnel, and human resources information during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request as not being within the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1), which is limited to that is which is "relevant

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

91.

CASE NO. 19CV0411WQHMDD

1  to any party's claim or defense and proportional to the needs of the

2  case[.]" Defendant further objects on the basis that Fed. R. Civ. P. 26(g)(1)(B)

3  requires that requests are not "interposed for an improper purpose" nor "unreasonable

4  nor unduly burdensome." Defendant also objects to the demand for information about

5  retention policies during the time period for this action, which Plaintiff argues

6  continues through present day and therefore seeks privileged work product and/or

7  attorney-client communications.

8      Defendant further objects to the demand for information concerning retention

9  policies, because discovery is self-executing and a party generally does not have to

10  defend what it has done to locate and produce responsive documents, nor must it

11  "prove" the reasonableness of its production. *See, Scotts Co., L.L.C. v. Liberty Mut.*

12  *Ins. Co.,* 2007 WL 1723509 (S.D. Ohio June 12, 2007) (the "discovery process is

13  designed to be extrajudicial, and relies upon the responding party to search his records

14  to produce the requested data," thus, "plaintiff is no more entitled to access to

15  defendant's electronic information storage systems than to defendant's warehouses

16  storing paper documents"); *Diepenhorst v. City of Battle Creek,* 2006 U.S. Dist.

17  LEXIS 48551, *10-11 (W.D. Mich. June 30, 2006) (noting that the "discovery process

18  is designed to be extrajudicial, and relies upon the responding party to search his

19  records to produce the requested data."); *Cache La Poudre Feeds, LLC v. Land*

20  *O'Lakes, Inc.,* 244 F.R.D. 614, 628 (D. Colo. 2007) ("in the typical case,

21  '[r]esponding parties are best situated to evaluate the procedures, methodologies, and

22  technologies appropriate for preserving and producing their own electronic data and

23  documents.'").

24      Defendant also objects to the Request because it seeks "discovery about

25  discovery" to simply validate discovery efforts, which has been routinely rejected by

26  courts as improper. *See, e.g., Freedman v. Weatherford Int'l,* 2014 WL 4547039

27  (S.D.N.Y. Sept. 12, 2014) (plaintiff's request for "discovery on discovery" denied for

28  failure to provide adequate factual basis for finding that defendant's original discovery

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

92.

CASE NO. 19CV0411WQHMDD

production was deficient); *Koninklijke Philips N.V. v. Hunt Control Sys., Inc.*, 2014 WL 1494517, at *4 (D.N.J. Apr. 16, 2014) (granting motion for protective order against deposition of IT witness where the moving party failed to show a "material deficiency" in the responding party's ediscovery process, noting that the party's "alleged dissatisfaction with the results of [the] production" was at best "speculative and suggestive"); *Larsen v. Coldwell Banker Real Estate Corp.*, 2012 WL 359466 (C.D. Cal. Feb. 2, 2012) (denying a request for a witness to answer questions under oath regarding its ESI preservation, collection, and processing); Steuben Foods, Inc. v. Country Gourmet Foods, L.L.C., 2011 U.S. Dist. LEXIS 43145, at **19-20 (W.D.N.Y. Apr. 21, 2011) ("Nor will the court grant [Defendant's] alternative request to conduct discovery directed to Plaintiff's document preservation actions in this case. Given the lack of colorable factual basis for [Defendant's] spoliation motion, such request amounts to one seeking to initiate a 'fishing expedition' based on mere speculation."); *Hubbard v. Potter*, 247 F.R.D. 27, 31 (D.D.C. 2008) (denying request for discovery on discovery about defendant's "process of preserving, locating and producing documents"); *In re Honeywell Int'l., Inc. Sec. Litig.*, 230 F.R.D. 293 (S.D.N.Y. 2003) (denying plaintiffs' motion to compel seeking information concerning defendant's document retention, preservation, search and collection procedures); *Hanan v. Corso*, 1998 U.S. Dist. LEXIS 11877, at *24 (D.D.C. Apr. 24, 1998) (there is "no authority for the proposition that the Federal Rules of Civil Procedure contemplate that discovery is itself a fit subject for discovery").

Plaintiff's demand for information concerning Defendant's document retention policies for undefined sources of information, most of which are not likely to have any bearing on this case, is also objectionable for exceeding the scope of permissible discovery. *See, e.g., Watkins v. HireRight*, No. 3:13-cv-01432 (S.D. Cal. Nov. 18, 2013) (denying plaintiff's motion to compel production of Rule 30(b)(6) witness on the topics of how defendant's systems operate and efforts to preserve electronic data, because plaintiff was "not entitled to independently assess the adequacy of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

93.

CASE NO. 19CV0411WQHMDD

1  defendant's preservation[,]" nor was plaintiff entitled to deposition on the "structure

2  of the [defendant's] computer system"); *Miller v. York Risk Services Group*, 2014

3  WL 1456349 (D. Ariz. April 15, 2014) ("Plaintiffs contend that starting with

4  discovery of the manner and means of how Defendant stores ESI will allow them to

5  tailor requests in the future. The court's view is that starting discovery with such an

6  inquiry puts the cart before the horse and likely will increase, rather than decrease,

7  discovery disputes. Instead of beginning with a deposition that address nothing but

8  process, discovery should start with inquiries that seek substantive information.")

9  Furthermore, to the extent this Request is directed at Defendant's legal hold

10  procedures, Defendant notes that legal holds have been uniformly held to be

11  privileged work product that is not discoverable as a matter of course. *See, e.g., Muro*

12  *v. Target Corp.*, 250 F.R.D. 350 (N.D. Ill. 2007) (affirming Magistrate's ruling that

13  defendant's litigation hold notices are both privileged and attorney work-product);

14  *Turner v. Resort Condos. Int'l*, 2006 U.S. Dist. LEXIS 48561 (S.D. Ind. 2006)

15  (affirming denial of plaintiff's motion to compel discovery of defendant's litigation

16  hold, inter alia on "well founded" objection that litigation holds are privileged);

17  *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116 (N.D. Ga. 2007) (ruling that

18  litigation holds are not discoverable, because "[n]ot only is the document likely to

19  constitute attorney work-product, but its compelled production could dissuade other

20  businesses from issuing such instructions in the event of litigation").

21    Further, Defendant objects on the grounds that the information sought by the

22  request concerning information systems is more appropriately addressed during meet

23  and conferral sessions between counsels pursuant to Fed. R. Civ. P. 26(f). Defendant

24  suggests that Plaintiff's counsel identify a date on which counsel may again meet and

25  confer. Defendant further requests that Plaintiff withdraw this Request.

26  **REQUEST FOR PRODUCTION NO. 68:**

27    All statements, questionnaires, affidavits and/or declarations Defendant has

28  collected from any person or company with respect to this litigation.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

94.

CASE NO. 19CV0411WQHMDD

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to the Request to the extent that it seeks privileged information, including, without limitation, information that was developed in anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant further objects to this Request on the grounds it is overbroad, as it is not limited in time. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "statements," "questionnaires," "affidavits," "declarations," and "collected" are vague, ambiguous, unduly broad, and overly burdensome.

Defendant further objects to this Request to the extent that it seeks information that requires substantial review of electronically stored information which may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendant. Defendant is still investigating what the reasonable and proportionate scope of electronic discovery should be, if any.

Defendant responds as follows: At this time, Defendant is not aware of any documents responsive to this request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 69:**

All documents that Defendant believes support its defenses in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendant incorporates its Preliminary Statement and Recurring Objections

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

95.

CASE NO. 19CV0411WQHMDD

1  from above, as if set forth in full herein.  Defendant objects on the grounds that this

2  Request seeks discovery on the merits of this action before certification of any class or

3  collective, thereby inappropriately requiring Defendant to inquire into the merits of

4  the proposed class or collective action to determine who may or may not be a member

5  of the class or collective. Defendant further objects to this Request on the grounds it is

6  overbroad, as it is not limited in time.

7         Defendant also objects on the grounds that this Request is premature since it

8  has not yet completed its investigation and discovery in this matter.  Defendant objects

9  that this Request seeks documents containing information that would not be produced

10  absent the entry of an acceptable protective order protecting the use and disclosure of

11  such information. Defendant objects to this Request on the grounds that this Request

12  calls for documents that are protected by the attorney-client privilege and/or attorney

13  work product doctrine.   Moreover, with respect to all of Defendant's affirmative

14  defenses, Defendant pled its affirmative defenses based upon information and belief at

15  the time of the filing of Defendant's to Plaintiff's Complaint, discovery has not

16  concluded, Defendant's investigation of Plaintiff's allegations is ongoing, and it is

17  therefore impossible for Defendant to be aware of all possible documents that support

18  the denial of Plaintiff's entire Complaint as of the time of this response.  Defendant

19  objects to this Request on the grounds that it is overly broad in scope and is unduly

20  burdensome, oppressive, and harassing.   Defendant objects to this Request on the

21  grounds that the Request fails to describe with reasonable particularity the documents

22  to be produced.

23         Defendant responds to this Request as follows:  Please see all documents being

24  produced in response to Plaintiff's Requests for Production of Documents, Set One.

25  Discovery is ongoing, and Defendant reserves its right to amend and/or supplement

26  this response.

27  **REQUEST FOR PRODUCTION NO. 70:**

28        All payroll records, including compensation records, payroll files (hard copy

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

96.

CASE NO. 19CV0411WQHMDD

1  and electronic), pay-stubs, and tax documents (such as W-2s and 1099s) for Named

2  Plaintiff Vladimir Amaraut, as well as all opt-in plaintiffs.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

4  Defendant incorporates its Preliminary Statement and Recurring Objections

5  from above, as if set forth in full herein. Defendant objects to this Request on the

6  grounds it is overbroad, as it is not limited in time. Defendant objects that this Request

7  seeks documents containing information that would not be produced absent the entry

8  of an acceptable protective order protecting the use and disclosure of such

9  information. Defendant objects on the grounds that this Request seeks information

10  which is premature and not relevant to Plaintiff's individual claims. Defendant further

11  objects on the grounds that this Request seeks information neither relevant nor

12  proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in

13  Plaintiff's Complaint. Defendant further objects to this Request on the grounds that

14  disclosure of the information sought would violate the privacy rights of third parties.

15  Defendant objects to this request as no "opt-in plaintiffs" have yet been identified.

16  Defendant further objects to this Request on the grounds that the terms "opt-in

17  plaintiffs," "payroll records," "compensation records," payroll files," and "pay-stubs"

18  are vague, ambiguous, unduly broad, and overly burdensome.

