EMILY T. PATAJO, Bar No. 250212
epatajo@littler.com
**LITTLER MENDELSON, P.C.**
2049 Century Park East, 5th Floor
Los Angeles, California  90067.3107
Telephone: 310.553.0308
Facsimile:  310.553.5583

HOVANNES G. NALBANDYAN, Bar No. 300364
hnalbandyan@littler.com
**LITTLER MENDELSON, P.C.**
633 West 5th Street, 63rd Floor
Los Angeles, CA  90071
Telephone: 213.443.4300
Facsimile:  213.443.4299

Attorneys for Defendant
SPRINT/UNITED MANAGEMENT COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, KATHERINE ALMONTE, CORBIN BELTZ, KRISTOPHER FOX, DYLAN MCCOLLUM, and QUINN MYERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendant. | Case No.19-CV-0411-WQH-MDD<br><br>ASSIGNED TO HONORABLE JUDGE WILLIAM Q. HAYES – COURTROOM 14B<br><br>**HOVANNES G. NALBANDYAN'S DECLARATION IN SUPPORT OF DEFENDANT'S POSITION IN RESPONSE TO PLAINTIFF'S JOINT MOTION REGARDING PRODUCTION OF CONTACT INFORMATION FOR CLASS**<br><br>Complaint Filed: February 28, 2019<br>Trial Date:        None Set |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**HGN's DECL. ISO SPRINT'S POSITION IN RESPONSE TO JOINT MOTION RE CONTACT INFORMATION FOR CLASS**

## DECLARATION OF HOVANNES G. NALBANDYAN

I, **Hovannes G. Nalbandyan**, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California. I am an associate at the law firm of Littler Mendelson, a Professional Corporation, and counsel for Defendant SPRINT/UNITED MANAGEMENT COMPANY ("Sprint" or "Defendant"). Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. Defendant agreed to conditionally certify the collective class for purposes of mediation, because, among other things, Plaintiffs represented that the Collective List would be only be produced to the notice administrator. Plaintiffs' counsel made absolutely no mention of moving to compel production of the Collective List and indeed deceived Defendant by not referencing it even once before the pre-discovery e-mail to Judge Goddard. To the extent counsel advised they will move the compel contact information, it was always limited to the Rule 23 California class list only.

3. On October 19, 2019, when the parties were negotiating the parameters of the Joint Motion to Conditionally Certify the collective, the Parties reached an agreement to remove language referencing production of the Collective List to Plaintiffs' counsel. During that exchange, Defendant also clearly identified that it cannot produce telephone numbers pursuant to both CPNI and CPUC. Attached hereto as **Exhibit 1** is a true and correct copy of my October 19, 2019 to Plaintiffs' counsel discussing removal of e language requiring production to Plaintiffs' counsel.

4. On October 23, 2019, Plaintiffs' counsel confirmed that Defendant does not have to produce the Collective List to Plaintiffs' counsel, but indicated that they reserve their right to seek contact information for the California class, and any later added Rule 23 classes. They made *absolutely* no mention of pursuing the Collective List. Attached hereto as **Exhibit 2** is a true and correct of Plaintiffs' counsel October 23, 2019 e-mail confirming that Defendant will not have to produce the Collective List

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

HGN's DECL. ISO SPRINT'S POSITION IN RESPONSE TO JOINT MOTION RE CONTACT INFORMATION FOR CLASS

1.

to Plaintiffs' counsel, and reserving their rights to compel production of the California class list.

5. The parties' Joint Mediation Plan and the Joint Motion to Continue the Case Management Deadlines (ECF 50-1) outlines the progress made between the Parties as it pertained to mediation, and the parameters of the parties' agreement for informal discovery.

