EMILY T. PATAJO, Bar No. 250212
epatajo@littler.com
**LITTLER MENDELSON, P.C.**
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

HOVANNES G. NALBANDYAN, Bar No. 300364
hnalbandyan@littler.com
**LITTLER MENDELSON, P.C.**
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
SPRINT/UNITED MANAGEMENT COMPANY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendant. | Case No.19-CV-0411WQH-AHD<br><br>**DEFENDANT'S MOTION FOR ORDER LIMITING PLAINTIFFS' AND PLAINTIFFS' COUNSEL'S COMMUNICATIONS WITH CLASS AND COLLECTIVE MEMBERS**<br><br>**Hearing Date:** February 3, 2020<br><br><u>Judge</u>: Hon. William Q. Hayes<br><u>Magistrate Judge</u>: Hon. Allison H. Goddard<br><br>Complaint Filed: February 28, 2019<br>Trial Date: None Set<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

For the reasons discussed more fully below, Defendant Sprint/United Management Company ("Defendant" or "Sprint") respectfully requests an order from this Court limiting Plaintiffs Vladimir Amaraut, Katherine Almonte, Corbin Beltz, Kristopher Fox, Dylan McCollum, and Quinn Myers (collectively, "Plaintiffs") and Plaintiffs' Counsel's communications with class and collective members about the *Navarrete* lawsuits and settlement.

## I. INTRODUCTION

Plaintiffs' counsel have been very vocal and public about their hostility toward the settlement reached in the *Navarrete v. Sprint* class action and PAGA lawsuits.[1] If the Court grants Plaintiffs' motion to compel production of the class and collective contact lists in this action, Plaintiffs will have unfettered channels of communication with class and collective members who have rights in the *Navarrete* settlement.[2]

Plaintiffs and their counsel should not be permitted to communicate with the *Navarrete* class in any way that will seriously undermine the judicial process and obstruct the settlement procedure in the *Navarrete* class action – a lawsuit that was filed first and before this action and scheduled for mediation before the parties in this action reached agreement on a mediator and mediation date. Given that Plaintiffs have nothing to gain by the *Navarrete* settlement and have an interest in minimizing the class size in that settlement in order to grow the one here, Plaintiffs'

---

[1] *See* ECF 59 - The two settled cases are entitled: *Navarrete, et al. v. Sprint/United Management Company, Inc. et al.*, U.S. District Court, Central District, Case No. 8:19-cv-00794-AG-ADS ("*Navarrete*"), and *Navarrete, et al. v. Sprint/United Management Company, Inc. et al.* (PAGA), Orange County Superior Court, Case No. 30-2019-01062047-CU-OE-CXC ("*Navarrete – PAGA*") (collectively, "*Navarrete*").

[2] Defendant brings this motion out of an abundance of caution, and does not waive any of the arguments raised in Defendant's position to the Joint Motion Discovery. (Dkt. No. 69.). Defendant fully maintains its opposition to the production of the class and collective members' contact information, and files this motion seeking to limit Plaintiffs' and their counsel's communications so that the Court may consider this issue in conjunction with the Parties' discovery motion. In the interest of judicial economy, Defendant has preemptively filed this motion in the event the Court is inclined to grant Plaintiffs' motion for the contact information of the class, so that the Court may consider applying limitations on communications with the class and collective before Plaintiffs' counsel has access to their contact information.

communications with class and collective members must be limited to avoid misleading, confusing, and threatening communications with class and collective members. Therefore, Plaintiffs and Plaintiffs' counsel must be prohibited from (1) commenting in any way regarding the settlement of the *Navarrete* class action and PAGA lawsuit; (2) providing an opinion of any kind regarding class members' rights as relates to the *Navarrete* lawsuits and settlement of those lawsuits; and (3) encouraging class members in any way to opt out of the *Navarrete* settlement, or to opt into the instant action.

## II.   LEGAL STANDARD TO ENJOIN OR LIMIT COMMUNICATIONS

Federal Rule of Civil Procedure 23(d) grants Courts "broad powers to make 'appropriate orders' and 'to enjoin communications with class members to protect them from undue interference." *Finder v. Leprino Foods Co.*, 2017 U.S. Dist. LEXIS 8346, *16 (E.D. Cal. Jan. 20, 2017) *citing In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp.2d 1239, 1242 (N.D. Cal. 2000). "[A] district court has the power to 'limit[] communications between parties and potential class members.' *Gulf Oil* noted the 'obvious potential for confusion' and adverse effect on the 'administration of justice' that misleading communications may cause." *Finde*, 2017 U.S. Dist. LEXIS 8346, *9 *citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 (1981).

