UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:19-cv-411-WQH-AHG<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME**<br><br>**[ECF No. 74]** |

　　　　Before the Court is Defendant Sprint/United Management Company's ("Defendant") *ex parte* Application for Order Shortening Time on Defendant's Motion for Order Limiting Plaintiffs' and Plaintiffs' Counsel's Communications to Class and Collective Members. ECF No. 74. For the reasons set forth below, the Court **DENIES** Defendant's *ex parte* application.

　　　　On December 20, 2019, the parties filed a Joint Motion for Determination of Discovery Dispute, which is presently pending before this Court. ECF No. 69. On December 27, 2019, Defendant filed a Motion for Order Limiting Scope of Plaintiffs' and Plaintiff's Counsel's Communications with Class and Collective Members ("Defendant's Motion"). ECF No. 73. Though no oral argument was requested, a hearing on the motion

was scheduled for February 3, 2020. ECF No. 73 at 1. However, on the same day it filed its motion, Defendant also filed an *ex parte* Application for Order Shortening Time, requesting that the Court set a date to hear Defendant's Motion before the Court decides the pending discovery motion (ECF No. 69). ECF No. 74 at 5. Judge Hayes permitted Plaintiffs to file an opposition to Defendant's *ex parte* application. ECF No. 76.

On January 9, 2020, Judge Hayes referred Defendant's Motion and its accompanying *ex parte* application to the undersigned. ECF No. 86. This Court has carefully considered Defendant's *ex parte* application and Plaintiff's opposition, and finds that Defendant has not demonstrated good cause for the relief it seeks. The pending discovery motion regards compelling production of contact information of putative class and collective members (ECF No. 69), while Defendant's Motion regards limiting Plaintiffs' communications with class and collective members (ECF No. 73). The Court does not find it necessary to "consider both issues concurrently when evaluating the discovery motion." *See* ECF No. 74 at 3. Also, the Court does not wish to further delay the resolution of the discovery motion.

Further, Defendant requests that the Court shorten time to preemptively protect class and collective members from potentially misleading communications regarding related *Navarette* actions, "so that the narrowly construed limitations on Plaintiffs' and their counsel's communications are in place before they have access to the contact information of the class and collective members." ECF No. 74 at 4 (emphasis removed). Plaintiffs represent that they "have no information regarding [the *Navarette*] settlements" and therefore would have no ability to make any communications, potentially misleading or otherwise, to class or collective members. ECF No. 84 at 4. Thus, the Court does not find such emergency relief to be warranted.

Therefore, the Court **DENIES** Defendant's *ex parte* application for an order shortening time. ECF No. 74. The current hearing date of February 3, 2020 will remain in place. No personal appearances on the February 3, 2020 hearing date should be made. Pursuant to this district's Local Rules, the hearing date forms the briefing schedule.

*See* CivLR 7.1(e)(2)–(3). Thus, the Plaintiff's opposition brief remains due on **January 20, 2020**, and Defendant's reply brief remains due on **January 27, 2020**. Upon completion of the briefing, the Court will then take the matter under submission without oral argument pursuant to CivLR 7.1(d)(1).

**IT IS SO ORDERED**.

Dated:  January 14, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge