UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, on behalf of himself and all others similarly situated, et al.,<br><br>                                      Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>                                      Defendant. | Case No.:  3:19-cv-411-WQH-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE, GRANTING PLAINTIFFS' MOTION TO COMPEL, AND ISSUING LIMITED PROTECTIVE ORDER**<br><br>**[ECF No. 69]** |

Before the Court is Plaintiffs Vladimir Amaraut, Katherine Almonte, Corbin Beltz, Kristopher Fox, Dylan McCollum, and Quinn Myers (collectively "Plaintiffs") and Defendant Sprint/United Management Company's ("Defendant") Joint Motion Regarding Production of Contact Information for the Class. ECF No. 69. Plaintiffs seek an order from the Court compelling Defendant to produce contact information for the nationwide Fair Labor Standard Act ("FLSA") collective and for the putative California class, which Defendant opposes. *Id*. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to compel.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    BACKGROUND

Plaintiff Vladimir Amaraut is a former non-exempt, hourly employee of Defendant, who worked as a Retail Consultant and Lead Retail Consultant. ECF No. 1 at 5. He alleges that he was regularly required to work additional hours beyond his 40 hours per week schedule, miss meal breaks, and work off-the-clock. *Id*. at 5–8. On February 28, 2019, Mr. Amaraut initiated this action by filing a Collective and Class Action Complaint against Defendant, bringing claims pursuant to the FLSA and California state wage and hour laws. *Id*. On November 1, 2019, Plaintiffs Vladimir Amaraut, Katherine Almonte, Corbin Beltz, Kristopher Fox, Dylan McCollum, and Quinn Myers filed an amended complaint. ECF No. 45-1.

In the operative amended complaint, Plaintiffs allege that Defendant "has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA" and applicable state wage and hour laws. ECF No. 45-1 at 3; ECF No. 1 at 2. Specifically, Plaintiffs allege that Defendant:

> (1) fail[ed] to pay non-exempt employees who work in retail stores for all hours worked; (2) fail[ed] to pay required minimum wages; (3) fail[ed] to pay required overtime wages; (4) fail[ed] to authorize, permit, and/or make meal and rest periods available, and fail[ed] to pay premium pay for these missed breaks; (5) fail[ed] to pay all wages after termination of employment; and (6) fail[ed] to provide accurate, itemized wage statements.

ECF No. 45-1 at 3; ECF No. 1 at 2.[1] Plaintiffs are former non-exempt employees who worked as salespeople in Sprint retail stores, and seek to represent other current and former non-exempt employees of Defendant who work in retail stores in California, Arizona, Colorado, New York, Ohio, and Washington, and elsewhere in the United States, including Retail Consultants, Lead Retail Consultants, and Assistant Store Managers. ECF No. 45-1

---

[1] The Court notes that the discovery requests at issue were propounded before the amended complaint was filed; thus, the quotations used by the Court are those which are identical in both the original and the amended complaint.

at 3. To achieve this, Plaintiffs have brought a hybrid collective and class action: a collective action for FLSA claims and a class action for state law wage and hour claims.

Plaintiffs bring their FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action.

ECF No. 45-1 at 14; ECF No. 1 at 12. On November 1, 2019, the Parties filed a Joint Motion to Conditionally Certify the Collective and Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (ECF No. 46), which the Court granted. ECF No. 48.

Plaintiffs brings the state wage and hour claims as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. "Plaintiffs intend to send notice to all putative Class Members to the extent required under applicable class action procedures." ECF No. 45-1 at 19; ECF No. 1 at 16. Plaintiffs contemplate providing a notice or notices to the California, Arizona, Colorado, New York, Ohio, and Washington Classes. ECF No. 45-1 at 19. The putative California Class that Plaintiff Amaraut seeks to represent is defined as:

> All current and former non-exempt employees of Defendant working in Defendant's retail establishments throughout the State of California during the time period from February 28, 2015 until resolution of this action.[2]

---

[2] The putative California class Plaintiff Amaraut sought to represent in his original complaint is nearly identical, but the Court notes slight differences for completeness:

> All current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the State of California during the time period from four years prior to the filing of the complaint until resolution of this action.

ECF No. 1 at 14.

*Id.* at 15–16. Plaintiff McCollum seeks to represent a similarly worded putative Arizona Class; Plaintiff Myers seeks to represent a similarly worded putative Colorado Class; Plaintiff Almonte seeks to represent a similarly worded putative New York Class; Plaintiff Fox seeks to represent a similarly worded putative Ohio Class; Plaintiff Beltz seeks to represent a similarly worded putative Washington Class. *See id*.

## II.    DISCOVERY REQUESTS AT ISSUE

The specific discovery requests at issue in the instant motion are Plaintiff Amaraut's Requests for Production of Documents Nos. 1 and 2 and Special Interrogatories Nos. 1 and 2 (collectively, "Plaintiff's discovery requests"). ECF No. 69-1 at 3. Plaintiff Amaraut propounded these discovery requests on June 25, 2019, and Defendant served its responses on August 16, 2019. *Id.* Under the Court's 45-Day Rule (*see* Chmb.R. at 3), any discovery dispute regarding Defendant's responses needed to be brought to the Court's attention by September 30, 2019. Based on the parties' representations in three joint motions (ECF Nos. 39, 43, 50), this deadline was extended to October 30, 2019 (ECF No. 42 at 2), then November 29, 2019 (ECF No. 44 at 3), and, finally, April 29, 2020 (ECF No. 52 at 2). In spite of the extended deadline, the parties jointly emailed Chambers to initiate the Court's discovery dispute resolution process on December 3, 2019. They jointly represented that they "met and conferred extensively on the production of this information,[3] but have reached an impasse on the issue." ECF No. 69-4 at 80. After a telephonic discovery conference with the parties on December 6, 2019, the Court found it appropriate to issue a briefing scheduling in this matter, requiring a joint motion for determination of the discovery dispute to be filed by December 20, 2019. ECF No. 58.

