UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR AMARAUT, KATHERINE ALMONTE, KRISTOPHER FOX, DYLAN MCCOLLUM, QUINN MYERS, and MARISSA PAINTER, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br>SPRINT/UNITED MANAGEMENT COMPANY,<br>　　　　　　　　　　Defendant. | Case No.: 19-cv-411-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion for Preliminary Approval of Class and Collective Action Settlement filed by Plaintiffs Vladimir Amaraut, Katherine Almonte, Kristopher Fox, Dylan McCollum, Quinn Myers, and Marissa Painter. (ECF No. 189).

　　The Court, having received and carefully considered the Motion for Preliminary Approval of Class and Collective Action Settlement (the "Motion") filed by Plaintiffs, and Defendant Sprint/United Management Company (hereinafter, "Defendant" or "Sprint")

having not opposed the Motion, the Court hereby GRANTS the Motion. Good cause appearing, the Court ORDERS the following:

In the Operative Complaint of the instant lawsuit, *VLADIMIR AMARAUT, et al. v. SPRINT/UNITED MANAGEMENT COMPANY*, Case No. 3:19-cv-00411-WQH-AHG (hereinafter, "Lawsuit"), Plaintiffs allege that Defendant violated federal, Arizona, Colorado, New York, Ohio, and Washington state wage and hour laws with respect to all current and former non-exempt retail employees who worked for Defendant. Throughout the relevant time periods, Plaintiffs allege that Defendant committed violations as to Plaintiffs, Collective Members, and Putative Class Members by: (1) not paying Collective and Class Members all wages owed, including minimum wage and overtime wages, for work performed off-the-clock on a daily basis; (2) committing meal and rest period violations; and (3) committing related, derivative violations.

After extensive formal and informal discovery and investigation by Plaintiffs' counsel, the Parties entered into private mediation with respected neutral mediator Jeff Ross in an attempt to resolve the above-mentioned claims. As a result of the mediation session on July 27, 2020, the Parties reached a Settlement that fully resolves the Lawsuit. The Parties then executed a Class and Collective Action Settlement Agreement and Release ("Settlement" or "Settlement Agreement") on December 10, 2020. (*See* Ex. A to Cottrell Decl., ECF No. 189-3).

The Court has reviewed, among other things, whether the proposed Settlement is within the range of possible approval, if Notices of the Settlement to Members of the Arizona, Colorado, New York, Ohio, and Washington Classes and FLSA Opt-In Plaintiffs are appropriate, and whether a formal fairness hearing, also known as a final approval hearing, should be scheduled.

Having reviewed the papers and documents presented, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS preliminary approval of the terms and conditions contained in the Settlement, filed at ECF No. 189-3, as to the Arizona, Colorado, New

York, Ohio, and Washington Classes. The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2.     This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

3.     The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the Arizona, Colorado, New York, Ohio, and Washington Putative Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) the significant formal and informal discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) the settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the Lawsuit; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Parties entered into the Settlement in good faith.

4.     The Court hereby GRANTS conditional certification of the provisional Arizona, Colorado, New York, Ohio, and Washington Classes, in accordance with the Settlement, for the purposes of this Settlement only. The Arizona Class is defined as all current or former non-exempt employees of Defendant working in Sprint's retail establishments in the state of Arizona from February 28, 2018 through December 31, 2020. The Colorado Class is defined as all current or former non-exempt employees of Defendant working in Sprint's retail establishments in the state of Colorado from February 28, 2016 through December 31, 2020. The New York Class is defined as all current or former non-exempt employees of Defendant working in Sprint's retail establishments in the state of New York from February 28, 2013 through December 31, 2020. The Ohio Class is defined as all current or former non-exempt employees of Defendant working in Sprint's retail

establishments in the state of Ohio from February 28, 2016 through December 31, 2020. The Washington Class is defined as all current or former non-exempt employees of Defendant working in Sprint's retail establishments in the state of Washington from February 28, 2016 through December 31, 2020. All class members who do not opt out of the Lawsuit are bound by the terms of the Settlement.