19  Limited to Plaintiff, Defendant responds to this Request as follows: Defendant

20  will produce Plaintiff's payroll records and W-2s within its possession, custody or

21  control as they become available and are labeled and prepared for production

22  **REQUEST FOR PRODUCTION NO. 71:**

23  All timesheets or time records for Named Plaintiff Vladimir Amaraut, as well as

24  all opt-in plaintiffs.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

26  Defendant incorporates its Preliminary Statement and Recurring Objections

27  from above, as if set forth in full herein. Defendant objects to this Request on the

28  grounds it is overbroad, as it is not limited in time. Defendant objects that this Request

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

97.

CASE NO. 19CV0411WQHMDD

seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to this Request on the grounds that the terms "timesheets" and "time records" are vague, ambiguous, unduly broad, and overly burdensome. Defendant objects to this request as no "opt-in plaintiffs" have yet been identified.

Limited to Plaintiff, Defendant responds to this Request as follows: Defendant will produce Plaintiff's time records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 72:**

All documents identified in Defendant's initial disclosures and any supplemental disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.

Defendant responds to this Request as follows: Please see all documents being produced in response to Plaintiff's Requests for Production of Documents, Set One. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 73:**

All documents concerning Defendant's investigations into the allegations asserted in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendant incorporates its Preliminary Statement and Recurring Objections

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

98.

CASE NO. 19CV0411WQHMDD

1  from above, as if set forth in full herein. Defendant objects to the Request to the

2  extent that it seeks privileged information, including, without limitation, information

3  that was developed in anticipation of or in preparation for litigation or that is protected

4  by attorney-client privilege and/or that constitutes attorney work product. Defendant

5  further objects to this Request on the grounds it is overbroad, as it is not limited in

6  time. Defendant objects to this request to the extent that it seeks the production of

7  electronically stored information on the grounds that such electronically stored

8  information, if any at all, may not be reasonably accessible and recovery of this data

9  would be an undue burden and expense to Defendant. Defendant objects on the

10  grounds that this Request seeks information neither relevant nor proportional to

11  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

12  Complaint. Defendant further objects to the extent this Request seeks the disclosure

13  of private, confidential, and/or proprietary business information. Defendant further

14  objects to this Request on the grounds that the terms "concerning" and

15  "investigations" are vague, ambiguous, unduly broad, and overly burdensome.

16  **REQUEST FOR PRODUCTION NO. 74:**

17  All organizational or flow charts or other documents pertaining to the corporate

18  structure or hierarchy of Defendant, including any documents identifying corporate

19  officers, other managerial employees, subsidiaries, predecessors, and/or parent

20  companies.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

22  Defendant incorporates its Preliminary Statement and Recurring Objections

23  from above, as if set forth in full herein. Defendant objects that this Request seeks

24  documents containing information that would not be produced absent the entry of an

25  acceptable protective order protecting the use and disclosure of such information.

26  Defendant objects to this Request on the grounds it is overbroad, as it is not limited in

27  time. Defendant objects to the Request to the extent that it seeks privileged

28  information, including, without limitation, information that was developed in

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

99.

CASE NO. 19CV0411WQHMDD

anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.   Defendant further objects to this Request on the grounds that the terms "organizational or flow charts," "other documents," "corporate structure," and "hierarchy" are overbroad and vague in the context of this request, and, as a result, this request does not describe the category of documents sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A).

**REQUEST FOR PRODUCTION NO. 75:**

Any documents relating to Defendant's settlement(s) with any Putative Class Member or Putative Collective Member arising out of wage-and-hour issues that are similar to those raised in Plaintiff's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this Request on the grounds it is overbroad, as it is not limited in time.   Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to the Request to the extent that it seeks privileged information, including, without limitation, information that was developed in anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.   Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

100.

CASE NO. 19CV0411WQHMDD

his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to this Request on the grounds that the terms "settlement(s)," "arising out of," "wage-and-hour issues," and "similar" are vague, ambiguous, unduly broad, and overly burdensome. Defendant objects to this Request to the extent it calls for a legal conclusion. Defendant further objects to this Request on the grounds that the phrases "Putative Class Member," "Putative Collective Member" and "similar to those raised in Plaintiff's Complaint" are overbroad and vague in the context of this request, and, as a result, this request does not describe the category of documents sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A).

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Defendant objects to this Request on the grounds that it seeks documents that are not relevant to the claims in this matter, as it seeks documents related to settlements with persons who are not parties to this litigation. Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.9308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

101.

CASE NO. 19CV0411WQHMDD

1  Request seeks the disclosure of private, confidential, and/or proprietary business
2  information.

3  **REQUEST FOR PRODUCTION NO. 76:**

4     Any documents relating to releases of claims alleged in this action signed by
5  Putative Class Members or Putative Collective Members.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

7     Defendant incorporates its Preliminary Statement and Recurring Objections
8  from above, as if set forth in full herein. Defendant objects to this Request on the
9  grounds it is overbroad, as it is not limited in time.  Defendant objects that this
10 Request seeks documents containing information that would not be produced absent
11 the entry of an acceptable protective order protecting the use and disclosure of such
12 information. Defendant objects to the Request to the extent that it seeks privileged
13 information, including, without limitation, information that was developed in
14 anticipation of or in preparation for litigation or that is protected by attorney-client
15 privilege and/or that constitutes attorney work product. Defendant further objects to
16 the extent this Request seeks the disclosure of private, confidential, and/or proprietary
17 business information.  Defendant further objects on the grounds that this Request
18 seeks information neither relevant nor proportional to Plaintiff's claim or defense of
19 his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further
20 objects to this Request on the grounds that the term "releases of claims" is vague,
21 ambiguous, unduly broad, and overly burdensome.  Defendant further objects to this
22 Request on the grounds that the phrases "Putative Class Members," "Putative
23 Collective Members" and "similar to those raised in Plaintiff's Complaint" are
24 overbroad and vague in the context of this request, and, as a result, this request does
25 not describe the category of documents sought with reasonable particularity as
26 required by Fed. R. Civ. P. 34(b)(1)(A).

27    Defendant objects to this Request to the extent that it seeks information directed
28 toward discovery on the merits of the claims of the putative class prior to certification

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

102.

CASE NO. 19CV0411WQHMDD

1  rather than toward the propriety of class certification and thus, is premature, unduly

2  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

3  not entitled to the discovery he seeks as he has not established a *prima facie* case for

4  class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

5  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

6  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

7  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

8  certification risk "substantial prejudice to a defendant" because they would "not be

9  accompanied by the traditional rules and procedures of civil trials").   Defendant

10 further objects to this Request on the grounds that Plaintiff is not entitled to statewide

11 discovery or to discovery for locations, job sites or operations for which or at which

12 he never worked.

13      Defendant objects to this Request on the grounds that it seeks documents that

14 are not relevant to the claims in this matter, as it seeks documents related to

15 settlements with persons who are not parties to this litigation.   Defendant further

16 objects to this Request on the grounds that disclosure of the information sought would

17 violate the privacy rights of third parties. Defendant further objects to the extent this

18 Request seeks the disclosure of private, confidential, and/or proprietary business

19 information.

20 **REQUEST FOR PRODUCTION NO. 77:**

21      All documents identified in response to Plaintiff's Interrogatories, Set One

22 propounded on Defendant, or non-privileged documents that relate to the subject

23 matter of those Interrogatories, and any supplemental Interrogatories.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

25      Defendant incorporates its Preliminary Statement and Recurring Objections

26 from above, as if set forth in full herein. Defendant objects to the Request to the extent

27 that it seeks privileged information, including, without limitation, information that

28 was developed in anticipation of or in preparation for litigation or that is protected by

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

103.

CASE NO. 19CV0411WQHMDD

attorney-client privilege and/or that constitutes attorney work product. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request on the grounds it is overbroad, as it is not limited in time.   Defendant objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.   Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Defendant responds to this Request as follows:   Please see all documents being produced in response to Plaintiff's Requests for Production of Documents, Set One.   Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 78:**

All documents relating to Defendant's methodologies for compensating

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.9368

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

104.

CASE NO. 19CV0411WQHMDD

Plaintiff and Putative Collective Members during the FLSA Collective Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "methodologies" and "compensating" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds as follows:  Defendant will produce compensation policies and Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 79:**

All documents relating to Defendant's methodologies for compensating

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

105.

CASE NO. 19CV0411WQHMDD

1  Plaintiff and Putative Class Members during the Class Time Period.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

3  Defendant incorporates its Preliminary Statement and Recurring Objections

4  from above, as if set forth in full herein.  Defendant objects that this Request seeks

5  documents containing information that would not be produced absent the entry of an

6  acceptable protective order protecting the use and disclosure of such information.

7  Defendant objects to this request as it is duplicative and cumulative of other Requests

8  and is solely propounded to harass and annoy. Defendant also objects to this Request

9  on the grounds that it seeks irrelevant and overbroad information based upon an

10  unduly broad definition of "Putative Class Members" and is not reasonably calculated

11  to lead to the discovery of admissible evidence relevant to Plaintiff's individual

12  claims. Defendant further objects on the grounds that this Request seeks information

13  neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour

14  claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this

15  Request seeks the disclosure of private, confidential, and/or proprietary business

16  information.  Defendant further objects to this Request on the grounds that the terms

17  "methodologies" and "compensating" are vague, ambiguous, unduly broad, and overly

18  burdensome; and the Request potentially seek documents protected by the attorney-

19  client privilege and attorney work product because it potentially seeks an innumerable

20  amount of documents.

21  Defendant objects to this Request to the extent that it seeks information directed

22  toward discovery on the merits of the claims of the putative class prior to certification

23  rather than toward the propriety of class certification and thus, is premature, unduly

24  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

25  not entitled to the discovery he seeks as he has not established a *prima facie* case for

26  class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006

27  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see*

28  *also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

106.

CASE NO. 19CV0411WQHMDD

1  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

2  certification risk "substantial prejudice to a defendant" because they would "not be

3  accompanied by the traditional rules and procedures of civil trials").    Defendant

4  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

5  discovery or to discovery for locations, job sites or operations for which or at which

6  he never worked.

7          Limited to Plaintiff, Defendant responds as follows: Defendant will produce

8  compensation policies and Plaintiff's time and payroll records within its possession,

9  custody or control as they become available and are labeled and prepared for

10  production.

11  **REQUEST FOR PRODUCTION NO. 80:**

12          All documents relating to Defendant's policies, practices, and procedures for

13  reimbursing Plaintiff and Putative Class Members' business expenses during the Class

14  Time Period.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

16          Defendant incorporates its Preliminary Statement and Recurring Objections

17  from above, as if set forth in full herein. Defendant objects that this Request seeks

18  documents containing information that would not be produced absent the entry of an

19  acceptable protective order protecting the use and disclosure of such information.