> The Parties have agreed that mediation discovery will be produced, at the latest, by February 2020. The Parties will further refine this date through additional meet and confer efforts.
>
> The Parties agree that Defendant will produce time punch and payroll data for FLSA Opt-In Plaintiffs and any Rule 23 classes that Plaintiff(s) assert in this action, but have not yet agreed as to scope of the production and whether a sampling will be provided as to the production of these records. The Parties will continue to meet and confer on this issue.
>
> The Parties agree that Defendant will provide summary data for the Opt-In Plaintiffs and Rule 23 classes, including, for example and without limitation, the number of class members and the total number of workweeks. The Parties will continue to meet and confer regarding the extent of the summary data that will be produced.

In both submissions, Plaintiffs' counsel asserted their right to pursue the Rule 23 <u>California class list</u>, but made no mention of pursuing the Collective List.

**Joint Mediation Plan:**

> The Parties are unable to agree at this time as to whether Defendant must provide a class list (i.e., name and last-known contact information) for the Rule 23 classes asserted in this action, as well as additional policy and training documents

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

HGN's DECL. ISO SPRINT'S EMERGENCY
MOTION FOR TRO, OR, IN THE ALT.,    2.
PRELIM INJUNC.: MPA

**Joint Motion to Continue CMC Dates:**

> ¹ It is true that the Parties have reached an impasse over the production of contact information for putative class members. Plaintiff will likely be moving to compel this information before mediation. But if the deadline to move to compel further discovery responses is not continued, Plaintiff will also need to move to compel further responses and documents concerning all deficient responses. But such motion practice, and indeed, Defendant's production burdens in the event the motion is granted in whole or in part, will reflect a wasteful allocation of resources – for the Parties and the Court – should the case settle at mediation.

Attached hereto as **Exhibit 3** and **Exhibit 4**, respectively, are the Parties Joint Mediation Plan and Joint Motion to Continue Case Management Deadlines.

6.  Defendant <u>first</u> learned about Plaintiffs' effort to move to compel production of the Collective List on December 3, 2019 when Plaintiffs' counsel abruptly e-mailed their draft pre-discovery e-mail to Judge Goddard. Attached hereto as **Exhibit 5** and **Exhibit 6,** respectively, are true and correct copies of Plaintiff's December 3, 2019 pre-discovery conference e-mails as it was sent to Defendant, and then to Judge Goddard.

7.  Particularly telling, Plaintiffs' revised their version and added that Plaintiffs never agreed not to forgo pursuit of class contact information. But once again, there was no mention of the <u>Collective List.</u> Counsel did not raise this point, or expressly indicate their pursuit of same. This mislead Defendant to believe they would not be pursuing this information if Defendant agreed to stipulate to conditional certification.

**Initial Position**:

> Plaintiffs' position is that this contact information, including telephone numbers, must be produced.

**Revised Position**:

> Plaintiffs' position is that this contact information, including telephone numbers, must be produced; Plaintiff never agreed, nor would Plaintiff have agreed under any circumstances (including mediation), to forego pursuit of class contact information.

HGN's DECL. ISO SPRINT'S EMERGENCY
MOTION FOR TRO, OR, IN THE ALT.,   3.
PRELIM INJUNC.: MPA

8.  Defendant always took the position that it would only agree the Collective contact information to the Notice Administrator, if that information was subject to a protective order. This was an express condition of the Parties' stipulation and was memorialized in the Court's order (see ECF 48). Attached hereto as **Exhibit 7** is a true and correct copy of my November 25, 2019 e-mail to Plaintiffs' counsel advising them that the Court had not yet entered the Parties' stipulated protected order, and that Defendant cannot produce without same.

9.  On November 26, 2019, the Court entered the Parties' Stipulated Protective Order (ECF 54).

10. On December 2, 2019, upon return from the Thanksgiving holidays, I immediately e-mailed the Notice Administrator, Heffler Claims Group, and requested that they review, sign, and date the "Exhibit A" to the Court's protective order, confirming that they acknowledge, understand, and agree to abide by the terms of the Protective Order. I requested they anyone else who will be substantively handling the contact information for the collective also review and sign it.