> A district court's duty and authority under Rule 23(d) to protect the integrity of the class and the administration of justice generally is not limited only to those communications that mislead or otherwise threaten to create confusion and to influence the threshold decision whether to remain in the class. Certainly communications that seek or threaten to influence the choice of remedies are . . . within a district court's discretion to regulate.

*Finder*, 2017 U.S. Dist. LEXIS 8346, *10 *citing In re Sch. Asbestos Litig.*, 842 F.2d 671, 683 (3d Cir. 1988).

"Where communications are misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit, they may be

limited by the court. . ." *Camp v. Alexander*, 300 F.R.D. 617, 621 (2014).

Courts have utilized its authority to govern parties' communications to fashion orders to protect putative collective and class members. *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *3 (N.D. Cal. June 25, 2013) (ordering plaintiff's counsel to "inform each potential putative class member contacted by Plaintiff that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will terminate the contact and not contact them again."); *Austin v. Foodliner, Inc.*, No. 16CV07185HSGDMR, 2018 WL 1168694, at *3 (N.D. Cal. Mar. 6, 2018) ("[M]indful of the putative class members' privacy rights, the court orders Plaintiffs' counsel to inform each contacted putative class member that he or she has the right not to talk to counsel and, upon a declination, counsel shall immediately terminate the conversation and will not contact that individual again. Plaintiffs' counsel must also inform each contactee that the court compelled [defendant] to disclose employee contact information, and that the contact information was provided solely for this lawsuit and cannot be distributed for other uses.").

## III. ARGUMENT

### A. Plaintiffs' and Plaintiffs' Counsel's Communications Must Be Limited

Defendant seeks an order limiting Plaintiffs' and their counsel's speech with class and collective members. Specifically, Defendant requests that Plaintiffs and their counsel are prohibited from:

- Commenting in any way regarding the settlement of the *Navarrete* lawsuits and settlement;
- Providing an opinion of any kind regarding class members' rights as relates to the *Navarrete* lawsuits and settlement of those lawsuits; and
- Encouraging class members in any way to opt out of the *Navarrete* settlement, or to opt into the instant action.

The above are a narrow restriction on Plaintiffs' communications. The prohibition of such communications does not affect or impact in any way Plaintiffs' ability to interview class and collective members regarding their employment with Defendant and/or gather information related to the claims and allegations in this matter.

### B. Class And Collective Members Will Receive Misleading, Confusing, And Biased Information If Plaintiffs' and Plaintiffs' Counsel's Communications Are Not Limited

Plaintiffs previously opposed Defendant's emergency motion for preliminary injunction [ECF 60] claiming that collective members should be given the independent choice to decide whether to opt in to the *Amaraut* case and whether to opt out or stay in the *Navarrete* settlement. [ECF 61.] Plaintiffs will rob the class and collective members of that opportunity to make that independent choice if they are allowed to discuss the *Navarrete* settlement. Therefore, Plaintiffs' communications must be restricted in order to protect class and collective members from undue interference. If Plaintiffs are permitted to discuss the *Navarrete* lawsuits and/or settlement of those lawsuits, class and collective members will undoubtedly be subjected to misleading and/or coercive communications regarding their rights. The protection of class and collective members' rights is paramount. *See generally* 5 *Newberg on Class Actions,* at § 15:9 (holding that a party "may not give false or misleading information or attempt to influence class members in making their decision whether to remain in the class.")[3] Class and collective members should not receive information that could potentially be misleading or coercive regarding their rights to participate or not participate in a particular class action settlement.

---

[3] *See also Sjoblom v. Charter Communications, LLC,* 2007 WL 5314916, *3 (W.D. Wis. Dec. 26, 2007)* ("Abusive practices that district courts have considered sufficient to warrant a protective order include communications that coerce prospective class members into excluding themselves from the litigation; contain false, misleading or confusing statements; and undermine cooperation with or confidence in class counsel."); *Belt v. Emcare, Inc.,* 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003) ("Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to ... encourag[e] class members not to join the suit.").

Indeed, Plaintiffs expressed in their own words that conduct should not be undertaken "to prevent the Class and Collective from knowing their rights".[4] [ECF 69.] If Plaintiffs truly are concerned about the class and collective knowing their rights – *all of their available rights* and not just their rights in *Amaraut* – then Plaintiffs should not be permitted to engage in any kind of communication with class and collective members regarding the *Navarrete* settlement. Even Plaintiffs share this view as stated in their prior pleadings: "[T]he balancing of equities and public interest support a conclusion that Collective members should know their options." [Dkt. No. 61.] Thus, "it is critical that the class receive accurate and impartial information regarding the status, purposes and effects of the class action." *See Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1202 (1985). Here, the class and collective members will not receive accurate and impartial information about the *Navarrete* lawsuit and settlement from Plaintiffs' counsel because they have an interest to diminish the size of the *Navarrete* class.