---

[3] Referring to "Plaintiff Vladimir Amaraut's Document Request Nos. 1–2 and Special Interrogatory Nos. 1–2[] [which] seek name and contact information, including telephone numbers, for all members of the putative California Class and FLSA Collective." ECF No. 69-4 at 80.

In his discovery requests, Plaintiff Amaraut requests information about "Putative Class Members" and "Putative Collective Members." ECF No. 69-2 at 5–6. Using the same wording as in the operative complaint, Plaintiff Amaraut defined Putative Collective Members as "all current and former nonexempt, hourly employees of Defendant working in Defendant's retail establishments throughout the United States during the time period from three years prior to the filing of the complaint (February 28, 2016) until resolution of this action." *Id*. at 6, 41. Two of the four discovery requests at issue involve the Putative Collective members:

> REQUEST FOR PRODUCTION NO. 2: A list identifying all Putative Collective Members. The list should include each Putative Collective Members' name, last-known address, last-known phone number, last-known email address, job title(s), dates of employment, location at which the employee worked, and social security numbers.

*Id*. at 10.

> INTERROGATORY NO. 2: Identify all Putative Collective Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

*Id*. at 44.

The remaining two discovery requests at issue only seek information regarding the California Class, leaving out the Arizona, Colorado, New York, Ohio, and Washington classes—because these putative classes did not exist at the time Plaintiff's discovery requests were propounded. Plaintiff Amaraut defined Putative Class Members as "current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the State of California during the time period from four years prior to the filing of the complaint (February 28, 2015) until resolution of this action." *Id*. at 5–6, 41 (emphasis added). As for the Putative Class Members, Plaintiff seeks:

> REQUEST FOR PRODUCTION NO. 1: A list identifying all Putative Class Members. The list should include each Putative Class Members' name, last-

known address, last-known phone number, last-known email address, job title(s), dates of employment, location at which the employee worked, and social security numbers.

*Id*. at 9.

INTERROGATORY NO. 1: Identify all Putative Class Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

*Id*. at 44. Defendant objects to all four discovery requests. *Id*. at 58, 59, 194, 196.

## III.   LEGAL STANDARD

Nonprivileged information is discoverable under Rule 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b). Information need not be admissible to be discoverable. *Id.* The Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Youngevity Int'l, Inc. v. Smith*, No. 16cv704-BTM-JLB, 2017 WL 2692928, at *10–*11 (S.D. Cal. June 22, 2017).

When analyzing relevance, Rule 26(b) no longer limits discovery to information "reasonably calculated to lead to the discovery of admissible evidence." *In Re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563–64, 564 n.1 (D. Ariz. 2016) (discussing the 2015 amendments to the Federal Rules of Civil Procedure and the advisory committee's explicit removal of the phrase "reasonably calculated," and listing cases that continue to use the outdated pre-2015 standard). The relevance standard is commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Doherty*, 2017 WL 1885677, at *2 (internal quotation omitted). Regardless of its broad nature, however, relevance is not without "ultimate and necessary boundaries." *Id*.

6

1    Once the propounding party establishes that the request seeks relevant information,

2  "[t]he party who resists discovery has the burden to show discovery should not be allowed,

3  and has the burden of clarifying, explaining, and supporting its objections." *Superior*

4  *Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v.*

5  *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry a heavy

6  burden of showing why discovery was denied"); *see also Bryant v. Ochoa*, No. 07cv200-

7  JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) ("The party seeking to compel

8  discovery has the burden of establishing that its request satisfies the relevancy requirements

9  of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that

10  the discovery should be prohibited, and the burden of clarifying, explaining or supporting

11  its objections.").

12    District courts have broad discretion to manage discovery. *Laub v. United States*

13  *DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see U.S. Fidelity and Guar. Co. v. Lee*

14  *Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide

15  latitude in controlling discovery, and [their] rulings will not be overturned in the absence

16  of a clear abuse of discretion.") (internal quotation and citations omitted). This discretion

17  extends to crafting discovery orders that may expand, limit, or differ from the relief

18  requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *UMG Recordings, Inc.*

19  *v. Doe*, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008).

20  **IV.   DISCUSSION**

21    In its responses to Plaintiff's discovery requests, Defendant raised many, nearly

22  identical, objections.[4] However, in the parties' joint email to Chambers, Defendant only

23

24  _____

25  [4] For example, Defendant repeatedly objected on the grounds that the information sought

26  was neither relevant nor proportional, and was not likely to "lead to the discovery of
admissible evidence[.]" ECF No. 69-2 at 58, 59, 194, 196. Here, the Court overrules

27  Defendants objections that the information sought by Plaintiff's discovery requests is not
"reasonably calculated" or "likely" "to lead to the discovery of admissible evidence[.]" *In*

28  *Re Bard IVC Filters Prods.*, 317 F.R.D. at 563–64, 564 n.1 (discussing the 2015

7

identified one such objection: "Defendant's position is that Class and Collective member contact information, including telephone numbers, are private and protected from production." ECF No. 69-4 at 80. Since it raised the third-party privacy concern with the Court, the Court required Defendant to distinguish *Williams v. Superior Court* in the instant motion. Without leave of Court, Defendant also raised several of its prior objections: (1) Plaintiff has not established a *prima facie* case for class treatment for pre-certification discovery; and (2) Plaintiff is not entitled to discovery for locations at which he never worked. Defendant also raised arguments for the first time in the joint motion: (3) phone numbers are not ordinarily produced for purposes of conditional certification; (4) post-certification production of a collective list solely to the notice administrator is sufficient; and (5) it is precluded from producing phone for its subscriber employees without prior consent or court order. The Court will address them in turn. First, however, the Court will address Defendant's argument that Plaintiffs' motion should be dismissed on procedural grounds alone.