5. The Court hereby GRANTS approval of the terms and conditions contained in the Settlement as to the Collective of Opt-In Plaintiffs. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

6. The Court finds that: (1) the settlement amount is fair and reasonable to the Collective of Opt-In Plaintiffs when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) the significant formal and informal discovery, investigation, research, and litigation that have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) the settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the Lawsuit; and (4) the proposed Settlement was reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Parties entered into the Settlement in good faith.

7. The Court hereby confirms its November 4, 2019, Order conditionally certifying the Collective. (*See* ECF No. 48). The Collective of Opt-In Plaintiffs is defined as any and all persons nationwide that were employed by Defendant as a retail non-exempt employee from February 28, 2016 through December 31, 2020, who have filed (and not withdrawn) a consent-to-join form as of the date of filing of the Motion.

8. The Court hereby authorizes the retention of Heffler Claims Group as Settlement Administrator for the purpose of the Settlement, with reasonable administration costs estimated not to exceed $99,921.00.

9. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky LLP and Shavitz Law Group, P.A. as Counsel for the Classes. The Court also hereby conditionally appoints Plaintiff Dylan McCollum as the Class Representative for the Arizona Class, Plaintiff Quinn Myers as the Class Representative for the Colorado Class, Plaintiff Katherine Almonte as the Class Representative for the New York Class, Plaintiff Kristopher Fox as the Class Representative for the Ohio Class, and Plaintiff Marissa Painter as the Class Representative for the Washington Class.

10. The Court hereby appoints Schneider Wallace Cottrell Konecky LLP and Shavitz Law Group, P.A. as Counsel for the Collective. The Court hereby appoints Plaintiffs Vladimir Amaraut as the Collective Representative for the Collective.

11. The Court hereby APPROVES the Notices of Settlement attached to the Settlement as Exhibits A-C. The Court finds that the Notices of Settlement, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notices of Settlement appear to fully and accurately inform the Putative Class Members of the Arizona, Colorado, New York, Ohio, and Washington Classes of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. The Court also finds that the Notices of Settlement appear to fully and accurately inform the Members of the Collective of all material elements of the proposed Settlement.

12. The Court hereby authorizes dissemination of the Notices of Settlement to Putative Class Members of the Arizona, Colorado, New York, Ohio, and Washington Classes and the Collective of Opt-In Plaintiffs. Subject to the terms of the Settlement, the Notices of Settlement shall be mailed via first-class mail to the most recent known address of each Putative Class Member of the Arizona, Colorado, New York, Ohio, and Washington Classes and the Collective of Opt-In Plaintiffs within the timeframe specified in the Settlement, and sent via e-mail to all such persons for whom Defendant has a

personal e-mail address. The parties are authorized to make non-substantive changes to the proposed Notices of Settlement that are consistent with the terms of the Settlement and this Order.

13. The Court hereby APPROVES the proposed procedure for Putative Class Members of the Arizona, Colorado, New York, Ohio, and Washington Classes to request exclusion from the Class component Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than the time period permitted under the Settlement. Any Putative Class Members of the Arizona, Colorado, New York, Ohio, and Washington Classes who submit a written exclusion shall not be a Member of those Classes, shall be barred from participating in the Class component of the Settlement, and shall receive no benefit from the Class component of the Settlement.

14. The Court further PRELIMINARILY APPROVES Plaintiffs' counsel's request for attorneys' fees of up to 33.33% of the Maximum Gross Settlement Amount, or $2,533,080.00, plus their costs, not to exceed $120,000.00.

15. The Court further ORDERS that Plaintiffs' counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Putative Class Members of the Arizona, Colorado, New York, Ohio, and Washington Classes who request exclusion from the Settlement, at least 28 days before the Final Approval Hearing.

16. The Court ORDERS that Plaintiffs' counsel shall file a motion for approval of the fee and cost award and of the service awards to the Class Representatives, with the appropriate declarations and supporting evidence, at least 28 days before the Final Approval Hearing, to be heard at the same time as the motion for Final Approval of the Settlement.