20  Defendant objects to this request as it is duplicative and cumulative of other Requests

21  and is solely propounded to harass and annoy. Defendant also objects to this Request

22  on the grounds that it seeks irrelevant and overbroad information based upon an

23  unduly broad definition of "Putative Class Members" and is not reasonably calculated

24  to lead to the discovery of admissible evidence relevant to Plaintiff's individual

25  claims. Defendant further objects to the extent this Request seeks the disclosure of

26  private, confidential, and/or proprietary business information.   Defendant further

27  objects to this Request on the grounds that the terms "policies," "practices,"

28  "procedures," "reimbursing," and "business expenses" are vague, ambiguous, unduly

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE                107.                CASE NO. 19CV0411WQHMDD

1   broad, and overly burdensome; and the Request potentially seek documents protected

2   by the attorney-client privilege and attorney work product because it potentially seeks

3   an innumerable amount of documents.

4       Defendant objects to this Request to the extent that it seeks information directed

5   toward discovery on the merits of the claims of the putative class prior to certification

6   rather than toward the propriety of class certification and thus, is premature, unduly

7   burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

8   not entitled to the discovery he seeks as he has not established a *prima facie* case for

9   class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

10  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

11  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

12  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

13  certification risk "substantial prejudice to a defendant" because they would "not be

14  accompanied by the traditional rules and procedures of civil trials"). Defendant further

15  objects to this Request on the grounds that Plaintiff is not entitled to statewide

16  discovery or to discovery for locations, job sites or operations for which or at which

17  he never worked.

18      Limited to Plaintiff, Defendant responds as follows: Defendant will produce

19  compensation and travel and expense reimbursement policies, a pay code abbreviation

20  key, and Plaintiff's payroll records within its possession, custody or control as they

21  become available and are labeled and prepared for production.

22  **REQUEST FOR PRODUCTION NO. 81:**

23      All documents reflecting Plaintiff and Putative Class Members' requests for

24  business expense reimbursement during the Class Time Period, including but not

25  limited to Defendant's responses to said requests and any payment(s) Defendant made

26  in response to said requests.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

28      Defendant incorporates its Preliminary Statement and Recurring Objections

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

108.

CASE NO. 19CV0411WQHMDD

from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "requests," "business expense reimbursement," "responses," and "payment(s)" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").  Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

109.

CASE NO. 19CV0411WQHMDD

1  discovery or to discovery for locations, job sites or operations for which or at which

2  he never worked.

3      Limited to Plaintiff, Defendant responds as follows:  Defendant will produce

4  compensation and travel and expense reimbursement policies. Discovery is ongoing,

5  and Defendant reserves its right to amend and/or supplement this response.

6  **REQUEST FOR PRODUCTION NO. 82:**

7      All documents relating to Defendant's policies, practices, and procedures for

8  reimbursing Plaintiff and Putative Collective Members' business expenses during the

9  FLSA Collective Time Period.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

11     Defendant incorporates its Preliminary Statement and Recurring Objections

12  from above, as if set forth in full herein. Defendant objects that this Request seeks

13  documents containing information that would not be produced absent the entry of an

14  acceptable protective order protecting the use and disclosure of such information.

15  Defendant objects to this request as it is duplicative and cumulative of other Requests

16  and is solely propounded to harass and annoy. Defendant objects to this Request on

17  the grounds that it seeks irrelevant and overbroad information based upon an unduly

18  broad definition of "Putative Collective Members" and is not reasonably calculated to

19  lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

20  Defendant objects on the grounds that this Request seeks information which is

21  premature and not relevant to Plaintiff's individual claims.  Defendant further objects

22  on the grounds that this Request seeks information neither relevant nor proportional to

23  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

24  Complaint.  Defendant further objects to the extent this Request seeks the disclosure

25  of private, confidential, and/or proprietary business information.  Defendant further

26  objects to this Request on the grounds that the terms "policies," "practices,"

27  "procedures," "reimbursing," and "business expenses" are vague, ambiguous, unduly

28  broad, and overly burdensome; and the Request potentially seek documents protected

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

110.

CASE NO. 19CV0411WQHMDD

by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds as follows:  Defendant will produce compensation and travel and expense reimbursement policies, a pay code abbreviation key, and Plaintiff's payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 83:**

All documents reflecting Plaintiff and Putative Collective Members' requests for business expense reimbursement during the FLSA Collective Time Period, including but not limited to Defendant's responses to said requests and any payment(s) Defendant made in response to said requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy.  Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims.  Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "requests," "business expense

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

111.

CASE NO. 19CV0411WQHMDD

reimbursement," "responses," and "payment(s)" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds as follows:   Defendant will produce compensation and travel and expense reimbursement policies. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 84:**

All documents relating to Defendant's policies, practices, and procedures for making deductions from the wages of Plaintiff and Putative Class Members' during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant further objects to this Request on the grounds that the terms "policies," "practices," "procedures," "making," "deductions," and "wages" are

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

112.

CASE NO. 19CV0411WQHMDD

1  vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially

2  seek documents protected by the attorney-client privilege and attorney work product

3  because it potentially seeks an innumerable amount of documents.

4      Defendant objects to this Request to the extent that it seeks information directed

5  toward discovery on the merits of the claims of the putative class prior to certification

6  rather than toward the propriety of class certification and thus, is premature, unduly

7  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

8  not entitled to the discovery he seeks as he has not established a *prima facie* case for

9  class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

10  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

11  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

12  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

13  certification risk "substantial prejudice to a defendant" because they would "not be

14  accompanied by the traditional rules and procedures of civil trials").   Defendant

15  further objects to this Request on the grounds that Plaintiff is not entitled to statewide

16  discovery or to discovery for locations, job sites or operations for which or at which

17  he never worked.

18      Limited to Plaintiff, Defendant responds as follows:   Defendant will produce

19  compensation policies and Plaintiff's payroll records within its possession, custody or

20  control as they become available and are labeled and prepared for production.

21  **REQUEST FOR PRODUCTION NO. 85:**

22      All documents relating to Defendant's policies, practices, and procedures for

23  making deductions from the wages of Plaintiff and Putative Collective Members'

24  during the FLSA Collective Time Period.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

26      Defendant incorporates its Preliminary Statement and Recurring Objections

27  from above, as if set forth in full herein.   Defendant objects that this Request seeks

28  documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

113.

CASE NO. 19CV0411WQHMDD

1   acceptable protective order protecting the use and disclosure of such information.

2   Defendant objects to this request as it is duplicative and cumulative of other Requests

3   and is solely propounded to harass and annoy. Defendant objects to this Request on

4   the grounds that it seeks irrelevant and overbroad information based upon an unduly

5   broad definition of "Putative Collective Members" and is not reasonably calculated to

6   lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

7   Defendant objects on the grounds that this Request seeks information which is

8   premature and not relevant to Plaintiff's individual claims.  Defendant further objects

9   on the grounds that this Request seeks information neither relevant nor proportional to

10  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

11  Complaint.  Defendant further objects to the extent this Request seeks the disclosure

12  of private, confidential, and/or proprietary business information.  Defendant further

13  objects to this Request on the grounds that the terms "policies," "practices,"

14  "procedures," "making," "deductions," and "wages" are vague, ambiguous, unduly

15  broad, and overly burdensome; and the Request potentially seek documents protected

16  by the attorney-client privilege and attorney work product because it potentially seeks

17  an innumerable amount of documents.

18      Limited to Plaintiff, Defendant responds as follows:  Defendant will produce

19  compensation policies and Plaintiff's payroll records within its possession, custody or

20  control as they become available and are labeled and prepared for production.

21  **REQUEST FOR PRODUCTION NO. 86:**

22      All documents relating to Defendant's policies, practices, and procedures for

23  appeals of commission chargebacks by Plaintiff and Putative Class Members' during

24  the Class Time Period.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

26      Defendant incorporates its Preliminary Statement and Recurring Objections

27  from above, as if set forth in full herein. Defendant objects that this Request seeks

28  documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

114.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information.   Defendant further objects to this Request on the grounds that the terms "policies," "practices," "procedures," "appeals," and "commission chargebacks" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds as follows:  Defendant will produce

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

115.

CASE NO. 19CV0411WQHMDD

1  compensation/commission policies and Plaintiff's payroll records within its

2  possession, custody or control as they become available and are labeled and prepared

3  for production.

4  **REQUEST FOR PRODUCTION NO. 87:**

5     All documents relating to Defendant's policies, practices, and procedures for

6  appeals of commission chargebacks by Plaintiff and Putative Collective Members'

7  during the FLSA Collective Time Period.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

9     Defendant incorporates its Preliminary Statement and Recurring Objections

10  from above, as if set forth in full herein. Defendant objects that this Request seeks

11  documents containing information that would not be produced absent the entry of an

12  acceptable protective order protecting the use and disclosure of such information.

13  Defendant objects to this request as it is duplicative and cumulative of other Requests

14  and is solely propounded to harass and annoy. Defendant objects to this Request on

15  the grounds that it seeks irrelevant and overbroad information based upon an unduly

16  broad definition of "Putative Collective Members" and is not reasonably calculated to

17  lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

18  Defendant objects on the grounds that this Request seeks information which is

19  premature and not relevant to Plaintiff's individual claims.  Defendant further objects

20  on the grounds that this Request seeks information neither relevant nor proportional to

21  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

22  Complaint.  Defendant further objects to the extent this Request seeks the disclosure

23  of private, confidential, and/or proprietary business information.  Defendant further

24  objects to this Request on the grounds that the terms "policies," "practices,"

25  "procedures," "appeals," and "commission chargebacks" are vague, ambiguous,

26  unduly broad, and overly burdensome; and the Request potentially seek documents

27  protected by the attorney-client privilege and attorney work product because it

28  potentially seeks an innumerable amount of documents.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.9300

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

116.

CASE NO. 19CV0411WQHMDD

Limited to Plaintiff, and Defendant's understanding of this Request, Defendant responds as follows: Defendant will produce compensation/commission policies and Plaintiff's payroll records within its possession, custody or control as they become available and are labeled and prepared for production. Defendant will also produce documents and material regarding its Commission Web Portal and its internal appeal process for missing activation commission..

**REQUEST FOR PRODUCTION NO. 88:**

All policies and procedures related to usage of personal telephones by Putative Collective Members were required to use while working for Defendant during the FLSA Collective Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

117.

CASE NO. 19CV0411WQHMDD

1    the grounds that the terms "policies," "procedures," "usage," "personal telephones,"

2    "required," "use," and "working" are vague, ambiguous, unduly broad, and overly

3    burdensome.

4         Limited to Plaintiff, Defendant responds as follows:  Defendant will produce

5    compensation and travel and expense reimbursement policies, and Plaintiff's payroll

6    records within its possession, custody or control as they become available and are

7    labeled and prepared for production.