11. On December 3, 2019, Mark Rapazzini from Heffler Claims Group ("Heffler") e-mailed me the signed and dated signature page for the Protective Order, and subsequently confirmed that Heffler employees handling Sprint's production of the Collective Information will abide by it.

12. The next day, on December 4, 2019, Defendant immediately produced contact information for approximately 33,000 collective members, which included names, job titles, last known addresses, and last 4-dights of their SSN. At that time, Defendant will still sorting through the personal e-mails from the sprint.com/career repository and attempting to match them to appropriate collective members.

13. Two days later, on December 6, 2019, Defendant completed its internal matching of applicant e-mails, which were pulled from its sprint.com/career repository (to the extent available), to their respective collective members. That same day, Defendant produced all said personal e-mails to the Notice Administrator.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

HGN's DECL. ISO SPRINT'S EMERGENCY
MOTION FOR TRO, OR, IN THE ALT.,
PRELIM INJUNC.: MPA

4.

14. Plaintiffs have not formally propounded written discovery seeking Class Lists for the non-California 23 classes. To the extent propounded written discovery requesting contact information for putative class members, it was strictly limited to retail employees within the <u>State of California</u>. This is evidenced by their definition of "Putative Class Members," and "Putative Collective Members" as defined by their written discovery:

> 4. "Putative Class Members" means all current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the State of California during the time period from four years prior to the filing of the complaint (February 28, 2015) until resolution of this action.
>
> 5. "Putative Collective Members" means all current and former non-exempt, hourly employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint (February 28, 2016) until resolution of this action.

The FLSA action applies a 3-year statute of limitations, whereas the New York Rule 23 class applies a 6-year statute of limitation. *See* First Amended Complaint, ¶ 64.

> The putative New York Class that Plaintiff Almonte seeks to represent is defined as:
>
> All current and former non-exempt employees of Defendant working in Defendant's retail establishments throughout the State of New York during the time period from February 28, 2013 until resolution of this action (the "New York Class").

If Plaintiffs are to be believed, they would be precluding 3-years of New York retail employees that may have otherwise been within the statute of limitations. Attached hereto as **Exhibit 8** and **Exhibit 9,** respectively, are true and correct copies of Plaintiff

HGN's DECL. ISO SPRINT'S EMERGENCY
MOTION FOR TRO, OR, IN THE ALT.,   5.
PRELIM INJUNC.: MPA

Vladimir Amaraut's Request for Production of Documents, Set One, and "Special Interrogatories," Set One.

15. Plaintiffs' counsel did not telephonically meet and confer with Defendant regarding their intention to move to compel production of the Collective List or for the non-California Rule 23 Class Lists. To the extent conferral efforts took place, they were strictly limited to the Rule 23 California class list. Plaintiffs' counsel will not be able to cite to any e-mail, formal correspondence, or otherwise that suggests otherwise.

16. Plaintiffs' counsel in this matter are fully aware that in a prior collective action ("*Guilbaud*") where they were counsel – involving the same parties, claims and allegations as in this matter – the court denied dissemination of opt in notices through phone numbers. In *Guilbaud*, as is the case here again, Plaintiffs have not provided reasonable grounds for justifying production of phone numbers. Plaintiffs are trying again to get phone numbers as they did in *Guilbaud*. The Court found the phone numbers need not be produced for purposes of conditional certification when other channels for dissemination exist. Attached hereto as **Exhibit 10** is a true and correct copy of the *Guilbaud* order granting conditional certification.

17. To the extent names were precluded from the Collective List (~2,100), they were done so pursuant to the Court's Order. *See* ECF 48, 6:11-17. Attached hereto as **Exhibit 11** is a true and correct copy of my December 4, 2019 e-mail to opposing counsel detailing the individuals that would be excluded from the Collective List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 20th day of December 2019 in Los Angeles, California.

_____
HOVANNES G. NALBANDYAN

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**HGN's DECL. ISO SPRINT'S EMERGENCY MOTION FOR TRO, OR, IN THE ALT., PRELIM INJUNC.: MPA**  6.