Plaintiffs' communications about the *Navarrete* settlement is analogous to the situation when courts restrict a defendant employer's communications with class members due to the risk of defendant employer discouraging class members from participating in a class action. Those same concerns exist here. "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the fact, without opportunity for rebuttal. The damage from misstatements could well be irreparable." *Kleiner*, 751 F.2d at 1203 *citing Zarate v.* Younglove, 86 F.R.D. 80, 90 n. 13 (C.D. Cal.1980); *see, e.g., Mevorah v. Wells Fargo Home Mortg., Inc.*, 2005 WL 4813532, *3 (N.D. Cal. Nov. 17, 2005) ("this court has restricted ability to

---

[4] Plaintiffs argued in the discovery brief that the Navarrete settlement resulted in the class and collective from knowing their rights. This is inaccurate. The *Navarrete* class will be properly notified of their rights through a Notice of Class Action Settlement. Plaintiffs and their counsel should not be permitted to interfere with communications intended to notify class members of their rights in a class action settlement.

communicate with potential class members following the defendant's publication of a notice that ... failed to disclose the pendency or scope of the class action and may have caused confusion among potential class members regarding their rights"); *Sjoblom v. Charter Communications, LLC,* 2007 WL 5314916, *3 (W.D. Wis. Dec. 26, 2007) (finding that "defendants' less than full disclosure of the affiants' potential interest in this lawsuit" in "blitz campaign of affidavit gathering" warranted granting relief to plaintiffs); Allowing Plaintiffs and their counsel to discuss the *Navarrete* settlement will lead to improper unsupervised and unilateral communications that will afford the class and collective a one-sided, biased account of their rights.

These are justifiable reasons for not allowing Plaintiffs and their counsel to discuss the *Navarrete* settlement with the class. It is unimaginable that Plaintiffs and their counsel would provide a neutral, unbiased commentary and opinion about the *Navarrete* settlement or about the rights of the class and collective under that settlement. Indeed, Plaintiffs have not hesitated to express their hostility and disapproval of the *Navarrete* settlement. In publicly filed papers, Plaintiffs have criticized outright *Navarrete*'s counsel implying they are ineffectual class counsel based solely on the fact they could not find a website for *Navarrete*'s counsel. [ECF 61.] In several publicly filed pleadings, Plaintiffs' own words describe the *Navarrete* settlement as "collusive, reverse-auction endeavors" and "secretive and collusive settlement discussions" – accusations that are entirely baseless. These statements unequivocally demonstrate their bias and negative view of the *Navarrete* settlement and as a threat to the success of their own lawsuit. [ECF 61, 69.] Plaintiffs obviously harbor deep contempt for the *Navarrete* settlement and cannot reasonably be expected to provide an unbiased opinion about it.

### C. The Limitation On Plaintiffs' And Plaintiffs' Counsel's Communications Will Not Impact Their Ability To Investigate Their Case

In arguing to obtain contact information for the class and collective, Plaintiffs argued the necessity of that information in order to "learn of their experiences" and

"in order to properly investigate their claims". [ECF 69.] Doing so does not include communications regarding the *Navarrete* settlement, which would only result in class members' confusion regarding their available rights. Defendant is not seeking to limit Plaintiffs' ability to conduct such discovery but simply seek to prevent likely and potential improper communication that can confuse and even worse prejudice the class. It is unnecessary for Plaintiffs and Plaintiffs' counsel to discuss the *Navarrete* settlement in order to investigate their case. ***Indeed, the Court already outright forbid either party contacting the putative collective during the 60-day opt-in period***. [ECF 48.] ("Neither Party's counsel shall contact any of the potential opt-in plaintiffs for the purposes of discussing the subject matter of or their participation in this lawsuit through the end of the opt-in period . . ."). Thus, prohibiting such narrowly tailored communications will not prejudice Plaintiffs. Because a court order limiting communications is entirely permissible and proper, the Court should do so here. *See Camp v. Alexander*, 300 F.R.D. 617, 621 (2014) ("Where communications are misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit, they may be limited by the court. . .").

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant its motion for order limiting Plaintiffs' and Plaintiffs' Counsel's communications with class and collective members about the *Navarrete* lawsuit and settlement.

Respectfully submitted,

Dated: December 27, 2019

/s/ *Emily Patajo*
EMILY T. PATAJO
HOVANNES G. NALBANDYAN
**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
SPRINT/UNITED MANAGEMENT COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system on December 27, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: December 27, 2019

/s/ *Emily Patajo*
EMILY T. PATAJO
**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
SPRINT/UNITED MANAGEMENT COMPANY

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8.