### 1.  Failure to Meet and Confer

Defendant argues that Plaintiff's motion should be denied because Plaintiffs failed to comply with this Court's Local Rules, which require counsel to meet and confer on discovery issues before filing discovery motions with the Court. ECF No. 69 at 11. This argument is without merit.

Pursuant to the Court's chambers rules (*see* Chmb.R. at 2–3), the parties jointly emailed Chambers to initiate the Court's discovery dispute resolution process on December 3, 2019. The email specifically mentions the same discovery requests and contact information at issue in the instant motion. ECF No. 69-4 at 80 ("[we] write to initiate Her Honor's discovery dispute resolution process with respect to Plaintiff Vladimir

---

amendments to the Federal Rules of Civil Procedure and explaining that Rule 26(b) no longer limits discovery to information "reasonably calculated to lead to the discovery of admissible evidence").

Amaraut's Document Request Nos. 1-2 and Special Interrogatory Nos. 1-2. These requests seek name and contact information, including telephone numbers, for all members of the putative California Class and FLSA Collective"). The parties jointly represented to the Court that they "met and conferred extensively on the production of this information, but have reached an impasse on the issue." *Id*. Defendant does not contend that the joint email was created fraudulently, and in fact filed exhibits showing that the email was a joint effort. *See id*. at 77, 80. Thus, Defendant's contention *now*, that the parties did not meet and confer, is directly counter to their previous representations to this Court.

Additionally, during the telephonic discovery conference held on December 6, 2019, counsel brought to the Court's attention the parties' dispute regarding the production of class members' and collective members' contact information. It appeared that the disputed issues would likely hinder the progress of this case, and the parties agreed the issue was ripe for resolution. Therefore, the undersigned invited the parties to immediately brief their disputed issues. ECF No. 58. Neither party raised any objection at that time. "It should have been obvious to Defendant that by virtue of the Court's inviting opposing briefing from the parties, there was no longer an obligation to meet and confer on these specific issues in dispute." *Dittmar v. Costco Wholesale Corp.*, No. 14cv1156-LAB-JLB, 2016 WL 7188231, at *3 (S.D. Cal. Dec. 12, 2016). Accordingly, Defendant's argument that Plaintiffs' motion should be denied on the basis that Plaintiffs failed to meet and confer prior to filing their motion is without merit. *See id*. (denying dismissal of discovery motion for alleged failure to meet and confer under similar circumstances).

### 2. Threshold Issue of Relevance

As a threshold matter, the Court finds that the contact information sought by Plaintiffs is relevant. As highlighted above, the relevance standard is very broad and parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Here, the Court finds that the information presently in dispute is relevant or, at a minimum, contains relevant information within a larger set of information.

Concerning the contact information of the putative class members, "[a]s a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Wiegele v. FedEx Ground Package Sys.*, No. 06cv1330-JM-POR, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) (citation and quotation omitted). Moreover, discovery of the contact information of putative class members is routinely allowed. *See, e.g.*, *Salgado v. O'Lakes*, No. 1:13cv0798-LJO-SMS, 2014 WL 7272784, at *10 (E.D. Cal. Dec. 18, 2014) (stating that "precertification disclosure of class members' contact information . . . is routine practice" and collecting cases which have held the same); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context.") (citing *Currie-White v. Blockbuster, Inc.*, No. C 09-2593-MMC-MEJ, 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010)); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ("[I]t seems to the Court that contact with [class members] could well be useful for plaintiff to determine, at a minimum,  the commonality and typicality prongs of Rule 23")); *Kaminske v. JP Morgan Chase Bank N.A.*, No. SACV 09-00918-JVS-RNBx, 2010 WL 5782995, at *5 (C.D. Cal. May 21, 2010); *Babbitt v. Albertson's Inc.*, No. C-92-1883-SBA-PJH, 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981) (recognizing that class counsel in Rule 23 class actions must be allowed to communicate with potential class members for the purpose of notification and gathering information, even prior to class certification).

"[I]t is sufficient for Plaintiff to show that class contact information would aid in confirming Plaintiffs' theories of liability and further developing evidence in support of class certification." *Sansone v. Charter Commc'ns, Inc.*, No. 17cv1880-WQH-JLB, 2019 WL 460728, at *6 (S.D. Cal. Feb. 6, 2019); *see also Kaminske*, 2010 WL 5782995, at *5 (finding contact information of putative class members "relevant to aid in the identification and collection of . . . potentially common evidence, as well as to test Plaintiff's theories

10

regarding the commonality of Defendant's practices" and "sufficient to establish that the requested discovery is likely to produce persuasive information substantiating the class action allegations").

Here, Plaintiff requests the contact information because "[i]t concerns Plaintiff's ability to conduct an investigation into this case by having basic informational access to percipient witnesses." ECF No. 69 at 7. Moreover, Plaintiffs are entitled to putative class members' contact information so that Plaintiffs may have the opportunity to substantiate their class allegations, or rebut Defendants' opposition to class certification, through class member declarations. *See Adamov v. Pricewaterhouse Coopers LLP*, No. 2:13cv01222-TLN-AC, 2017 WL 6558133, at *2 (E.D. Cal. Dec. 22, 2017) ("Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable."); *Wiegele*, 2007 WL 628041, at *2 n.1 (affirming magistrate judge's order compelling production of putative class member contact information, noting that such information was relevant because, among other reasons, "the identified employees are likely percipient witnesses to Plaintiff's wage and hour claims"). Therefore, the Court finds that Plaintiffs have met their burden to show that class contact information is relevant at this stage in the litigation. *See Salgado*, 2014 WL 7272784, at *11 ("Ultimately, 'a court maintains a wide latitude in deciding whether contact information of putative class members should be produced prior to class certification . . . .'") (internal quotation omitted).