17. The Court further ORDERS that each Member of the California, Arizona, Colorado, New York, Ohio, and Washington Classes shall be given a full opportunity to object to the Class component of the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on

6

19-cv-411-WQH-AHG

Wednesday, July 7, 2021, at 9:00 a.m. in Courtroom 14B of the United States District Court, Southern District of California, 333 West Broadway, San Diego, California 92101. Any Member of the Classes seeking to object to the proposed Settlement must file such objection in writing by mailing it to the Settlement Administrator.

18. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Notices of Settlement and adopts the following dates and deadlines:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Classes and approval of the Settlement as to the Collective | Date of this Order |
| Deadline for Sprint to provide Heffler Claims Group with the Class Data List | Within 21 business days after the Court enters an order granting preliminary approval of the Settlement |
| Deadline for Heffler Claims Group to mail the Notice of Settlement to Putative Class Members and Opt-In Plaintiffs | Within 10 calendar days after Heffler Claims Group receives the Class Data List |
| Deadline for Putative Class Members to postmark requests to opt-out or file objections to the Settlement | 60 calendar days after Notices of Settlement are mailed |
| Deadline for filing of Final Approval Motion | Per Local Rule (at least 28 days before Final Approval Hearing) |
| Deadline for Class Counsel to File a Motion for Approval of the Fee and Cost Award and of the Service Awards to the Class Representatives | Per Local Rule (at least 28 days before Final Approval Hearing) |
| Deadline for Heffler Claims Group to provide a declaration regarding the notice process that includes the number of individuals and workweeks reflected in the data provided by Defendant; the number of mailings; the number of Workweeks Disputes, Objections, and Requests for Exclusion received; and other information as is required to obtain final approval of the Settlement Agreement | At least 10 days before Final Approval Hearing |
| Final Approval Hearing | July 7, 2021, at 9:00 a.m. |
| Effective Date | The date by which all of the following have occurred: (a) the Court has entered an order granting preliminary approval and final approval of the Settlement Agreement; (b) the time |

| | |
|---|---|
| | for appeal from the Court's Final Approval Order and Judgment has expired (with no appeal having been filed); or (c) in the event any appeal is filed, the date the appeal is disposed in the Parties' favor and is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for review, or otherwise |
| Deadline for Heffler Claims Group to calculate the employer share of taxes and provide Sprint with the total amount of Sprint's Employer Taxes | Within 7 calendar days after Effective Date |
| Deadline for Sprint to pay the Maximum Gross Settlement Amount and Employer Taxes amount into a qualified settlement account provided by Heffler Claims Group. | Within 30 business days after Effective Date |
| Deadline for Heffler Claims Group to make payments under the Settlement to Collective and Class Members, Named Plaintiffs, Plaintiffs' counsel, and itself | Within 10 business days after the funding of the qualified settlement account. |
| Check-cashing deadline | 120 calendar days after issuance |
| Deadline for Plaintiffs and Plaintiffs' counsel to Destroy and/or Return Evidence Pursuant to the Settlement Agreement | Within seven (7) calendar days of the distribution of the settlement funds to the Settlement Administrator |
| Deadline for Heffler Claims Group redistribute uncashed check funds or transfer uncashed check funds to *cy pres* recipient | As soon as practicable after check-cashing deadline |
| Deadline for Heffler Claims Group to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after redistribution and/or *cy pres* payment |

19. The Court further ORDERS that, pending further order of this Court, all proceedings in the Lawsuit, except those contemplated herein and in the Settlement, are stayed, and all deadlines are vacated.

20. The Court further ORDERS that to facilitate administration of this Settlement, all Putative Class Members and Opt-In Plaintiffs are hereby enjoined from filing or

prosecuting any claims, cases, suits or administrative proceedings regarding claims released by the Settlement unless and until such Putative Class Members have submitted Exclusion Letters with the Settlement Administrator.

21.   In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or if for any reason the Court does not execute and file a Final Approval Order and Judgment, or is terminated, cancelled, or fails to become effective for any reasons, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void, shall be vacated, and the Parties shall revert back to their respective positions as of before entering into the Settlement Agreement.

22.   The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Putative Class Members or Opt-In Plaintiffs.

**IT IS SO ORDERED.**

Dated:  February 16, 2021

Hon. William Q. Hayes
United States District Court