8    **REQUEST FOR PRODUCTION NO. 89:**

9         All policies and procedures related to usage of personal telephones by Putative

10   Class Members were required to use while working for Defendant during the Class

11   Time Period.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

13        Defendant incorporates its Preliminary Statement and Recurring Objections

14   from above, as if set forth in full herein. Defendant objects that this Request seeks

15   documents containing information that would not be produced absent the entry of an

16   acceptable protective order protecting the use and disclosure of such information.

17   Defendant objects to this request as it is duplicative and cumulative of other Requests

18   and is solely propounded to harass and annoy. Defendant also objects to this Request

19   on the grounds that it seeks irrelevant and overbroad information based upon an

20   unduly broad definition of "Putative Class Members" and is not reasonably calculated

21   to lead to the discovery of admissible evidence relevant to Plaintiff's individual

22   claims. Defendant further objects to the extent this Request seeks the disclosure of

23   private, confidential, and/or proprietary business information. Defendant further

24   objects to this Request on the grounds that the terms "policies," "procedures,"

25   "usage," "personal telephones," "required," "use," and "working" are vague,

26   ambiguous, unduly broad, and overly burdensome.

27        Defendant objects to this Request to the extent that it seeks information directed

28   toward discovery on the merits of the claims of the putative class prior to certification

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

118.

CASE NO. 19CV0411WQHMDD

rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").  Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds as follows:  Defendant will produce compensation and travel and expense reimbursement policies, and Plaintiff's payroll records within its possession, custody or control as they become available and are labeled and prepared for production.

**REQUEST FOR PRODUCTION NO. 90:**

All security camera footage and/or data of Putative Collective Members during the FLSA Collective Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

119.

CASE NO. 19CV0411WQHMDD

1  lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

2  Defendant objects on the grounds that this Request seeks information which is

3  premature and not relevant to Plaintiff's individual claims. Defendant further objects

4  on the grounds that this Request seeks information neither relevant nor proportional to

5  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

6  Complaint.

7      Defendant further objects to this Request on the grounds that disclosure of the

8  information sought would violate the privacy rights of third parties. Defendant further

9  objects to the extent this Request seeks the disclosure of private, confidential, and/or

10  proprietary business information. Defendant further objects to this Request on the

11  grounds that the term "security camera footage and/or data" is vague, ambiguous,

12  unduly broad, and overly burdensome. Defendant further objects to this request as it is

13  overbroad and unduly burdensome. Defendant objects to this request to the extent that

14  it seeks the production of electronically stored information on the grounds that such

15  electronically stored information, if any at all, may not be reasonably accessible and

16  recovery of this data would be an undue burden and expense to Defendant.

17      Limited to Plaintiff, Defendant responds as follows: At this time, Defendant is

18  not aware of any documents responsive to this request in its possession, custody or

19  control. Discovery is ongoing, and Defendant reserves its right to amend and/or

20  supplement this response.

21  **REQUEST FOR PRODUCTION NO. 91:**

22      All security camera footage and/or data of Putative Class Members during the

23  Class Time Period.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

25      Defendant incorporates its Preliminary Statement and Recurring Objections

26  from above, as if set forth in full herein. Defendant objects that this Request seeks

27  documents containing information that would not be produced absent the entry of an

28  acceptable protective order protecting the use and disclosure of such information.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

120.

CASE NO. 19CV0411WQHMDD

1  Defendant objects to this request as it is duplicative and cumulative of other Requests

2  and is solely propounded to harass and annoy. Defendant objects on the grounds that

3  this Request seeks information which is premature and not relevant to Plaintiff's

4  individual claims. Defendant also objects to this Request on the grounds that it seeks

5  irrelevant and overbroad information based upon an unduly broad definition of

6  "Putative Class Members" and is not reasonably calculated to lead to the discovery of

7  admissible evidence relevant to Plaintiff's individual claims. Defendant further objects

8  on the grounds that this Request seeks information neither relevant nor proportional to

9  Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

10  Complaint.  Defendant further objects to this Request on the grounds that disclosure

11  of the information sought would violate the privacy rights of third parties.  Defendant

12  further objects to the extent this Request seeks the disclosure of private, confidential,

13  and/or proprietary business information. Defendant further objects to this Request on

14  the grounds that the term "security camera footage and/or data" is vague, ambiguous,

15  unduly broad, and overly burdensome.

16      Defendant objects to this request to the extent that it seeks the production of

17  electronically stored information on the grounds that such electronically stored

18  information, if any at all, may not be reasonably accessible and recovery of this data

19  would be an undue burden and expense to Defendant.

20      Defendant objects to this Request to the extent that it seeks information directed

21  toward discovery on the merits of the claims of the putative class prior to certification

22  rather than toward the propriety of class certification and thus, is premature, unduly

23  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is

24  not entitled to the discovery he seeks as he has not established a *prima facie* case for

25  class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006

26  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*

27  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

28  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0368

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

121.

CASE NO. 19CV0411WQHMDD

1    certification risk "substantial prejudice to a defendant" because they would "not be

2    accompanied by the traditional rules and procedures of civil trials").   Defendant

3    further objects to this Request on the grounds that Plaintiff is not entitled to statewide

4    discovery or to discovery for locations, job sites or operations for which or at which

5    he never worked.

6          Limited to Plaintiff, Defendant responds as follows: At this time, Defendant is

7    not aware of any documents responsive to this request in its possession, custody or

8    control. Discovery is ongoing, and Defendant reserves its right to amend and/or

9    supplement this response.

10   **REQUEST FOR PRODUCTION NO. 92:**

11         All security records regarding the arrival and/or departure times for Putative

12   Collective Members during the FLSA Collective Time Period.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

14         Defendant incorporates its Preliminary Statement and Recurring Objections

15   from above, as if set forth in full herein. Defendant objects that this Request seeks

16   documents containing information that would not be produced absent the entry of an

17   acceptable protective order protecting the use and disclosure of such information.

18   Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

19   information based upon an unduly broad definition of "Putative Collective Members"

20   and is not reasonably calculated to lead to the discovery of admissible evidence

21   relevant to Plaintiff's individual claims. Defendant objects on the grounds that the

22   request for "all security records" and "arrival and/or departure times" are not

23   proportional to the needs of the case, as it seeks search of every instance of security

24   records regardless of its importance to resolving the issues in the case. Defendant

25   objects that the burden of searching for and producing security records outweighs any

26   benefit pursuant to Rule 26(b)(1). Defendant objects to this Request on the grounds

27   that it seeks private, privileged, and confidential commercial, financial, and/or

28   proprietary business information of Defendant and third parties to this litigation.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

122.

CASE NO. 19CV0411WQHMDD

1   Defendant also objects to this Request on the grounds it calls for documents that are

2   not within Defendant's possession, custody, or control.

3     Defendant further objects to this Request on the grounds that the phrase

4   "security records" is overbroad and vague in the context of this request, and, as a

5   result, this request does not describe the category of documents sought with

6   reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A).  Defendant further

7   objects on the grounds that this Request seeks information which is premature and not

8   relevant to Plaintiff's individual claims.  Defendant objects to this request to the extent

9   that it seeks the production of electronically stored information on the grounds that

10  such electronically stored information, if any at all, may not be reasonably accessible

11  and recovery of this data would be an undue burden and expense to Defendant.

12    Limited to Plaintiff, and Defendant's understanding of this Request, Defendant

13  responds as follows:  Defendant will produce opening and closing procedures and

14  instructions. Defendant will also produce a compilation of 2017 and 2018 alarm

15  record data prepared by Defendant's counsel, which it will produce as it becomes

16  available and is labeled and prepared for production. Defendant's counsel created this

17  compilation for production because the voluminous nature of the underlying alarm

18  record data hampered analysis of Plaintiff-related information.  Upon request,

19  Defendant will permit Plaintiff's counsel to inspect the 2017 and 2018 alarm record

20  data from which this produced compilation was created.  Discovery is ongoing, and

21  Defendant reserves its right to amend and/or supplement this response.

22  **REQUEST FOR PRODUCTION NO. 93:**

23    All security records regarding the arrival and/or departure times for Putative

24  Class Members during the Class Time Period.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

26    Defendant incorporates its Preliminary Statement and Recurring Objections

27  from above, as if set forth in full herein.  Defendant objects that this Request seeks

28  documents containing information that would not be produced absent the entry of an

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

123.

CASE NO. 19CV0411WQHMDD

acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "security records" and "arrival and/or departure times" are vague, ambiguous, unduly broad, and overly burdensome.

Defendant further objects to this Request to the extent that it seeks information that requires substantial review of electronically stored information which may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendant. Defendant is still investigating what the reasonable and proportionate scope of electronic discovery should be, if any.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

124.

CASE NO. 19CV0411WQHMDD

*Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, and Defendant's understanding of this Request, Defendant responds as follows:  Defendant will produce opening and closing procedures and instructions. Defendant will also produce a compilation of 2017 and 2018 alarm record data prepared by Defendant's counsel, which it will produce as it becomes available and is labeled and prepared for production. Defendant's counsel created this compilation for production because the voluminous nature of the underlying alarm record data hampered analysis of Plaintiff-related information. Upon request, Defendant will permit Plaintiff's counsel to inspect the 2017 and 2018 alarm record data from which this produced compilation was created.  Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 94:**

All documents reflecting attendance at trainings for Putative Collective Members during the FLSA Collective Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.9308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

125.

CASE NO. 19CV0411WQHMDD

Complaint. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the terms "attendance" and "trainings" are vague, ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant further objects to this Request to the extent that it seeks information that requires substantial review of electronically stored information which may not be reasonably accessible and recovery of this data would be an undue burden and expense to Defendant. Defendant is still investigating what the reasonable and proportionate scope of electronic discovery should be, if any.

Limited to Plaintiff, and Defendant's understanding of this request, Defendant responds as follows: Defendant will produce Plaintiff's time and payroll records within its possession, custody or control as they become available and are labeled and prepared for production. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 95:**

All documents reflecting attendance at trainings for Putative Class Members during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

126.

CASE NO. 19CV0411WQHMDD

1   to lead to the discovery of admissible evidence relevant to Plaintiff's individual
2   claims. Defendant further objects on the grounds that this Request seeks information
3   neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour
4   claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent this
5   Request seeks the disclosure of private, confidential, and/or proprietary business
6   information. Defendant further objects to this Request on the grounds that the terms
7   "attendance" and "trainings" are vague, ambiguous, unduly broad, and overly
8   burdensome; and the Request potentially seek documents protected by the attorney-
9   client privilege and attorney work product because it potentially seeks an innumerable
10  amount of documents.

11          Defendant further objects to this Request to the extent that it seeks information
12  that requires substantial review of electronically stored information which may not be
13  reasonably accessible and recovery of this data would be an undue burden and
14  expense to Defendant.   Defendant is still investigating what the reasonable and
15  proportionate scope of electronic discovery should be, if any.