Thus, since Plaintiffs have met their burden in showing the requested contact information is relevant, the burden shifts to Defendant. Defendant must show that the discovery should be prohibited, and has the burden of clarifying, explaining, and supporting its objections. *See, e.g.*, *Superior Commc'ns*, 257 F.R.D. at 217; *Bryant*, 2009 WL 1390794, at *1.

### 3. *Williams v. Superior Court* and Third-Party Privacy Rights

In its responses to Plaintiff's discovery requests, Defendant repeatedly objected to production of the contact information on third party privacy grounds. ECF No. 69-2 at 58,

59, 194, 196. In its email to Chambers prior to the telephonic discovery conference, privacy objections were the only objections raised. ECF No. 69-4 at 80 ("Defendant's position is that Class and Collective member contact information, including telephone numbers, are private and protected from production"). Therefore, during the telephonic discovery conference, the Court clearly advised Defendant that it would follow *Williams v. Superior Court* on this issue, and that Defendant must be able to distinguish *Williams* to avoid production of the requested information. The Court is not persuaded by Defendant's attempt to do so.

State law applies to questions of privacy privilege, and in California, the right to privacy is set forth in Article I, Section I of the California Constitution. *Goro v. Flowers Foods, Inc.*, No. 17cv02580-JLS-JLB, 2018 WL 3956018, at *8, *8 n.12 (S.D. Cal. Aug. 17, 2018). It is not an absolute right. *Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). The California Supreme Court set forth the framework for assessing privacy claims: (1) the claimant must have a "legally protected privacy interest," such as an interest in precluding dissemination of sensitive information or in making intimate personal decisions without outside intrusion; (2) the claimant must have a "reasonable expectation of privacy" founded on broadly based community norms; (3) the invasion of privacy must be "serious"; and (4) the privacy interest must outweigh the countervailing interests, such as discovery rights. *Pioneer Electronics, Inc. v. Superior Court*, 40 Cal. 4th 360, 370–73 (2007) (citing *Hill*, 7 Cal. 4th at 35–40).

In the wage and hour class action context, California courts have held that a notice requiring putative class members and former employees of the defendant to opt out if they did not want their contact information disclosed to the plaintiff's attorneys sufficiently protected the privacy interests of putative class members. *Belaire-West Landscape Inc. v. Superior Court*, 149 Cal. App. 4th 554, 561 (2007) (holding that the former employees had a legally protected privacy interest, but could "reasonably be expected to want their information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that they are owed"). In 2017, the California Supreme Court affirmed

*Belaire-West* in *Williams v. Superior Court*, holding that a notice providing employees and potentially aggrieved employees under Private Attorneys' General Act ("PAGA") with the option to opt out of disclosure of their contact information sufficiently protected their privacy interests. 3 Cal. 5th 531, 555 (2017). Like in *Belaire-West*, the *Williams* court held that although employees have a protected privacy interest in the confidentiality of their contact information, they do not have a reasonable expectation that their information would be withheld from a plaintiff seeking to prove labor law violations committed against them. *Id*. at 553–55 ("In wage and hour collective actions, fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure"). The Court also found that disclosure of employees' contact information was not a serious invasion of privacy because disclosure was conditioned on a *Belaire-West* notice sent to employees that both parties had agreed upon. *Id*. at 555.

There is a protective order in place in this case, which specifically includes information found in the class list and collective list. ECF No. 54 at 2. Generally, federal courts in this circuit have held that a protective order, in lieu of a *Belaire-West* notice, sufficiently protects putative class members and aggrieved employees' privacy interests in the confidentiality of their contact information. *See, e.g.*, *Austin v. Foodliner, Inc.*, No. 16-CV-07185-HSG-DMR, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018) (holding *Belaire-West* notice was not required when plaintiffs requested putative class members and PAGA aggrieved employees' telephone numbers because a protective order would sufficiently protect the privacy interests at stake); *Haghayeghi v. Guess, Inc.*, 168 F. Supp. 3d 1277, 1281 (S.D. Cal. 2016) ("find[ing] the protective order adequately addresses the privacy issues here and no additional opt-out procedure is needed"); *Salgado*, 2014 WL 7272784, at *11, *13 (finding that a protective order is "sufficient to protect the limited disclosure of [class members' contact] information and a *Belaire* opt-out protocol is

unnecessary" and collecting cases which have held the same); *Minns v. Advanced Clinical Employment Staffing LLC*, No. C 13-03249 SI, 2014 WL 4352343, at *2 (N.D. Cal. May 9, 2014) (finding that "the production of the names and contact information pursuant to the existing protective order adequately addresses class member privacy concerns"); *Benedict v. Hewlett-Packard Co.*, No. 13cv119-LHK, 2013 WL 3215186, at *2 (N.D. Cal. June 25, 2013) (noting that numerous courts in the district "have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members."); *Stemple v. QC Holdings, Inc.*, No. 12cv1997-CAB-WVG, 2013 WL 10870906, *4 (S.D. Cal. June 17, 2013) (concluding that disclosing contact information "does not constitute a serious invasion of privacy and is commonplace in class actions," and allowing discovery of putative class members' contact information subject to a protective order); *Coleman v. Jenny Craig, Inc.*, No. 11cv1301-MMA-DHB, 2013 WL 2896884, at *11 n.10 (S.D. Cal. June 12, 2013) ("Although an 'opt-out' procedure is also an appropriate method of protecting privacy rights, the Court finds that a protective order is sufficient and more efficient").