16          Defendant objects to this Request to the extent that it seeks information directed
17  toward discovery on the merits of the claims of the putative class prior to certification
18  rather than toward the propriety of class certification and thus, is premature, unduly
19  burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is
20  not entitled to the discovery he seeks as he has not established a *prima facie* case for
21  class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006
22  (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see*
23  *also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle &*
24  *Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to
25  certification risk "substantial prejudice to a defendant" because they would "not be
26  accompanied by the traditional rules and procedures of civil trials"). Defendant further
27  objects to this Request on the grounds that Plaintiff is not entitled to statewide
28  discovery or to discovery for locations, job sites or operations for which or at which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR        127.        CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

1   he never worked.

2   Limited to Plaintiff, and Defendant's understanding of this request, Defendant

3   responds as follows:   Defendant will produce Plaintiff's time and payroll records

4   within its possession, custody or control as they become available and are labeled and

5   prepared for production. Discovery is ongoing, and Defendant reserves its right to

6   amend and/or supplement this response.

7   **REQUEST FOR PRODUCTION NO. 96:**

8   All documents relating to new hire paperwork for Putative Collective Members

9   during the FLSA Collective Time Period.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

11  Defendant incorporates its Preliminary Statement and Recurring Objections

12  from above, as if set forth in full herein. Defendant objects that this Request seeks

13  documents containing information that would not be produced absent the entry of an

14  acceptable protective order protecting the use and disclosure of such information.

15  Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad

16  information based upon an unduly broad definition of "Putative Collective Members"

17  and is not reasonably calculated to lead to the discovery of admissible evidence

18  relevant to Plaintiff's individual claims. Defendant objects on the grounds that this

19  Request seeks information which is premature and not relevant to Plaintiff's

20  individual claims.   Defendant further objects on the grounds that this Request seeks

21  information neither relevant nor proportional to Plaintiff's claim or defense of his

22  wage and hour claims as set forth in Plaintiff's Complaint.   Defendant further objects

23  to this Request on the grounds that disclosure of the information sought would violate

24  the privacy rights of third parties.   Defendant further objects to the extent this Request

25  seeks the disclosure of private, confidential, and/or proprietary business information.

26  Defendant further objects to this Request on the grounds that the term "new hire

27  paperwork" is ambiguous, unduly broad, and overly burdensome; and the Request

28  potentially seek documents protected by the attorney-client privilege and attorney

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

128.

CASE NO. 19CV0411WQHMDD

work product because it potentially seeks an innumerable amount of documents.

Limited to Plaintiff, Defendant responds as follows: Defendant will produce onboarding materials and Plaintiff's personnel file.

**REQUEST FOR PRODUCTION NO. 97:**

All documents relating to new hire paperwork for Putative Class Members during the Class Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this request, as it is duplicative and cumulative of other Requests and is solely propounded to harass and annoy. Defendant also objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that this Request seeks information neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant further objects to this Request on the grounds that disclosure of the information sought would violate the privacy rights of third parties. Defendant further objects to the extent this Request seeks the disclosure of private, confidential, and/or proprietary business information. Defendant further objects to this Request on the grounds that the term "new hire paperwork" is ambiguous, unduly broad, and overly burdensome; and the Request potentially seek documents protected by the attorney-client privilege and attorney work product because it potentially seeks an innumerable amount of documents.

Defendant objects to this Request to the extent that it seeks information directed

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

129.

CASE NO. 19CV0411WQHMDD

toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds as follows:  Defendant will produce onboarding materials and Plaintiff's personnel file.

**REQUEST FOR PRODUCTION NO. 98:**

All orientation documents for Putative Collective Members during the FLSA Collective Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks documents containing information that would not be produced absent the entry of an acceptable protective order protecting the use and disclosure of such information. Defendant objects to this Request on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Collective Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant objects on the grounds that this Request seeks information which is premature and not relevant to Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

130.

CASE NO. 19CV0411WQHMDD

1   individual claims.  Defendant further objects on the grounds that this Request seeks
2   information neither relevant nor proportional to Plaintiff's claim or defense of his
3   wage and hour claims as set forth in Plaintiff's Complaint.  Defendant further objects
4   to the extent this Request seeks the disclosure of private, confidential, and/or
5   proprietary business information.  Defendant further objects to this Request on the
6   grounds that the term "orientation documents" is ambiguous, unduly broad, and overly
7   burdensome.

8      Limited to Plaintiff, Defendant responds as follows:  Defendant will produce
9   onboarding materials and Plaintiff's personnel file.

10  **REQUEST FOR PRODUCTION NO. 99:**

11     All orientation documents for Putative Class Members during the Class Time
12  Period.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

14     Defendant incorporates its Preliminary Statement and Recurring Objections
15  from above, as if set forth in full herein. Defendant objects that this Request seeks
16  documents containing information that would not be produced absent the entry of an
17  acceptable protective order protecting the use and disclosure of such information.
18  Defendant objects to this request as it is duplicative and cumulative of other Requests
19  and is solely propounded to harass and annoy. Defendant objects on the grounds that
20  this Request seeks information which is premature and not relevant to Plaintiff's
21  individual claims. Defendant also objects to this Request on the grounds that it seeks
22  irrelevant and overbroad information based upon an unduly broad definition of
23  "Putative Class Members" and is not reasonably calculated to lead to the discovery of
24  admissible evidence relevant to Plaintiff's individual claims.

25     Defendant further objects on the grounds that this Request seeks information
26  neither relevant nor proportional to Plaintiff's claim or defense of his wage and hour
27  claims as set forth in Plaintiff's Complaint. Defendant further objects to the extent
28  this Request seeks the disclosure of private, confidential, and/or proprietary business

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

131.

CASE NO. 19CV0411WQHMDD

information. Defendant further objects to this Request on the grounds that the term "orientation documents" is ambiguous, unduly broad, and overly burdensome.

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.   *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Limited to Plaintiff, Defendant responds as follows:  Defendant will produce onboarding materials and Plaintiff's personnel file.

**REQUEST FOR PRODUCTION NO. 100:**

All electronic communications sent to or sent by Plaintiff or any opt-in plaintiffs during the Relevant Time Periods.  This includes, without limitation:  all emails sent to email accounts for which Plaintiff or opt-in plaintiffs had sole or shared responsibility, such as company email accounts, email accounts for Plaintiff's or opt-in plaintiffs' work locations, any email accounts assigned to Plaintiff or opt-in plaintiffs by Defendant, or Plaintiff's or opt-in plaintiffs' personal email accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects that this Request seeks

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

132.

CASE NO. 19CV0411WQHMDD

1   documents containing information that would not be produced absent the entry of an

2   acceptable protective order protecting the use and disclosure of such information.

3   Defendant also objects to the Request to the extent that it seeks privileged

4   information, including, without limitation, information that was developed in

5   anticipation of or in preparation for litigation or that is protected by attorney-client

6   privilege and/or that constitutes attorney work product. Defendant further objects to

7   this Request on the grounds it is overbroad, as it is not limited in time.

8       Defendant further objects to this Request on the grounds it is overbroad, as it is

9   not limited in time. Defendant objects to this request as no "opt-in plaintiffs" have yet

10  been identified. Defendant further objects on the grounds that this Request seeks

11  information which is premature and not relevant to Plaintiff's individual claims.

12  Defendant further objects on the grounds that this Request seeks information neither

13  relevant nor proportional to Plaintiff's claim or defense of his wage and hour claims as

14  set forth in Plaintiff's Complaint. Defendant further objects to this Request on the

15  grounds that disclosure of the information sought would violate the privacy rights of

16  third parties.  Defendant further objects to the extent this Request seeks the disclosure

17  of private, confidential, and/or proprietary business information.  Defendant further

18  objects to this Request on the grounds that the terms "electronic communications" and

19  "Relevant Time Periods" are not defined; further, as phrased, they are ambiguous,

20  unduly broad, and overly burdensome.

21      Defendant objects to this Request to the extent that it seeks information that

22  requires substantial review of electronically stored information which may not be

23  reasonably accessible and recovery of this data would be an undue burden and

24  expense to Defendant. Defendant is still investigating what the reasonable and

25  proportionate scope of e-mail discovery should be, if any, and if necessary, will meet

26  and confer regarding relevant custodians, timeframes, and search parameters.

27  **REQUEST FOR PRODUCTION NO. 101:**

28      All emails and communications to or from any of Defendant's employees

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR       133.       CASE NO. 19CV0411WQHMDD
PRODUCTION OF DOCUMENTS – SET ONE

(including by Plaintiff, Putative Class Members, and Putative Collective Members), managers, supervisors, executives, principals, or agents that include any of the following terms:

- Overtime
- OT
- Over-time
- Double-time
- Post-shift
- "post shift"
- "Off the clock"
- Off-the-clock
- Time w/10 discrepanc!
- Pay! w/10 discrepanc!
- Missing w/10 pay
- Missing w/10 time
- Missing w/10 hour~
- Pay! w/10 issue~
- Pay! w/10 mistake~
- Pay! w/10 problem
- Pay! w/10 adjust!
- Miss! w/10 meal~
- Miss! w/10 break~
- Miss! w/10 rest!
- Miss! w/10 travel
- Meal w/10 "on duty"
- Lunch w/10 "on duty"
- Lunch w/10 "on site"

- "Double time"
- DT
- Pre-shift
- "pre shift"
- Mean w/10 include!
- lunch w/10 location
- lunch w/10 "time card"
- lunch w/10 "time sheet"
- lunch w/10 sheet
- lunch w/10 card
- lunch w/10 include!
- break w/10 location
- break w/10 "time card"
- break w/10 "time sheet"
- break w/10 sheet
- break w/10 card
- break w/10 include!
- Lunch w/10 no!
- Break w/10 "on duty"
- Break w/10 no!
- Break w/10 "on site"
- Payroll w/10 complain!
- Meal w/10 complain!
- Rest w/10 complain!

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

134.

CASE NO. 19CV0411WQHMDD

- Meal w/10 "on site"
- Meal w/10 no!
- Meal w/10 location
- Meal w/10 "time card"
- Meal w/10 "time sheet"
- Meal w/10 sheet
- Meal w/10 card
- Back w/10 pay
- Retro w/10 pay
- "Premium pay"
- "Per diem"
- "Second meal"
- "Travel time"
- "Drive time"
- "On call"
- On-call
- Retaliation
- Retaliate
- Reimburs! w/10 expen!
- Business w/10 expen!
- Expense w/10 report
- "time card" w/10 complain!
- Card w/10 complain!
- "time sheet" w/10 complain!
- Sheet w/10 complain!