Here, the putative class and collective have a legally protected privacy interest in their contact information. *Williams*, 3 Cal. 5th at 554. They do not, however, have a reasonable expectation that their information would be withheld from a plaintiff seeking to prove labor law violations were committed against them. *See id*. at 554–55 ("we doubt [plaintiff]'s fellow employees would expect that information to be withheld from a plaintiff seeking to prove labor law violations committed against them and to recover civil penalties on their behalf. . . Rather, fellow employees 'might reasonably expect, or even hope, that their names and addresses would be given to' a plaintiff seeking to vindicate their rights.") (internal quotation omitted). Moreover, the release of their contact information is not a "serious" invasion because, first, it is not particularly sensitive: disclosure of "contact information alone 'involves no revelation of personal or business secrets, intimate activities . . . and threatens no undue intrusion to one's personal life.'" *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008) (quoting *Pioneer*,

40 Cal. 4th at 373). Second, outside disclosure is restricted by the protective order, which limits disclosure to the parties in this case and restricts its use for the purpose of litigating this case only. *See Artis*, 276 F.R.D. at 353; *Austin*, 2018 WL 1168694, at *2. Because the individuals and entities do not have a reasonable expectation that their contact information will not be disclosed and there is no serious invasion of privacy, the Court need not balance the opposing interests weighing in favor of and against disclosure. *See Williams*, 3 Cal. 5th at 555; *Pioneer*, 40 Cal. 4th at 373. Thus, the Court finds that putative class members' and collective members' contact information is discoverable.

Defendant attempts to distinguish *Williams* by citing to *Goro v. Flowers Foods*.[5] ECF No. 69 at 11–12 (citing *Goro*, 2018 WL 3956018, at *6). Defendant cites *Goro* for the proposition that *Williams* is not binding on federal courts, urging the Court to disregard it. ECF No. 69 at 11–12 (quoting that the court in *Goro* determined that the *Williams*'s "analysis of the relevancy of other employees' contact information is persuasive, but not binding, authority as it analyzed the relevancy of this information under the California Code of Civil Procedure"). However, the *Goro* court concluded that California law applies to questions of privacy privilege and compelled discovery of putative class member contact information, citing *Williams* as controlling authority for the proposition that putative class members have a privacy interest in their contact information but do not have a reasonable expectation of privacy. *Goro*, 2018 WL 3956018, at *8–*10, *8 n.12. Defendant does not address this point. Further, Defendant does not address the breadth of federal cases that rely on *Williams* when permitting disclosure of pre-certification class contact information.

Thus, the Court is not dissuaded from relying on *Williams*, and overrules Defendant's third-party privacy objections.

---

[5] As noted above, the Court explicitly instructed Defendant that it would follow *Williams*, and that Defendant would need to demonstrate how *Williams* is distinguishable from this case. Defendant failed to do so, leaving the Court with the distinct impression that Defendant's objection was based on a desire to delay production, and not a good faith belief or argument that *Williams* can in fact be distinguished.

### 4.  Whether a *Prima Facie* Case for Class Treatment is a Prerequisite for Pre-Certification Discovery

Defendant argues that, as a prerequisite for pre-certification discovery, Plaintiffs have not made a sufficient *prima facie* showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations. ECF No. 69 at 12. Plaintiff responds that the weight of authority does not support such a requirement. *Id*. at 7–8 n.7.

Prior to class certification under Federal Rule of Civil Procedure 23, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)) ("Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court"). Because a court must determine whether the action may be maintained as a class action as soon as practicable after the action is filed, discovery is likely warranted prior to certification where it will resolve factual issues necessary for the determination of class certification. *Kamm*, 509 F.2d at 210. To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210). In *Doninger*, the Ninth Circuit further addressed whether courts should allow precertification discovery:

> It is true that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant.

*Doninger*, 564 F.2d at 1313 (citations omitted).

However, before ordering pre-certification discovery, the court <u>may</u> require the plaintiff to make a *prima facie* showing that Rule 23's class action requirements are satisfied or to show "that discovery is likely to produce substantiation of the class

16

3:19-cv-411-WQH-AHG

allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Although some district courts in the Ninth Circuit have required a plaintiff to make a *prima facie* showing under Rule 23 before allowing discovery on issues pertaining to class certification, a court has discretion as to whether to require a plaintiff to make this showing. *Kaminske*, 2010 WL 5782995, at *2 ("It is true that there is nothing in *Doninger* and *Mantolete* that suggests that a *prima facie* showing is mandatory in all cases, and it very well may be that courts routinely do not require such a showing. However, it is clear that a court has discretion whether to require the *prima facie* showing that was approved of in *Doninger* and *Mantolete* before allowing discovery of the kind Plaintiff seeks here"); *see Robinson v. Chefs' Warehouse*, No. 3:15cv5421-RS-KAW, 2017 WL 836943, at *2 (N.D. Cal. Mar. 3, 2017) ("Plaintiffs are not necessarily required to make a *prima facie* showing in order to obtain information for the putative class"); *Cedano v. Thrifty Payless, Inc.*, No. CV-10-237-HZ, 2011 WL 8609402, at *8 (D. Or. May 9, 2011) ("The Ninth Circuit's decision[s] in *Mantolete* and *Doninger* simply stand for the proposition that 'a court does not abuse its discretion if it decides to require a *prima facie* showing that class treatment is appropriate before allowing discovery on issues pertaining to class certification.'" (quoting *Kaminske*, 2010 WL 5782995, at *2)); *see, e.g.*, *Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, No. 1:18cv1737-DAD-SKO, 2019 WL 6128657, at *2 (E.D. Cal. Nov. 18, 2019) ("A court is not required, however, to find a *prima facie* showing under Rule 23 prior to authorizing pre-certification discovery"). Here, the Court uses its discretion and does not require a *prima facie* showing as a prerequisite for pre-certification discovery.