- Lunch w/10 complain!
- Break w/10 complain!
- Expen! w/10 complain!
- Reimburs! w/10 complain!
- Unpaid w/10 time
- Unpaid w/10 hour~
- Late w/10 work
- "time card" w/10 change!
- Card w/10 change!
- "time sheet" w/10 change!
- Sheet w/10 change!
- "time card" w/10 alter
- Card w/10 alter
- "time sheet" w/10 alter
- Sheet w/10 alter
- "time sheer w/10 reduc!
- Sheet w/10 reduc!
- "time card" w/10 reduc!
- Card w/10 reduc!
- Travel w/10 expense
- Chargeback!
- Reimb! w/10 expense!
- Reimb! w/10 telephone
- Reimb! w/10 phone
- Reimb! w/10 mileage

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Defendant incorporates its Preliminary Statement and Recurring Objections

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   from above, as if set forth in full herein. Defendant objects to this Request on the

2   grounds it is overbroad, as it is not limited in time. Defendant objects that this Request

3   seeks documents containing information that would not be produced absent the entry

4   of an acceptable protective order protecting the use and disclosure of such

5   information.  Defendant objects on the grounds that this Request seeks information

6   which is premature and not relevant to Plaintiff's individual claims. Defendant further

7   objects to this Request on the grounds that it seeks irrelevant and overbroad

8   information based upon an unduly broad definition of "Putative Collective Members"

9   and "Putative Class Members" that are not reasonably calculated to lead to the

10  discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant

11  further objects to this Request on the grounds that the terms "emails,"

12  "communications," "employees," "managers," "supervisors," "executives,"

13  "principals," and "agents" are ambiguous, unduly broad, and overly burdensome.

14       Defendant further objects to this Request on the grounds that disclosure of the

15  information sought would violate the privacy rights of third parties.  Defendant further

16  objects to the extent this Request seeks the disclosure of private, confidential, and/or

17  proprietary business information.  Defendant also objects to the Request to the extent

18  that it seeks privileged information, including, without limitation, information that

19  was developed in anticipation of or in preparation for litigation or that is protected by

20  attorney-client privilege and/or that constitutes attorney work product.

21       Defendant objects to this Request to the extent that it seeks information that

22  requires substantial review of electronically stored information which may not be

23  reasonably accessible and recovery of this data would be an undue burden and

24  expense to Defendant.  Defendant objects that the form of the request is inappropriate,

25  as search terms are not appropriate for requests for production under the Federal Rules

26  of Civil Procedure.  Defendant is still investigating what the reasonable and

27  proportionate scope of e-mail discovery should be, if any, and if necessary, will meet

28  and confer regarding relevant custodians, timeframes, and search parameters.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

136.

CASE NO. 19CV0411WQHMDD

Defendant objects to this Request to the extent that it seeks information directed toward discovery on the merits of the claims of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment.  *See Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials").   Defendant further objects to this Request on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked.

Dated: August 16, 2019

**LITTLER MENDELSON, P.C.**

By: _____
EMILY T. PATAJO
HOVANNES G. NALBANDYAN
Attorneys for Defendant
SPRINT/UNITED MANAGEMENT
COMPANY

FIRMWIDE:165985935.4 099449.1010

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS – SET ONE

137.

CASE NO. 19CV0411WQHMDD

# Exhibit 4

1  EMILY T. PATAJO, Bar No. 250212
   epatajo@littler.com
2  **LITTLER MENDELSON, P.C.**
   2049 Century Park East, 5th Floor
3  Los Angeles, California  90067.3107
   Telephone: 310.553.0308
4  Facsimile:  310.553.5583

5  HOVANNES G. NALBANDYAN, Bar No. 300364
   hnalbandyan@littler.com
6  **LITTLER MENDELSON, P.C.**
   633 West 5th Street
7  63rd Floor
   Los Angeles, CA  90071
8  Telephone: 213.443.4300
   Facsimile:  213.443.4299

9
   Attorneys for Defendant
10 SPRINT/UNITED MANAGEMENT COMPANY

11              **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13 | VLADIMIR AMARAUT, on behalf of | Case No. 3:19-CV-0411-WQH-MDD
   | himself and all others similarly |
14 | situated, | HONORABLE WILLIAM Q. HAYES,
   | | COURTROOM 14B
15 |           Plaintiff, |
   | | HONORABLE MAGISTRATE
16 | v. | JUDGE, MITCHELL D. DEMBIN
17 | SPRINT/UNITED MANAGEMENT | **DEFENDANT'S RESPONSE TO**
   | COMPANY, | **PLAINTIFF'S SPECIAL**
18 | | **INTERROGATORIES – SET ONE**
19 |           Defendant. | Complaint Filed:  February 28, 2019
   | | Trial Date: None Set
20

21 PROPOUNDING PARTY:    Plaintiff, VLADIMIR AMARAUT
22

23 RESPONDING PARTY:    Defendant, SPRINT/UNITED MANAGEMENT
24                       COMPANY

25 SET NO.:              ONE (1)

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE                    1                    CASE NO. 19CV0411WQHMDD
FIRMWIDE:166025569.1 099449.1010

Pursuant to the Federal Rules of Civil Procedure Rule 33, Defendant SPRINT/UNITED MANAGEMENT COMPANY ("Defendant") hereby responds to Plaintiff VLADIMIR AMARAUT's ("Plaintiff") Special Interrogatories, Set One, as follows:

### PRELIMINARY STATEMENT

Defendant has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses contained herein are based only upon the information and documentation presently available and known to Defendant. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses. Accordingly, Defendant reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts and contentions. Subject to the objections asserted herein, Defendant's responses are made in a good faith effort to reasonably respond to Plaintiff's interrogatories based upon presently available information and documentation. These responses and objections should not be construed to prejudice Defendant's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Defendant's right to utilize any additional evidence that may be developed.

By making these responses, Defendant does not concede that the information sought is relevant. Each of these responses or objections is based on Defendant's understanding of each individual interrogatory herein. To the extent that Plaintiffs assert an interpretation of any Interrogatories that is inconsistent with Defendant's understanding, Defendant reserves the right to supplement its responses and objections.

The responses and objections are made without intending to waive or waiving but, on the contrary, intending to preserve and preserving: 1) the right to raise in any

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

2

CASE NO. 19CV0411WQHMDD

1    subsequent proceeding or in the trial of this or any other action all questions of

2    relevancy, materiality, privilege, and evidentiary admissibility of any response herein;

3    2) the right to object on any ground to the use or introduction into evidence of said

4    interrogatory response in any subsequent proceeding or in the trial of this or any other

5    action on any ground; 3) the right to object on any ground at any time to

6    interrogatories or other discovery involving said interrogatories or the subject matter

7    thereof; and (4) the right to seek entry of an appropriate protective order.

8                                    **RECURRING OBJECTIONS**

9         Defendant's response to each and every one of the Interrogatories is subject to

10    the Recurring Objections set forth below.  In addition to those objections which may

11    be specifically set forth in response to a particular interrogatory, Defendant

12    incorporates (into each of the individual responses) the recurring objections set forth

13    below (to the extent applicable).  These objections form a part of the responses to each

14    and every interrogatory and are set forth here to avoid the duplication and repetition

15    involved in restating them for each response.

16         1.    Defendant objects to the Interrogatories and the "Definitions" contained

17    therein to the extent they seek information protected from disclosure by various

18    privileges, including, but not limited to, the attorney-client privilege and/or work-

19    product doctrines, and any other applicable statutory, common law, or constitutional

20    privileges. Any information provided in the following responses shall not constitute a

21    waiver of any of the privileges, immunities or objections enumerated herein.  Any

22    inadvertent disclosure of such information shall not be deemed a waiver of the

23    attorney-client privilege, the attorney work product doctrine, or any other applicable

24    privilege or immunity recognized by statute or case law.  To the extent Defendant

25    agrees to produce any such information, said information will only be produced

26    subject to entry of an appropriate protective order.

27         2.    Defendant objects to the Interrogatories and the "Definitions" contained

28    therein to the extent that the information sought is not specified with sufficient

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

3

CASE NO. 19CV0411WQHMDD

particularity or is not relevant to this action.   Such overbreadth renders these Interrogatories burdensome and oppressive.

3.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent they seek disclosure of trade secret and otherwise confidential and proprietary business information.  To the extent Defendant agrees to produce any such information, said information will only be produced subject to entry of an appropriate protective order.

4.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent they seek information protected from disclosure by the right to privacy of third parties, which Defendant is not authorized to waive.

5.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent they prematurely seek discovery of the identity, opinions and/or work product of any of Defendant's expert consultants.

6.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent to contain subparts and therefore exceed the 25-interrogatory limit prescribed by Fed. R. Civ. P. 33(a)(1).

7.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent they are vague and ambiguous, in that the manner in which specific Interrogatories are phrased creates confusion given the issues involved in the litigation.

8.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent they seek the preparation of a compilation or abstract in violation of Fed. R. Civ. P. 33(d).

9.      Defendant objects to the Interrogatories and the "Definitions" contained therein to the extent that they are burdensome and oppressive, and/or impose obligations inconsistent with or in addition to the Federal Rules of Civil Procedure and the Local Rules of this Court on Defendant.

10.     Defendant has not completed its discovery, investigation, or trial

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

4

CASE NO. 19CV0411WQHMDD

1   preparation in this case.   Therefore, these responses are made without prejudice to

2   Defendant's right to present additional evidence or contentions at trial based upon

3   information hereinafter obtained or evaluated.   Defendant reserves the right to

4   supplement or amend its responses or present additional evidence of contentions at a

5   later date.

6        11.   The following responses are subject to all objections if such statements

7   are offered in court, and all such objections are reserved and may be interposed at the

8   time of trial or at any other time.   Defendant is not making any incidental or implied

9   admissions regarding the contents of any response.   The fact that Defendant has

10   responded to any one of the Interrogatories should not be taken as an admission as to

11   the existence of any fact or veracity of any conclusion set forth in or assumed by the

12   interrogatory, or that such responses constitute admissible evidence.   The fact that

13   Defendant has answered any one of the Interrogatories is not intended to, nor shall it,

14   be construed as a waiver by it of all or any part of any objection to any of the

15   Interrogatories.

16        12.   All of the following responses are made subject to the forgoing recurring

17   objections, which are incorporated by reference into each of them. Each response is

18   further subject to any objection specifically stated therein.

19   **RESPONSES TO SPECIAL INTERROGATORIES**

20   **SPECIAL INTERROGATORY NO. 1:**

21        Identify all Putative Class Members, stating each individual's (a) full name; (b)

22   title and dates of employment with Defendant; (c) employment location(s) at which

23   the individual worked for Defendant; (d) last known residence, telephone number, and

24   cellular phone number; and (e) last known personal email address.