In opposition to the above weight of authority, Defendant cites one case in its motion for the proposition that, "where Plaintiffs seek pre-certification discovery, they bear the burden either to make a prima facie showing that Rule 23 class action requirements are satisfied or to show that discovery is likely to produce substantiation of the class

allegations." ECF No. 69 at 12 (citing *Sansone*, 2019 WL 460728, at *4).[6] However, upon review of the case, the Court is not persuaded. In *Sansone*, the court in fact explained that it did not require a *prima facie* showing from the plaintiff. *Sansone*, 2019 WL 460728, at *5 (stating that "the Court did not require Plaintiff to demonstrate a *prima facie* showing[,]" and nevertheless finding that the plaintiff established a *prima facie* case by *sua sponte* examining her complaint). Should the Court employ the same rationale here, the Court likewise finds that Plaintiffs sufficiently allege Rule 23 class action requirements in their complaint. ECF No. 49-1 at 16–19 (alleging numerosity, existence and predominance of common questions, typicality, adequacy, and superiority).

Therefore, the Court overrules Defendant's objection as to discovery being premature without a *prima facie* showing of Rule 23 class action requirements. *See cf. York v. Starbucks Corp.*, No. CV 08-7919-GAF-PJWx, 2009 WL 3177605, at *1 (C.D. Cal. June 30, 2009) ("The parties cite conflicting authority in support of their respective positions. Ultimately, both lines of cases can be read to stand for the proposition that a court maintains wide latitude in deciding whether contact information of putative class members should be produced").

---

[6] The Court notes that Defendant cites, without explanation or argument, *Mantolete* in its objections to Plaintiff's discovery requests. ECF No. 69-2 at 197 (citing *Mantolete*, 767 F.2d at 1416). The Court has adequately distinguished it above. *See Mantolete*, 767 F.2d at 1424 (holding that "a trial court's refusal to allow class discovery is not an abuse of discretion" absent a "prima facie showing of the class action requirements of [Rule 23]"); *see, e.g.*, *Cedano*, 2011 WL 8609402, at *8; *Kaminske*, 2010 WL 5782995, at *2. Defendant's bare citations to California state court cases are likewise unavailing. *See, e.g.*, *Linder v. Thrify Oil Co.*, 23 Cal. 4th 429, 438 (2000) (an order reversing the trial court's denial of class certification, which does not mention any requirement that Plaintiffs make a *prima facie* for pre-certification discovery); *Home Sav. & Loan Assn. v. Superior Court*, 54 Cal. App. 3d 208, 210 (1976) (an order issuing a peremptory writ, prohibiting the court from adjudicating the summary judgment issues prior to adjudication of the procedural issues in the consumer class action, which does not mention any requirement that Plaintiffs make a *prima facie* for pre-certification discovery).

### 5. Whether Plaintiff is Entitled to Discovery for Locations at which He Never Worked

Defendant argues that discovery should be limited "to the locations where plaintiffs have worked." ECF No. 69 at 12; *see* ECF No. 69-2 at 194–95, 197. Defendant cites four cases in its motion, and two additional cases in its objections to Plaintiff's discovery requests, in support of its position. ECF No. 69 at 12–13, 13 n.13; ECF No. 69-2 at 195, 197. After reviewing those non-binding cases, the Court is not persuaded: each case Defendant cites is distinguishable from the facts in the instant case.

In *Nguyen*, the court concluded that "[b]ecause Plaintiff has failed to produce any evidence of company-wide violations, and Defendant admittedly has produced contrary evidence showing company-wide policies consistent with California law, there is no basis at this time to require discovery beyond the Irvine facility where Plaintiff worked." *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 508 (C.D. Cal. 2011). Likewise in *Franco*, the court sustained objections that providing contact information for locations where plaintiff did not work was overly broad and unduly burdensome, because Defendant provided contrary evidence showing that company-wide policies are consistent with California law. *Franco v. Bank of America*, No. 09cv1364-LAB-BLM, 2009 WL 8729265, at *3–*4 (S.D. Cal. Dec. 1, 2009) (noting that Defendant provided multiple declarations to the court that Defendant's corporate policies require that all employees are paid for hours actually worked, as well as copies of policy manuals and timekeeping compliance training records). Here, Defendant has not provided any contrary evidence showing that company-wide policies are consistent with California law, so *Nguyen* and *Franco* are not persuasive.

In *Silva*, the court concluded that the plaintiff "has presented no evidence, through declaration, interrogatory response or otherwise, that any other employee experienced the same treatment as he alleges he suffered, or that others were subjected to the same unlawful practices of which he complains, or that defendant maintained an unlawful policy or practice at any or all of its facilities." *Silva v. Avalonbay Communities, Inc.*, No. 15cv4157-JAK-PLAx, 2015 WL 11438549, at *2 (C.D. Cal. Sept. 2, 2015). Here, Plaintiff *has*

provided evidence that at least five other people were subjected to the same allegedly unlawful behaviors, so *Silva* is not persuasive. *See* ECF No. 45 at 3; *see also* ECF No. 45-1.

In *Coleman*, the defendant objected on the basis that nationwide discovery was unduly burdensome, and the court limited discovery to the plaintiff's market for that reason, and because, by merely saying that "the company" or "the boss" instructed her to work off the clock, the plaintiff did not allege sufficient nationwide wrongdoing. *Coleman*, 2013 WL 2896884, at *8–*9. Here, Defendant has not made objections based on undue burden, and instead objected to providing contact information beyond where Plaintiff worked based on relevance, so *Coleman* is not persuasive. ECF No. 69-2 at 194, 196.