25   **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

26        Defendant incorporates its Preliminary Statement and Recurring Objections

27   from above, as if set forth in full herein. Defendant objects to this Interrogatory to the

28   extent that it seeks information directed toward discovery on the merits of the claims

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

5

CASE NO. 19CV0411WQHMDD

of the putative class prior to certification rather than toward the propriety of class certification and thus, is premature, unduly burdensome, and oppressive. Defendant objects on the ground that the information sought is protected from disclosure pursuant to the privacy rights of the individuals at issue. Defendant also objects to this interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims. Defendant also objects to the definition of "individual worked" on the grounds that it purports to include locations beyond that which Plaintiff worked, and therefore seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Defendant further objects that the definition of "Defendant" is vague, ambiguous, overly broad, and unintelligible and attempts to impose a burden on Defendant to produce information held by non-parties and other Sprint entities.

Defendant further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the constitutional right to privacy of third parties without notification to them and without obtaining their express permission. *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 658 (1975); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this Interrogatory on the grounds that Plaintiff is not entitled to statewide

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

6

CASE NO. 19CV0411WQHMDD

discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

**SPECIAL INTERROGATORY NO. 2:**

Identify all Putative Collective Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the ground that the information sought is protected from disclosure pursuant to the privacy rights of the individuals at issue. Defendant objects on the grounds that this Interrogatory seeks information which is premature and neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to the definition of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

7

CASE NO. 19CV0411WQHMDD

1  "individual worked" on the grounds that it purports to include locations beyond that

2  which Plaintiff worked, and therefore seeks information that is irrelevant and not

3  likely to lead to the discovery of admissible evidence and is not proportional to the

4  needs of the case. Defendant further objects that the definition of "Defendant" is

5  vague, ambiguous, overly broad, and unintelligible and attempts to impose a burden

6  on Defendant to produce information held by non-parties and other Sprint entities.

7  **SPECIAL INTERROGATORY NO. 3:**

8  List all job titles held by Plaintiff, Putative Class Members, and Putative

9  Collective Members employed by Defendant in the United States during the Relevant

10  Time Periods.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

12  Defendant incorporates its Preliminary Statement and Recurring Objections

13  from above, as if set forth in full herein.  Defendant objects on the grounds that this

14  Interrogatory seeks information which is premature and not relevant to Plaintiff's

15  individual claims.  Defendant further objects on the grounds that this Interrogatory

16  seeks information neither relevant to the subject matter of this action nor relevant or

17  proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in

18  Plaintiff's Complaint.  Defendant also objects to this Interrogatory on the grounds that

19  the term "job titles" is vague and ambiguous.  Defendant further objects to the extent

20  this Interrogatory seeks the disclosure of private, confidential, and/or proprietary

21  business information.  Defendant also objects to this Interrogatory on the grounds that

22  it seeks irrelevant and overbroad information based upon an unduly broad definition

23  of "Putative Class Members" and "Putative Collective Members," which are not

24  reasonably calculated to lead to the discovery of admissible evidence relevant to

25  Plaintiff's individual claims.

26  Defendant further objects on the grounds that Plaintiff is not entitled to the

27  discovery he seeks as he has not established a *prima facie* case for class treatment.

28  *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

8

CASE NO. 19CV0411WQHMDD

*v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.,* 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.,* 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America,* 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Vladimir Amaraut held the job titles of Retail Consultant and Lead Retail Consultant. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

9

CASE NO. 19CV0411WQHMDD

**SPECIAL INTERROGATORY NO. 4:**

Identify and describe, by job title, all duties performed by Plaintiff, Putative Class Members, and Putative Collective Members in the United States during the Relevant Time Periods.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "identify," "describe," "job title," and "duties" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

10

CASE NO. 19CV0411WQHMDD

grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to the position summaries for the Retail Consultant and Lead Retail Consultant positions produced hereto.

**SPECIAL INTERROGATORY NO. 5:**

Identify all job sites within the United States where Plaintiff, Putative Class Members, and Putative Collective Members worked for Defendant during the Relevant Time Periods.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.  Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims.  Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

11

CASE NO. 19CV0411WQHMDD

proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "identify" and "job sites" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects to this interrogatory on the grounds that it seeks information protected from disclosure by the constitutional right to privacy of third parties without notification to them and without obtaining their express permission. *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 658 (1975); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

12

CASE NO. 19CV0411WQHMDD

LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Vladimir Amaraut worked at the following locations:

- Sprint Store #2075, 255 Marketplace Avenue, Suite C2, San Diego, CA 92113
- Sprint Store #581, 2307 Fenton Parkway, Suite 101C, San Diego, CA 92108

Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**SPECIAL INTERROGATORY NO. 6:**

Identify all managers, supervisors, and other individuals with supervisory authority over Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods, including the locations at which the managers, supervisors, and other individuals with supervisory authority worked, and the dates thereon.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

13

CASE NO. 19CV0411WQHMDD

individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "identify," "managers," "supervisors," "other individuals," and "supervisory authority" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects to this interrogatory on the grounds that it seeks information protected from disclosure by the constitutional right to privacy of third parties without notification to them and without obtaining their express permission. *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 658 (1975); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 WL

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

14

CASE NO. 19CV0411WQHMDD

2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:

- Erik Sodik (#581 and #2075, District Manager Retail Sales)
- Michael Mazeres (#581, Manager Retail Store and Project Manager IV)
- Apiphany Williams (#581, Manager Retail Store, 8/1/2012-2/8/2017)
- Bianca Guzman (#581, Manager Retail Store)
- Monica Dyakanoff (#2075, 11/19/2012-9/4/2018)
- Anthony Perez (#2075, Manager Retail Store)
- Jaakan Walker (#2075, 4/8/2016-8/10/2018)
- Christian Oliva (#2075, Manager Retail Store)

Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

## SPECIAL INTERROGATORY NO. 7:

Describe all methods, procedures, and/or systems, electronic or otherwise, used by Defendant to record the number of hours worked by Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

15

CASE NO. 19CV0411WQHMDD

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "methods," "procedures," "systems," "record," and "worked" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

16

CASE NO. 19CV0411WQHMDD

different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to compensation and timekeeping policies and Plaintiff's payroll and time documents produced hereto.

**SPECIAL INTERROGATORY NO. 8:**

Describe Defendant's policies, practices, and procedures regarding the verification of hours worked by Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "policies," "practices," "procedures," "methods," "verification," and "worked" are vague and ambiguous. Defendant further objects to the extent this

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

17

CASE NO. 19CV0411WQHMDD

Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had]

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

18

CASE NO. 19CV0411WQHMDD

not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to compensation and timekeeping policies, verification questions, and Plaintiff's payroll and time documents produced hereto. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**SPECIAL INTERROGATORY NO. 9:**

Describe all methods used to monitor whether meal breaks are made available to Plaintiff and Putative Class Members.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.  Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant also objects to this Interrogatory on the grounds that the terms "methods," "monitor," and "made available" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members," which is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

19

CASE NO. 19CV0411WQHMDD

54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.,* 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.,* 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America,* 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to its compensation and timekeeping policies, verification questions, and Plaintiff's payroll and time documents produced hereto. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**SPECIAL INTERROGATORY NO. 10:**

Describe all methods used to monitor whether rest breaks are made available to Plaintiff and Putative Class Members.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

20

CASE NO. 19CV0411WQHMDD

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "methods," "monitor," and "made available" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members," which is not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

21

CASE NO. 19CV0411WQHMDD

1   different facilities, and limiting discovery to the single office where plaintiff was

2   employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal.

3   June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market);

4   *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative

5   class action, the plaintiff failed to justify discovery beyond the facility where she

6   worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec.

7   1, 2009) (limiting discovery in a putative class action to the branch offices where the

8   plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill.

9   2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had]

10  not as yet demonstrated a reasonable factual basis for suspecting that all hourly

11  employees have been subject to the same pay practice" as plaintiffs).

12      Limited to Plaintiff, Defendant responds as follows: Pursuant to Fed. R. Civ. P.

13  33(d), Defendant refers to its compensation and timekeeping policies, verification

14  questions, and Plaintiff's payroll and time documents produced hereto. Discovery is

15  ongoing, and Defendant reserves its right to amend and/or supplement this response.

16  **SPECIAL INTERROGATORY NO. 11:**

17      Describe Defendant's policies, practices, and procedures relating to the

18  calculation of compensation, including but not limited to compensation at the

19  regular/hourly rate, piece rate, per diem, overtime rate, minimum wage, premium pay,

20  training time, travel time, commissions, bonuses, and work-related expenses, for

21  Plaintiff, Putative Class Members, and Putative Collective Members during the

22  Relevant Time Periods.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

24      Defendant incorporates its Preliminary Statement and Recurring Objections

25  from above, as if set forth in full herein. Defendant objects on the grounds that this

26  Interrogatory seeks information which is premature and not relevant to Plaintiff's

27  individual claims. Defendant further objects on the grounds that this Interrogatory

28  seeks information neither relevant to the subject matter of this action nor relevant or

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

22

CASE NO. 19CV0411WQHMDD

proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "policies," "practices," "procedures," "calculation," and "compensation" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.,* 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.,* 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America,* 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

23

CASE NO. 19CV0411WQHMDD

1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to compensation and timekeeping policies and Plaintiff's payroll and time documents produced hereto.

**SPECIAL INTERROGATORY NO. 12:**

Describe Defendant's policies, practices, and procedures relating to Plaintiff, Putative Class Members, and Putative Collective Members clocking in and out for their shifts when they work opening and closing shifts at Defendant's retail establishments, during the Relevant Time Periods.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.  Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant also objects to this Interrogatory on the grounds that the terms "policies," "practices," "procedures," "methods," "clocking in and out," "shifts," "work," "opening," and "closing" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

24

CASE NO. 19CV0411WQHMDD

admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.,* 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.,* 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.,* 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.,* 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to compensation and timekeeping policies, opening and closing procedures/instructions, and Plaintiff's payroll and time documents produced

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

25

CASE NO. 19CV0411WQHMDD

hereto. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**SPECIAL INTERROGATORY NO. 13:**

Describe Defendant's policies, practices, and procedures relating to chargebacks of commissions paid or owing to Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods, including but not limited to Defendant's policies, practices, and procedures pertaining to challenges or appeals of chargebacks of commissions.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint. Defendant also objects to this Interrogatory on the grounds that the terms "policies," "practices," "procedures," "chargebacks of commissions," "paid," "owing," "challenges," and "appeals" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA. 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

26

CASE NO. 19CV0411WQHMDD

54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to compensation and timekeeping policies, commission plans, material regarding its Commission Web Portal and internal appeal process for missing activation commission, and Plaintiff's payroll and time documents produced hereto. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

27

CASE NO. 19CV0411WQHMDD

**SPECIAL INTERROGATORY NO. 14:**

Describe Defendant's policies, practices, and procedures relating to submission of reimbursement requests for work-related expenses borne by Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.  Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects on the grounds that this Interrogatory seeks information neither relevant to the subject matter of this action nor relevant or proportional to Plaintiff's claim or defense of his wage and hour claims as set forth in Plaintiff's Complaint.  Defendant also objects to this Interrogatory on the grounds that the terms "policies," "practices," "procedures," "submission," "reimbursement requests," "work-related expenses," and "borne" are vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

28

CASE NO. 19CV0411WQHMDD

procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to compensation and travel and expense reimbursement policies and Plaintiff's payroll documents produced hereto. Discovery is ongoing, and Defendant reserves its right to amend and/or supplement this response.