In *Martinet*, the court limited the scope of discovery to the office where the plaintiff worked, primarily based on the defendant's argument that state-wide discovery would cause an undue burden—24,800 man hours and $550,000. *Martinet v. Spherion Atl. Enters., LLC*, No. 07cv2178 W-AJB, 2008 U.S. Dist. LEXIS 48113, at *2 (S.D. Cal. June 23, 2008) There, the court found the scope of discovery to be excessive, considering the plaintiff's relative short period of employment (less than two months) and the fact that the plaintiff was seeking discovery from three years prior to his employment. *Id*. Here, Defendant has not made objections based on undue burden; further, Plaintiff Amaraut worked for Defendant for nearly two and a half years and the discovery period falls within the time period that Plaintiffs worked for Defendant, not three years prior like in *Martinet*. ECF No. 45-1 at 5–6.

In *Acevedo*, the court limited discovery of contact information to the facility where plaintiffs worked, in a pre-certification collective action where whether members were similarly situated had not been determined. *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008). There, the court explicitly explained that the limitation was based on the fact that plaintiffs had not yet moved for conditional certification. *Id*. at 556 n.3 ("This does not preclude Plaintiffs from seeking the names, addresses and telephone numbers of all hourly employees at future stages in this litigation. It is simply premature

to allow broad discovery prior to conditional class certification, given the lack of evidence demonstrating a particular need for such an expansive group"). Here, the collective action has been conditionally certified, so *Acevedo* is not persuasive.

Thus, because Defendant did not overcome its burden to support its objection, the Court overrules Defendant's objection that discovery should be limited to the locations where plaintiffs have worked. *See, e.g.*, *Putnam*, 508 F. Supp. 2d at 814 (ordering production of the names, addresses, and telephone numbers of putative class members, subject to a protective order, including those who worked in a sales division other than the plaintiff's own, deeming that contacting individuals from other sales divisions "could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23").

### 6.  Objections Raised for the First Time in the Joint Motion

For the first time, Defendant asserts that (1) phone numbers should not be produced; (2) post-certification production of a collective list solely to the notice administrator is sufficient; and (3) that it is precluded from producing phone for its subscriber employees without prior consent or court order. ECF No. 69 at 12–13. These objections are not found within Defendant's responses to Plaintiff's discovery requests.

When ruling on a motion to compel, courts in this district "generally consider[ ] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel." *SolarCity Corp. v. Doria*, No. 16cv3085-JAH-RBB, 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018) (quoting *Medina v. County of San Diego*, No. 08cv1252-BAS-RBB, 2014 WL 4793026, at *8 (S.D. Cal. Sept. 25, 2014)); *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12cv2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, limiting its review to arguments presented in the parties' briefs). It follows that "when a party raises an objection to a [discovery] request [] for the first time in an opposition to a motion to compel, that

objection is waived, unless good cause exists to excuse the objection's untimeliness." *Andreoli v. Youngevity Int'l, Inc.*, No. 16cv2922-BTM-JLB, 2018 WL 6334284, at *8–*9 (S.D. Cal. Dec. 5, 2018); *see Hinostroza v. Denny's Inc.*, No. 2:17cv2561-RFB-NJK, 2018 WL 3212014, at *5 (D. Nev. June 29, 2018) ("In response, Plaintiff objects to this request on the grounds that it is overbroad and unduly burdensome. Plaintiff, however, did not raise these objections in her initial response to Defendant's [requests for production] and, therefore, the Court finds that she has waived these objections."); *Na'im v. Sophie's Arms Fine Residences, LLC*, No. 13cv2515-JAH-BLM, 2014 WL 3537807, at *4, *4 n.3 (S.D. Cal. July 2, 2014) (overruling objection because "the Court does not find good cause to excuse Defendants' failure to raise the objection in their initial responses").

Even if the Court were to rule on these objections, they would be overruled.

## A. Whether Phone Numbers should be Produced

Defendant argues that phone numbers are not ordinarily produced when other channels of dissemination exist. ECF No. 69 at 10. The Court does not agree. *See, e.g.*, *Stemple*, 2013 WL 10870906, at *4 ("Disclosure of phone numbers and names does not constitute a serious invasion of privacy and is commonplace in class actions."); *Coleman*, 2013 WL 2896884, at *7, *10 (same); *Wellens v. Daiichi Sankyo Inc*, No. C-13-00581-WHO-DMR, 2014 WL 969692, at *4 (N.D. Cal. Mar. 5, 2014) (compelling disclosure of putative class members' names, addresses, *and phone numbers*); *Artis,* 276 F.R.D. at 353 (compelling disclosure of putative class members' names, addresses, *and phone numbers* after finding they were not particularly sensitive, and distinguishable from more intimate privacy interests such as compelled disclosure of medical records and personal histories). In fact, "[c]ourts in this circuit have made it clear that precertification disclosure of class members' contact information, such as names, addresses, telephone numbers, and email addresses, is routine practice in wage and hour class action litigation cases governed by Rule 23." *Salgado*, 2014 WL 7272784, at *10 (collecting cases) (emphasis added); *see, e.g.*, *Bell v. Delta Air Lines, Inc.*, No. C 13-01199-YGR-LB, 2014 WL 985829, at * 3 (N.D. Cal. Mar. 7, 2014); *Willner v. Manpower, Inc.*, No. C 11-2846-JSW-MEJ, 2012 WL

4902994, at *5 (N.D. Cal. Oct. 16, 2012); *Algee v. Nordstrom, Inc.*, No. C 11-301-CW-MEJ, 2012 WL 1575314, at *4 (N.D. Cal. May 3, 2012); *Artis*, 276 F.R.D. at 352 ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context."); *Putnam*, 508 F. Supp. 2d at 814; *Babbitt*, 1992 WL 605652, at *6 (ordering production at pre-certification stage of names, addresses, *telephone numbers* and social security numbers of current and past employees, commenting that "Defendant has access to this information, and plaintiff should have the same access").