**SPECIAL INTERROGATORY NO. 15:**

Identify each denial of an allegation and each special or affirmative defense set forth in Defendant's Answer to Plaintiffs' Collective and Class Action Complaint and for each: (a) state all facts upon which the denial or special or affirmative defense is based; (b) state the name, address, and telephone number of all persons who have knowledge of those facts; (c) identify all documents and all other tangible things, that support Defendant's denial or special affirmative defense; and (d) state the name, address, and telephone number of the person who has each document.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

29

CASE NO. 19CV0411WQHMDD

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendant objects to this Interrogatory and its discrete subparts on the grounds that this request is compound. Specifically, Plaintiffs attempt to circumvent Rule 33 of the Federal Rules of Civil Procedure which provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. Rule 33(a)(1); *see also e.g., Collaboration Props. v. Polycom, Inc.,* 224 F.R.D. 473, 475 (N.D. Cal. 2004) ("a party cannot avoid the numerical limits by asking questions about *distinct subjects, but numbering the questions as subparts*") (internal citations omitted, emphasis in original); *Lopez v. Flores,* 2013 U.S. Dist. LEXIS 76237 at *3 (finding plaintiffs exhausted allowable number of interrogatories with discretely divisible interrogatories seeking all facts on which defendant based five affirmative defenses as five separate interrogatories); *see also Safeco of America v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal. 1998) (an interrogatory seeking the basis of separate legal/factual denials of discrete matters are treated as separate interrogatories for each denial). Pursuant to Federal Rule of Civil Procedure No. 33, Defendant objects to and will not identify or respond to greater than 25 renumbered special interrogatories.

Defendant further objects to this Interrogatory and its discrete subparts on the grounds that Defendant has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Defendant further objects to this Interrogatory and its discrete subparts on the grounds that it calls for legal conclusions or opinions as to the terms and/or phrases "material allegation," "special or affirmative defense" and "denial." Defendant further objects to this Interrogatory and its discrete subparts on the ground that the undefined terms and/or phrases "material," "facts," "is based," "knowledge" and "support" are vague, ambiguous, and unintelligible.

LITTLER MENDELSON, P.C.
2040 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

30

CASE NO. 19CV0411WQHMDD

Defendant further objects to this Interrogatory and its discrete subparts to the extent it seeks to invade the privacy of third parties without compelling need therefore. Defendant further objects to this Interrogatory and its discrete subparts to the extent that it seeks the disclosure of confidential and proprietary business information. Defendant further objects to this Interrogatory and its discrete subparts on the grounds that it is unduly burdensome and oppressive. Defendant also objects to the extent this Interrogatory and its discrete subparts call for information or material protected from discovery by the work product doctrine and the attorney-client privilege, given Defendant's Affirmative Defenses rely substantially upon the mental impressions, legal arguments, theories and opinions, and/or strategy of counsel for Defendant, all of which are protected from discovery by the attorney client privilege and/or the work product doctrine. Moreover, with respect to all of Defendant's affirmative defenses, Defendant pled its affirmative defenses based upon information and belief at the time of the filing of Defendant's Answer to Plaintiff's Complaint, discovery has not concluded, Defendant's investigation of Plaintiff's allegations is ongoing.

**SPECIAL INTERROGATORY NO. 16:**

Identify all complaints, investigations, and reviews (including, but not limited to, investigations, audits, inspections, examinations, research, and/or any other internal reviews) regarding Defendant's timekeeping, overtime work, meal and rest breaks, and wage policies and/or practices applicable to Plaintiff, Putative Class Members, and Putative Collective Members during the Relevant Time Periods. For each, identify: (1) who initiated the complaint, investigation, or review (i.e., employee, manager); (2) the details of the complaint, investigation, or review (including the subject, cause, scope, and purpose); (3) the store location and job titles that were involved; (4) the dates of the complaint, investigation, or review; and (5) the outcome or resolution of the complaint, investigation, or review.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

31

CASE NO. 19CV0411WQHMDD

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein.  Defendant objects to this Interrogatory and its discrete subparts on the grounds that this request is compound.  Specifically, Plaintiffs attempt to circumvent Rule 33 of the Federal Rules of Civil Procedure which provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. Rule 33(a)(1); *see also e.g., Collaboration Props. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004) ("a party cannot avoid the numerical limits by asking questions about *distinct subjects, but numbering the questions as subparts*") (internal citations omitted, emphasis in original); *Lopez v. Flores*, 2013 U.S. Dist. LEXIS 76237 at *3 (finding plaintiffs exhausted allowable number of interrogatories with discretely divisible interrogatories seeking all facts on which defendant based five affirmative defenses as five separate interrogatories); *see also Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (an interrogatory seeking the basis of separate legal/factual denials of discrete matters are treated as separate interrogatories for each denial).  Pursuant to Federal Rule of Civil Procedure No. 33, Defendant objects to and will not identify or respond to greater than 25 renumbered special interrogatories.

Defendant also objects to this Interrogatory on the grounds that the terms "complaints," "investigations," "reviews," "audits," "inspections," "examinations," "research," "internal reviews," "timekeeping," "wage," and "policies and/or practices" are vague and ambiguous.  Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information.  Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

32

CASE NO. 19CV0411WQHMDD

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to documents produced hereto regarding Plaintiff's contact with the Employee Help Line.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

33

CASE NO. 19CV0411WQHMDD

**SPECIAL INTERROGATORY NO. 17:**

Identify and describe any all [sic] changes Defendant has made to its policies, practices, and procedures for Putative Class Members and Putative Collective Members relating to timekeeping, meal and rest breaks, and work performed during opening and closing shifts since the resolution of *Guilbaud v. Sprint* (Northern District of California, Case No. 3:13-cv-04357), *Bui v. Sprint* (Eastern District of California, Case No. 2:14-cv-02461-TLN-AC), *Rubio v. Sprint* (Central District of California, Case No. 2:17-cv-02231-SVW-GJS), and any other wage and hour class and collective actions filed against Defendant in the last 10 years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Defendant incorporates its Preliminary Statement and Recurring Objections from above, as if set forth in full herein. Defendants object to this interrogatory because it is overly broad, unduly burdensome, vague, ambiguous, and it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the grounds that the terms "changes," "policies," "practices," "procedures," "timekeeping," "work performed," and "opening and closing shifts" are vague and ambiguous. Defendant further objects that the definition of "Defendant" is vague, ambiguous, overly broad, and unintelligible and attempts to impose a burden on Defendant to produce information held by non-parties and other Sprint entities. Defendant also objects to the Interrogatory to the extent that it seeks privileged information, including, without limitation, information that was developed in anticipation of or in preparation for litigation or that is protected by attorney-client privilege and/or that constitutes attorney work product. Defendant objects on the grounds that this Interrogatory seeks information which is premature and not relevant to Plaintiff's individual claims. Defendant further objects to the extent this Interrogatory seeks the disclosure of private, confidential, and/or proprietary business information. Defendant also objects to this Interrogatory on the grounds that it seeks irrelevant and overbroad information

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166022569.1 099449.1010

34

CASE NO. 19CV0411WQHMDD

based upon an unduly broad definition of "Putative Class Members" and "Putative Collective Members," which are not reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's individual claims.

Defendant further objects on the grounds that Plaintiff is not entitled to the discovery he seeks as he has not established a *prima facie* case for class treatment. *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985); *see also Home Sav. & Loan Ass'n v. Super. Ct.*, 42 Cal.App.3d 1006 (1974) and *Home Sav. & Loan Ass'n v. Super. Ct.*, 54 Cal.App.3d 208 (1976); *see also Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 438 (2000); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that inquiries into class merits prior to certification risk "substantial prejudice to a defendant" because they would "not be accompanied by the traditional rules and procedures of civil trials"). Defendant further objects to this interrogatory on the grounds that Plaintiff is not entitled to statewide discovery or to discovery for locations, job sites or operations for which or at which he never worked. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the single office where plaintiff was employed); *Coleman v. Jenny Craig, Inc.*, 2013 U.S. Dist. LEXIS 82815 (S.D. Cal. June 12, 2013) (limiting discovery in a putative class action to the plaintiffs market); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503 (C.D. Cal. 2011) (in a putative class action, the plaintiff failed to justify discovery beyond the facility where she worked); *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D. Cal. Dec. 1, 2009) (limiting discovery in a putative class action to the branch offices where the plaintiffs worked); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked where "[plaintiffs had] not as yet demonstrated a reasonable factual basis for suspecting that all hourly employees have been subject to the same pay practice" as plaintiffs).

Limited to Plaintiff, Defendant responds as follows:  Defendant will meet and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.3308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE
FIRMWIDE:166025569.1 099449.1010

35

CASE NO. 19CV0411WQHMDD

1  confer with Plaintiff to better understand the scope of this interrogatory. Defendant

2  has made changes to its timekeeping/verification practices. For instance, Defendant

3  implemented additional timekeeping verification requirements and created an

4  additional method for employees to report wage and hours concerns within Peoplesoft

5  in January 2016.   Thereafter, Defendant began utilizing its Kronos timekeeping

6  software, which incorporated the changes previously made in Peoplesoft and also

7  added additional functionality. Pursuant to Fed. R. Civ. P. 33(d), Defendant refers to

8  the Kronos timekeeping documents produced hereto. Discovery is ongoing, and

9  Defendant reserves its right to amend and/or supplement this response.

10  Dated: August 13, 2019                           **LITTLER MENDELSON, P.C.**

11

12                                                   By: _____

13                                                   EMILY T. PATAJO
                                                     HOVANNES G. NALBANDYAN
14                                                   Attorneys for Defendant
                                                     SPRINT/UNITED MANAGEMENT
15                                                   COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S RESPONSE TO SPECIAL
INTERROGATORIES – SET ONE                36                CASE NO. 19CV0411WQHMDD
FIRMWIDE:166025569.1 099449.1010