### B. Whether Post-Certification Production of a Collective List Solely to the Notice Administrator is Sufficient

Defendant argues that post-certification production of a collective list solely to the notice administrator is sufficient. ECF No. 69 at 9. Defendant cites *Syed v. M-I, L.L.C.*, *Senne v. Kansas City Royals Baseball*, and *Ward v. Costco Wholesale* to support its position. *Id*. at 9–10. Upon review of the cases, the Court is not persuaded. *Syed v. M-I, L.L.C.,* No. 12cv1718-AWI-MJS, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014) (noting that two out-of-circuit courts resisted providing contact information to plaintiffs' counsel and only provided it to the third-party administrator, while also acknowledging three in-circuit cases which did not limit contact information to the case administrator); *Senne v. Kansas City Royals Baseball Corp.*, No. 14cv608-JCS, 2015 WL 6152476, at *18 (N.D. Cal. Oct. 20, 2015) (an order granting conditional certification and using a third-party claims administrator to carry out notice, which does not address whether plaintiffs should have access to contact information pursuant to a discovery request); *Ward v. Costco Wholesale Corp.*, No. 08cv2013-JHN-JWJx, 2010 WL 11507519, at *8 (C.D. Cal. Mar. 23, 2010) (an order granting conditional certification and using a third-party claims administrator to carry out notice pursuant to *Plaintiff's* request, which does not address whether plaintiffs should have access to contact information pursuant to a discovery request).

//
//

### C. Whether Defendant is Precluded from Producing Phone Numbers for its Subscriber Employees without Prior Consent or Court Order

Defendant argues that it is precluded from producing phone numbers for its subscriber employees without prior consent or court order, based on California Public Utilities Code Section 2891. ECF No. 69 at 10; *see* Cal. Pub. Util. Code § 2891(a)(4) ("No telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing, . . . [d]emographic information about individual residential subscribers, or aggregate information from which individual identities and characteristics have not been removed"). Defendant cites only one case for this proposition: *McArdle v. AT&T Mobility LLC*. ECF No. 69 at 11, n.11 (citing *McArdle v. AT&T Mobility LLC*, No. C 09-1117-CW-MEJ, 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010)). However, upon review of the case, the Court finds that *McArdle* undermines Defendant's position:

> Section 2891 provides that no telephone corporation shall make available certain information without first obtaining the customer's written consent. Cal. Pub. Util. Code § 2891. However, section 2894 of the utilities code provides an exception to this rule for court orders. Cal. Pub. Util. Code § 2894. Moreover, Defendant's reading of section 2891 is not in line with the California Supreme Court's decision in *Pioneer*. Specifically, the *Pioneer* court noted that a rule requiring an affirmative waiver from persons whose personal identifying information is sought by others "could have potentially adverse effects in cases brought to redress a variety of social ills, including consumer rights litigation." *Id*. Thus, the Court finds that section 2891 does not prohibit the disclosure of Defendants' customers' contact information under a court order, and there is no requirement that the Court require an affirmative waiver from any such persons.

*McArdle*, 2010 WL 1532334, at *6 (emphasis added) (overruling telecommunication companies' objections and compelling disclosure of telephone numbers of subscribers prior to class certification under Rule 23).

/ /

24

1
2
3
4
5

## V.   CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Compel responses to Plaintiff Amaraut's Requests for Production of Documents Nos. 1 and 2 and Special Interrogatories Nos. 1 and 2. ECF No. 69. Defendant shall produce the following information to Plaintiffs, responding in full by **January 21, 2020**:

6
7
8
9

REQUEST FOR PRODUCTION NO. 1: A list identifying all Putative <u>California</u> Class Members. The list should include each Putative Class Members' name, last-known address, last-known phone number, last-known email address, job title(s), dates of employment, location at which the employee worked, and social security numbers.

10
11
12
13

REQUEST FOR PRODUCTION NO 2.: A list identifying all Putative Collective Members. The list should include each Putative Collective Members' name, last-known address, last-known phone number, last-known email address, job title(s), dates of employment, location at which the employee worked, and social security numbers.

14
15
16
17

INTERROGATORY NO. 1: Identify all Putative <u>California</u> Class Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

18
19
20
21

INTERROGATORY NO. 2: Identify all Putative Collective Members, stating each individual's (a) full name; (b) title and dates of employment with Defendant; (c) employment location(s) at which the individual worked for Defendant; (d) last known residence, telephone number, and cellular phone number; and (e) last known personal email address.

22

**THE COURT FURTHER ORDERS** that the following protective order is issued:[7]

23
24
25

1.      Before the class is certified, the contact information of potential class members and collective members shall be viewed solely by Plaintiffs' counsel, their investigators and experts, and not by individual plaintiffs.

26
27
28

---

[7] *See Wiegele*, 2007 WL 628041, at *4.

2.      If the information to be produced is in any document filed with the Court, the home addresses, home telephone numbers, cellular telephone numbers, e-mail addresses, and social security numbers shall be redacted.

3.      The information shall be used solely in this litigation and not for any other purpose without an order from the Court.

4.      Plaintiffs' counsel must inform each contacted individual that he or she has the right not to talk to counsel and, upon a declination, counsel will immediately terminate the conversation.

**IT IS SO ORDERED.**

Dated:  January 14, 2020

_____

Honorable Allison H. Goddard
United States Magistrate Judge

26